Cynthia A. Ricketts (Arizona Bar No. 012668)
cindy.ricketts@dlapiper.com
Shane D. Gosdis (Arizona Bar No. 022471)
shane.gosdis@dlapiper.com
DLA Piper US LLP
2415 East Camelback Road, Suite 700
Phoenix, Arizona  85016
Telephone: (480) 606-5100
Facsimile: (480) 606-5101

Attorneys for Defendants CoStar Realty
Information, Inc., and CoStar Group, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PETER STROJNIK, an individual, | Case No. 2:08-CV-01276 |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | |
| THE COSTAR REALTY INFORMATION, INC., a Corporation; COSTAR GROUP, INC., | |
| Defendants. | |

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendants The Costar Realty Information Inc. and Costar Group, Inc. ("Defendants") hereby remove the above-entitled action, previously pending as Case No. CC2008 123579 in the Justice Court, Maricopa County, Arizona, to the United States District Court for the District of Arizona.

## BASIS FOR REMOVAL

Removal is proper for the following reasons:

1.     Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

2.   This action is pending in the Justice Court of Maricopa County, Arizona, Case No. CC2008 123579.  The United States District Court for the District of Arizona embraces Maricopa County within its jurisdiction.

3.   On or about June 10, 2008, Plaintiff filed its Complaint in this action (see Exh. A attached hereto).

4.   Plaintiff sent Defendants a copy of the Summons and Complaint by certified mail on June 11, 2008.  Copies of the Summons and Complaint are attached hereto as Exhibit A and B, respectively.

5.   The Summons and Complaint constitute all of the process, pleadings and orders served upon or received by Defendants in this case pursuant to 28 U.S.C. § 1446(a).

6.   In the general allegations section of his Complaint, Plaintiff alleges that "Defendants e-mailed to Plaintiff Exhibit 1 for the purpose of encouraging Plaintiff to purchase, rent, or invest in the property, goods or services of the type described in the e-mail."  Complaint at ¶ 3.

7.   Plaintiff further alleges that "[u]pon information and belief, the e-mails [sic] was sent from a computer located in this state and/or Defendants know or had reason to know that Plaintiff's e-mail address is held by a resident of this State."  *Id.* at ¶ 3.

8.   Plaintiff's Complaint alleges two (2) causes of action.  The first cause of action is a claim that Defendants violated the Arizona Commercial Electronic Mail Act ("ACEMA").  *Id.* at ¶¶ 7-17.

9.   In his first cause of action, Plaintiff alleges that the "e-mail described above is an 'unsolicited commercial electronic e-mail,' that is, it is a commercial electronic mail message sent, without the consent of Plaintiff, by Defendants with whom Plaintiff does not have an established business relationship."  *Id.* at ¶ 8.

10.  Plaintiff further alleges that ACEMA provides that "a sender of electronic mail shall not do any of the following acts:  a) Falsify electronic mail transmission information or other routing information for unsolicited commercial electronic mail.  b)

1  Use false or misleading information in the subject line.  c) Use a third party's internet
2  address or domain name without the third party's consent for the purpose of transmitting
3  electronic mail inn a way that makes it appear that the third party was the sender of the
4  mail." *Id.* at ¶ 10.

5      11.    Plaintiff also alleges that ACEMA "provides that if a sender of electronic
6  mail sends unsolicited mail or maintains a database for the purpose of sending unsolicited
7  commercial electronic mail, the sender shall do the following:  a)  Use the exact characters
8  'ADV:' as the first four characters in the subject line of the unsolicited commercial
9  electronic mail.  b)  Provide a procedure that allows recipients, at no cost to the recipients,
10  to easily do both of the following:  i) Remove themselves from the sender's electronic
11  mail address lists . . . ii)  Restrict the future sale or transfer of the recipient's electronic
12  mail address information to another person or organization for the purpose of sending
13  commercial electronic mail." *Id.* at ¶ 11.

