# EXHIBIT A

Peter Strojnik, 6464
THE LAW FIRM OF PETER STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-297-3019
Facsimile: 602-297-3176
E-mail: Strojnik@aol.com
Attorney pro per

ENCANTO REGION
JUSTICE CENTER
RECEIVED

2008 JUN 10 AM 11: 20

## IN THE ENCANTO JUSTICE COURT

## MARICOPA COUNTY, STATE OF ARIZONA

PETER STROJNIK, an individual,           ) NO. CC2008 123577
                                          )
                    Plaintiff,            )   SUMMONS
                                          )
vs.                                       )   COSTAR REALTY INFORMATION INC.
                                          )
THE COSTAR REALTY INFORMATION,)
Inc., a Corporation; COSTAR GROUP, Inc., )
a Corporation                             )
                                          )
                    Defendants.           )
_____)

TO: COSTAR REALTY INFORMATION INC.
c/o its Statutory Agent,
CSC-Lawyers Incorporating Service, Co.,
7 St. Paul Street, Suite 1660
Baltimore, Maryland 21202

By certified mail return receipt requested Rule 4.2(c) (foreign entity).

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and the Complaint upon you, exclusive of the day of service. If served out of the State of Arizona — whether by direct mail, by registered or certified mail, or by publication — you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive the day of service. When process is

-1-

served upon the Arizona Director of Insurance as an insurer's attorney to receive service of process against it in this State, the insurer shall not be required to appear, answer or plead until the expiration of 40 days of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service by mail is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after the Affidavit of Compliance and return receipt of Officer's Return. RCP 4.1 and 4.2; A.R.S. §§ 20-222, 28-502, 28-503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint. YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of the Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or Response upon plaintiffs' attorney.

A request for reasonable accommodations for persons with disabilities must be made to the division assigned to the case by the parties at least (3) three days before the scheduled court proceeding.

The name and address of the attorney for the plaintiffs is:

>Peter Strojnik, Esq.
>3030 North Central Avenue, Suite 1401
>Phoenix, Arizona 85012-2712

SIGNED AND SEALED this date: 6-10-08

[SEAL]

Clerk of Court

C. Steven McMurry
Justice of the Peace

ENCANTO JUSTICE COURT
620 W. JACKSON STE 1045
PHOENIX, AZ 85003
602-372-6300 — DOWNTOWN LEGION
JUSTICE CENTER
RECEIVED

2008 JUN 10  AM 11:20

Peter Strojnik, 6464
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
e-mail: *Strojnik@aol.com*
Attorney for Plaintiff

## IN THE ENCANTO JUSTICE COURT

## MARICOPA COUNTY, STATE OF ARIZONA

PETER STROJNIK, an individual ) NO. CCDC08 123579
) **COMPLAINT**
Plaintiff, )
) Violation of the Arizona Commercial Electronic
vs. ) Mail Act
)
THE COSTAR REALTY INFORMATION, ) Per Se Violation of the Consumer Fraud Act
Inc., a Corporation; COSTAR GROUP, Inc., )
a Corporation )
)
Defendants. )

Plaintiff alleges against Defendants as follows:

1) Plaintiff is a resident of the State of Arizona, Maricopa County. Plaintiff receives e-mails within the geographic and venue boundaries of this Court.

2) Venue is proper in this Court because Defendants caused the events which form the subject matter of this Complaint to occur at 3030 North Central Avenue, Phoenix, Arizona.

3) Defendants e-mailed to Plaintiff Exhibit 1 for the purpose of encouraging Plaintiff to purchase, rent, or invest in the property, goods or services of the type described in the e-mail.

4) Defendants are doing business in this state by virtue of their electronic e-mail distribution to the residents of this State.

-1-

5) Upon information and belief, the e-mails was sent from a computer located in this state and/or Defendants knew or had reason to know that Plaintiff's e-mail address is held by a resident of this State.

6) At the time of this filing it is unknown whether the statutory damages in this action exceed the jurisdictional amount of this Court; if evidence establishes that the amount of damages exceeds the jurisdictional amount of this Court, Plaintiff shall seek leave to remove the matter to the Superior Court of the State of Arizona.

## COUNT ONE
### (Violation of ACEMA)

7) Plaintiff realleges all allegations heretofore set forth.

8) The e-mail described above is an "unsolicited commercial electronic mail", that is, it is a commercial electronic mail message sent, without the consent of Plaintiff, by Defendants with whom Plaintiff does not have an established business relationship.

9) Plaintiff and Defendants do not have a prior or existing relationship formed by a voluntary communication between them, with or without an exchange of consideration, on the basis of an inquiry, application, purchase or use by the Plaintiff regarding products or services offered by the Defendants.

10) The Arizona Commercial Electronic Mail Act (ACEMA) provides that a sender of electronic mail shall not do any of the following acts:

a) Falsify electronic mail transmission information or other routing information for unsolicited commercial electronic mail.

b) Use a false or misleading information in the subject line.

