| | |
|---|---|
| 1 | Cynthia A. Ricketts (Arizona Bar No. 012668) |
| 2 | cindy.ricketts@dlapiper.com<br>Shane D. Gosdis (Arizona Bar No. 022471) |
| 3 | shane.gosdis@dlapiper.com<br>DLA Piper US LLP |
| 4 | 2415 East Camelback Road, Suite 700<br>Phoenix, Arizona  85016 |
| 5 | Telephone: (480) 606-5100<br>Facsimile: (480) 606-5101 |
| 6 | |
| 7 | Attorneys for Defendants Costar Realty<br>Information, Inc., and Costar Group, Inc. |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| PETER STROJNIK, an individual, | ) | Case No.   2:08-CV-1276 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANTS' MOTION TO** |
| | ) | **DISMISS, OR, IN THE** |
| v. | ) | **ALTERNATIVE, MOTION FOR A** |
| | ) | **MORE DEFINITE STATEMENT** |
| THE COSTAR REALTY INFORMATION, | ) | |
| INC., a Corporation; COSTAR GROUP, | ) | |
| INC., | ) | |
| Defendants. | ) | |
| | ) | |

Defendants The Costar Realty Information Inc. and Costar Group, Inc. ("Defendants") hereby request that the Court enter an order granting their Motion to Dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6), or in the alternative granting their Motion for a More Definite Statement pursuant to Federal Rules of Civil Procedure 12(b)(e).  The Complaint alleges a single cause of action for violation of the Arizona Commercial Electronic Mail Act and a single cause of action for violation of the Arizona Consumer Fraud Act, each of which are preempted by federal law.  Not only are Plaintiff's claims preempted as a matter of law, they are so vague and ambiguous that they fail to state a claim upon which relief may be granted and make it virtually impossible for Defendants to frame a meaningful response.

This Motion is supported by the following Memorandum of Points and Authorities and the Court's entire record herein.

/s/Shane D. Gosdis
Cynthia A. Ricketts
Shane D. Gosdis
DLA Piper US LLP
2415 East Camelback, Suite 700
Phoenix, Arizona 85016
Telephone: (480) 606-5100
Facsimile: (480) 606-5101

Attorneys for Defendants The Costar Realty Information, Inc. and Costar Group, Inc.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**I. INTRODUCTION.**

The crux of Plaintiff's Complaint is that Defendants violated the Arizona Commercial Electronic Mail Act ("ACEMA") by sending to Plaintiff a single commercial e-mail. Plaintiff alleges a single cause of action under ACEMA and a single cause of action under the Arizona Consumer Fraud Act ("ACFA"), each of which is based on ACEMA regulations purporting to regulate commercial e-mail messages. In 2003, Congress passed the Controlling The Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM Act"). Congress intended that the CAN-SPAM Act occupy the field of commercial e-mail regulation. As a result, the CAN-SPAM Act preempts any state laws that attempt to regulate commercial e-mails. Because both of Plaintiff's claims are based entirely upon ACEMA and fall well within the scope of the CAN-SPAM Act, they are preempted under federal law.

Not only are Plaintiff's claims preempted, they fail to state facts sufficient to state a claim. Indeed, the Complaint is so vague and ambiguous that Defendants cannot be expected to frame a response. For example, the Complaint does not allege that Defendants "knowingly" sent an e-mail to Plaintiff nor does it allege which, if any, of the various ACEMA provisions regulating commercial e-mail Defendants allegedly violated. Instead,

1  Defendants are left to speculate as to the facts under which Plaintiff purports to state a
2  claim.  As such, Plaintiff has failed to state a cause of action against Defendants and his
3  Complaint should be dismissed with prejudice.

