Peter Strojnik, State bar No: 006464
3030 North Central Avenue, Suite 1401 (a)
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
E-mail: *Strojnik@aol.com*
Website: Strojnik.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PETER STROJNIK, an individual ) | |
| ) | |
| Plaintiff, ) | NO. 2:08-CV-1276 |
| ) | |
| vs. ) | **PLAINTIFF'S RESPONSE TO MOTION** |
| ) | **TO DISMISS OR, IN THE** |
| THE COSTAR REALTY ) | **ALTERNATIVE, MOTION FOR A MORE** |
| INFORMATION, Inc., a Corporation; ) | **DEFINITE STATEMENT** |
| COSTAR GROUP, Inc., a Corporation ) | |
| ) | (Oral Argument Requested) |
| Defendants. ) | |
| ) | |

## SUMMARY OF RESPONSE

Defendants admit intruding into Plaintiff's business and trespassing into his computer. They draw no difference between spamming their ad into Plaintiff's private computer and Peter Piper intruding into Plaintiff's home and pasting a 2 for 1 pizza ad on the inside of the front door. They can draw no difference because there is no difference.

Defendants argue that their trespass and intrusion into Plaintiff's private computer is beyond the reach of the Court because any cause of action is pre-empted by the CAN-SPAM Act. This is not so. The CAN-SPAM act pre-emption is exceedingly narrow. It

pre-empts *only* that part of the state law that *expressly* regulates the use of electronic mail to send commercial messages; however, it *does not* pre-empt State claims of "falsity" or "deception" in commercial e-mails. I addition, state claims based on trespass or other torts are *specifically* permitted. The narrowness of the pre-emption is overwhelmed by the broad breath of exclusions:

1. State law based on "falsity or deception in any portion of a commercial electronic mail message or information attached thereto"; or

2. State law that does not "expressly regulates the use of electronic mail" (such as the Arizona Consumer Fraud Act, § 44-1522); or

3. State laws relating to "trespass"; or

4. State law relating to "tort law".

The e-mail in issue here violates the Consumer Fraud Act; it represents a classic example of "trespass to chattel"; and it tortiously invades Plaintiff's right of seclusion. On the matter of a more definite statement, Plaintiff herewith files his First Amended Complaint as of right.

This response is more fully supported by the following Memorandum of Points and Authorities, which is by this reference incorporated herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

15 U.S.C. § 7707(b) provides, in its entirety:

(b) State law

(1) In general

> This chapter supersedes any statute, regulation, or rule of a State or political subdivision of a State that expressly regulates the use of electronic mail to send commercial messages, except to the extent that any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto.
>
> (2) State law not specific to electronic mail
>
> This chapter shall not be construed to preempt the applicability of—
>
> (A) State laws that are not specific to electronic mail, including State trespass, contract, or tort law; or
>
> (B) other State laws to the extent that those laws relate to acts of fraud or computer crime.

## 1) **Federal Pre-Emption is Limited to State Law "Expressly Regulat[ing] the Use of Electronic Mail" That Does Not Also Regulate "Falsity" or "Deception"**

By the express wording of the statute, federal pre-emption applies *only* to state law that "expressly regulates the use of electronic mail to send commercial messages" 15 U.S.C. § 7707(b)(1) but only to the extent that such regulation does not "prohibit [the] falsity or deception in any portion of a commercial electronic mail message". Id.

In passing 15 U.S.C. § 7707(b), Congress did not purport to define "falsity" or "deception". It is ancient learning that it is within the province of a state to define malfeasance and fix the remedies therefore. *Cox v. Maxwell*, 366 F.2d 765 (6th Cir. 1966). "'[T]he historic police powers of the States [are] not to be superseded by [federal legislation] unless that was the clear and manifest purpose of Congress.' " *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996) (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)). This presumption applies whenever "Congress has 'legislated . . . in a field which the States have traditionally occupied.' " Id. (quoting *Rice*, 331 U.S. at 230).

Traditionally, the power to define offenses is one of those historic police powers referenced by the Supreme Court in *Medtronic.* 15 U.S.C. does not purport to pre-empt the State's right to define the terms "falsity" or "deception".

