Peter Strojnik, State bar No: 006464
3030 North Central Avenue, Suite 1401 (a)
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
E-mail: *Strojnik@aol.com*
Website: Strojnik.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PETER STROJNIK, an individual | ) |
| Plaintiff, | ) NO. 2:08-CV-1276 |
| vs. | ) **FIRST AMENDED COMPLAINT** |
| | ) **(AS OF RIGHT)** |
| THE COSTAR REALTY INFORMATION, Inc., a Corporation; COSTAR GROUP, Inc., a Corporation | ) |
| Defendants. | ) |

Plaintiff alleges:

1) Plaintiff is a resident of the State of Arizona, Maricopa County. Plaintiff receives e-mails within the geographic and venue boundaries of this Court.

2) Venue is proper in this Court because Defendants caused the events which form the subject matter of this Complaint to occur at 3030 North Central Avenue, Phoenix, Arizona.

3) Defendants e-mailed to Plaintiff Exhibit 1 for the purpose of encouraging Plaintiff to purchase, rent, or invest in the property, goods or services of the type described in the e-mail.

4) Defendants are doing business in this state by virtue of their electronic e-mail distribution to the residents of this State.

5) Upon information and belief, the e-mails was sent from a computer located in this state and/or Defendants knew or had reason to know that Plaintiff's e-mail address is held by a resident of this State.

## COUNT ONE
(Violation of ACEMA)

6) Plaintiff realleges all allegations heretofore set forth.

7) The e-mail described above is an "unsolicited commercial electronic mail", that is, it is a commercial electronic mail message sent, without the consent of Plaintiff, by Defendants with whom Plaintiff does not have an established business relationship.

8) Plaintiff and Defendants do not have a prior or existing relationship formed by a voluntary communication between them, with or without an exchange of consideration, on the basis of an inquiry, application, purchase or use by the Plaintiff regarding products or services offered by the Defendants.

9) The Arizona Commercial Electronic Mail Act (ACEMA) provides that a sender of electronic mail shall not, inter alia, use false or misleading information in the subject line.

10) ACEMA also provides that if a sender of electronic mail sends unsolicited mail or maintains a database for the purpose of sending unsolicited commercial electronic mail, the sender shall use the exact characters "ADV:" as the first four characters in the subject line of the unsolicited commercial electronic mail.

11) A violation of the requirement that the sender of unsolicited electronic mail use the exact characters "ADV:" as the first four characters in the subject line of the unsolicited electronic e-mail is a deceptive practice pursuant to A.R.S. § 44-1522.

12) Plaintiff received the electronic mail, opened the electronic mail, reviewed the electronic e-mail, and otherwise spent time dealing with the electronic mail.

13) By sending the e-mail, Exhibit 1, to Plaintiff, Defendants violated ACEMA.

14) Defendants' violation of ACEMA has caused Plaintiff damage by virtue of loss of time and the use of the computer and other damages as shall be proven at the time of trial.

15) A.R.S § 44-1372.02 provides, "If an injury results from the intentional transmission of unsolicited commercial electronic mail, the injured person may recover attorney fees and costs and may choose, instead of receiving actual damages, to recover ten dollars for each unsolicited commercial electronic mail message transmitted in violation of this article or twenty-five thousand dollars, whichever is less."

16) Plaintiff has been damaged as follows:

    a) For statutory damages pursuant to A.R.S. § 44-1372.02; and

    b) For loss of productive, billable time; and

    c) For loss of computer space; and

    d) For costs and attorney's fees in addition to the statutory or actual damages; and

    e) Punitive damages as alleged below;

    f) As shall be more fully developed at trial.

17) Defendants' violation of ACEMA was motivated by economic self interest without any regard for the rights of Plaintiff. Defendants knowingly and intentionally damaged Plaintiff, entitling Plaintiff to an award of punitive damages as determined at the time of trial.

NOW, THEREFORE, Plaintiff requests relief as follows:

    A. For statutory damages pursuant to A.R.S. § 44-1372.02; and

B. For loss of productive, billable time; and

C. For loss of computer space; and

D. For costs and attorney's fees in addition to the statutory or actual damages; and

E. Punitive damages as alleged below;

F. As shall be more fully developed at trial.

G. For such other and further relief as the court may deem just and proper.

## COUNT TWO
(Violation of Arizona Consumer Fraud Act)

18) Plaintiff realleges all allegations heretofore set forth.

