Cynthia A. Ricketts (Arizona Bar No. 012668)
cindy.ricketts@dlapiper.com
Shane D. Gosdis (Arizona Bar No. 022471)
shane.gosdis@dlapiper.com
DLA Piper US LLP
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: (480) 606-5100
Facsimile: (480) 606-5101

Attorneys for Defendants Costar Realty
Information, Inc., and Costar Group, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PETER STROJNIK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE COSTAR REALTY INFORMATION, INC., a Corporation; COSTAR GROUP, INC.,<br><br>Defendants. | Case No. 2:08-CV-01276-PHX-SRB<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>(Honorable Susan R. Bolton) |

Despite its title, Plaintiff's Response brief does not actually respond to Defendants' Motion to Dismiss. Instead, much like the Amended Complaint itself, it is composed of little more than vague and conclusory statements, none of which have any basis in law or fact. Plaintiff does not (and cannot) establish that his claims escape preemption under the CAN-SPAM Act and the Supremacy Clause and likewise fails to establish that the Amended Complaint alleges facts sufficient to state a claim upon which relief may be granted.[1]

---

[1] Plaintiff mischaracterizes Defendants' Motion to Dismiss to say that Defendants "admit[] intruding into Plaintiff's business and trespassing his computer" without any citation or further explanation. Response at 1:17-18. Contrary to Plaintiff's claim, Defendants have never admitting to "intruding" into Plaintiff's business and "trespassing into his computer."

# I. PLAINTIFF'S ACEMA AND ACFA CLAIMS ARE EXPRESSLY PREEMPTED BY FEDERAL LAW; THE FEDERAL PRE-EMPTION IS NOT LIMITED AS PLAINTIFF CONTENDS.

Plaintiff cites to 15 U.S.C. § 7707(b)(1) in his misdirected attempt to circumvent the CAN-SPAM Act's preemption requirement. Plaintiff's Response to Defendants' (Second) Motion to Dismiss, or in the Alternative, Motion for a More Definitive Statement ("Response") at 3:15-19 [Docket No. 14]. In particular, Plaintiff emphasizes the fact that the CAN-SPAM Act does not "prohibit falsity or deception in any portion of a commercial electronic mail message" and that the CAN-SPAM Act does not define "falsity" or "deception." *Id.* The reality, however, is that CAN-SPAM Act was intended to prevent the very result Plaintiff seeks here, namely the application of differing state laws that force companies to put differing subject lines or text in their e-mails to create a uniform national standard:

> Section 8(b)(1) sets forth the general rule concerning the preemption of State law by the legislation. The legislation would supersede State and local statutes, regulations, and rules that expressly regulate the use of e-mail to send commercial messages except for statutes, regulations, or rules that target fraud or deception in e-mail. Thus, *a State law requiring some or all commercial e-mail to carry specific types of labels, or to follow a certain format or contain specified content, would be preempted*.

S. Rep. No. 108-102 at 21-22 (2003) (emphasis added).

Nowhere does Plaintiff address the CAN-SPAM Act's stated purpose of developing a uniform federal law that regulates commercial e-mail nor does he address any of the cases cited by Defendants. *See generally* Defendants' Motion to Dismiss, or in the Alternative, Motion for a More Definitive Statement ("Motion to Dismiss") [Docket No. 7]. Instead, he stubbornly insists that the purported exception to CAN-SPAM Act is such that it would swallow the entire CAN-SPAM Act. *Id.*

# II. PLAINTIFF'S ACEMA AND ACFA CLAIMS FAIL TO STATE A CAUSE OF ACTION UPON WHICH RELIEF MAY BE GRANTED.

Not only are they preempted, Plaintiff's ACEMA and ACFA claims fail to state a cause of action upon which relief may be granted. Motion to Dismiss at 7-9. Plaintiff

does not dispute that fact. In fact, Plaintiff completely fails to address any of the deficiencies in his Amended Complaint, as outlined by Defendants in their Motion. *See generally* Response.

