1 Cynthia A. Ricketts (Arizona Bar No. 012668)
cindy.ricketts@dlapiper.com
2 Shane D. Gosdis (Arizona Bar No. 022471)
shane.gosdis@dlapiper.com
3 DLA Piper LLP (US)
2415 East Camelback Road, Suite 700
4 Phoenix, Arizona 85016
Telephone: (480) 606-5100
5 Facsimile: (480) 606-5101

6
Attorneys for Defendants Costar Realty
7 Information, Inc., and Costar Group, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PETER STROJNIK, an individual, | Case No. 2:08-CV-01276-PHX-SRB<br>**(E-File Case)** |
| Plaintiff, | |
| v. | **DEFENDANTS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES** |
| THE COSTAR REALTY INFORMATION, INC., a Corporation; COSTAR GROUP, INC., | Before: Honorable Susan R. Bolton |
| Defendants. | |

Pursuant to Rule 54.2 of the Rules of Practice of the United States District Court for the District of Arizona, defendants The Costar Realty Information, Inc. and Costar Group, Inc. ("Defendants") move for an award of their attorneys' fees and expenses incurred to successfully obtain the dismissal of this action. Defendants are entitled to recover $26,616.50 for their reasonable attorneys' fees and $1,961.63 for their reasonable costs and expenses incurred in defending against (and prevailing on) the Complaint filed by plaintiff Peter Strojnik ("Plaintiff"). In compliance with Rule 54.2, this Motion is supported by following Memorandum of Points and Authorities, Declaration of Shane D.

Gosdis, dated January 6, 2009, attached hereto as Exhibit A, Defendants' Itemized Statement of Fees and Expenses, attached hereto as Exhibit B, Declaration of Cynthia A. Ricketts', dated January 6, 2009, attached hereto as Exhibit C, and the Court's entire record herein.

          /s/Cynthia A. Ricketts
Cynthia A. Ricketts
Shane D. Gosdis
DLA Piper US LLP
2415 East Camelback, Suite 700
Phoenix, Arizona 85016
Telephone: (480) 606-5100
Facsimile: (480) 606-5101

Attorneys for Defendant Costar Realty Information, Inc. and Costar Group, Inc.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    DEFENDANTS ARE ELIGIBLE FOR AND ENTITLED TO AN AWARD OF THEIR ATTORNEYS' FEES.**

    **A.    Nature of the Action.**

Defendants operate a commercial real estate website and listing service. On June 4, 2008, Defendants sent an e-mail to Plaintiff's e-mail address advertising Defendants' website ("e-mail"). *See* Exhibit 1 to Amended Complaint. Defendants sent the e-mail from their corporate e-mail address, "announcements@Costar," as is evident on the face of the e-mail itself. *See id.* Equally evident is the e-mail's "opt-out" provision, which plainly allows Plaintiff to opt-out of receiving further e-mail messages from Defendants. *See id.*

As Plaintiff admits, the purpose of the e-mail was to encourage "Plaintiff to purchase, rent or invest in the property, goods or services described in the e-mail," namely

commercial real estate. Amended Complaint at ¶ 3. The e-mail's subject heading confirms as much. It provides: "Find a Commercial Property Now – No Cost/No Registration." *See* Exhibit 1 to Amended Complaint. The e-mail itself advertises Defendants' "commercial property listings" and contains a link to Defendants' commercial real estate website, each of which is consistent with the e-mail's subject heading. *See id.* In short, neither the e-mail's subject heading nor the e-mail itself use any false or misleading information.

Nonetheless, on June 10, 2008, Plaintiff filed his original Complaint, alleging that by sending the e-mail, Defendants violated the Arizona Commercial Electronic Mail Act ("ACEMA"), the Arizona Consumer Fraud Act ("ACFA"). On July 11, 2008, Defendants filed their Motion to Dismiss. That same day, July 15, 2008, Plaintiff filed his Amended Complaint, asserting additional causes of action for the torts of trespass and intrusion upon seclusion. *See* Amended Complaint at ¶ 13. In response, on August 1, 2008, Defendants filed their Motion to Dismiss the Amended Complaint. On December 23, 2008, the Court granted Defendants' Motion to Dismiss, dismissing Plaintiffs' Amended Complaint in its entirety. *See* Order, dated December 23, 2008 [Docket No. 22].

