Cynthia A. Ricketts (Arizona Bar No. 012668)
cindy.ricketts@dlapiper.com
Shane D. Gosdis (Arizona Bar No. 022471)
shane.gosdis@dlapiper.com
DLA Piper LLP (US)
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: (480) 606-5100
Facsimile: (480) 606-5101

Attorneys for Defendants Costar Realty
Information, Inc., and Costar Group, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PETER STROJNIK, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>THE COSTAR REALTY INFORMATION, INC., a Corporation; COSTAR GROUP, INC.,<br><br>  Defendants. | Case No. 2:08-CV-01276-PHX-SRB<br>**(E-File Case)**<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**<br><br>Before: Honorable Susan R. Bolton |

## I. DEFENDANTS ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND COSTS PURSUANT TO 28 U.S.C. § 1927.[1]

In his Response, Plaintiff argues that Defendants are not entitled to an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1927 because Section 1927 does not apply to "initial pleadings." Response at 2:1-2. In support of this claim, Plaintiff cites to *Moore v. Keegan Mgmt. Co.*, *Sec. Litig.*, 78 F.3d 431, 433 (9th Cir. 1996). *See id.* at 2:1-4. Plaintiff's reliance on *Keegan* is misguided. *In re Keegan* involved securities class

---

[1] Defendants withdraw their claim for an award of attorneys' fees pursuant to A.R.S. § 12-341(c) for the reasons set forth in Plaintiff's Response. *See* Response at 1:22-23. Defendants were not aware of the cited cases until after filing their Motion. A.R.S. § 12-341(c) is not necessary for this Court to award Defendants their requested fees.

action claims. *In re Keegan*, 78 F.3d at 433. The plaintiff filed a *single* complaint against the defendant, which was subsequently dismissed by the District Court for the Northern District of California. *Id.* In addition to dismissing plaintiff's complaint, the District Court *sua sponte* awarded defendant its attorneys' fees pursuant to Rule 11 of the Federal Rules of Civil Procedure and Section 1927. *Id.* The Ninth Circuit subsequently reversed the District Court's fee award under Section 1927, holding that "[t]he *filing of a complaint* may be sanctioned pursuant to Rule 11 or a court's inherent power, but it may not be sanctioned pursuant to § 1927." *Id.* at 435 (emphasis added).

Unlike the plaintiff in *In re Keegan*, Plaintiff in this action has filed *two complaints* and has also propounded written discovery on Defendants. As set forth in greater detail in Defendants' Motion, on June 10, 2008, Plaintiff filed his original Complaint. Motion at 3:10-13. In response, Defendants' counsel contacted Plaintiff several times advising him that his Complaint was without factual or legal basis and offering not to seek an award of attorneys' fees if Plaintiff voluntarily withdrew his Complaint. *See* Gosdis Affidavit, attached as Exhibit A to Motion, at ¶¶ 4-5. Plaintiff refused to do so. As a result, on July 11, 2008, Defendants filed their Motion to Dismiss. Motion at 3:12-14. Four days later, on July 15, 2008, apparently recognizing that his original claims were without merit after reading Defendants' Motion to Dismiss, Plaintiff filed his Amended Complaint adding additional causes of action. *Id.* at 3:14-15. On August 1, 2008, Defendants filed their Motion to Dismiss Amended Complaint. *Id.* at 3:16-17.[2] The facts here thus are

---

[2] In addition to filing ill-conceived and baseless pleadings, Plaintiff also propounded written discovery on Defendants, including Uniform Interrogatories, Non-Uniform Interrogatories, and Requests for Production. *See* Gosdis Affidavit at ¶ 4. Plaintiff served his written discovery requests on Defendants, on June 11, 2008, even though the parties had yet to conduct a Rule 26(f)

distinguished from those at issue in *In re Keegan*: here, Plaintiff did more than merely file a Complaint.

