Peter Strojnik, State bar No: 006464
3030 North Central Avenue, Suite 1401 (a)
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
E-mail: *Strojnik@aol.com*
Website: Strojnik.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PETER STROJNIK, an individual | ) |
| | ) |
| Plaintiff, | ) NO. CV-08-1276 PHX SRB |
| | ) |
| vs. | ) **MOTION FOR SANCTIONS PURSUANT** |
| | ) **TO RULE 11, FEDERAL RULES OF** |
| THE COSTAR REALTY | ) **PROCEDURE** |
| INFORMATION, Inc., a Corporation; | ) |
| COSTAR GROUP, Inc., a Corporation | ) (Oral Argument Requested) |
| | ) |
| Defendants. | ) |
| | ) |

## SUMMARY OF MOTION

In their Motion for an Award of Attorneys' Fees and Expenses, Doc 24, Defendants seek sanctions against Plaintiff pursuant to A.R.S. § 12-341.01(C) and 28 U.S.C. §1927. In doing so, Defendants certify to the Court that the imposition of sanctions pursuant to 12-341.01(C) and § 1927 are "warranted by existing law". Contrary to their contentions, however, the 9th Circuit Court of Appeals has specifically held that A.R.S. § 12-341.01(C) <u>cannot</u> be used as a basis for sanctions in Federal Court. *In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 837-38 (9th Cir. 2001) The 9th Circuit Court of Appeals has also <u>specifically</u> held that 28 U.S.C. §

-1-

1927 does not apply to initial pleadings. *In re Keegan Management Co.,* 78 F.3d 431, 435 (9th Cir. 1996).

Defendants violated their certification to the Court; sanctions pursuant to Rule 11 against Defendants and their attorneys are appropriate.

This Motion is more fully supported by the following Memorandum of Points and Authorities that is by this reference incorporated herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Defendant's Motion (Doc 24)**

The Court granted Defendants' Motion to Dismiss. Unquestionably, Defendants' attorneys conducted extensive research into difficult issues raised in their Motion to Dismiss, and prevailed. Defendants are to be congratulated for their effort and success. Their request for $26,616.50 in attorneys' fees for filing a motion to dismiss the Complaint speaks to the thorough investigation of the issues and their complete understanding of the law.

It is inexplicable, then, that Defendants would file s motion for attorneys fees based A.R.S. 12-341.01(C) and 28 U.S.C. § 1927.

**Defendants Know – or Should Know – That A.R.S. § 12-341.01(C) Does Not Apply to Federal Proceedings**

In *In re Larry's Apartment, L.L.C.,* 249 F.3d 832 (9th Cir. 2001), the 9th Circuit Court of Appeals reversed the Arizona Bankruptcy Court's award of attorney's fees pursuant to § 12-341.01(C). The Court held that federal law, not state law, governs the imposition of sanctions in federal cases. *See also* 17A-124 Moore's Federal Practice - Civil § 124.07 ("However, when an award of attorney's fees is based on misconduct by a party or counsel in the litigation itself,

rather than as a matter of substantive law, the matter is procedural and federal law governs." (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 53-55 (1991) In *Larry's Apartment*, the 9th Circuit Court of Appeals explained, 249 F.3d at 837-38:

> It is well established that "[u]nder the Erie doctrine [Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)], federal courts sitting in diversity apply state substantive law and federal procedural law." Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427, 116 S. Ct. 2211, 2219, 135 L. Ed. 2d 659 (1996). "Classification of a law as `substantive' or `procedural' for Erie purposes is sometimes a challenging endeavor." Id. When it comes to attorneys' fees, we have declared that "[a] federal court sitting in diversity applies state law in deciding whether to allow attorney's fees when those fees are connected to the substance of the case." Price v. Seydel, 961 F.2d 1470, 1475 (9th Cir. 1992); see also Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000). Thus, attorneys' fees may be awarded by a district court when they are part of the state's substantive, rather than procedural, requirements. See, e.g., Klopfenstein v. Pargeter, 597 F.2d 150, 152 (9th Cir. 1979) (explaining that state law governs the question of attorneys' fees in diversity actions and holding that Alaska R. Civ. P. 82 authorized the district court's award of attorneys' fees to the prevailing party). However, when fees are based upon misconduct by an attorney or party in the litigation itself, rather than upon a matter of substantive law, the matter is procedural. Imposition of sanctions in that instance "depends not on which party wins the lawsuit, but on how the parties conduct themselves during the litigation." Chambers v. Nasco, Inc., 501 U.S. 32, 53, 111 S. Ct. 2123, 2137, 115 L. Ed. 2d 27 (1991). Thus, federal law applied in a case where "the District Court did not attempt to sanction petitioner for breach of contract, but rather imposed sanctions for the fraud he perpetrated on the court and the bad faith he displayed toward both his adversary and the court throughout the course of the litigation." Id. at 54, 111 S. Ct. at 2138 (footnote omitted); see also People by Abrams v. Terry, 45 F.3d 17, 23 (2d Cir. 1995) ("[I]t is quite anomalous to suggest that a federal court must look to the . .. state legislature to vindicate an abuse of the federal judicial power."); Int'l Bus. Machs. Corp. v. Levin, 579 F.2d 271, 279 n.2 (3d Cir. 1978) (holding that federal, not state, court rules govern conduct in federal courts).
>
> In other words, the federal courts must be in control of their own proceedings and of the parties before them, and it is almost apodictic that federal sanction law is the body of law to be considered in that regard. Anything less would leave federal courts subject both to the strictures of state statutes, and to state court judicial construction of those statutes. And the fact that an action is based on diversity, or is otherwise driven by substantive state law, should make no difference

