**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Peter Strojnik, | ) | No. CV 08-1276-PHX-SRB |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) ) | |
| Costar Realty Information, Inc.; Costar Group, Inc., | ) ) ) | |
| Defendants. | ) ) ) | |

**I. Background**

Pending before the Court is Defendants Costar Realty Information, Inc. and Costar Group Inc.'s Motion for an Award of Attorneys' Fees and Expenses ("Defs.' Mot.") (Doc. 24).

The facts of the underlying case are laid out in more detail in this Court's Order of December 23, 2008 (Doc. 21), but they will be briefly summarized here. Defendants operate a commercial real estate website and listing service. (Defs.' Mot. at 2.) Plaintiff Peter Strojnik is an attorney in Phoenix, Arizona. (Pl.'s Resp. in Opp'n to Defs.' Mot. ("Pl.'s Resp."), Ex. 1, Aff. of Peter Strojnik at 1.) Plaintiff received an e-mail from Defendants on June 4, 2008, advertising their services and providing a link to Defendants' website. (Defs.' Mot. at 2; First Amended Compl. ("FAC"), Ex. 1.) The e-mail also contained information on how the recipient could opt-out of further communications from Defendants. (*Id.*) Plaintiff

did not allege, in his FAC or anywhere else, that he received any further communications of any type from Defendants prior to the initiation of this lawsuit.

On June 10, 2008, Plaintiff filed a complaint in Encanto Justice Court, alleging that Defendants had violated the Arizona Commercial Electronic Mail Act ("ACEMA") and the Arizona Consumer Fraud Act ("ACFA"). (Doc. 2, Ex. A, Compl.) Defendants removed the action to this Court on July 10, 2008. (Doc. 1, Notice of Removal.) The next day, on July 11, 2008, Defendants filed a Motion to Dismiss Case or, in the Alternative, Motion for a More Definite Statement ("Defs.' first Mot. to Dismiss"), in which they argued that Plaintiff's claims under Arizona state law were pre-empted by the federal Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM Act"). (Doc. 7.) On July 15, 2008, Plaintiff filed both a Response to Defendants' first Motion to Dismiss and a First Amended Complaint ("FAC"), in which he added claims under state tort law for trespass and intrusion upon seclusion. (Doc. 9.) Defendants moved to dismiss the FAC on August 1, 2008. (Doc. 12.) This Court granted that motion on December 23, 2008. (Doc. 21.)

On January 6, 2009, Defendants moved for an award of attorneys' fees and costs incurred in preparing the second Motion to Dismiss. Defendants are seeking an award of fees under 28 U.S.C. § 1927.[1] Defendants argue that Plaintiff's conduct entitles them to such an award because he "unnecessarily multiplied the proceedings by filing multiple groundless pleadings in an attempt to manufacture claims against Defendants where plaintiff knew or should have known that none existed." (Defs.' Reply at 5 (internal quotations and citations omitted).) Defendants note that this lawsuit is one of at least twelve identical cases that Plaintiff initiated against other companies, within a matter of a few days. (Defs.' Reply at 5.) Defendants' attorney also states that, when he contacted Plaintiff before the filing of the first Motion to Dismiss to discuss Plaintiff's written discovery requests (which had already been served), Plaintiff asked, "Why don't we do this, why don't you just pay me off?" (Defs.'

---

[1] Defendants' Motion also requests fees under Ariz. Rev. Stat. § 12-341(C), but in their Reply, they abandon this claim. (Defs.' Reply at 1.)

- 2 -

1  Mot., Ex. A, Aff. of Shane Gosdis, ¶ 4; Defs.' Reply, Ex. A, Supp. Aff. of Shane Gosdis, ¶
2  4.) Plaintiff disputes that this statement was made, stating, "Mr. Gosdis's memory is faulty.
3  I never said this to him." (Pl.'s Resp., Ex. A, Decl. of Peter Strojnik, ¶ 10.)

**II.      Legal Standard and Analysis**

    **A.      Sanctions Under 28 U.S.C. § 1927**

Federal law provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" may be obligated to pay fees and costs incurred because of the behavior. 28 U.S.C. § 1927; *see also B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002). For a court to award sanctions under § 1927, there must be a finding of subjective bad faith, "which is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan Mgmt. Co.*, 78 F.3d 431, 436 (9th Cir. 1995).

