# United States District Court--District of Arizona - Phoenix
## Order Setting Conditions of Release

DATE: September 29, 2005  CASE NUMBER: 05-4236M

USA vs. Ames Paul Chee

☒ **PERSONAL RECOGNIZANCE**
☐ **AMOUNT OF BOND**_____
      ☐ **UNSECURED**
      ☐ **SECURED BY**_____
      SECURITY TO BE POSTED BY_____
NEXT APPEARANCE ___To Be Determined_____ or as directed through counsel
☒ 401 West Washington St., Phoenix, AZ, Courtroom #_____, _____ Floor
☐ Goodwin & Cortez, US Post Office Bldg., Prescott, AZ, 2nd Floor
☐ 123 N. San Francisco Street, Flagstaff, AZ, 1ˢᵗ Floor Courtroom.

## IT IS ORDERED THAT DEFENDANT IS SUBJECT TO THE FOLLOWING CONDITIONS AND SHALL:

☒ appear at all proceedings as required and to surrender for service of any sentence imposed.

☒ not commit any federal, state or local crime.

☒ immediately advise the court, defense counsel and U.S. Attorney in writing of change in address/telephone number.

☒ maintain or actively seek verifiable employment if defendant is physically or medically able and provide proof of such to Pretrial Services.

☒ not travel: to the Navajo Reservation
except Defendant may travel directly to the prosecuting district, and through all states and counties in between the District of Arizona and the prosecuting district, for Court purposes and lawyer conferences only unless express PRIOR Court or Pretrial Services permission is granted to do so.

☐ avoid all direct or indirect contact with persons who are considered alleged victim(s), potential witness(es), family members of victim(s)/witness(es), and/or ( ) the custodial parent, except Defendant may communicate with custodial parent solely for visitation purposes with his/her minor child(dren): _____
_____

☒ report as directed to the U.S. PRETRIAL SERVICES 1-800-769-7609 or 602-322-7350.

Strojnik v. Costar Realty Information, Inc. et al                                                             Doc. 40

☐ report as directed to the U.S. PROBATION OFFICE 602-322-7400 and abide by all terms of conditions of Supervised Release/Probation.

☐ execute an agreement to forfeit upon failing to appear as required, the bond or designated property:_____

☒ Defendant is placed in the third party custody of Stephen Nicoll_____

☒ refrain from ☒ any ☐ excessive use of alcohol and not use or possess any narcotic or other controlled substance defined by 21 USC 802 unless prescribed for defendant by a licensed medical practitioner in the course of his/her legitimate medical practice.

☒ participate in drug/alcohol counseling/treatment and submit to drug/alcohol testing, including breathalyzer testing and make copayment toward the cost as directed by U. S. Pretrial Services.

☐ surrender any passport to the Clerk of the Court by_____

☐ obtain no passport.

☒ not possess or attempt to acquire any firearm, destructive device, or other dangerous weapon or ammunition.

☒ maintain weekly contact with his/her counsel by Friday, noon of each week.

☐ shall timely pay his/her monthly child support payments as previously ordered by the subject state court in the total amount of $_____

☐ The defendant shall actively participate in any mental health treatment program as directed by Pretrial Services. The defendant shall comply with all treatment requirements including taking all medication as prescribed by his/her mental health care provider.

☒ The defendant have no contact with a person under the age of 18 unless supervised by an adult age 21 years or older.

☒ The defendant shall resolve his outstanding misdemeanor warrant from Winslow City Court within 60 Days of his release.

## ADVICE OF PENALTIES AND SANCTIONS

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years if the offense is a felony or a term of imprisonment of not more than one year if the offense is a misdemeanor. This sentence shall be consecutive to any other term of imprisonment.

Title 18 U.S.C. §1503 makes it a criminal offense punishable by imprisonment for life or by death, or, depending upon the specific provisions of the section not more than twenty years or by not more than ten years, and a $250,000 fine to intimidate a juror or officer of the court; Title 18 U.S.C. §1510 makes it a criminal offense punishable by up to five years imprisonment and a $250,000 fine to obstruct a criminal investigation; Title 18 U.S.C. §1512 makes it a criminal offense punishable by imprisonment for life or by death, or, depending upon the specific provisions of the section by not more than twenty years or by not more than ten years and a $250,000 fine for tampering with a witness, victim or informant; or by intentionally harassing another person and thereby hindering /delaying /preventing or dissuading any person from attending or testifying in an official proceeding or otherwise violating the section is punishable by imprisonment for not more than one year and a $250,000 fine; and 18 U.S.C. §1513 makes it a criminal offense punishable by imprisonment for life or by death, or, depending upon the specific provisions of the section not more than twenty years or by not more than ten years of imprisonment, a fine of $250,000, or both, to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;(2) an offense punishable by imprisonment for a term of five years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years or both;(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

If the person was released for appearance as a material witness, a fine as provided by law or imprisonment for not more than one year, or both.

## ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

| DATE | 9/29/05 | SIGNATURE OF DEFENDANT | Amos P. Chee |

Custodian agrees to (a) supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and to notify the court immediately in the event the defendant violates any condition of release or disappears. We, the undersigned, have read and understand the terms of this bond and conditions of release and acknowledge that we are bound by it until duly exonerated.

SIGNATURE OF CUSTODIAN(S)

S. Aull

Directions to United States Marshal:

☒ The defendant is ORDERED released after processing.

☐ The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions of release.

DATE:  September 29, 2005

MARK E. ASPEY
United States Magistrate Judge