**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Soilworks, LLC, an Arizona corporation, ) | No. CV-06-2141-PHX-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Midwest Industrial Supply, Inc., an Ohio ) corporation authorized to do business in ) Arizona, ) | |
| Defendant. ) | |

The parties have filed a Joint Motion for Extension of Case Management Deadlines. Dkt. #59. The motion seeks to extend all deadlines in this case, including two critical deadlines that have already passed. For the reasons set forth below, the Court will deny the motion.

At a case management conference held on May 4, 2007 pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court established a firm schedule for this litigation. The Court explained at the conference that it would not be inclined to grant extensions of the schedule. The Case Management Order entered after the conference contained the following paragraph:

> <u>The Deadlines Are Real</u>. The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly.

Dkt. #28, ¶10.

1    The Case Management Order established an expert disclosure deadline of
2 December 4, 2007, and a fact discovery deadline of January 11, 2008. Both deadlines passed
3 without any request for extension from the parties. The joint motion now seeks an extension
4 of the expert disclosure deadline to April 18, 2008, and the fact discovery deadline to
5 May 16, 2008, as well as the extension of other deadlines.

6    Rule 16 requires the district judge to enter a schedule for the case and provides that
7 the "schedule shall not be modified except upon a showing of good cause[.]" Fed. R. Civ.
8 P. 16(b); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)
9 ("The scheduling order 'controls the subsequent course of the action' unless modified by the
10 court.") (quoting Fed. R. Civ. P. 16(a)). "Good cause" exists when a deadline "cannot
11 reasonably be met despite the diligence of the parties seeking the extension." Fed. R. Civ.
12 P. 16 Advisory Comm.'s Notes (1983 Am.). Thus, "Rule 16(b)'s 'good cause' standard
13 primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d
14 at 609.

15    The Court has reviewed the docket for this case. Since the Case Management Order
16 was entered in May of 2007, Plaintiff has served one set of written discovery and Defendant
17 has served two. One subpoena has been issued. The docket does not include any deposition
18 notices or other discovery activity in the almost ten months since the Case Management
19 Order was entered. The parties' motion explains that they recently engaged in settlement
20 talks, but provides no satisfactory explanation as to why the parties could not have completed
21 discovery within the time allowed by the Court. Equally important, the parties provide no
22 explanation as to why they allowed court-established deadlines to pass without seeking
23 extensions. The Court concludes that the parties have not established good cause for an
24 extension of deadlines in the Case Management Order.

25    "In these days of heavy caseloads, trial courts . . . set schedules and establish
26 deadlines to foster the efficient treatment and resolution of cases." *Wong v. Regents of the*
27 *Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "Parties must understand that they will
28 pay a price for failure to comply strictly with scheduling and other orders[.]" *Id.* "As the

torrent of civil and criminal cases unleashed in recent years has threatened to inundate the federal courts, deliverance has been sought in the use of calendar management techniques. Rule 16 is an important component of those techniques." *Johnson*, 975 F.2d at 611.

**IT IS ORDERED** that the Joint Motion for Extension of Case Management Deadlines (Dkt. #59) is **denied**.

DATED this 5th day of March, 2008.

_____
David G. Campbell
United States District Judge