IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest B. Jackson,<br><br>    Plaintiff,<br><br>vs.<br><br>ABC Nissan, Inc.; Automotive Investment Group–Arizona, Inc.; and Camelback Toyota, Inc.,<br><br>    Defendant. | No. 03-563-PHX-EHC<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Compel Discovery. (Dkt. 74). Defendant submitted its Motion to Compel on September 16, 2005. Local Rule 7.2(i) provides, "[I]f the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i).

Defendants request in their 10-page motion that the Court order Plaintiff to produce (1) all records relating to Plaintiff's subsequent employment and efforts to find employment since September 2003; (2) all records relating to income earned by Plaintiff since leaving Defendant ABC Nissan's employ, including copies of any state or federal tax returns, pay stubs, and W02 and 1099 forms; (3) a completed original IRS Form 4506 for the years 2001-2004; (4) supplemental answers to ABC Nissan's Interrogatory Nos. 3, 4, 5 and 8; (5)

| | |
|---|---|
| 1 | supplemental disclosures under Rule 26(a)(1) concerning the current amount and calcuation |
| 2 | of Plaintiff's alleged damages; and (6) Responses to Camelback Toyota's First Set of |
| 3 | Interrogatories and First Request for Production of Documents.  To date, Plaintiff has not |
| 4 | filed a response to Defendants' motion.  Accordingly, the Court will hold a hearing. |

Rule 37(a) of the Federal Rules of Civil Procedure provides, "A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery." Fed.R.Civ.P. 37(a).  Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure reads as follows, "If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court **shall**, after affording an opportunity to be heard, **require** the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees." Fed.R.Civ.P. 37(a)(4)(A) (emphasis added).  This, too, will be addressed at the hearing. Accordingly,

**IT IS ORDERED** setting a hearing on **Thursday, December 1, 2005** at **2:00 p.m.**

DATED this 3rd day of November, 2005.

*Earl H. Carroll*
———————————————
Earl H. Carroll
United States District Judge