Irwin B. Schwartz (SBN 141140)
John V. Komar (SBN 169662)
Petrie Schwartz LLP
2033 Gateway Place, Suite 500
San Jose, California 95110
Telephone: 408-947-9099
Facsimile: 408-947-9001

Attorneys for Plaintiffs



**ORIGINAL FILED**

SEP 1 2 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

RIVERDEEP INTERACTIVE LEARNING, LTD., an Irish Company; RIVERDEEP, INC., a Delaware Limited Liability Company,

Plaintiff,

vs.

MPS MULTIMEDIA, INC., a California Corporation Company; EDGAR CHEN, an individual; SELECTSOFT PUBLISHING,

Defendants.

Case No.: C06 05597 CW

**JURY TRIAL DEMANDED**

Plaintiffs Riverdeep Interactive Learning, Ltd. ("RIL") and Riverdeep, Inc. ("Riverdeep") allege for their complaint against defendants MPS Multimedia, Inc. ("MPS"), Edgar Chen ("Chen"), and Selectsoft Publishing ("Selectsoft" and, together with MPS and Chen, "Defendants") as follows:

### INTRODUCTION

1.  This action arises out of MPS' copyright infringement and breach of an OEM License Agreement dated June 15, 2003 between Riverdeep and MPS as amended by Amendment No. 2, dated effective as of February 24, 2004 ("Second Amendment") (together, the

Complaint


EXHIBIT A

"Agreement").[1] Under the Agreement, Riverdeep granted MPS a non-exclusive license to distribute Riverdeep software products in narrowly defined markets known as "channels." MPS and Chen, themselves and through MPS' subsidiary Selectsoft, knowingly breached the Agreement and infringed and continue to infringe Riverdeep's trademarks and RIL's registered copyrights by ignoring restrictions on distribution of Riverdeep's software and by continuing to distribute Riverdeep's software after Riverdeep terminated the Agreement for cause.

2. Riverdeep and RIL bring this action to permanently enjoin Defendants from further replication and distribution of Riverdeep's and RIL's software and to recover the maximum damages permitted by law for MPS' and Chen's wilful violation of RIL's copyrights, MPS' and Selectsoft's infringement of Riverdeep's trademarks and MPS' breach of the Agreement.

## PARTIES

3. Plaintiff Riverdeep, Inc., a Delaware limited liability company, has its principal place of business in San Francisco, California. Among other things, Riverdeep is an industry-leading educational software publisher. Riverdeep own trademarks for the most of the software titles covered by the Agreement.

4. Plaintiff Riverdeep Interactive Learning Ltd. is an Irish corporation with its principal place of business in Dublin, Ireland. RIL is the registered owner of the copyrights for the software covered by the Agreement and has granted Riverdeep license and sub-license rights in the copyrighted software. RIL licensed to Riverdeep the rights to distribute the RIL titles at issue via an Intellectual Property License Agreement effective July 1, 2001. A schedule of the some of the software titles at issue and the corresponding copyright registration numbers is attached hereto as Exhibit A.

5. Riverdeep is informed and believes, and on that basis alleges, that defendant MPS is a California corporation with principal places of business at 138 W. Harris Ave., South San

---

[1] The first amendment to the Agreement is not at issue in this matter.

Complaint                            2

Francisco, California, 94080.

6. Defendant Chen is an individual who, upon information and belief, is a resident of California, and at all relevant times was and is president and CEO of MPS.

7. Defendant Selectsoft Publishing is a subsidiary of MPS. Riverdeep is informed and believes, and on that basis alleges, that defendant Selectsoft is a California entity with its principal places of business at 138 W. Harris Ave., South San Francisco, California, 94080.

## JURISDICTION AND VENUE

8. This court has jurisdiction under 28 U.S.C. §1338 because this action arises under the Copyright Act (17 U.S.C. §101 et. seq.) and under the Lanham Act (15 U.S.C. § 1051 et. seq.). This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. §1367.

