Westlaw.

Slip Copy
Slip Copy, 2007 WL 2410341 (D.Ariz.)
(Cite as: Slip Copy)

Page 1

Best Western Intern., Inc. v. Doe
D.Ariz.,2007.
Only the Westlaw citation is currently available.
United States District Court,D. Arizona.
BEST WESTERN INTERNATIONAL, INC., a non-profit corporation, Plaintiff,
v.
John DOE, an Internet website administrator; James Furber, an Internet website administrator; James Dial, an Internet website blogger and Member of Best Western International, Inc.; Jane Does 1-X, Internet website bloggers and Members of Best Western International, Inc.; and John Does 1-X, Internet website bloggers and Governors of Best Western International, Inc., Defendants.
No. CV-06-1537-PHX-DGC.

Aug. 21, 2007.

Allison Leigh Harvey, Cynthia Ann Ricketts, DLA Piper U.S. LLP, Robert Eric Yen, Yen Pilch & Komadina PC, Phoenix, AZ, for Plaintiff.
Daniel Joseph McAuliffe, Gregory Blain Collins, Todd Feltus, Snell & Wilmer LLP, Phoenix, AZ, Richard T. Mullineaux, Robert Jeffrey Lowe, Kightlinger & Gray LLP, New Albany, IN, for Defendants.

**ORDER**

DAVID G. CAMPBELL, United States District Judge.
*1 Plaintiff has filed a motion for leave to amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. Dkt. # 133. A response and reply have been filed. Dkt.138, 141. The Court will grant the motion.

**I. Background.**

Plaintiff filed this action against various Doe Defendants. Dkt. # 1. Plaintiff claims that Defendants have posted anonymous messages on an Internet website that, among other things, defame Plaintiff, breach contracts with Plaintiff, reveal confidential information, and constitute unfair competition. Plaintiff named James Furber and James Dial as Defendants in an earlier amended complaint. Dkt. # 53.

**II. Legal Standard.**

Rule 15(a) declares that leave to amend a complaint "shall be freely given when justice so requires." The Supreme Court has instructed that "this mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182 (1962). In deciding this motion, the Court " 'must be guided by the underlying purpose of Rule 15-to facilitate decision on the merits rather than on the pleadings or technicalities.' " *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir.1987) (citation omitted). "Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.' " *Id.* This liberality "is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, LTD. v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987).

The Court may deny a motion to amend if there is a showing of undue delay or bad faith on the part of the moving party, undue prejudice to the opposing party, or futility of the proposed amendment. *See Foman,* 371 U.S. at 182. Generally, however, "this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 880 (9th Cir.1999).

**III. Analysis.**

Plaintiff seeks to add as defendants Loren Unruh and his spouse, Gayle Unruh, and Teresa Furber and Nidrah Dial, the spouses of the named Defendants. Plaintiff asserts that adding the spouse defendants is necessary for complete relief-to obtain a judgment against both the separate and community

Slip Copy
Slip Copy, 2007 WL 2410341 (D.Ariz.)
(Cite as: Slip Copy)

Page 2

property of Defendants James Furber, James Dial, and Loren Unruh. Dkt.133, 141.

Defendants contend that naming their spouses is futile because the Furbers and Dials live in Indiana and the Unruhs live in Kansas, none of which is a community property state. Defendants claim that the filing of this action did not convert their separate property into community property. Dkt. # 138.

The parties agree that "the property rights of a husband and wife are governed by the law of the couple's matrimonial domicile *at the time of the acquisition of the property.*"*Lorenz-Auxier Fin. Group, Inc. v. Bidewell,* 772 P.2d 41, 43 (Ariz.Ct.App.1989) (emphasis added); *see Stephen v. Stephen,* 284 P.2d 158, 159 (Ariz.1930) ("When the parties acquire property, it is to be presumed they do it in view of the law as it exists at the time and place, and its character as community or separate estate is determined with its first acquisition."). The Court cannot determine at this stage of the litigation whether Defendants have acquired community property while residing in other states.[FN1] Nor can the Court determine from the parties' briefs whether, under Indiana or Kansas law, any such community property would be subject to a judgment against Defendants. *See Lorenz-Auxier,* 772 P.2d at 43 (stating that "the question of funds available to creditors to satisfy the debts of a marital community or to satisfy the separate debts of either spouse" is "resolved according to the laws of the matrimonial domiciliary state").

> FN1. Plaintiff notes, for example, that Furber previously lived in Texas, a community property state. Dkt. # 141 at 5 n. 2.

*2 Defendants' reliance on *Lorenz-Auxier* is misplaced. In *Lorenz-Auxier,* an Oregon couple was sued for breaching a lease that the husband had entered into in Arizona. The trial court applied Arizona community property law and granted summary judgment against the defendants. The Arizona court of appeals reversed the judgment against the wife because Oregon law protects a wife's separate property from being subject to the separate debt of the husband. The court declined to address the relevant question here-whether any community property existed and, if so, whether it was subject to a judgment against the husband. 772 P.2d at 45.

