John M. Skeriotis, 0069263 (OH)
Jill A. Bautista, 0075560 (OH)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: 330-535-5711
Facsimile: 330-253-8601
Email: jskeriotis@brouse.com
Email: jbautista@brouse.com
*Admitted Pro hac vice*

Lawrence G. Scarborough, 006965
George C. Chen, 019704
BRYAN CAVE LLP, 00145700
Two N. Central Avenue, Suite 2200
Phoenix, AZ 85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
Email: lgscarborough@bryancave.com
Email: george.chen@bryancave.com

*Attorneys for Defendant*
*Midwest Industrial Supply, Inc.*

**UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**DEFENDANT/COUNTERCLAIM PLAINTIFF'S SETTLEMENT CONFERENCE MEMORANDUM** |

Dockets.Justia.com

Defendant/Counterclaim Plaintiff Midwest Industrial Supply, Inc. ("Defendant") hereby submits its Settlement Conference Memorandum pursuant to United States Magistrate Judge Lawrence O. Anderson's Settlement Conference Order ("Order"), ECF Docket No. 51, of December 14, 2007. The Order requires that each party prepare and exchange a Settlement Conference Memoranda at least "**five (5) business days before the Settlement Conference**" (12/14/2007 Order, ¶ 4, at p. 4.). The original Settlement Conference Memoranda is also to be delivered directly to the chambers of the U.S. Magistrate Judge or e-mailed to the Magistrate Judge's e-mail address at Anderson_chambers@azd.uscourts.gov (*Id.*, at p. 5.). Each Memorandum is to address the following:

    a.    A brief statement of the facts of the case.

    b.    A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded, including the citation to appropriate authorities; the reasonable damages allegedly incurred by Plaintiff and, if appropriate, Counterclaimant; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c.    A brief summary of the proceedings to date including rulings on motions and motions outstanding, if any.

    d.    An estimate of the costs and time to be expended for further discovery, pretrial and trial, including past and future attorneys' and experts' fees.

    e.    A brief statement of the facts and issues upon which the parties agree and disagree.

    f.    Whether there is/are any distinct or dominant issue(s) which, if resolved, would likely aid in the disposition of the case.

    g.    The relief sought.

    h.    Each party's position on settlement, including the amount that the Plaintiff is currently willing to accept and Defendant(s) is/are willing to offer and the history of past settlement discussions, offers and demands.

*(Id.,* at pp. 5-6.)

Defendant's Settlement Conference Memorandum generally follows the Order set forth by Magistrate Judge Lawrence O. Anderson.

### A. A Brief Statement of the Facts and Claims of the Case.

*Plaintiff's Claims*

Plaintiff Soilworks, LLC ("Plaintiff") filed a Complaint on September 7, 2006 alleging false representation under the Lanham Act, § 43(A); seeking a declaratory judgment under 28 U.S.C. § 2201; alleging a misappropriation of goodwill; alleging tortious interference with business relationship and expectancy and, alleging a violation of the Arizona common law and unfair competition (Complaint, ECF Docket No. 1.). Upon information and belief, Defendant believes that Plaintiff's causes of action primarily results from communications with a company p/k/a Polar Supply, Inc. by Defendant's CEO, Robert Vitale, and communications sent to Plaintiff regarding Plaintiff's soil stabilization product, known as Durasoil.

In or around July, 2006, Defendant was granted two U.S. Patents related to soil stabilization products. Defendant began certain marketing efforts related to the award of these patents by the U.S. Patent and Trademark Office. Pursuant to the publicly available information related to Plaintiff's Durasoil product, the undersigned counsel for Defendant sent a letter to Plaintiff's counsel seeking information as to the ingredients of Plaintiff's Durasoil product. Plaintiff's counsel responded *summarily* that Plaintiff's products do not infringe any of Defendant's recently issued patents, without specifying as to how or why there was no infringement. Plaintiff's counsel would not identify the ingredients of Plaintiff's product or otherwise state that, pursuant to the patents at issue, that Plaintiff's product did not include a certain element. The undersigned counsel responded to Plaintiff's conclusory statement that there was no infringement by seeking more information as to how or why there was no infringement. That was the end of the communication between counsel prior to the filing of this lawsuit.

