E. SCOTT DOSEK #012114
JOHN P. PASSARELLI #16018 (NE)
KUTAK ROCK LLP
Suite 300
8601 North Scottsdale Road
Scottsdale, AZ 85253-2742
Telephone: (480) 429-5000
Facsimile: (480) 429-5001

*Attorneys for Plaintiff*
*Soilworks, LLC, an Arizona corporation*

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>Plaintiff/Counterdefendant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>Defendant/Counterclaimant. | NO.: 2:06-CV-02141-DGC<br><br>**SOILWORKS, LLC'S RESPONSE IN OPPOSITION TO MIDWEST'S MOTION FOR ORDER** |

## I. INTRODUCTION

Defendant's Motion for Order and brief in support thereof ("Motion") should be denied because (i) it applies an incorrect standard of review under the Federal Rules of Civil Procedure, and (ii) it fails to show "good cause" as required under Rule 16 of the Federal Rules of Civil Procedure, the appropriate standard of review. When Defendant filed its Answer and Counterclaim ("Counterclaim") over one year ago on March 26, 2007, it was aware of the facts which support its unduly-delayed Motion to assert a trademark infringement claim arising from the mark "synthetic organic dust control" ("Mark").

Defendant has failed to present any evidence that it diligently has sought to amend its Counterclaim once it became aware of the facts which form the basis of the Motion. On this basis alone the Court should deny its Motion.

4829-7623-4754.1

## II. ARGUMENT

### A. The Court Must Address Defendant's Motion Under Federal Rule of Civil Procedure 16 and Not Rule 15

Defendant asserts that this Court should review its Motion under Federal Rule of Civil Procedure 15(a)(2). *See* Defendant's Brief at 3. Defendant cites to *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) as support. *Ascon*, while correct in its affirming the district court's denial of Ascon's request for leave to amend, is not applicable to the case before this Court. The law of Ninth Circuit unequivocally states that, under the facts of this case, the correct standard of review is under the more stringent "good cause" standard set forth in Fed. R. Civ. P. 16. Defendant's analysis must be disregarded.

"Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings. In this case, however, the district court correctly found that it should address the issue under Federal Rule of Civil Procedure 16 because it had *filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired* before Jeney, Gentile, and Coleman moved to amend." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (emphasis added); *See also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) ("Rule 15 does not provide the standards by which we consider Johnson's motion to amend . . . Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled"); *See also AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006) (failure to amend pleadings prior to the deadline set forth in the scheduling order requires analysis under Fed. R. Civ. P. 16); *See also Adams v. Cal. Dept. of Health Services*, No. 05-56857, 2007WL464741, at #1 (9th Cir. Feb. 07, 2007) (court held failure to amend pleadings prior to the deadline set forth in the scheduling order requires analysis under Fed. R. Civ. P. 16).

This case is no different. On May 10, 2007, this Court filed its Case Management Order ("Scheduling Order") "pursuant to Rule 16(b) of the Federal Rules of Civil Procedure." *See* Case Management Order at 1. The scheduling order established a July 10, 2007 deadline for amending the pleadings in this case. Defendant's Motion was filed on March 26, 2008, eight and one-half months after this Court's deadline expired. Defendant's

Rule 15(a)(2) analysis (set forth on pages 3 through 7 of Defendant's Motion) should be ignored because it applies the wrong standard.

### B. Federal Rule of Civil Procedure 16 Requires the Movant to Show "Good Cause" for Granting Its Motion

"Under Rule 16(b), [a moving party] must show good cause for not having amended their complaint[] before the time specified in the scheduling order expired." *Id. See also Johnson*, 975 F.2d at 608-09. The "good cause" standard is "more stringent" than the showing required under Fed. R. Civ. P. 15. *See AmerisourceBergen Corp.*, 465 F.3d at 952 ("[H]is tardy motion had to satisfy the *more stringent* 'good cause' showing required under Rule 16"). This standard "primarily considers the diligence of the party seeking the amendment." *Coleman*, 232 F.3d at 1294. If the moving party "ha[s] failed to show diligence, 'the inquiry should end.'" *Coleman*, 232 F.3d at 1295. A showing of "prejudice to [the non-moving party], [is] not required." *Id*.

