# Issued by the
# UNITED STATES DISTRICT COURT

| Northern | DISTRICT OF | Texas |

Soilworks, LLC

V.

Midwest Industrial, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  2:06-cv-02141 (D. Arizona)

TO: Ribelin Sales, Inc.
3857 Miller Park Dr.
Garland, TX 75042
Attn: Authorized Corporate Representative

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
(PLEASE SEE ATTACHED DOCUMENT LIST)

| PLACE  Bombet, Cashio & Bombet
1601 Monterrey Drive, Garland, TX 75042 | DATE AND TIME
4/30/2008 10:00 am |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Jill Bautista/ Attorney for Midwest Industrial | 4-09-08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jill Bautista, Brouse McDowell, 1001 Lakeside Avenue, Suite 1600, Cleveland, Ohio 44114
216-830-6830

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT TO SUBPOENA

Pursuant to Federal Rule of Civil Procedure 45, Midwest Industrial Supply, Inc. requests that your company produce for inspection and copying the documents described below.

## INSTRUCTIONS

1. In producing documents pursuant to these requests, you are required to furnish all documents in your company's possession, custody or control, regardless of whether those documents are possessed by you or by any agent, investigator, board, supervisor, overseer, consultant, contractor, employee, attorney, or other representative of yourself. You must undertake a diligent search of your records (including but not limited to paper records, computerized records, and electronic mail records) and of all other documents in your possession, custody, or control.

2. With respect to each document requested to be produced and which has not been so produced on the ground of any alleged privilege or immunity or other objection, identify each such document by specifying: (a) the name, position, and title of the author; (b) name, position, and title of the addressee or recipient; (c) date, subject matter, and number of pages, attachments, or appendices; (d) all persons to whom the document was distributed, shown, or explained; (e) present custodian; and (f) the nature and basis of your claim of alleged privilege or immunity or other objection with respect thereto.

3. With respect to each document requested to be produced and which has not been so produced on the ground that it has been lost or destroyed, identify each such document by specifying: (a) the name, position, and title of the author; (b) name,

position, and title of the addressee or recipient; (c) date, subject matter, and number of pages, attachments, or appendices; (d) all persons to whom the document was distributed, shown, or explained; (e) last custodian; and (f) the circumstances that caused it to be lost or destroyed.

4. These requests for production of documents are continuing in nature and require prompt supplementary responses if you obtain additional or different information after serving the responses required herein.

## DEFINITIONS

A. "You" or "your company" means your company and its officers, directors, members, partners, employees, agents, affiliates, direct or indirect parents, subsidiaries, divisions, sister companies, and representatives.

B. "Soilworks" means Soilworks, LLC, which maintains its principal place of business at 681 North Monterey Street, Suite 101, Gilbert, Arizona 85233, and its officers, directors, members, partners, employees, agents, affiliates, direct or indirect parents, subsidiaries, divisions, sister companies, and representatives.

C. "Soilworks' Products" means any product(s) manufactured, distributed, marketed, promoted and/or sold by Soilworks, including (but not limited to) Durasoil®.

D. Product Information means any documents that relate to a substance(s) manufactured, distributed, marketed, promoted, and/or sold by your company, including (but not limited to) literature, brochures, pamphlets, manuals, user's guides or instructions, technical bulletins, chemical formula sheets, Material Safety Data Sheets (MSDS), performance information, and documents concerning ecological, environmental or human health information about the substance. Product Information also includes any

information supporting, evaluating, or discussing whether or not the substance is synthetic.