14      12.    Plaintiff also alleges that "[b]y sending the e-mail, Exhibit 1, to Plaintiff,
15  Defendants violated ACEMA." *Id.* at ¶ 13.

16      13.    Plaintiff's second cause of action is a claim under the Arizona Consumer
17  Fraud Act ("ACFA").  *Id.* at ¶¶ 18-23.

18      14.    In that cause of action, Plaintiff alleges that "[p]ursuant to A.R.S. § 44-
19  1327.01(c), a violation of ACEMA is unlawful practice pursuant to A.R.S. § 44-1522,
20  [ACFA]; Plaintiff has a private cause of action for violation of ACFA." *Id.* at ¶ 19.

21      15.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§
22  1331 and 1441(b) because ACEMA is pre-empted by the Assault of Non-Solicited
23  Pornography and Marketing Act ("CAN-SPAM Act"), 15 U.S.C. §§ 7701 et al.

24      16.    Although courts generally defer to a plaintiff's choice to plead state law
25  claims, there exist certain "situations where even a well-pleaded state law complaint will
26  be deemed to arise under federal law for jurisdictional purposes." *Holman v. Laulo-Rowe*
27  *Agency,* 994 F.2d 666, 668 (9th Cir. 1993).

28      17.    Under the "artful pleading" doctrine, a well-pleaded state law claim presents

a federal question when a federal statute has completely preempted that particular area of law. *See Balcorta v. Twentieth Century-Fox Film Corp.,* 208 F.3d 1102, 1107 (9th Cir. 2000). Thus, "any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.*

18.   A complaint containing a completely preempted claim may be removed to district court under § 1441. *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 8, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003).

19.   The CAN-SPAM Act makes it unlawful for any person to transmit a commercial electronic mail message that contains, or is accompanied by, header information that is materially false or misleading. *See* 15 U.S.C. § 7704.

20.   The CAN-SPAM Act specifically pre-empts state law statutes that regulate commercial electronic messages. Section 7707(b) provides that "[t]his Act supersedes any statute, regulation, or rule of a State or political subdivision of a State that expressly regulates the use of electronic mail to send commercial messages . . ." *Id.* at § 7707(b).

21.   Thus, the CAN-SPAM Act preempts ACEMA. As such, Plaintiffs' first cause of action under ACEMA is in reality based on federal law and therefore necessarily raises a federal claim over which this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1441(b). *Id.*

22.   This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Defendants are effecting removal within 30 days of being served or otherwise receiving the Complaint.

23.   Defendants do not waive any objections or defenses they may have by filing this Notice of Removal, including challenges to personal jurisdiction and/or service of process. *Clark v. Wells*, 203 U.S. 164 (1906).

24.   As required by 28 U.S.C. § 1446(d), Defendants will provide a copy of this Notice to Plaintiff.

25.   As required by 28 U.S.C. § 1446(d), Defendants will file a copy of this Notice with the Justice Court of Maricopa County.

WHEREFORE, Defendants hereby remove the above-captioned action now pending in the Justice Court of Maricopa County to this Court.

RESPECTFULLY SUBMITTED this 10th day of July, 2008.

/s/Cynthia A. Ricketts
Cynthia A. Ricketts
Shane D. Gosdis
DLA Piper US LLP
2415 East Camelback, Suite 700
Phoenix, Arizona 85016
Telephone: (480) 606-5100
Facsimile: (480) 606-5101

Attorneys for Defendants The CoSar Realty Information, Inc. and CoStar Group, Inc.

ORIGINAL of the foregoing filed
this 10th day of July, 2008,
with COPY hand-delivered to:

Honorable C. Steen McMurray
Encanto Justice Court
620 W. Jackson, Suite 1045
Phoenix, Arizona 85003

COPY of the foregoing mailed
this 10th day of July, 2008, to:

Peter Strojnik
The Law Firm of Peter Strojnik
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff

/s/Linda Farrell
Linda Farrell