-2-

c) Use a third party's internet address or domain name without the third party's consent for the purpose of transmitting electronic mail in a way that makes it appear that the third party was the sender of the mail.

11) ACEMA also provides that if a sender of electronic mail sends unsolicited mail or maintains a database for the purpose of sending unsolicited commercial electronic mail, the sender shall do the following:

a) Use the exact characters "ADV:" as the first four characters in the subject line of the unsolicited commercial electronic mail.

b) Provide a procedure that allows recipients, at no cost to the recipients, to easily do both of the following:

   i) Remove themselves from the sender's electronic mail address lists so the recipients are not included in future electronic mailings from the sender. The sender shall have three business days to remove the recipient's electronic mail address from the sender's electronic mail address lists so the recipients are not included in future electronic mailings from the sender.

   ii) Restrict the future sale or transfer of the recipient's electronic mail address information to another person or organization for the purpose of sending commercial electronic mail.

12) Plaintiff received the electronic mail, opened the electronic mail, reviewed the electronic e-mail, and otherwise spent time dealing with the electronic mail.

13) By sending the e-mail, Exhibit 1, to Plaintiff, Defendants violated ACEMA.

14) Defendants' violation of ACEMA has caused Plaintiff damage by virtue of loss of time and the use of the computer and other damages as shall be proven at the time of trial.

-3-

15) A.R.S § 44-1372.02 provides, "If an injury results from the intentional transmission of unsolicited commercial electronic mail, the injured person may recover attorney fees and costs and may choose, instead of receiving actual damages, to recover ten dollars for each unsolicited commercial electronic mail message transmitted in violation of this article or twenty-five thousand dollars, whichever is less."

16) Plaintiff intends to seek judgment against Defendants as follows:

    a) For statutory damages pursuant to A.R.S. § 44-1372.02; and

    b) Costs and attorney's fees in addition to the statutory or actual damages; and

    c) Punitive damages as alleged below.

17) Additionally, Defendants' violation of ACEMA was motivated by economic self interest without any regard for the rights of Plaintiff. Defendants knowingly and intentionally damaged Plaintiff, entitling Plaintiff to an award of punitive damages as determined at the time of trial.

NOW, THEREFORE, Plaintiff requests relief as follows:

    A. For statutory damages pursuant to A.R.S. § 44-1372.02; and

    B. For costs and attorney's fees in pursuit of this action in addition to the statutory or actual damages; and

    C. For punitive damages in an amount to be proven at trial; and

    D. For such other and further relief as the court may deem just and proper.

## COUNT TWO
(Violation of Arizona Consumer Fraud Act)

18) Plaintiff realleges all allegations heretofore set forth.

-4-

19) Pursuant to A.R.S. § 44-1372.01(C), a violation of ACEMA is unlawful practice pursuant to A.R.S. § 44-1522, the Arizona Consumer Fraud Act ("ACFA"); Plaintiff has a private cause of action for the violation of ACFA.

20) Plaintiff has been damaged by Defendants' violation of the ACFA.

21) Defendants' violation of ACFA has caused Plaintiff damage by virtue of loss of time and the use of the computer and other damages as shall be proven at the time of trial.

22) Plaintiff is entitled to an award of costs and attorney's fees against Defendants.

23) Additionally, Defendants' violation of ACFA was motivated by economic self interest without any regard for the rights of Plaintiff. Defendants knowingly and intentionally damaged Plaintiff, entitling Plaintiff to an award of punitive damages as determined at the time of trial.

NOW, THEREFORE, Plaintiff requests relief as follows:

  A. For damages for Defendants' violation of ACFA in an amount to be proven at the time of trial; and

  B. For costs and attorney fees; and

  C. For punitive damages in an amount to be proven at trial; and

  D. For such other and further relief as the court may deem just and proper.

RESPECTFULLY SUBMITTED this 9th day of June, 2008.

PETER STROJNIK

Peter Strojnik
Attorney for the Plaintiff

-5-

Subj: Find a Commercial Property Now -- No Cost / No Registration
Date: 6/4/2008 1:00:01 P.M. US Mountain Standard Time
From: announcements@costar.com
To: strojnik@aol.com

# Check out
### the all-new online destination for finding commercial property listings



NEW! Free Property Search



Looking for commercial properties to buy or lease? Visit CoStar, where you'll find over 100,000 properties for sale and spaces for lease:

- **Coverage.** Listings in all 50 states. All property types including office, industrial, retail, land and multifamily.
- **Convenience.** Unlimited searches. No cost. No registration required.
- **Confidence.** Researched, verified, continuously updated listings.

Find your property now ... exclusively from CoStar, the information source commercial brokerage firms prefer 3:1 over all others*.



*Based on a blind survey by California Survey Research Services, Inc conducted on December 5-6, 2007.

Please click on www.costar.com/legal/optout to opt out of receiving future "commercial electronic mail messages" from CoStar Realty Information, Inc. and for the address and other important information about CoStar Realty Information, Inc.

## *Exhibit 1*

Monday, June 09, 2008 AOL: Strojnik