4  **II.    RELEVANT FACTUAL BACKGROUND.**

5  Defendants operate a commercial real estate website and listing service.  On June 4,
6  2008, Defendants sent an e-mail message to Plaintiff's e-mail address advertising
7  Defendants' website ("E-mail").  *See* Exhibit 1 to Complaint.  Defendants sent the E-mail
8  from their corporate e-mail address, "announcements@costar," as is evident on the face of
9  the E-mail itself.  *See id.*  Equally evident is the E-mail's "opt-out" provision, which
10 plainly allows Plaintiff to opt-out of receiving further e-mail messages from Defendants.
11 *See id.*

12 According to Plaintiff, the purpose of the E-mail was to encourage "Plaintiff to
13 purchase, rent or invest in the property, goods or services described in the e-mail," namely
14 commercial real estate.  Complaint at ¶ 3.  The E-mail's subject heading confirms as
15 much.  It provides:  "Find a Commercial Property Now – No Cost/No Registration."  *See*
16 Exhibit 1 to Complaint.  The E-mail itself advertises Defendants' "commercial property
17 listings" and contains a link to Defendants' commercial real estate website, each of which
18 is consistent with the E-mail's subject heading.  *See id.*  In short, neither the E-mail's
19 subject heading nor the E-mail itself use any false or misleading information.

20 Nonetheless, Plaintiff alleges that by sending the e-mail, "Defendants violated
21 ACEMA."  *See* Complaint at ¶ 13.  As set forth in greater detail below, Plaintiff's
22 Complaint fails to state a claim upon which relief may be granted and should be dismissed.

23 **III.   ARGUMENT.**

24 A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will be granted
25 when "plaintiff can prove no set of facts in support of [his] claim which would entitle
26 [him] to relief."  *Lewis v. Telephone Emples. Credit Union*, 87 F.3d 1537, 1545 (9th Cir.
27 1996).  Although when considering a motion to dismiss, courts generally assume the facts
28 alleged in a complaint are true, courts do not "assume the truth of legal conclusions merely

because they are cast in the form of factual allegations." *Western. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Accordingly, "[c]onclusory allegations [] and unwarranted inferences are insufficient to defeat a motion to dismiss." *Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted). Thus, the Court may not assume that "the plaintiff can prove facts [which] [he or she] has not alleged." *Associated General Contractor, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 527 (1983).

### A. Plaintiffs' State Law Claims Are Expressly Preempted by the CAN-SPAM Act.

The CAN-SPAM Act makes it unlawful for any person to transmit a commercial electronic mail message that contains, or is accompanied by, header information that is materially false or misleading. *See* 15 U.S.C. § 7704. It also includes a sweeping preemption provision that displaces state law statutes that regulate commercial electronic messages. *See id.* at § 7704(b). Under Section 7707(b), Congress explicitly provided that the CAN-SPAM Act "supersedes any statute, regulation, or rule of a State or political subdivision of a State that expressly regulates the use of electronic mail to send commercial messages . . ." *Id.* at 7707(b). Based on the broad language of Section 7707(b), it is absolutely clear that CAN-SPAM preempts state law to the extent that the state law seeks to regulate commercial electronic messages.

Plaintiff's cause of action alleges a violation of ACEMA. However, the CAN-SPAM Act preempts ACEMA's provisions and remedies and thus Plaintiff has failed to state a cause of action for which relief may be granted. ACEMA plainly constitutes an attempt to regulate commercial electronic mail. Subsection A of ACEMA provides that:

> A person shall not knowingly transmit commercial electronic mail if any of the following apply:
>
> 1.     The person falsifies electronic mail transmission information or other routing information from unsolicited commercial electronic mail.

- 4 -

> 2. The mail contains false or misleading information in the subject line.
>
> 3. The person uses a third party's internet address or domain name without the third-party's consent for the purpose of transmitting electronic mail in a way that makes it appear that the third party was the sender of the mail.

*See* A.R.S. § 44-1372.01(A).

Subsection B of ACEMA similarly regulates commercial electronic mail, and provides that:

> If a person sends unsolicited commercial electronic mail or maintains a database for the purpose of sending unsolicited commercial electronic mail, the person shall do the following:
>
> 1. Use the exact characters 'ADV:' as the first four characters in the subject line of the unsolicited commercial electronic mail.
>
> 2. Provide a procedure that allows recipients, at no cost to the recipients, to easily do both of the following:
>
> (a) Remove themselves from the sender's electronic mail address lists so the recipients are not included in future electronic mailings from the sender. The sender shall have three business days to remove the recipient's electronic mail address from the sender's electronic mail address lists so the recipients are not included in future electronic mailings form the sender.
>
> (b) Restrict the future sale or transfer of the recipient's electronic mail address information to another person or organization for the purpose of sending commercial electronic mail.

*See id.* at § 44-1372.01(B).