In the matter at hand, the Arizona Legislature chose to define the omission of the characters "ADV:" in the subject line of the e-mail as a deceptive act. A.R.S. §§ 44-1372 and 44-1522, read together, do no more than "prohibit [the] falsity or deception in any portion of a commercial electronic mail message or information attached thereto". 15-7707(b)(1) And to make absolutely sure that the Arizona Statute does not offend the federal supremacy clause, the legislature saw it fit to specifically legislate that the omission of the characters "ADV:" is a deceptive practice in violation of 44-1522. See A.R.S. § 44-1372.01(C) (Failure to comply with this article is an unlawful practice pursuant to section 44-1522) A.R.S. § 44-1522 provides:

> The act, use, or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived, or damaged thereby, is declared to be an unlawful practice.

A.R.S. § 44-1522 does not "expressly regulate the use of electronic mail to send commercial messages".

15 U.S.C. § 7707(b)(1) pre-emption does not apply for two reasons:

**First**, A.R.S. §44-1522 does not "expressly regulates the use of electronic mail"; and

**Second**, A.R.S. §§ 44-1372 and 44-1522, read together "prohibit falsity or deception in any portion of a commercial electronic mail message".

-4-

As legislative acts, A.R.S. §§44-1522 and 44-1372 are presumed to be valid. *City of Phoenix v. Fehlner*, 90 Ariz. 13, 18, 363 P.2d 607, 610 (1961). The party challenging the legislative act has the burden of proving the unconstitutionality of the act. Id. at 18, 363 P.2d at 610. Defendants have proffered no such proof.

**2) <u>State Law Prohibits Defendant From Trespassing On Plaintiff's Computer With Its Electronic Messages.</u>**

As if inviting claims of "trespass" against spammers, the Congress saw it fit to permit state claims based on "trespass". 16 U.S.C. § 7707(b)(2)(A)

Despite being a well-aged cause of action, trespass to chattels[1] has been applied in the context of the internet. In *CompuServe, Inc. v. Cyber Promotions, Inc.,* 962 F. Supp. 1015, 1022 (S.D. Ohio 1997), the court held that a spammer could be held liable to an internet service provider for sending unsolicited emails to the provider's clients. The court found that "[e]lectronic signals generated and sent by computer" were "sufficiently physically tangible to support a trespass cause of action." Id. at 1021.

Trespass to chattel is a recognized cause of action in Arizona. See, e.g. *Koepnick v. Roebuck*, 158 Ariz. 322, 762 P.2d 609, (App.1988). Trespass to chattel in the context of electronic invasion of another's computer system is also recognized. *See Mobilisa, Inc. v.*

---

[1] Dubbed by Professor Prosser the "little brother of conversion," the tort of trespass to chattels allows recovery for interferences with possession of personal property "not sufficiently important to be classed as conversion, and so to compel the defendant to pay the full value of the thing with which he has interfered." (Prosser & Keeton, Torts (5th ed. 1984) § 14, pp. 85-86.) Under section 218 of the Restatement Second of Torts, dispossession alone, without further damages, is actionable (see id., par. (a) & com. d, pp. 420-421).

*Doe*, 217 Ariz. 103, 170 P.3d 712, (App. 2007) [2]. It is established law that even if (spam e-mail) occupies a small portion of the Plaintiff's computer memory, liability lies. *eBay, Inc. v. Bidder's Edge, Inc.* 100 F.Supp. 2d 1058, 1071 (N.D.Cal. 2000) ("Even if, as [defendant] argues, its searches use only a small amount of eBay's computer system capacity, [defendant] has nonetheless deprived eBay of the ability to use that portion of its personal property for its own purposes. The law recognizes no such right to use another's personal property."

In the matter at hand, Defendants - without authority or invitation – invaded Plaintiff's private computer and squatted in its memory. There is little difference between Peter Piper Pizza two-for-one ad being pasted on the front door of Plaintiff's home and Defendants pasting the offensive e-mail onto the computer screen. Both constitute "trespass".