19) Pursuant to A.R.S. § 44-1372.01(C), a violation of ACEMA is unlawful practice pursuant to A.R.S. § 44-1522, the Arizona Consumer Fraud Act ("ACFA"); Plaintiff has a private cause of action for the violation of ACFA.

20) Plaintiff has been damaged by Defendants' violation of the ACFA.

21) Defendants' violation of ACFA has caused Plaintiff damage by virtue of loss of time and the use of the computer and other damages as shall be proven at the time of trial.

22) Plaintiff is entitled to an award of costs and attorney's fees against Defendants.

23) Plaintiff has been damaged by Defendants' violation of A.R.S. § 44-1522.

24) Additionally, Defendants' violation of ACFA was motivated by economic self interest without any regard for the rights of Plaintiff. Defendants knowingly and intentionally damaged Plaintiff, entitling Plaintiff to an award of punitive damages as determined at the time of trial.

NOW, THEREFORE, Plaintiff requests relief as follows:

A. For damages to be proven at the time of trial; and

B. For costs and attorney fees; and

C. For punitive damages in an amount to be proven at trial; and

D. For such other and further relief as the court may deem just and proper.

## COUNT THREE
(Trespass)

25) Plaintiff realleges all allegations heretofore set forth.

26) Defendants' e-mail trespassed on Plaintiff's computer.

27) Plaintiff has been damaged by Defendants' trespass.

28) Defendants' trespass was motivated by economic self interest without any regard for the rights of Plaintiff. Defendants knowingly and intentionally damaged Plaintiff, entitling Plaintiff to an award of punitive damages as determined at the time of trial.

NOW, THEREFORE, Plaintiff requests relief as follows:

A. For damages to be determined at trial; and

B. For loss of productive, billable time; and

C. For loss of computer space; and

D. For costs and attorney's fees in addition to the statutory or actual damages; and

E. Punitive damages as alleged below;

F. For such other and further relief as the court may deem just and proper.

## COUNT FOUR
(Intrusion upon Seclusion)

29) Plaintiff realleges all allegations heretofore set forth.

30) Defendants' e-mail intruded upon Plaintiff's seclusion.

31) Defendants intentionally intruded, physically or otherwise, upon the solitude or seclusion of Plaintiff or in Plaintiff's private affairs or concerns.

32) The intrusion upon seclusion would be highly offensive to a reasonable person.

33) Plaintiff has been damaged by Defendants' intrusion upon his seclusion.

34) Defendants' intrusion was motivated by economic self interest without any regard for the rights of Plaintiff. Defendants knowingly and intentionally damaged Plaintiff, entitling Plaintiff to an award of punitive damages as determined at the time of trial.

NOW, THEREFORE, Plaintiff requests relief as follows:

    A. For damages to be determined at trial; and

    B. For costs and attorney's fees in addition to the statutory or actual damages; and

    C. For punitive damages;

    D. For such other and further relief as the court may deem just and proper.

RESPECTFULLY SUBMITTED this 15th day of July, 2008.

_____
Peter Strojnik, Esq.
Attorneys for Plaintiff

Copy of the foregoing e-mailed to:

Cynthia A. Ricketts, Esq. *cindy.rickets@dlapiper.com*
Shane D. Gosdis, Esq. *shane.gosdis@dlapiper.com*
Attorneys for Defendants

/s/

| | |
|---|---|
| Subj: | **Find a Commercial Property Now – No Cost / No Registration** |
| Date: | 6/4/2008 1:00:01 P.M. US Mountain Standard Time |
| From: | announcements@costar.com |
| To: | strojnik@aol.com |

# Check out
## the all-new online destination for finding commercial property listings



**NEW!** Free Property Search

*Start Searching Now*

Looking for commercial properties to buy or lease? Visit CoStar, where you'll find over 100,000 properties for sale and spaces for lease:

- **Coverage.** Listings in all 50 states. All property types including office, industrial, retail, land and multifamily.
- **Convenience.** Unlimited searches. No cost. No registration required.
- **Confidence.** Researched, verified, continuously updated listings.

Find your property now ... exclusively from CoStar, the information source commercial brokerage firms prefer 3:1 over all others*.

*Start Searching Now*

*Based on a blind survey by California Survey Research Services, Inc conducted on December 5-6, 2007.

Please click on www.costar.com/legal/optout to opt out of receiving future "commercial electronic mail messages" from CoStar Realty Information, Inc. and for the address and other important information about CoStar Realty Information, Inc.

*Exhibit 1*

Monday, July 14, 2008 AOL: Strojnik