Plaintiff's silence is a tacit admission that the Complaint fails to properly allege ACEMA and ACFA claims. Plaintiff's failure in this regard is especially unwarranted given that he has filed two Complaints, the latest of which was filed *after* Defendants' initial Motion to Dismiss was filed road mapping the deficiencies with Plaintiff's Original Complaint. Plaintiff's First Amended Complaint does not correct the fatal deficiencies in the Original Complaint. Accordingly, Plaintiff's First Amended Complaint should be dismissed.

### III. THE SUPREMACY CLAUSE SEPARATELY PREEMPTS PLAINTIFF'S COMMON LAW CLAIMS BASED ON CONDUCT EXPRESSLY ALLOWED BY FEDERAL LAW.

Plaintiff likewise fails to address the fact that his common law claims for trespass and intrusion upon seclusion are preempted under the Supremacy Clause. As set forth in Defendants' Motion, the Supremacy Clause preempts conflicting state laws such as ACEMA. Motion to Dismiss at 9-11. Plaintiff's Response fails to address any of the arguments raised or cases that Defendants cite demonstrating that the Supremacy Clause separately and independently preempts Plaintiff's common law claims. *See generally* Response. As with his other failures to respond to Defendants' claims, Plaintiff's silence is a tacit admission that the Supremacy Clause does in fact preempt Plaintiff's common law claims. As such, Plaintiff's Amended Complaint should be dismissed.

### IV. PLAINTIFF CANNOT ASSERT A TRESPASS TO CHATTELS CLAIM BASED ON A SINGLE E-MAIL FROM DEFENDANTS.

Plaintiff's Amended Complaint fails to allege basic elements of a trespass claim. *See generally* Amended Complaint. It does not allege that Defendants' e-mail message dispossessed Plaintiff of his computer or that the e-mail impaired the condition, quality, or value of his computer. *Id*. Plaintiff's Response does not address these glaring deficiencies. *See generally* Response. Instead, Plaintiff simply states that Defendants

"invaded Plaintiff's private computer and squatted in its memory" without any citation to the Amended Complaint or any other portion of the record. *Id*. at 7:6-7.

Not only does he fail to allege the basic elements of a trespass claim, Plaintiff's cases are inapposite. In *Compuserve, Inc.*, the plaintiff was a large Internet service provider, not an individual e-mail recipient like Plaintiff. *See Compuserve Inc. v. Cyber Promotions, Inc.*, 962 F. Supp. 1015, 1017 (S.D. Ohio 1997). The plaintiff brought a trespass claim against defendant arising from defendant's practice of sending unsolicited e-mail messages to hundreds of thousands of internet users. Defendant had concealed the origin of its messages by forging header information and replacing the sender information with a different, false address. *Id.* Compuserve notified the defendant that bulk e-mail was unauthorized, but defendants continued to send the bulk e-mail messages. *Id.*

The court eventually found defendants liable for trespass based on the fact that they had created an "enormous volume of mass mailings," which placed a "tremendous burden" on plaintiff's equipment. *Id.* at 1019. In reaching its holding, however, the court recognized "a tacit invitation for anyone on the Internet to utilize plaintiff's computer equipment to send e-mail to its subscribers." *Id*. at 1023-24. The court held that plaintiff's tacit approval to use the computer equipment was revoked when plaintiff informed defendant that he was prohibited from using CompuServe's equipment to send his junk e-mail messages. *Id*. at 1024. Defendants had become aware that Compuserve did not want to receive messages and that plaintiff was taking steps to block receipt of those messages (essentially, an opt out request). This clearly is not the situation here. Unlike Compuserve, this case involves a single e-mail message not "bulk e-mail messages." *Id*. at 1018.