**B.    Defendants Are Entitled To An Award Of Their Attorneys' Fees Pursuant To A.R.S. § 12-341.01(c) and 28 U.S.C. § 1927.**

Under Arizona law, courts "shall award reasonable attorney fees in any contested action upon clear and convincing evidence that the claim or defense constitutes harassment, is groundless and is not made in good faith." A.R.S. § 12-341(C). "This statute is evidence of legislative intent to deter groundless and vexatious lawsuits."

*Gilbert v. Board of Medical Examiners*, 745 P.2d 617, 628, 155 Ariz. 169, 180 (Ct. App. 1987) (citing *White v. Kaufman*, 133 Ariz. 388, 390-91, 652 P.2d 127, 129-30 (1982)). The purpose of the statute is punitive in nature. *Id.* (citing *Wean Water, Inc. v. Sta-Rite Industries, Inc.*, 141 Ariz. 315, 318, 686 P.2d 1285, 1288 (Ct. App. 1984)).

Courts may likewise impose an award of attorneys fees for engaging in vexatious litigation pursuant to 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. An award of attorneys' fees under Section 1927 requires a finding of bad faith or recklessness. *See MGIC Indem. Corp. v. Moore*, 952 F.2d 1120, 1122 (9th Cir. 1991).

### 1. Defendants' Amended Complaint Is Groundless.

In determining whether a claim is groundless, the Court may utilize an objective standard. *Id.* The objective standard is met if a reasonable attorney would not have brought the claims at issue. *Id.* Here, Plaintiff's Amended Complaint is objectively groundless. The CAN-SPAM Act expressly preempts ACEMA, ACFA, and Plaintiffs' tort claims. *See* 15 U.S.C. § 7707(b); *see also Omega World Travel, Inc. v. Mummagraphics, Inc.*, 469 F.3d 348, 356 (4th Cir. 2006) (upholding district court finding that the CAN-SPAM Act preempts plaintiff's claims under state statute governing commercial electronic mail); *Fenn v. MLeads Enters.*, 137 P.3d 706, 709 (2006) (the CAN-SPAM Act preempted Utah's Unsolicited Commercial and Sexually Explicit Email Act).

Plaintiff's attempt to circumvent the CAN-SPAM Act's preemption by alleging that Defendants' e-mail was fraudulent and/or deceptive on account of the fact that it failed to contain the letters "ADV:" in the subject line was likewise without basis. Indeed, the CAN-SPAM Act was specifically intended to preempt the differing state laws that force companies to put differing subject lines or text in their e-mails to create a uniform national standard:

> Section 8(b)(1) sets forth the general rule concerning the preemption of State law by the legislation. The legislation would supersede State and local statutes, regulations, and rules that expressly regulate the use of e-mail to send commercial messages except for statutes, regulations, or rules that target fraud or deception in e-mail. Thus, *a State law requiring some or all commercial e-mail to carry specific types of labels, or to follow a certain format or contain specified content, would be preempted.*

S. Rep. No. 108-102 at 21-22 (2003) (emphasis added). As such, no reasonable attorney would have brought a complaint under ACEMA, ACFA, or state law tort in response to Defendants' e-mail.

Plaintiff's Amended Complaint is particularly groundless considering that the e-mail at issue clearly contained an "opt-out" provision, which plainly allowed Plaintiff to opt-out of receiving further e-mail messages from Defendants, and considering that neither the e-mail's subject heading nor the e-mail itself used any false or misleading information. Plaintiff should have known his Complaint was frivolous. *See* Exhibit 1 to Amended Complaint. Moreover, Defendants gave Plaintiff an opportunity to withdraw his Complaint without requiring Defendants to file a motion to dismiss. Specifically, Defendants gave Plaintiff an opportunity to dismiss the Complaint without the incurrence of attorneys' fees but advised Plaintiff if he did not dismiss the Complaint, Defendants

would seek its attorneys' fees required to dismiss the Complaint. *See* Affidavit of Shane D. Gosdis, dated January 6, 2009, at ¶ 5, attached hereto as Exhibit A ("Gosdis Affidavit"). Plaintiff refused to dismiss his Complaint and required Defendants to file two separate motions to dismiss by filing two frivolous Complaints. *Id.* at ¶ 6. A reasonable attorney would not have filed the original Complaint and most certainly would not have filed the Amended Complaint. *Id.* at ¶ 6.