On a similar set of facts, the Seventh Circuit has held that the filing of multiple pleadings qualifies as multiplying proceedings under Section 1927. *See Wang v. Gordon*, 715 F.2d 1187, 1188 (7th Cir. 1983). In that case, plaintiff filed a complaint against defendants alleging various violations of federal securities law. *See Wang v. Gordon*, 715 F.2d 1187, 1188 (7th Cir. 1983). The United States District Court for the Northern District of Illinois dismissed the complaint as deficient. *Id.* Plaintiff subsequently filed an Amended Complaint. *Id.* Defendants wrote Plaintiff advising him that the claims set forth in his Amended Complaint were barred and warned that Defendants "would seek costs and fees if [Plaintiff] persisted in litigating" the matter. *Id.* at 1190. Plaintiff refused to withdraw his Amended Complaint, prompting Defendants to file a Motion to Dismiss. *Id.* at 1188. In response, Plaintiff withdrew his Amended Complaint and filed a Second Amended Complaint, which contained additional federal securities claims. *Id.* The District Court dismissed Plaintiff's Second Amended Complaint and ruled that Defendants were entitled to attorneys' fees and costs based on Plaintiff's frivolous filings. *Id.* at 1189.

On appeal, the Seventh Circuit Court of Appeals found that an "[e]xamination of [plaintiff's] last two complaints satisfies us that neither contained a colorable federal cause of action." *Id.* at 1190. The Seventh Circuit then reaffirmed the District Court's ruling that "the First and Second Amended Complaints were merely **'attempts to**

---

discovery conference and before Plaintiff had even requested that such a conference be scheduled. *Id.*

- 3 -

**manufacture federal claims against these defendants where plaintiff knew or should have known that none existed**.'" *Id.* (Emphasis added). On that basis, the Seventh Circuit upheld the District Court fee award under Section 1927. *Id.*; *see also Jolly Group, Ltd. v. Medline Ind., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (awarding attorneys' fees under Section 1927 because plaintiff's second amended complaint was "simply an effort by [plaintiff] to abandon an unsuccessful legal theory and substitute a new one").

In *Brown*, the United States Bankruptcy Court for the Middle District of Florida similarly awarded attorneys under Section 1927. *In re Brown*, 126 B.R. 615, 617 (Bankr. M.D. Fla. 1991). In that case, the debtor filed a voluntary petition for relief under Chapter 7. Subsequently, the plaintiff filed a complaint seeking an order denying the discharge of the debtor. *Id.* at 616. The debtor responded by filing a motion to dismiss. *Id.* Before an order was entered on debtor's motion to dismiss, the plaintiff filed an amended complaint, requiring debtor to file another motion to dismiss. *Id.* Because plaintiff's first amended complaint "did not even attempt to cure the defects which had been found to exist in the original complaint," the Bankruptcy Court found that the "filing of the First Amended Complaint unreasonably multiplied the proceedings in this case." *Id.* at 617. On that basis, the Bankruptcy Court held that "it was appropriate to impose a sanction under 28 U.S.C. § 1927." *Id.*; *see Stewart v. Chicago*, 622 F. Supp. 35, 37 (N.D. Ill. 1985) (awarding attorneys' fees under Section 1927 where plaintiff "persisted in pressing the same deficient allegations regarding [defendants] up to and including the second amended complaint").

As in *Wang* and *Brown*, Defendants in this case are entitled to an award of

attorneys' fees pursuant to Section 1927. Plaintiff unnecessarily multiplied the proceedings by filing multiple groundless pleadings in an attempt "to manufacture" claims against Defendants "where plaintiff knew or should have known that none existed." *See Wang*, 715 F.2d at 1190. Plaintiff further unnecessarily multiplied the proceedings by filing a multitude of copycat Complaints (at least twelve) against other corporate defendants, asserting identical causes of action as those raised in this matter. The number of identical Complaints filed by Plaintiff and Plaintiff's request that Defendants "pay him off"[3] to get rid of the case establish that Plaintiff's Amended Complaint was in bad faith and was nothing more than an attempt to harass and improperly extort money from Defendants. The subjective standard is met here by clear and convincing evidence.