whatsoever. As we said long ago, "[w]hen an attorney appears before a federal court, he is acting as an officer of that court, and it is that court which must judge his conduct. " Cord v. Smith, 338 F.2d 516, 524 (9th Cir. 1964). Nor does the fact that this was a proceeding in bankruptcy affect that conclusion. If anything, the need for uniform and expeditious handling of bankruptcy cases makes it even more important that federal, not state, sanction rules apply. See MSR Exploration, Ltd. v. Meridian Oil, Inc., 74 F.3d 910, 913-16 (9th Cir. 1996). Therefore, the bankruptcy court erred when it relied upon an Arizona statute for the purpose of imposing sanctions upon Galam; if sanctions were to be imposed at all, it had to be under the policies and procedures delineated under federal law.

\*\*\*

And, as we have said, the proper body of law and the one on which parties in federal court can and should adhere to and rely upon is federal, not state, law. That is not only a question of protecting the federal courts' power over their own proceedings, but also a question of fairness to those who are obliged to conform to federal standards when in federal court. For example, Federal Rule of Civil Procedure 11 contains prerequisites and protections for parties, who are accused of violating its strictures, and parties should be able to rely upon those in federal court proceedings. The same can be said about the scope of and protections offered by 28 U.S.C. § 1927. Cf. Burlington N. R.R. Co. v. Woods, 480 U.S. 1, 7-9, 107 S. Ct. 967, 970-71, 94 L. Ed. 2d 1 (1987) (holding that Federal Rule of Appellate Procedure 38, not state statute, controlled fee award on appeal in diversity case). Moreover, it makes a great deal of sense to have a single group of sanctioning rules and decisions control behavior of parties in the federal courts, rather than a farrago of state and federal rules based on different policies or different views about the best way to implement these policies.

**Defendants Know – or Should Know – That 28 U.S.C. § 1927 Does Not Apply to Initial Pleadings**

In this Circuit, 28 U.S.C. § 1927 does not apply to the initial pleadings. *See In re Keegan Management Co.,* 78 F.3d 431, 435 (9th Cir. 1996):

> Because the section authorizes sanctions only for the "multipli[cation of] proceedings," it applies only to unnecessary filings and tactics once a lawsuit has begun. ***We have twice expressly held that § 1927 cannot be applied to an initial pleading***. See *Zaldivar* [*Zaldivar v. Los Angeles*, 780 F.2d 823, 829 (9th Cir. 1986)] 780 F.2d at 831 (under § 1927, "the multiplication of proceedings is punished, thus placing initial pleadings beyond" the section's reach) (emphasis in original); *Matter of Yagman*, 796

F.2d 1165, 1187 (9th Cir.) ("Section 1927 does not apply to initial pleadings, since it addresses only the multiplication of proceedings. It is only possible to multiply or prolong proceedings after the complaint is filed."), amended, 803 F.2d 1085 (9th Cir. 1986), cert. denied, 484 U.S. 963 (1987). …

The matter at hand involves a Motion to Dismiss the initial pleading. Pursuant to *Keegan*, *Zaldivar* and *Yangman*, a motion pursuant to 28 U.S.C. § 1927 is unwarranted.

**Defendants Violated Rule 11, FRCP**

Rule 11 provides that "by presenting to the court a …written motion…an attorney certifies that …[the] legal contentions are warranted by existing law". If the attorneys' certification is false, the Court may impose sanctions against the offending attorney and the lawfirm.

The scope and breath of Defendants' attorney's research ($26,616.50 for a Motion to Dismiss *without* oral argument) proves Defendants' attorney's thoroughness. It is inexplicable that they would knowingly file a motion that they know is completely unwarranted.

## CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons Plaintiff respectfully requests that the Defendants' and their attorneys be sanctioned pursuant to Rule 11.

RESPECTFULLY SUBMITTED this 30TH day of January, 2009.

_____
Peter Strojnik, Esq.
Attorneys for Plaintiff