Plaintiff argues that he cannot be sanctioned pursuant to § 1927 because that provision "does not apply to initial proceedings." (Pl.'s Resp. at 5.) The Ninth Circuit Court of Appeals held, "Because the section authorizes sanctions only for the 'mutipli[cation of] proceedings,' it applies only to unnecessary filings and tactics once a lawsuit has begun. We have twice expressly held that § 1927 cannot be applied to an initial pleading." *In re Keegan* 78 F.3d at 435 (citing *Zaldivar v. Los Angeles*, 780 F.2d 823, 829 (9th Cir. 1986); *In re Yagman*, 796 F.2d 1165, 1187 (9th Cir. 1986), *amended*, 803 F.2d 1085 (9th Cir. 1986)). *See also Willis v. City of Oakland*, 231 F.R.D. 597, 598 (N.D. Cal. 2005) (concluding that sanctions under § 1927 were not proper for the filing of a complaint). Here, Plaintiff filed an amended Complaint, presumably in response to the deficiencies pointed out by Defendants' first Motion to Dismiss. Plaintiff also served written discovery requests on Defendants. (Defs.' Reply at 2.) Defendants argue that these actions distinguish the instant case from *Keegan*, in which the plaintiff only filed an initial complaint. In another comparable situation, the Ninth Circuit Court of Appeals upheld sanctions against a plaintiff who filed a second complaint that did not materially differ from one the court had already concluded did not state a claim, but the plaintiff in that case also "continually mov[ed] for alterations in the . . . court's

1 original judgment despite that court's clear unwillingness to change its mind." *Wages v. I.R.S.*, 915 F.2d 1230, 1235 (9th Cir. 1990). Defendants have cited authority from other jurisdictions, awarding or upholding sanctions against parties who filed amended complaints that were largely identical to their initial pleadings. (Defs.' Reply at 3-5.)[2]

The Court concludes that this case is not akin to *Wages*, because in that case, the plaintiff was informed by the court that his complaint was deficient. Here, Mr. Strojnik had not received a ruling from this Court; rather, he had only been told by defense counsel that they planned to file a motion to dismiss. Mr. Strojnik did not file any other motions with the Court, which also distinguishes him from the plaintiff in *Wages*. Therefore, the logic of *Keegan* applies to the instant case: because § 1927 only allows sanctions for the multiplication of proceedings, a lawsuit must advance farther than the initial pleading stage for it to govern. The Court will not award sanctions under § 1927.

### B. Sanctions Under the Court's Inherent Power

In their Reply, Defendants argue that an award of sanctions would be proper under the Court's inherent power. (Defs.' Reply at 5.) The Ninth Circuit Court of Appeals has held that even where § 1927 sanctions are inappropriate, because the matter involves only an initial pleading, "[t]he filing of a complaint may be sanctioned pursuant to Rule 11 or a court's inherent authority." *In re Keegan*, 78 F.3d at 435. *See, e.g.*, *Willis*, 231 F.R.D. at 598-600 (awarding sanctions for the filing of a frivolous initial pleading); *Moser v. Bret Harte Union High School Dist.*, 366 F. Supp. 2d 944, 952 (E.D. Cal. 2005) ("While the district court should issue sanctions under a rule or statute if possible, it is not so limited and may rely on its inherent powers to sanction misconduct." (internal citations omitted)); *Super*

---

[2] Defendant also advances that Plaintiff multiplied the proceedings by filing numerous identical cases against other corporate defendants. (Defs.' Reply at 5.) However, since the Court can only award sanctions on the matter before it, other pieces of litigation in other courts will not be taken into account for the purposes of analyzing whether proceedings have been multiplied, as required for application of § 1927. *See Trulis v. Barton*, 107 F.3d 685, 694 (9th Cir. 1995) ("[T]he district court did not have the power to sanction conduct that occurred in a different court in a different case.").

*Power Supply, Inc. v. Macase Indus. Corp.*, 154 F.R.D. 249, 255-59 (C.D. Cal. 1994) (awarding sanctions against an attorney who did not do an appropriate investigation of the law and facts before filing a complaint, in furtherance of "Rule 11's goal of deterring similar misconduct in the future"). However, as Defendants only introduced this argument in their Reply, and Plaintiff has not been afforded an opportunity to respond, the Court cannot consider this possibility. Accordingly, the Court will not award sanctions against Mr. Strojnik pursuant to its inherent power.

**IT IS ORDERED** denying Defendants' Motion for an Award of Attorneys' Fees and Expenses (Doc. 24).

DATED this 30th day of January, 2009.

_____
Susan R. Bolton
United States District Judge