9. Venue is proper in this court under 28 U.S.C. §1391(b), because defendant MPS is a resident of this judicial district. Upon information and belief, defendants Chen and Selectsoft are also residents of this judicial district.[2]

**Background**

10. Under the Agreement, MPS unconditionally agreed to pay Riverdeep "Guaranteed License Fees" of $350,000 in four installments during 2003 and per unit license fees after MPS' sales generated revenue in excess of $350,000. In exchange, MPS was permitted to sell Riverdeep software in the "Non-mainstream Retail Channel," which was defined as "non-

---

[2]The Agreement provides that any dispute arising from its terms is to be submitted to the courts of Massachusetts. RIL, which is not a party to the Agreement, is not bound by that language and its copyright claim is properly venued in this court because the defendants reside here. Riverdeep, which had substantial operations in Boston when the parties entered the Agreement, has consolidated most of its operations in San Francisco and thus all parties to the Agreement reside here and have their witnesses here. Because it is a waste of judicial resources to commence separate actions in Massachusetts and California, Riverdeep elected to join RIL's copyright claim here and waives any right it may have to have this dispute adjudicated in Massachusetts. (Riverdeep, Inc. v. SOMC Group, Inc., No. 05-10816 REK (D. Mass. Sept. 13, 2005) (acknowledging Massachusetts venue selection clause but transferring the action to Southern District of California where copyright claim could also be brought against defendants not party to venue selection clause and which court had jurisdiction over all parties).

Complaint                                            3

mainstream retail stores, i.e., gas stations, independent retailers."

11. Under the Second Amendment, MPS unconditionally paid an additional $500,000 in Guaranteed Fees and committed to pay per unit license fees after MPS' sales generated revenue in excess of $500,000.

12. The Second Amendment refined and further restricted the scope of MPS' allowed distribution channel such that MPS was permitted to sell Riverdeep software only at "non-mainstream" brick and mortar" retail stores, i.e., gas stations, independent retailers." The Second Amendment also specifically prohibited MPS from directly marketing or otherwise promoting Riverdeep's software via the Internet or selling to any third party what would sell, market, or distribute Riverdeep software via the Internet. The sole exception was that MPS' customers could sell software to end users via the Internet if the MPS customer maintained a brick and mortar store and the website used the same branding as the customer's brick and mortar stores.

13. MPS specifically agreed that any violation of the prohibition against Internet sales would be a material breach of the Agreement and would subject MPS to immediate termination of the Agreement for cause with no right to cure.

14. Under the Agreement, MPS had to provide Riverdeep with quarterly reporting relating to manufacture and sales of Riverdeep products and associated royalty calculations. The Agreement permitted Riverdeep to engage a certified public accountant to audit MPS' books and records for the purpose of verifying the accuracy of MPS's quarterly reports and computations.

**Defendants' Material Breach and Infringement**

15. MPS violated the Agreement's specific prohibition against Internet marketing and sales in two ways. First, MPS made direct sales of Riverdeep software to Internet retailers such as Arcamax, softwareoutlet.com, and nothingbutssoftware.com. These Internet retailers have no "brick and mortar" location, but rather sell software exclusively on the Internet. MPS' sales to such retailers are outside the scope of MPS' allowed distribution channel and are therefore unlicensed and infringe upon RIL's copyrights and Riverdeep's trademarks.

Complaint                                4

16. Second, MPS marketed Riverdeep software on the Internet through Selectsoft. On the Selectsoft website, www.Selectsoft.com, MPS and Selectsoft marketed numerous Riverdeep titles by displaying product boxes, screen shots and descriptions. Such marketing and promotion is strictly prohibited by the Second Amendment. And, though consumers may not purchase software directly from the Selectsoft website, they are directed to visit Internet shopping sites such as Yahoo shopping. There, purchasers search for Selectsoft's Riverdeep's products and are directed to a wide variety of distributors who sell Selectsoft's Riverdeep products, most of which have no brick and mortar stores and sell exclusively via the Internet.

17. For example, entering "Selectsoft" and "Reader" into the search box on the Yahoo Stores website brings up a large number of stores where consumers may buy Riverdeep's "Reader Rabbit" product distributed by Selectsoft. One of the stores is "Shocking Price." Shocking Price sells, among other titles, Riverdeep's Reader Rabbit Personalized Math 6-9, branded with the Selectsoft name, which software title was licensed to MPS by Riverdeep under the Second Amendment. Upon information and belief, there are no brick and mortar stores operated by Shocking Price. Therefore, the entire distribution scheme by which a customer sees Riverdeep product advertised on the Internet by Selectsoft and then is directed to a pure Internet retailer like Shocking Price violates the Agreement and infringes RIL's copyrights and Riverdeep's trademarks.

18. Accordingly, Riverdeep terminated the Agreement on August 16, 2006 based on MPS' distribution of Riverdeep software to Internet retailers.