Defendants further contend the Court lacks personal jurisdiction over Mrs. Furber and Mrs. Unruh. Dkt. # 138 at 8-12. Defendants do not at this point dispute the Court's personal jurisdiction over Mr. Furber and Mr. Unruh, and Plaintiff argues that the Court has jurisdiction over their spouses because Messrs. Furber and Unruh are alleged to have acted on behalf of their respective marital communities. Dkt. # 141 at 5-7 (citing *Essex Eng'g Co. v. Credit Vending, Inc.,* 732 F.Supp. 311, 313 (D.Conn.1990) (asserting jurisdiction over non-resident spouse where the marital community had minimum contacts with the forum state); *C & J Travel, Inc. v. Shumway,* 775 P.2d 1097, 1100 (Ariz.Ct.App.1989) (stating that to take advantage of Arizona's community property laws a creditor must join both spouses thereby giving the court "personal jurisdiction over the community")). Defendants say this argument lacks merit because the Furbers and the Unruhs reside in non-community property states (Dkt. # 138 at 11), but they cite no authority in support of this assertion. *See id.*If the evidence ultimately shows that Defendants acquired community property at some time in their marriages, there would appear to be a marital community on behalf of which Defendants could act, potentially giving rise to jurisdiction over their spouses.

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."*DCD Programs,* 833 F.2d at 187;*see Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir.1988). At this point, Defendants have not shown that no set of facts could be proven to establish the existence of community property and personal jurisdiction over the spouse defendants. Therefore, consistent with the liberal amendment policy of Rule 15, the Court will grant the motion

Slip Copy
Slip Copy, 2007 WL 2410341 (D.Ariz.)
(Cite as: Slip Copy)

Page 3

to amend.[FN2]

> FN2. Plaintiff should note that the Court's local rules do not authorize the filing of briefs with reduced-size type in footnotes. All type in Plaintiff's future briefs, including footnotes, shall comply with LRCiv 1(b)(1).

**IT IS ORDERED:**

1. Plaintiff's motion for leave to amend the complaint (Dkt.# 133) is **granted.**

2. The Clerk shall file the lodged proposed amended complaint (Dkt.# 134-2).

D.Ariz.,2007.
Best Western Intern., Inc. v. Doe
Slip Copy, 2007 WL 2410341 (D.Ariz.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Slip Copy
Slip Copy, 2008 WL 477874 (D.Ariz.)
(Cite as: Slip Copy)

Page 1

Burnham v. U.S.
D.Ariz.,2008.
Only the Westlaw citation is currently available.
United States District Court,D. Arizona.
Kristen BURNHAM, Individually and as Representative of the Estate of Caroline Burnham and as Representative of Ethan J. Mayne, a minor, Plaintiffs,
v.
UNITED STATES of America; and Richard Alan Young, Defendants.
No. CV-07-8017-PCT-DGC.

Feb. 19, 2008.

Walter L. Boyaki, Miranda & Boyaki, El Paso, TX, for Plaintiffs.
Suzanne M. Chynoweth, US Attorney's Office, Phoenix, AZ, for Defendants.

### ORDER

DAVID G. CAMPBELL, District Judge.

*1 Defendants have filed a motion to dismiss or for a more definite statement. Dkt. # 17. The Court will grant Plaintiff leave to amend and deny the motion as moot.

Caroline Burnham died as a result of a traffic accident that occurred in Yuma, Arizona, on May 29, 2005. Caroline's sister, Kristen Burnham, brought this negligence action. The first amended complaint was filed by Kristen individually and as the representative of Caroline's estate and minor son, Ethan Mayne. The first amended complaint asserted claims against the United States of America and Richard Young, the alleged driver of the vehicle that struck Caroline's car. Dkt. # 11.

Defendants assert that a wrongful death action in Arizona must be brought by only one plaintiff on behalf of all surviving statutory beneficiaries. Dkt. # 17 at 3 (citing A.R.S. § 12-612). Defendants correctly argue that the first amended complaint is deficient because it improperly names Caroline's estate as a plaintiff and fails to identify all statutory beneficiaries. *Id.* at 3-5.