3

While the communication between counsel was occurring, Defendant's CEO sent a letter to Polar Supply regarding Defendant's issued patents. Polar Supply purchases Plaintiff's Durasoil product and resells it via its location in Anchorage, Alaska. Upon information and belief, Polar Supply then requested indemnification for any possible patent infringement from Plaintiff. Pursuant to being a reseller of Plaintiff's Durasoil product, Polar Supply attempted to bid upon a job for the Alaska Department of Transportation. The Alaska Department of Transportation sought bids for a soil stabilization product. Defendant ultimately prevailed via in its bid for the above-mentioned Alaska Department of Transportation job. Pursuant to all of the above communications, Plaintiff instituted this action seeking a declaratory judgment, *inter alia*.

*Defendant's Counterclaims*

Defendant's counterclaims allege federal trademark infringement; violation of the Lanham Act regarding a false designation of origin and unfair competition; violation of the Lanham Act via false advertising; violation of the Arizona common law and unfair competition; and seeks a declaratory judgment regarding validity and infringement of U.S. Patent No. 7,081,720 and 7,074,266 ("Midwest Patents"). (*See* ECF Docket Nos. 16 and 35.)

Several of Defendant's counterclaims arise from Plaintiff's use of Midwest's federally registered trademarks via metatags used on their website. In essence, Plaintiff used Defendant's federally registered trademarks to attract those consumers looking for Defendant's products to their website and their products. Such trademark use is a trademark infringement of Defendant's marks. Under Ninth Circuit law, the use of a plaintiff's trademarks in the metatags of a defendant's website gives rise to a claim for trademark infringement. *See Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1061-65 (9th Cir.1999). In such cases, the use of another's trademarks in metatags results in "initial interest confusion" by diverting Internet users to the Plaintiff's website, thereby allowing Plaintiff to benefit from the goodwill that Defendant has developed in its marks.

*Id.* at 1062. Additionally, Plaintiff is using a recently-issued federal trademark in its advertising to promote its Durasoil product. More specifically, Plaintiff is using the mark SYNTHETIC ORGANIC DUST CONTROL AGENT ® to advertise its Durasoil product. Plaintiff is using Defendant's identical mark on identical types of products, *i.e.*, soil stabilization products. Furthermore, upon information and belief, Plaintiff is infringing one or more claims of the Midwest patents through the offering for sale, selling of its Durasoil product. Plaintiff's publicly available information indicates that Plaintiff's Durasoil product infringes the Midwest patents. Plaintiff also has committed false advertising by, among other things, indicating that it is a manufacturer of at least its Durasoil product, which it is not. Plaintiff has also made other false advertising information about the quality of its products, the content of its products, and the testing of its products, all to the detriment and only to compete with Defendant.

### B. A Brief Statement of the Defenses; Reasonable Damages Incurred by Defendant and Description of any Major Issues in Dispute.

Defendant's defense is simple. All of the aforementioned causes of action of Plaintiff have surrounded the issue of the communications with the entity f/k/a Polar Supply and a bid for the Alaska Department of Transportation. Defendant did not tortiously interfere with any of Plaintiff's potential business expectancies or relationships regarding the Alaska Department of Transportation. Simply put, Defendant's bid prevailed.

Regarding the declaration of patent invalidity and/or non-infringement, Plaintiff has cited no prior art that would invalidate Defendant's patents or otherwise shown any reason whatsoever for invalidity. With respect to non-infringement, Plaintiff's information provided to Defendant indicates that Plaintiff's product does not include a binder, which would not infringe the Midwest patents. Depositions of Plaintiff and other witnesses will shed more light on Plaintiff's product and its contents. Those depositions have not yet occurred but are scheduled for mid-March 2008. At this time, Defendant knows of no other factual allegation that would give rise to liability to Defendant regarding any of Plaintiff's

causes of action. It is Defendant's evaluation that it is likely to prevail on the above. Defendant's damages for the alleged violations of Plaintiff are a disgorgement of Plaintiff's profits for each and every sale of the Durasoil product as well as Defendant's lost profits due to its non-sale of its own soil stabilization products and any other remedies that are available by law. At this time, Defendant's total damages are unknown. Defendant knows of no "major issues" that are in dispute other than the ultimate issues in the case, *i.e.*, liability and damages.

### C. A Brief Summary of the Proceedings to Date.

There have been relatively few motions filed in this case. Defendant initially filed procedural motions, all of which have been resolved. There are no outstanding motions.

### D. Estimate of the Costs and Time to be Expended for Further Discovery, Pretrial and Trial, Including Past and Future Attorneys' and Experts' Fees.