### C. Defendant's Motion Fails To Show "Good Cause" Because Defendant Misplaces its Focus on Plaintiff, its Misunderstanding of Trademark Law Is No Excuse for Delay, and it Was In Possession of All The Facts Necessary To File its Motion on March 26, 2007

#### 1. Defendant Mistakenly Focuses its Motion on Plaintiff

Defendant has failed to show "good cause." Indeed, Defendant's Motion lacks any evidence of diligence on its part. Defendant's Motion, in large part, ignores its own actions with regard to its failure to amend its Counterclaim before the expiration of time specified in the Scheduling Order. Instead, the Motion mistakenly focuses its attention on Plaintiff.

While the "good cause" standard examines only the diligence of Defendant, Defendant tries to show this Court that *Plaintiff* must have known that the Mark was a part of the defined term Midwest's Marks because of settlement correspondence, an Interrogatory Response and a deposition taken on February 19, 2008. Yet, Defendant's own Motion concedes that, during Defendant's deposition of Mr. Vitale on February 19, 2008, "Plaintiff…asserted that the mark 'synthetic organic dust control' is *not* in the instant case."[1]

---

[1] Defendant also argues that Plaintiff would not be prejudiced by the Court's granting of Defendant's Motion. Defendant's argument turns the issue of prejudice on its head by urging that, since Mr. Vitale was questioned during his deposition about the non-existence of "synthetic organic dust control" as a Mark in the case, and he admitted that it wasn't; and that therefore he was not further questioned on the topic that Plaintiffs were not prejudiced.

Defendant's Brief at 4 (emphasis added). Defendant cannot, in good faith, assert that Plaintiff understood the Mark to be included in the defined term Midwest's Marks when, by Defendant's own admission, Plaintiff believed otherwise as recently as February 19, 2008. Again, the standard under Rule 16 "primarily considers the diligence of the party seeking the amendment" and not Plaintiff. However, even if this Court were to ignore this rule, Plaintiff knew that the Mark was "not in the instant case." To grant Defendant's Motion would cause Plaintiff severe prejudice.

**2. Defendant's Ignorance of Trademark Law Is Not Evidence of "Good Cause"**

Defendant's ignorance of fundamental legal principles does not demonstrate diligence on the part of Defendant sufficient to show "good cause."

Defendant's Counterclaim explicitly asserts that Plaintiff has infringed upon "Midwest's Marks," a clearly defined term in the Complaint. And, despite alleging that it has a trademark in "synthetic organic dust control" (in the very next paragraph), Defendant made no claim in its Counterclaim that Plaintiff has, in any way, infringed upon the Mark despite the fact that no new facts have come to light since the Counterclaim was filed, but one: the federal registration of the Mark. Now, one year after filing its Counterclaim, and eight and one-half months after the Scheduling Order's deadline for amending, Defendant makes the curious assertion it could not have filed a trademark infringement claim for this term any sooner.

Indeed, there has been no change in circumstances regarding the basis for Defendant's allegations of infringement against Plaintiff other than its federal registration of the Mark (the validity of which Plaintiff does not concede) on December 7, 2007. Defendant has known the facts giving rise to its Motion since the inception of this lawsuit. But, Defendant contends it was prevented from including the Mark in its Lanham Act infringement action (or from asserting any other potential state, federal or common law cause of action) because the Mark lacked federal registration.

"Defendant could not have asserted a cause of action for federal trademark infringement for this trademark before it was registered." Defendant's Brief at 5. "Defendant did not have standing to assert a claim for trademark infringement of . . .

'synthetic organic dust control' until they received confirmation of the registration." *Id.* "Because Defendant's trademark 'synthetic organic dust control' was not registered when it filed its answer, Defendant did not include the trademark in its counterclaim for trademark infringement." *Id.* at 6. Defendant misunderstands a fundamental principle of trademark law.