E. The term "document" shall be construed in the broadest possible sense and shall include, without limitation, any written, electronic, recorded or graphic matter, however reproduced, including, but not by way of limitation, any statement contained in books, records, memoranda, agreements, communications (including intra-company communications), e-mail, blackberry or other wireless devices, invoices, reports, correspondence, telegrams, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, and diaries; statistical statements, graphs, notebooks, charts, forecasts, projections, drawings, minutes or records of meetings or conferences, reports and/or summaries or investigations, opinions of counsel, consultants, investigators or others; brochures, pamphlets, advertisements, circulars, trade letters, press releases, proposals; original or preliminary notes, drafts of any document and marginal comments appearing on any document; notes, papers and any other writings, whether originals or copies, formal or informal, of any nature, kind or description; and any other physical objects, including without limitation photographs and recordings, on or in which is recorded any information. A draft or non-identical copy is a separate document within the meaning of this term.

F. "Communications" means any inquiry, discussion, conversation, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, note, e-mail, voicemail, or any other form of oral or written intercourse or memorialization of that intercourse.

G.   The terms "related," "relating to," and regarding mean not only the document or communication that constitutes or contains the subject matter, but also any other document or communication summarizing, digesting, referring to, referencing, commenting on, mentioning, describing, listing, analyzing, studying, or otherwise discussing or indicating the existence of in any way the subject matter addressed by the request.

H.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as needed to bring within the scope of this request any document that might otherwise be construed as outside of the scope.

I.   The singular form of a word shall be interpreted as plural and vice versa, where appropriate.

J.   All terms not expressly defined herein should be given their ordinary and usual meaning, and shall be construed in the broadest possible in order bring within the scope of the request any document that might otherwise be construed as outside of the scope of the request.

## REQUESTED DOCUMENTS

1. All documents related to Soilworks and/or Soilworks' Products.

2. All documents related to any communications between Soilworks and your company.

3. All documents related to any substance(s) that your company has sold, offered to sell, promoted, marketed, and/or distributed Soilworks, including (but not limited to) Product Information for the substance(s).

4. All Product Information for the substances with the following Chemical Abstract Service ("CAS") numbers:
      a.    CAS # 8042-47-5
      b.    CAS # 64742-55-8
      c.    CAS # 64742-46-7

# Bombet, Cashio & Associates
800-256-5333

Baton Rouge, LA - 11220 N. Harrell's Ferry Rd., Baton Rouge, LA 7081(
New Orleans, LA - Bombet, Cashio & Vara, 5020 Trenton St., Metairie, LA 7000(
Lafayette, LA - Bombet, Cashio & Assoc, 207 S. William Dr., Lafayette, LA 7050(
Dallas, TX - Bombet, Cashio & Bombet, 1601 Monterrey, Garland, TX 7504:

## Nationwide Investigations & Process Service

## Affidavit of Process Server

__United States District Court – Northern District of Texas__
(NAME OF COURT)

Soilworks, LLC vs Midwest Industrial Supply, Inc.     2:06-cv-02141.
PLAINTIFF/PETITIONER    DEFENDANT/RESPONDENT    CASE NUMBER

I, __Richard Bombet__, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

Service: I served __Riabelin Sales, Inc.__
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) __Subpoena__

by leaving with __Ron Carlson__     __Vice President and COO of Rebelin Sales, Inc.__ At
NAME     RELATIONSHIP

☐ Residence
☒ Business    __3857 Miller Park Drive__     __Garland, TX__
ADDRESS     CITY / STATE

On __4/10/2008__ AT __1:08PM__
DATE     TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
DATE
from _____
CITY    STATE    ZIP

Manner of Service:
☒ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):
☐ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Service Cancelled by Litigant   ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist   ☐ Other_____

Service Attempts: Service was attempted on: (1) __4/10/2008   1:08PM__ (2)_____
DATE    TIME    DATE    TIME
(3)_____ (4)_____ (5)_____
DATE   TIME    DATE   TIME    DATE   TIME

Description: Age __50-60__ Sex __M__ Race __W__ Height __6'3"__ Weight __210__ Hair __Brn__ Beard __N__ Glasses __N__

SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this __10th__ day of __April__, 2008.

SIGNATURE OF NOTARY PUBLIC

T. CAFFEL
My Commission Expires
November 12, 2010