Thus, under its plain language, ACEMA regulates commercial electronic mail and is expressly preempted by the CAN-SPAM Act. *See* 15 U.S.C. § 7707(b). Plaintiff's claims are preempted by the CAN-SPAM Act and must be dismissed with prejudice. *See Omega World Travel, Inc. v. Mummagraphics, Inc.*, 469 F.3d 348, 356 (4th Cir. 2006)

(upholding district court finding that CAN-SPAM preempts plaintiff's claims under state statute governing commercial electronic mail); *Fenn v. Mleads Enter.*, 137 P.3d 706, 709 (2006) (CAN-SPAM preempted Utah's Unsolicited Commercial and Sexually Explicit Email Act); *cf. also Stewart v. U.S. Bancorp*, 297 F.3d 953, 956-958 (9th Cir. 2002) (express preemption under ERISA is a failure on the merits and, as such, dismissal of state law claims was with prejudice); *Selkridge v. United of Omaha Life Ins. Co.*, 237 F. Supp. 2d 600, 602 (D.V.I. 2002) (upholding dismissal with prejudice of various preempted state law claims, including breach of contract, bad faith, misrepresentation, intentional and negligent infliction of emotional distress, and punitive damages).

Plaintiff's second (and only other) cause of action under the Arizona Consumer Fraud Act is based entirely on Plaintiff's allegation that Defendants violated ACEMA by sending Plaintiff an unsolicited e-mail. Plaintiff alleges that Defendants' alleged violation of ACEMA constitutes an "unlawful practice" under ACFA. Complaint at 19. Because Plaintiff's claim under ACEMA fails (both because it is preempted and because Plaintiff fails to allege any facts sufficient to state a claim), the alleged ACEMA violations do not give rise to a claim under the ACFA. *See Omega World Travel, Inc.*, 469 F.3d at 353 fn.1 (holding that because plaintiff "did not raise a cognizable cause of action under Oklahoma's commercial e-mail laws due to federal preemption, the alleged violations cannot give rise to further claims under the Oklahoma Consumer Protection Act").

### B. Plaintiff's Complaint Fails To State A Cause of Action Upon Which Relief May Be Granted.

In addition to being preempted under the CAN-SPAM Act, Plaintiff's claims fail to state a claim under which relief may be granted. While a court must pay deference to a plaintiff's allegations, it may not assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *See* F.R.C.P. 12(b)(6); *see also Associated General Contractors, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 527 (1983); *Anthony v. County of Sacramento*, *Sheriff's Dep't,* 845 F. Supp. 1396, 1399 (E.D. Cal. 1994).

Here, Plaintiff has failed to allege every element necessary to state a claim under

ACEMA and by extension has likewise failed to allege every element necessary to state a claim under the ACFA.[1]  For example, nowhere does Plaintiff allege the first element necessary to state a claim under ACEMA, namely that Defendants "knowingly" sent commercial electronic mail to Plaintiff.  *See* Complaint; A.R.S. § 44-1372.01(A).  Plaintiff also fails to allege any facts supporting his conclusory claim that Defendants "knew or had reason to know that Plaintiff's e-mail address is held by a resident of this State."  *See Western. Mining Council*, 643 F.2d at 624 (legal conclusions cast as factual assertions do not suffice).

Plaintiff likewise fails to allege any other elements necessary to state a claim under Subsection A of ACEMA, A.R.S. § 44-1372.01(A), including that Defendants falsified electronic mail transmission information under Subsection (A)(1); that Defendants' E-mail contains false or misleading information in the subject line under Subsection (A)(2); or that Defendants used a third-party Internet address or domain name to send the E-mail under Subsection (A)(3).  A.R.S. § 44-1372.01(A)(1)-(3).  Indeed, as is plain from the face of the E-mail itself, Defendants sent the E-mail from their own "announcements@costar" e-mail address, not from a third party's Internet address and not by any other false electronic mail transmission.  *See* Exhibit 1 to Complaint.  As is also plain from the face of the E-mail, the subject line does not contain any false or misleading information.  It advises: "Find a Commercial Property Now – No Cost/No Registration."  *See id.*  The body of the E-mail then proceeds to advertise Defendants' "commercial property listings," precisely as suggested in the subject line.  The E-mail further contains a link to Defendants' Internet website, which provides users with commercial real estate listings at "no cost" and with "no registration," also as suggested in the subject line of the E-mail.  *See id.*