---

[2] *CompuServe Inc. v. Cyber Promotions, Inc.,* 962 F. Supp. 1015, 1022 (S.D. Ohio 1997) ("A plaintiff can sustain an action for trespass to chattels, as opposed to an action for conversion, without showing a substantial interference with its right to possession of that chattel."). While the Court in *Omega World Travel, Inc. v. Mummagraphics, Inc.,* 469 F.3d 348 (4th Cir. 11/17/2006), based on the law of Oklahoma, found that no trespass to chattel cause of action could be maintained for sending unsolicited e-mail, Arizona Court of Appeals did not follow that reasoning *see Mobilisa, supra.* Using someone else's computer equipment is trespass. *McLeodUSA Telecommunications Services, Inc. v. Qwest Corp.*, 469 F.Supp.2d 677 (N.D.Iowa 01/16/2007) Restatement (Second) of Torts §217 (trespass to chattel occurs through either through "dispossession" of chattel or intermeddling with chattel "in the possession of another"). *Register.com, Inc. v. Verio, Inc.,* 356 F.3d 393, 404 (2d Cir. 2004) (finding trespass to chattels for interference with plaintiff's computer systems rather than its website or domain name).

### 3) State Law Prohibits Defendants From Intruding upon Plaintiff's Seclusion By Bombarding Plaintiff With Unwanted Messages.

Arizona recognizes the four branches of the tort of invasion of privacy outlined in the Restatement: 1) intrusion on seclusion; 2) commercial appropriation; 3) publication of private facts; and 4) false light. Rest. (Second) of Torts § 652A (1977); *Godbehere v. Phoenix Newspapers, Inc.*, 162 Ariz. 335, 783 P.2d 781, 784 (Ariz. 1989) (citing Rest. § 652A-I); *Hart v. Seven Resorts Inc.,* 190 Ariz. 272, 947 P.2d 846, 853 (App. 1997). The Restatement describes the tort of intrusion upon seclusion as follows: "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person." *Hart*, 947 P.2d at 853 (quoting Rest. § 652B) A defendant is liable "when he has intruded into a private place, or has otherwise invaded a private seclusion that the plaintiff has thrown about his person or affairs." Id. (citing Restatement § 652B cmt. c).

The constant bombardment by unsolicited e-mails – sometimes tens, sometimes hundreds - into Plaintiff's private e-mail box has become such an offensive misconduct that both the United States Congress and the Arizona Legislature have attempted to thwart it by legislation. *See, e.g.,* the CAN-SPAM act; ACEMA. Yet, the spamming continues. Asking an average person whether spamming is "highly offensive" would certainly elicit a positive response.

**4) Damages.**

Plaintiff is entitled to two types of damages: Statutory (A.R.S. § 44-1372.02) and common law. On the matter of common law damages, Plaintiff has been damaged in two ways: First, by Defendants' unsolicited e-mail occupying Plaintiff's computer memory; and, Second, by deceiving Plaintiff into opening the e-mail, reviewing and studying the e-mail to ensure that it does not relate to Plaintiff's important clients, causing Plaintiff to refocus from current commercial operations to wasteful loss of time. While damages may be difficult to ascertain, it is the genius of the common law that difficult damage questions are left to juries. See *Meyer v. Ricklick*, 99 Ariz. 355, 357-58, 409 P.2d 280, 281-82 (1965) (damage amount is peculiarly within jury's province, and the "law does not fix precise rules for the measure of damages but leaves their assessment to a jury's good sense and unbiased judgment"). . . . *Walker v. Mart*, 164 Ariz. 37, 41, 790 P.2d 735, 739 (1990); *Logerquist v. McVey*, 196 Ariz. 470, 491, 1 P.3d 113, 134 (2000)

### CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons Plaintiff respectfully requests that the Defendants' Motion be denied it its entirety.

RESPECTFULLY SUBMITTED this 15th day of July, 2008.

_____
Peter Strojnik, Esq.
Attorneys for Plaintiff

Copy of the foregoing e-mailed to:

-8-

Cynthia A. Ricketts, Esq. *cindy.rickets@dlapiper.com*
Shane D. Gosdis, Esq. *shane.gosdis@dlapiper.com*
Attorneys for Defendants

/s/