Plaintiff's reliance on *Mobilisa* is similarly misplaced. *See Mobilisa, Inc. v. Doe*, 217 Ariz. 103, 170 P.3d 712 (Ct. App. 2007). In *Mobilisia*, plaintiff brought statutory claims and a common law claim for trespass against defendant, alleging that plaintiff had accessed plaintiff's protected computer systems and email accounts without authorization. *Id.* at 107, 170 P.3d at 715. Notwithstanding Plaintiff's inferences to the contrary, the

Mobilisia action does not address or otherwise analyze Plaintiff's trespass claim. *Id.*

Finally, Plaintiff's reliance on *eBay, Inc.* is intentionally misleading. *See eBay, Inc. v. Bidder's Edge, Inc.*, 100 F. Supp. 2d 1058 (N.D. Cal. 2000). Plaintiff cites *eBay, Inc.* for the proposition that even if a "(spam e-mail) occupies a small portion of the Plaintiff's computer memory, liability lies." Response at 6. Unlike this case, *eBay, Inc.* involved software search robots that were used to "crawl" eBay's website in search information useful to Plaintiff's on-line auction business. *Id.* at 1060-61.

## V. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR INTRUSION UPON SECLUSION.

### A. A Single Promotional E-mail Does Not, As a Matter of Law, Constitute Intrusion.

Plaintiff does not dispute the fact that a single promotional e-mail does not qualify intrusion under the Restatement. Indeed, Plaintiff does not address any of the cases cited by Defendant nor does he cite any of his own. Plaintiff's silence is yet another tacit admission that Defendants' e-mail does not, as a matter of law, constitute an intrusion.

### B. Plaintiff's E-mail Account Does Not Qualify as the Type of Solitude or Seclusion Envisioned Under the Restatement.

Plaintiff likewise does not dispute that his Amended Complaint is silent as to solitude or seclusion. The Amended Complaint does not allege that Plaintiff's e-mail address is an inherently private affair or concern such that he takes steps to protect it from the public's view.

### C. A Single Promotional E-mail Does Not, As a Matter of Law, Constitute Extreme and Outrageous Conduct.

In his Response, Plaintiff claims that the "constant bombardment" of "tens, sometimes hundreds" of unsolicited e-mails is "highly offensive." Response at 8:4-9. By his own admission, however, Plaintiff only received one e-mail from Defendants, not tens of e-mails, not hundreds e-mails, and certainly not a constant bombardment of e-mails. *See* Complaint at ¶3. Under those circumstances, no court has held that a single promotional e-mail qualifies as the extreme and outrageous conduct required to establish a

- 5 -

claim of intrusion upon seclusion.  *See* Motion to Dismiss at 14-16.  Plaintiff does not cite any case law to the contrary and fails to respond to any of the cases cited by Defendants.[2]

### **CONCLUSION**

Plaintiff does not (and cannot) establish that his claims escape preemption under the CAN-SPAM Act and the Supremacy Clause and likewise fails to establish that the Amended Complaint alleges facts sufficient to state a claim upon which relief may be granted.  Accordingly, the Court should dismiss Plaintiff's Amended Complaint in its entirety without leave to amend.

RESPECTFULLY SUBMITTED this 21st day of August, 2008.

                          /s/Shane D. Gosdis
                          Cynthia A. Ricketts
                          Shane D. Gosdis
                          DLA Piper US LLP
                          2415 East Camelback, Suite 700
                          Phoenix, Arizona  85016
                          Telephone: (480) 606-5100
                          Facsimile: (480) 606-5101

                          Attorneys for Defendant Costar Realty
                          Information, Inc. and Costar Group, Inc.

---

[2] Plaintiff claims that if the "average person" were asked whether "spamming is 'highly offensive,'" that person would "certainly elicit a positive response," as if that were the standard to state a claim for intrusion upon seclusion.  To the contrary, Plaintiff must allege facts establishing extreme and outrageous conduct on the part of Defendants.  Plaintiff has failed to do so.

**CERTIFICATE OF SERVICE**

     I hereby certify that on August 21, 2008, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Peter Strojnik
strojnik@aol.com
THE LAW FIRM OF PETER STROJNIK
3030 N. Central Ave., Suite 1401
Phoenix, AZ 85012

Attorney for Plaintiff


     /s/Linda Farrell