### 2. Plaintiff's Complaint Constitutes Harassment And Is Not Made In Good Faith.

In determining whether a claim constitutes harassment and whether it is made in good faith, the Court must utilize a subjective standard. *Gilbert*, at 628, 155 Ariz. at 180. The subjective standard is satisfied if the Plaintiff was aware that the claim constitutes harassment and is made in bad faith. *Id.*

Here, Plaintiff was well aware that his Amended Complaint was not made in good faith and was nothing more than an attempt to harass and extort money from Defendants. As an initial matter, Plaintiff, a member of the State Bar of Arizona, filed 12 other identical lawsuits against other companies within days of filing his Amended Complaint against Defendants in this action.[1] The sheer number of identical complaints filed within days of one another suggests that Plaintiff's true motive is nothing more than to extort

---

[1] *See Strojnik v. Wyndham Hotel Group, Inc.*, filed June 10, 2008, Case No. CC2008-123561; *Strojnik v. E-Justice/Peter Lawrence*, filed June 10, 2008, Case No. CC2008-123537; *Strojnik v. Costa Cruise Lines NV LLC*, filed June 10, 2008, Case No. CC2008-123595; *Strojnik v. Pro Sound and Stage Lighting*, June 11, 2008, Case No. CC2008-124321; *Strojnik v. Kerzner Int'l Resorts, Inc.*, filed June 11, 2008, Case No. CC2008-124338; *Strojnik v. Law.Com*, filed June 11, 2008, Case No. CC2008-124353; *Strojnik v. Strafford Publications, Inc.*, filed June 11, 2008, Case No. CC2008-124386; *Strojnik v. National Constitution Center*, filed June 11, 2008, Case No. CC2008-124424; *Strojnik v. Smarter Travel Media LLC*, filed June 11, 2008, Case No. CC2008-124477; *Strojnik v. Telestrat Consulting, Inc.*, filed June 18, 2008, Case No. CC2008-131917; *Strojnik v. Vertue Corporation*, filed June 18, 2008, Case No. CC2008-131925; and *Strojnik v. Gate 1 Ltd.*, filed June 18, 2008, Case No. CC2008-131828.

money from as many corporate defendants as possible by alleging frivolous claims that are more expensive to defend than to settle. Indeed, this was the admitted express purpose of Plaintiff's Complaint in this action.

On July 11, 2008, counsel for Defendants contacted Plaintiff regarding his purported written discovery requests. *See* Gosdis Affidavit at ¶4. In response to Defendants' counsel's statement that the parties were required to conduct a Rule 26(f) conference prior to initiating discovery, Plaintiff bluntly asked: "why don't we do this, why don't you just pay me off?" *Id.* at 4. Plaintiff then proceeded to offer to dismiss the action in its entirety for $5,000.00. Plaintiff apparently attempted to settle several of his other copycat cases in a similar manner. *Id.* at 4. If Plaintiff's attempted scheme had worked and he had been able to extort at least $5,000 from each of the corporate defendants in each of his 12 separate lawsuits, Plaintiff would have netted at least $60,000.00 from his frivolous complaints.

The number of identical complaints filed by Plaintiff and Plaintiff's request that Defendants "pay him off" to get rid of the case establish that Plaintiff's Amended Complaint was in bad faith and was nothing more than an attempt to harass and improperly extort money from Defendants. The subjective standard is meet here by clear and convincing evidence.