## II. AN AWARD OF DEFENDANTS' ATTORNEY'S AND EXPENSES IS ALSO PROPER UNDER THE COURT'S INHERENT POWERS IN LIGHT OF PLAINTIFF'S EGREGIOUS ATTEMPT TO EXTRACT MONEY FROM DEFENDANTS AND A NUMBER OF OTHER COMPANIES BASED ON FRIVOLOUS CLAIMS SUPPORTED BY THE RECEIPT OF A SINGLE E-MAIL.

An award of Defendants' attorneys' fees and expenses is also proper under the Court's inherent power. *See e.g.*, *In re Keegan*, 78 F.3d at 435 (expressly noting that the filing of a complaint may be sanctioned pursuant a court's inherent power). "When a losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, sanctions under the court's inherent powers may take the form of attorney's fees." *Primus*

---

[3] Plaintiff's assertion that undersigned counsel's "memory is faulty" regarding this statement is unfounded. *See* Declaration of Peter Strojnik, attached as Exhibit A to Response, at ¶ 10. Undersigned counsel stands by their allegations set forth in the Gosdis Affidavit, attached as Exhibit A to the Motion, including that on July 11, 2008 wherein Plaintiff bluntly asked: "Why don't we do this, why don't you just pay me off?" *See* Gosdis Affidavit at ¶ 4. Counsel's recollection was supported by a contemporary e-mail. *See* Supplemental Affidavit of Shane D. Gosdis in Support of Defendants' Motion for an Award of Attorneys' Fees and Expenses, January 22, 2009, attached hereto as Exhibit A.

*Auto. Fin. Servs. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (internal quotations and citation omitted). To make an award of sanctions under the Court's inherent powers, the Court must make a finding of bad faith. *See id.* A finding of bad faith is warranted where an attorney "knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan,* 78 F.3d at 436 (citation omitted). In this case, Plaintiff's (a) attempt to manufacture claims *based on the receipt of a single e-mail* that any reasonable attorney would recognize as fully compliant with operative law; and then (b) instead of withdrawing his obviously frivolous claims, request a payoff; and (c) filing of at least twelve similar copycat actions all constitute the type of egregious and bad faith conduct that warrants sanctions pursuant to the Court's inherent power. *See id.* In that context, Plaintiff's conduct, satisfies *both* qualities of bad faith under *Keegan* – recklessly pursuing a frivolous argument and doing so solely for the purpose of shaking down Defendants and several other innocent companies similarly situated. Ultimately, Plaintiff's conduct discredits the litigation process for legitimate claimants, and making Defendants whole for the fees and expenses imposed on them should only be considered a *down payment* on the ultimate goal of such sanctions, namely "protecting the due and orderly administration of justice" and "maintaining the authority and dignity of the court." *Cooke v. United States,* 267 U.S. 517, 539 (1925).

### III. CONCLUSION.

Based on the foregoing, Defendants are entitled to an award of $26,616.50 for their reasonable attorneys' fees, an award of $1,961.63 for their costs and expenses associated with defending against Plaintiff's Amended Complaint pursuant to 28 U.S.C.

§ 1927, and the Court's inherent authority (if the Court permits Defendants' request to seek their fee award under these additional grounds).

RESPECTFULLY SUBMITTED this 22nd day of January, 2009.

/s/Shane D. Gosdis
Cynthia A. Ricketts
Shane D. Gosdis
DLA Piper LLP (US)
2415 East Camelback, Suite 700
Phoenix, Arizona 85016
Telephone: (480) 606-5100
Facsimile: (480) 606-5101

Attorneys for Defendant Costar Realty Information, Inc. and Costar Group, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2009, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Peter Strojnik
strojnik@aol.com
THE LAW FIRM OF PETER STROJNIK
3030 N. Central Ave., Suite 1401
Phoenix, AZ 85012

Attorney for Plaintiff

/s/Linda Farrell