19. Upon Riverdeep's termination of the Agreement, all MPS' rights to distribute Riverdeep products terminated August 16, 2006. Nevertheless, MPS thereafter continued to market, sell, and distribute Riverdeep's products over the Internet and such sales and marketing efforts continue in violation of RIL's copyrights and Riverdeep's trademarks.

20. In addition, MPS did not provide adequate quarterly reports to Riverdeep. In July, 2006, Riverdeep contacted MPS and requested an audit of MPS books, including and audit of

Complaint                                5

MPS' sales records. MPS, however, denied Riverdeep's certified public accountants access to MPS' sales records, despite the express language of the Agreement. The parties thereafter engaged in numerous discussions and email exchanges about the permitted scope of the audit, and attempted to schedule a meeting to discuss their respective positions. However, MPS ultimately refused to attend such a meeting and has refused all of Riverdeep's attempts to conduct the audit permitted by the Agreement.

21. On August 9, 2006, Riverdeep gave MPS notice of breach for MPS' refusal to permit Riverdeep to conduct a meaningful audit.

22. MPS' refusal to permit Riverdeep to conduct a meaningful audit has made it impossible for Riverdeep to know the full extent of MPS infringement and breaches of contract.

23. Accordingly, Riverdeep brings this action for damages and to enjoin further copyright and trademark infringement.

## COUNT I
(Copyright Infringement- Chen and MPS)

24. RIL repeats, realleges and incorporates by reference as though fully set forth herein each and every allegation in paragraphs 1 through 23 of this Complaint.

25. RIL is the registered owner of the copyrights for the products MPS was previously licensed to sell under the Agreement as set forth on Exhibit A hereto.

26. As set forth above, MPS made unlicensed sales of RIL's copyrighted software in two respects. First, MPS sold the RIL software outside of the distribution channels allowed by the Agreement by selling directly to Internet retailers that did not have bricks and mortar stores. Second, MPS sold the RIL software after MPS' license to do so was terminated by Riverdeep for cause.

27. Chen, as MPS' President and CEO, directs, controls and ratifies the actions of MPS including the unlicensed and unauthorized replication and distribution of Riverdeep software.

28. MPS' and Chen's unlicensed sale and distribution of RIL software infringes RIL's

Complaint                                    6

copyrights and RIL has been damaged in an amount to be determined at trial, including statutory damages against MPS and Chen for their knowing and willful infringement of RIL's copyrights.

### COUNT II
#### (Specific Performance - MPS)

29. Riverdeep repeats, realleges and incorporates by reference as though fully set forth herein each and every allegation in paragraphs 1 through 28 of this Complaint.

30. Under the Agreement, MPS was obligated to provide quarterly reports to Riverdeep that detailed MPS' sales, the number of copies MPS manufactured and the calculation of royalties. In addition, MPS was required to provide access to MPS books and records for the purpose of permitting Riverdeep's certified public accountant to verify the accuracy of the reports provided by MPS to Riverdeep.

31. Riverdeep has performed all obligations placed upon it by the Agreement or was excused from doing so.

32. MPS has, without excuse, breached the Agreement by, among other things, (1) failing to provide adequate quarterly reports to Riverdeep as required by the Agreement, and (2) denying Riverdeep's certified public accountants access to MPS' records to conduct an audit, despite Riverdeep's specific request under the Agreement that MPS allow Riverdeep's auditors to review such records.

33. Since no monetary sum can adequately compensate Riverdeep for MPS' failure to provide the proper reports and allow a proper audit, Riverdeep seeks an order of specific performance that MPS allow Riverdeep to conduct a full and complete audit of MPS books and records as they pertain to the sale and distribution of Riverdeep software.

### COUNT III
#### (Breach of Contract - MPS)

34. Riverdeep repeats, realleges and incorporates by reference as though fully set forth herein each and every allegation in paragraphs 1 through 33 of this Complaint.

35. Riverdeep has performed all obligations placed upon it by the Agreement or was

Complaint 7

excused from doing so.

36. The Second Amendment prohibited MPS from marketing, promoting, or selling Riverdeep products on the Internet and from selling to third parties who sold on the Internet, unless those third parties had bricks and mortar stores and sold the software under the same branding as in the bricks and mortar stores.

37. MPS breached the Agreement by, among other things, (1) selling Riverdeep's software to third parties who then resold the software on the Internet even though those third parties did not have bricks and mortar stores, and (2) by marketing and promoting Riverdeep's products on the Internet through Selectsoft's website.

38. MPS also breached the Agreement by refusing to permit Riverdeep to conduct a meaningful audit of MPS' books and records.