In response to Defendants' motion, Kristen filed a second amended complaint without leave of Court. Dkt.18, 20. The complaint names Kristen as the sole plaintiff in her capacity as the representative of Caroline's estate and identifies Ethan Mayne and Dorothy Peca, Caroline's mother, as the only two statutory beneficiaries. Dkt. # 18. Kristen asserts that she has re-pled the allegations of this case to meet the requirements of Arizona's wrongful death statute, A.R.S. § 12-612. Dkt. # 20 at 1.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course[.]"Fed.R.Civ.P. 15(a)(1)(A)."In all other cases, a party may amend its pleading only with the opposing party's written consent or the [C]ourt's leave."Fed.R.Civ.P. 15(a)(2). Because Plaintiff previously amended the complaint (*see* Dkt.1, 11), she was required under Rule 15 to obtain Defendants' consent or leave of Court to file the second amended complaint. *See Glaros v. Perse,* 628 F.2d 679, 686 (1 st Cir.1980) (plaintiff was not entitled to amend as a matter of right "having already amended his complaint once"); *TV Communications Network, Inc. v. ESPN, Inc.,* 767 F.Supp. 1062, 1077 (D.Colo.1991) ("Plaintiff does not have a right to file a second amended complaint.").

Plaintiff did not seek leave of court before filing the second amended complaint. This is not the only error by Plaintiff's counsel. The original and first amended complaints clearly failed to comply with the requirements of the Arizona wrongful death statute. Both complaints also incorrectly stated that the accident occurred in Kingman, rather than Yuma, resulting in this case being designated incorrectly as a Prescott case. In addition, the Clerk has been required to issue two filer deficiency notices for filings errors (*see* Dkt.2, 6) and Plaintiff has

Slip Copy
Slip Copy, 2008 WL 477874 (D.Ariz.)
(Cite as: Slip Copy)

Page 2

made other filing errors (*see* Dkt. # 19). This case has now been pending for more than eight months, and the issues have yet to be joined. The Court trusts that Plaintiff's counsel will in the future pay closer attention to the requirements of the federal and local rules, the governing law in this case, and the Court's electronic filing requirements.

*2 To avoid continued delay in this action, the Court will deem Plaintiff as having sought leave to amend under Rule 15. "The [C]ourt should freely give leave when justice so requires."Fed.R.Civ.P. 15(a)(2). The Court may deny leave to amend a complaint if it finds undue delay or bad faith on the part of the plaintiff, prejudice to the defendant, or futility of the amendment. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)."[T]his determination should be performed with all inferences in favor of granting [leave]."*Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 880 (9th Cir.1999).

Having considered the *Foman* factors, the Court concludes that leave to amend should be granted. Despite the errors mentioned above, the Court has seen no evidence to suggest that Plaintiff has acted in bad faith. Defendants' motion asks that the Court require that Plaintiff re-plead, suggesting that Defendants would not be prejudiced by the amendment. There is no prejudice to Richard Young because he is not named as a defendant in the second amended complaint. *See* Dkt. # 18. The amendment does not appear to be futile. *See*A.R.S. § 12-612. And although Plaintiff's actions to date have delayed the resolution of this case, this Circuit has made clear that " 'undue delay by itself is insufficient to justify denying a motion to amend.' " *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712-13 (9th Cir.2001) (quoting *Bowles v. Reade,* 198 F.3d 757, 758 (9th Cir.1999)); *see DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir.1983) (same).

The Court will grant leave to amend. Given this ruling, the Court will deny Defendants' motion as moot.

**IT IS ORDERED:**

1. Plaintiff is granted leave to amend. The second amended complaint filed on February 5, 2008 (Dkt.# 18), is the operative complaint in this matter. Plaintiff need not re-file the second amended complaint.

2. Defendants' motion to dismiss or for more definite statement (Dkt.# 17) is **denied as moot.**

3. As the events at issued occurred in Yuma, Arizona, the Clerk is directed to redesignate this case as a Phoenix case, not a Prescott case.

D.Ariz.,2008.
Burnham v. U.S.
Slip Copy, 2008 WL 477874 (D.Ariz.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.
Slip Copy
Slip Copy, 2006 WL 3797962 (N.D.Cal.), 2007 Copr.L.Dec. P 29,321
(Cite as: Slip Copy)

Page 1

C
Riverdeep Interactive Learning, Ltd. v. MPS Multimedia, Inc.
N.D.Cal.,2006.

United States District Court,N.D. California.
RIVERDEEP INTERACTIVE LEARNING, LTD., an Irish Company; Riverdeep, Inc., a Delaware Limited Liability Company, Plaintiffs,
v.
MPS MULTIMEDIA, INC., a California Corporation; Edgar Chen; and Selectsoft Publishing, Defendants.
No. C 06-5597 CW.

Dec. 22, 2006.