Defendant believes that further discovery will cost approximately $40,000 - $80,000, pretrial and trial will yield another $100,000 - $200,000, which includes future attorneys' fees. Any expert fees are unknown at this time, but may yield an amount approximating $30,000. Past attorneys fees have amounted to approximately $70,000.

### E. A Brief Statement of the Facts and Issues Upon Which the Parties Agree and Disagree.

Defendant believes that the parties agree with respect to the facts alleged above as to the communications that have taken place between Midwest, Polar Supply, and Plaintiff. The parties disagree on the effect the communications have had on Plaintiff.

The parties disagree as to the validity of the Midwest Patents and the infringement/non-infringement thereof by Plaintiff's products.

Upon information and belief, Defendant believes that Plaintiff would agree that it has used Defendant's marks in their metatags. Furthermore, Defendant believes that Plaintiff would agree that Defendant has used at least the federally registered mark, "SYNTHETIC

ORGANIC DUST CONTROL AGENT." Defendant does not know any defenses that Plaintiff will or may have with respect to any of Defendant's trademarks.

The parties are also in disagreement as to whether Defendant is a manufacturer of any product. Defendant believes that the parties also disagree as to Plaintiff's position regarding statements about its products, testing, etc., as set forth above.

### F. Whether There is/are any Distinct or Dominant Issue(s) Which, if Resolved, Would Likely Aid in the Disposition of the Case.

Defendant knows of no issues that are so dominant that would render the case resolved or otherwise disposed.

### G. The Relief Sought.

Defendant is seeking its damages along with an injunction against Plaintiff's selling its Durasoil product, if it infringes, or otherwise altering its marketing materials, advertisements, etc., to correctly set forth Plaintiff's products and Plaintiff itself. Defendant is also seeking damages with respect to the alleged patent infringement, trademark infringement, and false advertising claims.

### H. Defendant's Position on Settlement.

Defendant has made a good faith settlement offer to Plaintiff that is attached hereto as Exhibit A. Plaintiff responded to this settlement offer and that communication is attached as Exhibit B. Pursuant to this Order, Defendant offered Plaintiff a less-attractive offer than its initial offer and Defendant's counsel rejected that offer and re-proposed the offer as listed in Exhibit A.[1]

//
//
//

---

[1] Defendant did not receive Plaintiff's demand letter until after the close of business day on Friday, February 15, 2008 and, as such, could not provide a response to Plaintiff's settlement demand until Wednesday, February 20, 2008.

BROUSE MCDOWELL

By /s/ John M. Skeriotis
    JOHN M. SKERIOTIS, 0069263 (OH)
    JILL A. BAUTISTA, 0075560 (OH)
    388 S. Main Street, Suite 500
    Akron, Ohio 44311-4407
    Telephone: 330-535-5711
    Facsimile: 330-253-8061
    Email: jskeriotis@brouse.com
    Email: jbautista@brouse.com
    *Attorneys for Defendant*
    *Midwest Industrial Supply, Inc.*

707261.1

# CERTIFICATE OF SERVICE

Pursuant to the Magistrate Judge's Order dated December 14, 2007, the undersigned certifies that this has been e-mailed to the Magistrate Judge's e-mail included in the order, Anderson_chambers@azd.uscourts.gov, and has been served via e-mail to Plaintiff's counsel on this 20th day of February, 2008:

>John P. Passarelli
>John.Passarelli@KutakRock.com
>E. Scott Dosek
>Scott.Dosek@KutakRock.com
>Kutak Rock LLP
>1650 Farnam Street
>Omaha, NE 68102
>Phone No.: (402) 231-8906
>Fax No.: (402) 346-1148
>*Counsel for Plaintiff Soilworks, LLC*

>/s/ John M. Skeriotis
>John M. Skeriotis
>*Counsel for Defendant*
>*Midwest Industrial Supply, Inc.*

707261.1





**BROUSE McDOWELL**
A LEGAL PROFESSIONAL ASSOCIATION

■ John M. Skeriotis

388 S. Main St., Suite 500
Akron, Ohio 44311-4407
Telephone: 330.535.5711
Facsimile: 330.253.8601
jms@brouse.com

Internet: www.brouse.com

November 30, 2007

John Passarelli, Esq.
E. Scott Dosek, Esq.
Kutak Rock LLP
1650 Farnam Street
Omaha, NE 68102

**FRE 408 SETTLEMENT DISCUSSIONS**
**ORIGINAL BY MAIL**
**VIA E-MAIL**
john.passarelli@kutakrock.com
scott.dosek@kutakrock.com

Re: Good Faith Settlement Offer
*Soilworks, LLC v. Midwest Industrial Supply, Inc.*
Case No. 2:06-CV-02141-DGC
Our Ref.: 21786.43708

Dear Scott and John:

Pursuant to the Court's Order regarding the deadline for engaging in good faith settlement negotiations, I am providing you with an offer of settlement regarding the above-captioned case.