The Lanham Act does not require registration to bring a trademark infringement claim under Section 43(a). Section 43(a) of the Lanham Act provides, in pertinent part, the following:

> Any person who . . . uses in commerce any word, term, name, . . . or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, . . . or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. 1125(a).

Indeed, the United States Supreme Court unequivocally holds that "it is common ground that § 43(a) [of the Lanham Act] protects qualifying unregistered trademarks." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992); *See also Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999) ("[S]ection 43(a)(1) of the Lanham Act . . . applies to both registered and unregistered trademarks"). Even this Court recently held that the "purpose of section 43(a) is to protect persons against unfair competition through misleading and deceptive uses of an unregistered trademark or trade dress." *Ultimate Creations, Inc. v. THQ Inc.*, No. CV-05-1134-PHX-SMM, 2008 WL 215827 at *5 (D. Ariz. Jan. 24, 2008).

Defendant's failure to understand the law is no excuse and should not be considered "good cause" under Fed. R. Civ. P. 16. "It is well settled that 'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect.'" *Reynolds v. Wagner*, 121 F.3d 716 at *2 (9th Cir. 1997); *See also Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994); *See also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 392 (1993). Even if such an excuse were acceptable, Defendant received registration for the Mark on December 7, 2007—three and one-half

months ago. Defendant proffers no explanation for this delay other than Plaintiff should have known this Mark was now a part of its Counterclaim. Defendant's Motion should be denied.

### 3. Defendant Has Discovered No New Facts Since Filing Its March 26, 2007 Counterclaim Which Would Show Good Cause

Defendant's Motion presents no new facts discovered by Defendant which would explain its inexcusable delay for the Motion. A "district court properly exercise[s] its discretion in denying [a] motion to amend [when the movant] delayed attempting to amend her complaint until more than three months after the deadline set by the district court, *although she discovered facts giving rise to the potential amendment more than two months before that deadline.*" *Adams*, 2007 WL 464741 at *1 (emphasis added) (Court held, based upon this showing, the movant "failed to show good cause for her failure to comply with the district court's scheduling order under Federal Rule of Civil Procedure 16").

In *Coleman*, the moving party failed to move to amend its complaint, despite having knowledge of the facts which form the basis for its amendment well in advance of filing its motion and after the deadline set forth in the scheduling order. *Coleman*, 232 F.3d at 1294-1295. Again, the Ninth Circuit affirmed the district court's denial of a motion to amend based solely on Defendant's inexplicable delay.

Here, Defendant has known of the facts which give rise to its Motion from the time it filed its Counterclaim on March 26, 2007. Yet it has waited an entire year to file its Motion. Defendant has no excuse for failing to amend prior to the deadline set forth in the Scheduling Order. Its proffered excuse for delay is based upon a fundamental misread of the law of the Lanham Act, the Supreme Court, the Ninth Circuit and the Federal District Court of Arizona. Defendant's mistake is not, and cannot be found to be, "good cause." The Motion should be denied.

### III. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court deny Defendant's Motion.

Respectfully submitted this 14th day of April, 2008.

        KUTAK ROCK LLP


        By /s/
         E. Scott Dosek
         John P. Passarelli
         Suite 300
         8601 North Scottsdale Road
         Scottsdale, AZ  85253-2742

        *Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2008 the foregoing Response in Opposition to Defendant's Motion for Order was filed electronically and was served electronically upon the following:

John M. Skeriotis  #0069263 (OH)
Jill A. Grinham  #075560 (OH)
Brouse Mcdowell
388 S. Main Street
Suite 500
Akron, OH  44311-4407

Jill Anne Grinham jgrinham@brouse.com
John M Skeriotis jms@brouse.com

*Attorneys for Defendant Midwest Industrial Supply, Inc.*

                                      /s/
                                  Valerie J. Armstrong