Plaintiff similarly fails to allege any of the elements necessary to state a claim under Subsection B of ACEMA, A.R.S. § 44-1372.01(B), including that Defendants failed

---

[1] As set forth above, Plaintiff's ACFA cause of action is based entirely on Plaintiff's allegation that Defendants violated ACEMA by sending Plaintiff an unsolicited e-mail and that the alleged violation of ACEMA also constitutes a violation of ACFA.  Plaintiff's failure to state a claim under ACEMA is also a failure to state a claim under ACFA.

to provide an "opt-out" procedure as required under Subsection (b)(2). *See id.* This is, of course, because Plaintiff cannot make any such allegation. Defendants' E-mail plainly contains such a provision. The E-mail directs its recipient to: "Please click on www.costar.com/legal/optout to opt out of receiving future 'commercial electronic mail messages' from Costar Realty Information, Inc." *See id.*

Accordingly, Plaintiff's Complaint fails to state the elements necessary to state a claim under ACEMA and ACFA. Plaintiff's conclusory statements of law do not suffice. *See Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d at 1403 ("[c]onclusory allegations [] and unwarranted inferences are insufficient to defeat a motion to dismiss"); *Western Mining Council*, 643 F.2d at 624 (courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations"). Plaintiff does not state facts sufficient to support each of the elements necessary to state a claim under ACEMA and ACFA. Indeed, the face of Defendants' E-mail defeats Plaintiff's claim. Accordingly, Plaintiff's Complaint should be dismissed.

## IV. ALTERNATIVELY, PLAINTIFF SHOULD BE REQUIRED TO MAKE A MORE DEFINITE STATEMENT AS TO ITS ENTIRE COMPLAINT.

Rule 12(e) of the Federal Rules of Civil Procedure provides:

> If a pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

Courts should grant a Rule 12(e) motion when the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. In such cases, the defendant cannot reasonably be expected to frame a proper response. *See id.*; *Famolare, Inc. v. Edison Bros. Stores, Inc.* 525 F. Supp. 940, 949 (E.D. Cal. 1981). Such a motion is favored when the complaint is so general that ambiguity arises in determining the nature of the claim being made. *Van Dyke Ford, Inc. v. Ford Motor Co.*, 399 F. Supp. 277, 284 (E.D. Wis. 1975).

As demonstrated above, to the extent Plaintiff's Complaint states any claim upon which relief may be granted (which it does not for the reasons discussed above), the Complaint is replete with vague and ambiguous factual assertions which result in the entire pleading being essentially unintelligible. Plaintiff has failed to allege which specific sections of ACEMA Defendants allegedly violated and has similarly failed to plead any factual assertions supporting the elements necessary to state a claim under the statutes under which Plaintiff has asserted a cause of action as discussed above. Instead, Plaintiff simply quotes ACEMA in its entirety and alleges that "Defendants violated ACEMA." To the extent Plaintiff's Complaint states a claim upon which relief may be granted, any such claim is so vague and ambiguous that Defendants cannot decipher which claim or claims Plaintiff purports to allege under ACEMA or what sections of ACEMA Plaintiff claims Defendants violated. Accordingly, if Plaintiff's Complaint is not dismissed in its entirety for the multiple deficiencies described above, at a minimum, Plaintiff should be required to provide a more definite statement as to his causes of action, the factual basis of his causes of action, the specific portions of any statute he claims Defendants violated, and Defendants' specific conduct that Plaintiff claims violated each identified statute.

## V. CONCLUSION.

For the foregoing reasons, Defendants request that the Court dismiss Plaintiff's Complaint in its entirety. Alternatively, Defendants request that the Court grant Defendants' Motion for a More Definite Statement.

RESPECTFULLY SUBMITTED this 11th day of July, 2008.

/s/Shane D. Gosdis
Cynthia A. Ricketts
Shane D. Gosdis
DLA Piper US LLP
2415 East Camelback, Suite 700
Phoenix, Arizona 85016
Telephone: (480) 606-5100
Facsimile: (480) 606-5101

Attorneys for Defendant Costar Group, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2008, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Peter Strojnik
strojnik@aol.com
THE LAW FIRM OF PETER STROJNIK
3030 N. Central Ave., Suite 1401
Phoenix, AZ 85012

Attorney for Plaintiff


    /s/Linda Farrell