For these reasons above, Plaintiff's Amended Complaint constitutes harassment, is groundless, and was not made in good faith such that Defendants are entitled to an award of their attorneys' fees pursuant to A.R.S. § 12-341(C).

**II.     DEFENDANTS REQUESTED ATTORNEYS' FEES ARE REASONABLE.**

Defendants are entitled to recover their attorneys' fees for every item of service, which at the time rendered would have been undertaken by a reasonable and prudent lawyer to advance or protect his or her client's interests. *See, e.g., Twin City Sportservice, Inc. v. Charles O. Finley & Co.*, 676 F.2d 1291, 1313 (9th Cir. 1982), *cert denied*, 459 U.S. 1009 (1982). It is well-established in the Ninth Circuit that attorneys' fees include reasonable out-of-pocket expenses that would normally be charged to a fee paying client, including, among other things, computer-based legal research costs. *See Trustees of Const. Industry & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1258-59 (9th Cir. 2006). The total time Defendants' attorneys reasonably expended is set forth in Defendants' Itemized Statement of Fees and Expenses, attached hereto as Exhibit B, and each task Defendants' attorneys performed was reasonably undertaken to defeat Plaintiff's Amended Complaint.

In considering whether the requested attorneys' fees are reasonable, the Court should determine the quality of the lawyers involved, the character of the work that had to be accomplished, the work actually performed by the attorneys, and the result obtained. *See Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 673 P.2d 927, 931 (Ct. App. 1983). The reasonableness of Defendants' fees is supported by the Affidavit of Cynthia A. Ricketts, dated January 6, 2009, attached hereto as Exhibit C ("Ricketts' Affidavit"). In commercial litigation, "the rate charged by the lawyer to the client is the best indication of what is reasonable under the circumstances." *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 187-88, 673 P.2d 927, 931-32 (Ct. App. 1983). Defendants' counsel

charged Defendants hourly rates between $315.00 and $580.00 for attorneys, which varied due to the relative experience of the attorneys performing the services. *See* Exhibit C, Ricketts Affidavit, ¶¶ 9-11. These are reasonable rates for lawyers and paralegals of comparable skill and expertise in Phoenix, Arizona. *See id.*, ¶¶ 7-12. Not only are these rates reasonable, but Defendants agreed to pay (and have paid) these rates for the services performed in this matter. *See id.*, ¶¶ 9-11.

It is also proper for the Court to include paralegal time in the award of attorneys' fees. *Arizona v. Maricopa County Medical Soc.*, 578 F. Supp. 1262, 1265 (D. Ariz. 1984). Defendants paid the rate of $185.00 to $245.00 for paralegal services and such rates are reasonable in the Phoenix legal market. *See* Exhibit C, Ricketts Affidavit, at ¶¶ 7, 12. Again, the client paid this rate for the paralegal services rendered on its behalf.

For these reasons and the reasons set forth in the accompanying Ricketts Affidavit and Gosdis Affidavit, Defendants are entitled to an award of **$26,616.50** as and for their reasonable fees incurred in defending against and obtaining the dismissal of Plaintiff's Amended Complaint.

### III. CONCLUSION.

Based on the foregoing, Defendants request that they be awarded **$26,616.50** for their reasonable attorneys' fees, and **$1,961.63** for their costs and expenses associated with defending against Plaintiff's Amended Complaint pursuant to A.R.S. § 12-341(C) and 28 U.S.C. § 1927.

RESPECTFULLY SUBMITTED this 6th day of January, 2009.

      /s/Cynthia A. Ricketts
Cynthia A. Ricketts
Shane D. Gosdis
DLA Piper LLP (US)
2415 East Camelback, Suite 700
Phoenix, Arizona 85016
Telephone: (480) 606-5100
Facsimile: (480) 606-5101

Attorneys for Defendant Costar Realty Information, Inc. and Costar Group, Inc.

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 6, 2009, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Peter Strojnik
strojnik@aol.com
THE LAW FIRM OF PETER STROJNIK
3030 N. Central Ave., Suite 1401
Phoenix, AZ 85012

Attorney for Plaintiff


    /s/Linda Farrell