39. Riverdeep has been damaged by MPS' breaches in an amount to be proven at trial.

## COUNT IV
(Trademark Infringement - MPS and Selectsoft)

40. Riverdeep repeats, realleges and incorporates by reference as though fully set forth herein each and every allegation in paragraphs 1 through 39 of this Complaint.

41. Under the Agreement, Riverdeep granted MPS non-exclusive rights to use Riverdeep's registered trademarks. Under the terms of the Second Amendment, MPS prohibited from using Riverdeep's trademarks to market or promote Riverdeep's products on the Internet.

42. Nevertheless, through its subsidiary Selectsoft, MPS used Riverdeep's trademarks, including product names, photographs of products, and screenshots from Riverdeep's products on MPS' website for the purpose of promoting and marketing Riverdeep's products for sale.

43. After Riverdeep terminated the Agreement on August 16, 2006, MPS was not permitted to use Riverdeep's trademarks under any circumstances. Nevertheless, MPS has continued to use Riverdeep's trademarks in advertising Riverdeep products for sale on the Internet.

44. MPS' and Selectsoft's use of Riverdeep's trademarks to promote and market

Complaint                                                                 8

Riverdeep software products on the Internet constitutes a willful infringement of Riverdeep's trademarks, which infringement is continuing. As a result of such infringement, Riverdeep has been damaged in an amount to be determined at trial, including statutory damages against MPS and Selectsoft for their willful infringement of Riverdeep's trademarks under 15 U.S.C. §1117.

### COUNT V
(Unfair Competition - MPS and Selectsoft)

45. Riverdeep repeats, realleges and incorporates by reference as though fully set forth herein each and every allegation in paragraphs 1 through 44 of this Complaint.

46. Under the Agreement, Riverdeep granted MPS non-exclusive rights to use Riverdeep's registered trademarks. Under the terms of the Second Amendment, MPS was not licensed to market or promote Riverdeep's products on the Internet or to use Riverdeep's trademarks in doing so.

47. Nevertheless, through its subsidiary Selectsoft, MPS used Riverdeep's trademarks, including product names, photographs of products, and screenshots from Riverdeep's products on Selectsoft's website for the purpose of promoting and marketing Riverdeep's products for sale.

48. After Riverdeep terminated the Agreement on August 16, 2006, MPS was not permitted to use Riverdeep's trademarks under any circumstances. Nevertheless, MPS has continued to use Riverdeep's trademarks in advertising Riverdeep products for sale on the Internet.

49. MPS' and Selectsoft's use of Riverdeep's trademarks to promote and market Riverdeep software products on the Internet constitutes a willful infringement of Riverdeep's trademarks, which infringement continues today. Such infringement constitutes an unfair business act under California Business and Professions Code 17200. As a result of such unfair business practices, Riverdeep has been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enjoin MPS, Chen and Selectsoft from marketing, promoting, publishing, using, distributing or sublicensing Riverdeep software or using Riverdeep trademarks;

Complaint                                                                 9

B. Award Riverdeep damages under Counts III, IV and V in an amount to be determined at trial;

C. Award RIL damages under Count I in an amount to be determined at trial;

D. Order MPS to allow Riverdeep's auditors to conduct a full and complete accounting of MPS' manufacture and sales of Riverdeep's software; and

E. Order such further relief as the Court deems just and proper.

JURY TRIAL DEMAND

Riverdeep demands a trial by jury on all counts which are properly tried to a jury.

Dated: September 12, 2006

PETRIE SCHWARTZ LLP

Irwin B. Schwartz
John V. Komar

Counsel for Plaintiffs

Complaint                                  10

## Exhibit A

### RIL's Copyright Registration Numbers for Titles Covered by Amendment 2

| Title | Copyright Registration Number |
| --- | --- |
| Carmen San Diego Junior Detective | PA 817427 |
| Carmen San Diego March Detective | TX 5-746-450 |
| Reader Rabbit Math, 6-9 | PA 923943 |
| Clue Finders 3rd Grade | TX 5-732-800 |
| Clue Finders 4th Grade | TX 5-732-801 |
| Clue Finders 5th Grade | TX 5-732-797 |
| Kid Pix Deluxe 3 | PA 1-100-342 |
| Schoolhouse Rock Grammar Rock | TX 5-746-428 |
| Schoolhouse Rock Math Rock | TX 5-747-423 |
| Where in the USA is Carmen San Diego | TX 5-776-504 |
| William Sonoma Guide to Good Cooking | PA 848-346 |