John V. Komar, Irwin Bennet Schwartz, Petrie Schwartz, LLP, San Jose, CA, for Plaintiffs.
D. Peter Harvey, Seth Isaac Appel, Harvey Siskind LLP, San Francisco, CA, for Defendants.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS

CLAUDIA WILKEN, United States District Judge.
*1 Defendants MPS Multimedia, Inc., d/b/a Selectsoft Publishing (MPS), and Edward Chen (collectively, Defendants) move to dismiss this action, arguing that the Court lacks subject matter jurisdiction and that Plaintiffs Riverdeep Interactive Learning, Ltd .(RIL) and its United States affiliate Riverdeep, Inc. (collectively, Plaintiffs) fail to state a claim against Defendant Chen. Alternatively, Defendants move for a more definite statement, contending that Plaintiffs' trademark infringement claim is vague and ambiguous. Plaintiffs oppose the motion. The matter was heard on November 17, 2006. Having considered the parties' papers and oral argument, the Court denies Defendants' motion to dismiss and its motion for a more definite statement.

BACKGROUND

According to Plaintiffs' complaint, this action arises out of Defendant MPS' infringement of Plaintiffs' copyrights and trademarks and breach of a licensing agreement between Riverdeep and MPS.

Riverdeep is an educational software publisher. It owns trademarks for most of the software titles covered by the above mentioned licensing agreement. RIL, which owns the registered copyrights for the software licensed by Riverdeep to MPS under the agreement, granted Riverdeep license and sub-license rights in its software.

The licensing agreement permitted MPS to distribute software to the "Non-mainstream Retail Channel," which included independent retailers, but excluded "big box" stores and schools. A subsequent amendment to the agreement prohibited MPS from selling software to any third party that would sell, market or distribute the software via the internet, unless that third party also operated a "brick and mortar" store.

Plaintiffs learned that, in spite of the amendment, MPS was selling to internet retailers, which did not operate brick and mortar locations and sold software exclusively on the internet. Plaintiffs contend that these retailers are outside the scope of MPS' allowed distribution channel and, therefore, sales to them are unlicensed and infringe upon Plaintiffs' copyrights and trademarks.

Riverdeep sought an audit of MPS' manufacturing and sales. MPS refused access to its sale records. Because MPS refused to permit Riverdeep's accountants to conduct a full audit, Plaintiffs assert that it is impossible to know the full extent of MPS' infringement and breaches of contract.

When the dispute arose, Riverdeep terminated the licensing agreement, which immediately terminated MPS' rights; MPS did not have the right to sell any remaining inventory. Nonetheless, MPS continued to market, sell and distribute Riverdeep products

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

over the internet.

Plaintiffs filed this action.

Ten days later, they filed an application for a temporary restraining order, seeking to enjoin Defendants' alleged ongoing infringement of Plaintiffs' copyrights and trademarks through MPS' marketing and sale of Plaintiffs' software without a license. In their opposition, Defendants argued that the Court lacked jurisdiction because this is a contract dispute, governed by state law, not a copyright dispute over which federal courts have exclusive jurisdiction. The Court denied Plaintiffs' application for a temporary restraining order. The Court found, in part, that Plaintiffs had not shown a likelihood of success on the merits of their argument that the Court had jurisdiction under the Copyright Act and Lanham Act; Plaintiffs had only established that a serious question regarding jurisdiction exists. The Court noted that it would again consider whether it has jurisdiction over this action when it ruled on Defendants' motion to dismiss.

LEGAL STANDARD

I. Motion to Dismiss

*2 Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed.R.Civ.P. 12(b)(1). Federal subject matter jurisdiction must exist at the time the action is commenced. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization,* 858 F.2d 1376, 1380 (9th Cir.1988). A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears.*Stock West, Inc. v. Confederated Tribes,* 873 F.2d 1221, 1225 (9th Cir.1989).

A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction which exists despite the formal sufficiency of the complaint. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.,* 594 F.2d 730, 733 (9th Cir.1979); *Roberts v. Corrothers,* 812 F.2d 1173, 1177 (9th Cir.1987). In deciding a Rule 12(b)(1) motion, the court assumes the truth of the allegations in the complaint, unless controverted by undisputed facts in the record. *Roberts,* 812 F.2d at 1177.

Dismissal is appropriate under Rule 12(b)(6) when the plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). A motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."*Falkowski v. Imation Corp.,* 309 F.3d 1123, 1132 (9th Cir.2002), citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."Fed.R.Civ.P. 8(a)."Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required."Fed.R.Civ.P. 8(e). These rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests."*Conley v. Gibson,* 355 U.S. 41, 47 (1957).

II. Motion for More Definite Statement

In evaluating a motion under Rule 12(e), the proper test "is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings."*Federal Sav. and Loan Ins. Corp. v. Musacchio,* 695 F.Supp. 1053, 1060 (N.D.Cal.1988) (citing *Famolare Inc. v. Edison Bros. Stores, Inc.,* 525 F.Supp. 940, 949 (E.D.Cal.1981)).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

"Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules."*Sagan v. Apple Computer, Inc.*, 874 F.Supp. 1072, 1077 (C.D.Cal.1994)."Rule 12(e) is designed to correct only unintelligibility in a pleading not merely a claimed lack of detail."*FRA S. p. A. v. Surg-O-Flex of America, Inc.*, 415 F.Supp. 421, 427 (S.D.N.Y.1976). The proper tool for eliciting additional detail is discovery, not a Rule 12(e) motion. *Musacchio*, 695 F. Supp at 1060 (citing *Kuenzell v. United States*, 20 F.R.D. 96, 98 (N.D.Cal.1957)).