As discussed with both of you, I have repeatedly requested an official, written settlement offer from Soilworks and, to date, I have received no such written settlement offer. I have written my concerns regarding the need for a written settlement offer in e-mails to both of you.

Notwithstanding the above, Midwest is willing to settle the above-captioned dispute with Soilworks on the following confidential terms and conditions. The following terms and conditions would be pursuant to a written settlement agreement that dismisses all causes of action, including counterclaims, *with prejudice* and both parties paying their own attorneys' fees.

Settlement Terms:

1. Soilworks shall immediately cease and desist from using/stating the following in all advertisements, promotional materials, etc., including, but not limited to, the World Wide Web:

    a. synthetic organic dust control agent;
    b. claims that it is a manufacturer;
    c. ultra pure;
    d. oil sheen free;
    e. environmental claims where no testing/data exists including, but not limited to environmental/aquatic toxicity.

2.  A financial settlement paid to Midwest of US $1 per gallon of Durasoil products sold to date.

3.  Acknowledgement that the Midwest patents-in-suit are valid and that Soilworks will take no action whatsoever seeking to invalidate the patents including, but not limited to, declaratory judgment proceedings, reexamination, or aiding any third party seeking to invalidate the Midwest patents-in-suit.

4.  Midwest will agree not to publicize anything indicating that the Durasoil product is an infringement of the Midwest patents-in-suit.

Please let me know your client's position with respect to the above settlement offer on, or before, Wednesday, December 5, 2007.

Very truly yours,

BROUSE MCDOWELL

*John M. Skeriotis*

John M. Skeriotis

JMS/cjn
699174.1

# EXHIBIT B

# KUTAK ROCK LLP

SUITE 300
8601 NORTH SCOTTSDALE ROAD
SCOTTSDALE, ARIZONA 85253-2742

480-429-5000
FACSIMILE 480-429-5001

www.kutakrock.com

ATLANTA
CHICAGO
DENVER
DES MOINES
FAYETTEVILLE
IRVINE
KANSAS CITY
LITTLE ROCK
LOS ANGELES
OKLAHOMA CITY
OMAHA
RICHMOND
WASHINGTON
WICHITA

E. SCOTT DOSEK
scott.dosek@kutakrock.com
(480) 429-7112

December 6, 2007

**VIA E-MAIL AND FIRST CLASS MAIL**
**JMS@BROUSE.COM**

John M. Skeriotis
Brouse McDowell, LPA
388 S. Main St., Suite 500
Akron, OH 44311-4407

    Re:    *Soilworks, LLC ("Soilworks") v. Midwest Industrial Supply, Inc. ("Midwest")*
            *Case No. 2:06-CV-02141-DGC*

Dear John:

    I have received your letter of November 30, 2007 (the "letter") regarding the above captioned matter and purporting to be a "Good Faith Settlement Offer". It has been forwarded to our client, and the appropriate representatives of Soilworks have had an opportunity to review it. The proposal as set forth in your Letter is rejected and, quite frankly, I do not believe it is a proposal which is made in good faith.

    As an initial matter you state in your Letter that you have received no written settlement offer from Soilworks. That statement is false. A written settlement offer was conveyed to you by email on Tuesday November 20th at 8:23 p.m. The offer contained in that written communication to you is withdrawn.

    We do not believe that the proposal set forth in your Letter constitutes a good faith settlement offer because it contains terms and seeks concessions on the part of Soilworks which are beyond any of Midwest's claims in the litigation and beyond what Midwest could achieve if it was 100% successful in the litigation.

4850-2545-6898.1

We continue to await production of your client's claims chart.

Sincerely,

E. Scott Dosek

/vja

cc: John Passarelli, Esq.
    Chad Falkenberg
    Dorian Falkenberg

4850-2545-6898.1