*3 A Rule 12(e) motion may be granted, however, "where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made."*Sagan*, 874 F.Supp. at 1077.

DISCUSSION

Defendants argue that this a mere contract dispute between two parties concerning the scope of a license and, therefore, this Court lacks jurisdiction. Defendants contend that, if the Court finds that it has jurisdiction, the Court should dismiss Plaintiffs' claims against Defendant Chen for failure to state a claim and order Plaintiffs to provide a more definite statement of their trademark infringement cause of action.

I. Subject Matter Jurisdiction

In their complaint, Plaintiffs allege that this Court has jurisdiction because this case arises under the Copyright Act and the Lanham Act. As noted above, Defendants argue that Plaintiffs' trademark and copyrights claims are breach of contract claims in disguise and, therefore, the Court lacks subject matter jurisdiction over this contract dispute, which is governed by state law.

Federal courts have exclusive jurisdiction over actions that arise under the federal copyright laws and original jurisdiction over actions that arise under the federal trademark law. 28 U.S.C. § 1338. Nonetheless, the Ninth Circuit instructs that a case does not arise under the federal copyright and trademark laws merely because the subject matter of the action involves or affects a copyright or trademark. *Topolos v. Caldewey*, 698 F.2d 991, 993 (9th Cir.1983) ("the word 'copyright' is not so compelling as to invoke federal jurisdiction upon its mere mention") (citation omitted); *Postal Instant Press v. Clark*, 741 F.2d 256, 258 (9th Cir.1984). Thus, district courts have "dismissed complaints in copyright cases that present only questions of contract law," as well as complaints in trademark cases that present only questions of contract law. *Dolch v. United California Bank*, 702 F.2d 178, 180 (9th Cir.1983); *Postal Instant Press*, 741 F.2d at 258.

However, it is not always evident "whether a case involving interdependent copyright and contract claims 'arises under' the federal copyright laws for the purposes of 28 U.S.C. § 1338(a)"; indeed, this is one of the " 'knottiest problems in copyright jurisprudence,' " *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 983 (9th Cir.2003) (quoting 3 Melville B. Nimmer & David Nimmer, Nimmer on Copyrights § 12.01[A], at 12-14 (2003)); *see also id.* at 986 ("federal courts walk a fine line between usurping the power of state courts and providing redress for copyright infringement"). As explained in *Scholastic*, the Ninth Circuit follows the majority rule, outlined in *T.B. Harms Co. v. Eliscu*, 339 F.2d 823 (2d Cir.1964), to determine whether copyright subject matter jurisdiction exists. In *T.B. Harms*, Judge Friendly stated that:
an action "arises under" the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement or for the statutory royalties for record reproductions, or asserts a claim requiring construction of the Act ... or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim.

*4 *T.B. Harms*, 339 F.2d at 828.

The Ninth Circuit has also instructed that, to determine whether a case arises under the copyright laws, the court should focus on the nature of the principal claim asserted by the plaintiff. *Topolos,* 698 F.2d at 994 ("Courts have directed inquiry to what they have variously described as the 'primary and controlling purpose' of the suit, the 'principal issue,' the 'fundamental controversy,' and the 'gist' or 'essence of the plaintiff's claim") (citations omitted).*See Fantasy v. Amerco, Inc.,* 1999 WL 155696 (N.D.Cal.1999) (noting both the *T.B. Harms* and "primary issue" analyses).

Plaintiffs focus on the *T.B. Harms* analysis. They cite *Vestron Inc. v. Home Box Office, Inc.,* 839 F.2d 1380 (9th Cir.1988), where, relying on *T.B. Harms,* the Ninth Circuit determined that the district court had jurisdiction because the plaintiff's complaint made out an infringement claim and sought remedies expressly created by federal copyright law. 839 F.3d at 1381-82. Here, the complaint also makes an infringement claim by Plaintiff RIL against Defendants MPS and Chen. RIL seeks damages "in an amount to be determined at trial, including statutory damages against MPS and Chen for their knowing and willful infringement of RIL's copyrights."Complaint, ¶ 29. Because, on the face of their complaint, Plaintiffs assert infringement and request remedies provided by the Copyright Act, Plaintiffs contend that the Court has jurisdiction. *Id.* at 1382 ("Where there is a fatal flaw on the face of a complaint that purports to assert an infringement action, the suit should be dismissed for lack of subject matter jurisdiction. If no such flaw appears, the federal courts have jurisdiction.").

Defendants respond that it is not enough that the complaint seeks a remedy expressly granted by the Copyright Act or alleges a copyright infringement claim. They argue that the copyright remedy must also be a principal issue in the case and here it is not; the principal issue of this case is one of contract. *Topolos* supports this argument, but *Vestron* does not. See *Topolos,* 698 F.2d at 993 (describing both the *T.B. Harms* analysis and the "primary issue" analysis). In *Vestron,* the Ninth Circuit explained that the *T.B. Harms*"test sets forth three independent grounds for sustaining federal jurisdiction in copyright cases. If any of these three grounds is satisfied, the federal courts have jurisdiction."839 F.2d at 1381.

Defendants do not deny that the first ground set forth in *T.B. Harms* is satisfied. Rather, they argue that *Vestron* is out-of-date. But that argument is unpersuasive, especially in that they rely on *Topolos,* which was decided five years before *Vestron.*

Because there is no "fatal flaw" on the face of the complaint, which asserts a claim for infringement, the Court has jurisdiction and, therefore, Defendants' motion to dismiss for lack of subject matter jurisdiction is denied. *See Vestron,* 839 F.2d at 1382. Acknowledging that "the results are similar," the Ninth Circuit instructs, "If an action survives this scrutiny and affidavits or other materials reveal the infringement claim to be spurious, then the proper avenue is dismissal for failure to state a claim under federal copyright law."*Id.*

II. Claims Against Defendant Chen

*5 As noted above, Defendants argue that the Court should dismiss Plaintiffs' claims against Defendant Chen, contending that Plaintiffs have failed to state a claim against him. Defendants note that Plaintiffs' allegations concerning Defendant Chen's misconduct are confined to a single paragraph: "Chen, as MPS' President and CEO, directs, controls and ratifies the actions of MPS including the unlicensed and unauthorized replication and distribution of Riverdeep software."Complaint, ¶ 27. Defendants argue that a corporate officer cannot be held liable for actions of the corporation in which the officer did not personally participate, of which the officer has no knowledge or to which the officer has not consented and, therefore, the Court should dismiss the copyright infringement claim against Defendant Chen.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Plaintiffs respond that corporate officers "are personally liable for the corporation's copyright and trademark infringements when they are a 'moving, active conscious force' behind the corporation's infringement." *Novell, Inc. v. Unicom Sales, Inc.*, 2004 WL 1839117, *17 (N.D.Cal.2004). Defendants do not address *Novell* in their reply. The Court finds that Plaintiffs have alleged sufficient facts to state a claim against Defendant Chen. Therefore, the Court denies Defendants' motion to dismiss the claim against Defendant Chen.

III. More Definite Statement

Defendants contend that, if the Court does not dismiss Plaintiffs' complaint, the Court should require Plaintiffs to identify the specific trademarks that they believe have been infringed and the specific section of the Lanham Act that they believe Defendants have violated. Plaintiffs respond that their trademark claim meets notice pleading standards. As Defendants note, the complaints at issue in the cases Plaintiffs cite identified the allegedly infringed trademarks and the specific sections of the Lanham Act at issue. *See, e.g., Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F.Supp.2d 1114, 1122 (C.D.Cal.2001). Nonetheless, Plaintiffs' complaint is not so vague as to fail to provide Defendants with a sufficient basis to frame their responsive pleadings. *Federal Sav. and Loan Ins. Corp.*, 695 F.Supp. at 1060. Plaintiffs' trademark infringement claim, while lacking in detail, is not unintelligible. And the specific trademarks and sections of the Lanham Act issue can easily be ascertained through discovery.

Therefore, Defendants' motion for a more definite statement is denied.

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss and, in the alternative, for more definite statement (Docket No. 34) is DENIED.

IT IS SO ORDERED.

N.D.Cal.,2006.
Riverdeep Interactive Learning, Ltd. v. MPS Multimedia, Inc.
Slip Copy, 2006 WL 3797962 (N.D.Cal.), 2007 Copr.L.Dec. P 29,321

END OF DOCUMENT

Westlaw.

Slip Copy
Slip Copy, 2008 WL 477880 (D.Ariz.)
(Cite as: Slip Copy)

Page 1

Seckinger v. CNIC Health Solutions, Inc.
D.Ariz.,2008.
Only the Westlaw citation is currently available.
United States District Court,D. Arizona.
Matthew SECKINGER, Plaintiff,
v.
CNIC HEALTH SOLUTIONS, INC.; PCL Construction, Inc.; 1-5 ABC Corporations, Defendants.
No. CV-07-2126-PHX-DGC.

Feb. 19, 2008.

Daniel D. Maynard, Michael D. Curran, Maynard Cronin Erickson Curran & Sparks PLC, Phoenix, AZ, for Plaintiff.
Daniel R. Malinski, Burch & Cracchiolo PA, Kristina Novotny Holmstrom, Stephen M. Bressler, Lewis & Roca LLP, Phoenix, AZ, for Defendants.

### ORDER

DAVID G. CAMPBELL, District Judge.
*1 Defendants have filed a motion to dismiss Plaintiff's amended complaint. Dkt. # 17. The Court will grant the motion in part and deny it in part.

### I. Background.

Plaintiff Matthew Seckinger held a health insurance policy provided by his employer, PCL Construction Enterprises, Inc., and administered by CNIC Health Solutions, Inc. *See* Dkt. # 16 ¶ 3. On October 1, 2006, while covered by the policy, Plaintiff sustained injuries in a motor vehicle accident. *See id.* at ¶ 8. On October 15, 2006, CNIC informed Plaintiff that he was not eligible to receive reimbursement for certain medical services because CNIC believed he had been drinking at the time of the accident and "charges for services received as a result of injury occurring directly or indirectly, as a result of a serious illegal act are excluded from" the policy. Dkt. # 19 Ex. A at 1. CNIC informed Plaintiff that he had the right to challenge the coverage decision on appeal. *See id.*

On January 19, 2007, Plaintiff submitted "an appeal [of] the decision made by CNIC on Mr. Seckinger's claim dated October 1, 2006[.]"*Id.*Ex. B at 1. Plaintiff conceded that the policy bars coverage for illegal acts, but argued that while "[t]here's an allegation that Mr. Seckinger was drinking while driving" on the day of the accident, "there has been no finding that he violated the law."*Id.* Plaintiff also argued that drinking while driving does not constitute "felonious behavior." *Id.*

On February 21, 2007, CNIC "acknowledge[d] receipt of [the] appeal regarding Mr. Seckinger's medical claims resulting from his motor vehicle accident on October 1, 2006."*Id.* Ex. C at 1. CNIC's letter reproduced the policy provision containing the exclusion of coverage for a "serious illegal act," which is defined to include an act that would produce a prison sentence of more than one year if criminally prosecuted. *Id.* This, of course, is a common definition of a felony, *see* Black's Law Dictionary at 633 (7th ed.1999) (defining felony as "[a] serious crime usually punishable by imprisonment for more than one year"), and Plaintiff had asserted in his appeal that his conduct was not felonious. CNIC's letter then stated: "[a]ccording to the policy report, Mr. Seckinger was 'long formed' for driving under the influence, a serious illegal act. Therefore, claims in connection with his motor vehicle accident injuries are not a covered benefit."Dkt. # 19 Ex. C at 1.

Plaintiff asserts that he sent a subsequent letter to CNIC, dated March 6, 2007, in which he sought copies of all relevant documents and other information relied on in denying his claims. *Id.* Ex. D at 1. On May 4, 2007, Plaintiff wrote again to CNIC, noting that he had received no response. *Id.* Ex. E at 1. CNIC asserts that it did not receive Plaintiff's March 6 letter. *See* Dkt. # 17. On May 14, 2007, CNIC provided copies of documents relied on to deny the claim. Dkt. # 19 Ex. F at 1.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2008 WL 477880 (D.Ariz.)
(Cite as: Slip Copy)

Page 2

*2 Plaintiff then filed this lawsuit. *See* Dkt. # 1 Ex. 1. Plaintiff's amended complaint alleges that Defendants breached their fiduciary obligations under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, by refusing to pay Plaintiff's medical bills. *See* Dkt. # 16. Defendants urge the Court to dismiss the amended complaint on two grounds: (1) Plaintiff failed to exhaust his administrative remedies before seeking relief in federal court, and (2) Plaintiff cannot obtain his claimed benefits through an ERISA breach of fiduciary duty claim. *See* Dkt. # 17.

**II. Legal Standards.**

"[T]he failure to exhaust nonjudicial remedies ... should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion [.]"*Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.2003). This aspect of Defendants' motion will therefore be addressed under traditional Rule 12(b) principles.

Defendants also assert that Plaintiff cannot obtain policy benefits through a breach of fiduciary duty claim. A court may dismiss a complaint for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief."*Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir.1994) (citation omitted). When analyzing a complaint for failure to state a claim, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party."*Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir.1996). The Court must also assume that all general allegations "embrace whatever specific facts might be necessary to support them."*Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir.1994) (citations omitted).

**III. Exhaustion of Administrative Remedies.**

CNIC's November 15, 2006, denial of coverage advised Plaintiff of his right to appeal. On January 19, 2007, Plaintiff submitted a letter to CNIC that stated, in the first sentence, that it was "an appeal" of the claim decision. *See id.*Ex. B at 1. The letter challenged CNIC's conclusion that Plaintiff committed an illegal act and therefore was barred from receiving coverage for medical bills related to the act. In addition to asserting that Plaintiff had not been found guilty of an illegal act, the letter asserted that drinking and driving was not felonious behavior. *Id.*[FN1]

> FN1. According to Defendants, "plaintiff alleges he appealed and the plan did not rule on his appeal."Dkt. # 17 at 2. Plaintiff does state in his amended complaint that CNIC "failed to rule on the appeal," Dkt. # 16 ¶ 14, but he asserts in his response that CNIC "denied the appeal on February 21, 2007," Dkt. # 19 at 2 (citing *id.*Ex. C). In ruling on Defendants' exhaustion argument, the Court must determine what actually occurred.

On February 21, 2007, CNIC "acknowledge[d] receipt of [Plaintiff's] appeal,"*id.*Ex. B at 1, thus confirming that the January 19, 2007 letter was an appeal of the November 15, 2006, benefit determination. CNIC then clearly rejected the merits of Plaintiff's appeal. CNIC quoted the policy language that governed its decision, including the definition of a "serious illegal act"-which requires conduct tantamount to a felony-and asserted that Plaintiff "was 'long formed' for driving under the influence, a serious illegal act."*Id.* This determination effectively rejected Plaintiffs arguments that he had not been found guilty of anything and that his conduct could not be considered felonious. The letter then stated its conclusion: "[t]herefore, claims in connection with [Plaintiff's] motor vehicle accident injuries are not a covered benefit."*Id.* The letter clearly ruled on Plaintiff's appeal.

*3 Defendants contend that Plaintiff's appeal letter discussed an outdated version of the policy and therefore failed to exhaust his administrative remedies. *See* Dkt. # 21. But Defendants have cited no authority suggesting that the appeals process re-

Slip Copy
Slip Copy, 2008 WL 477880 (D.Ariz.)
(Cite as: Slip Copy)

Page 3

starts or is incomplete where a plan participant submits an appeal based on an incorrect citation to the plan. Nor have Defendants explained how reliance on different policy language in this case might change the nature of Plaintiff's appeal or Defendants' ruling on it. Plaintiff's appeal presented arguments that went directly to the terms of the exclusion Defendants were relying on, and Defendants' response to the appeal rejected those arguments. The Court concludes that Plaintiff exhausted his administrative remedies. The fact that Plaintiff subsequently sought to obtain information through the March 6 and May 4 letters does not change the fact that Defendants clearly denied Plaintiff's appeal.

### IV. Breach of Fiduciary Duty.

Defendants contend that the amended complaint demands improper relief under ERISA. *See* Dkt. # 17. In particular, Defendants argue that ERISA contains an exclusive remedy to obtain plan benefits in court-29 U.S.C. § 1132(a)(1)(B)-and Plaintiff therefore cannot seek an award of benefits through the fiduciary duty provision found in 29 U.S.C. § 1109. But Plaintiff's amended complaint does not cite specifically to § 1109 or any other part of ERISA. True, the inartfully drafted claim is labeled "breach of fiduciary duty," but it clearly identifies what Plaintiff seeks: "pay for Seckinger's outstanding medical bills."Dkt. # 16 at 3. Plaintiff's complaint thus gives Defendants fair notice that he seeks an award of benefits under ERISA. Construing the complaint in a manner consistent with Rule 8's notice pleading requirement, the Court cannot say that "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief."*Barnett,* 31 F.3d at 816. The Court therefore will not dismiss the amended complaint for Plaintiff's failure to state a claim upon which relief may be granted.

Defendants assert that Plaintiff may not obtain a 20% civil penalty for violations of ERISA. *See* Dkt. # 17. Plaintiff does not respond to this argument. *See* Dkt. # 19. Extracontractual or punitive damages are not available under ERISA. *Bast v. Prudential Ins. Co. of Am.,* 150 F.3d 1003, 1009 (9th Cir.1998); *see also Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 144 (1985). As Defendants note, Plaintiff appears to be seeking a civil penalty under 29 U.S.C. § 1132(l).*See* Dkt. # 17. This provision authorizes the Secretary of Labor, not plan participants, to obtain civil penalties for a breach of fiduciary obligations. *Mertens v. Hewitt Associates,* 948 F.2d 607, 611 (9th Cir.1991). The Court therefore will dismiss the amended complaint to the extent that it seeks civil penalties under ERISA.

**\*4 IT IS ORDERED:**

1. Defendants' motion to dismiss (Dkt.# 17) is **granted in part and denied in part.**The motion is granted with respect to Plaintiff's claim for a civil penalty under ERISA and is denied in all other respects.

2. The Court will schedule a Rule 16 Case Management Conference by separate order.

D.Ariz.,2008.
Seckinger v. CNIC Health Solutions, Inc.
Slip Copy, 2008 WL 477880 (D.Ariz.)

END OF DOCUMENT