E. SCOTT DOSEK #012114
JOHN P. PASSARELLI #16018 (NE)
KUTAK ROCK LLP
Suite 300
8601 North Scottsdale Road
Scottsdale, AZ 85253-2742
(480) 429-5000
Facsimile: (480) 429-5001

*Attorneys for Plaintiff*
*SOILWORKS, LLC, an Arizona corporation*

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**PLAINTIFF'S STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

Pursuant to LRCiv 56.1 Plaintiff Soilworks submits its Statement of Facts in support of its Motion for Summary Judgment as follow:

1. Soilworks distributes (among other products) a dust control product named Durasoil. (*See* Volumes I and II of Deposition Transcripts of Chad Falkenberg ("CF depo") **filed under seal** as **Exhibit 1** at 302:17-22).

2. Midwest distributes dust control products as well, some of which embody two United States Patents, Nos. 7,081,270 (the "'270 Patent") and 7,074,266 (the "'266 Patent") (collectively, hereinafter referred to as the "Midwest Patents") (*See* **Exhibits 2 and 3**).

3. It is undisputed that Soilworks and Midwest are competitors. *See* Midwest

4822-1516-8514.2

30 (b)(6) deposition transcript **filed under seal** as **Exhibit 4** at 35:14-36:4.

4. On June 8, 2006, prior to the date of issuance of the Midwest Patents, Midwest's outside counsel sent a letter to counsel for Soilworks (June 8th Letter) asserting, among other things, that Midwest "fe[lt] that at least some of the claims in [our] two patent applications cited above could potentially affect your client's ability to make, use and sell Durasoil in the future . . . While no legal actions are contemplated by Midwest at this time, we ask you to kindly review the claims in the Applications, which are enclosed herewith . . ." *See* **Exhibit 5**.

5. Midwest admits that it had not performed any tests to determine whether the Durasoil product infringed the Midwest Patents prior to its June 8th Letter. *See* **Exhibit 4** at 37:10-25-38:1-3.

6. Midwest admits it drew no conclusions from its testing of the Durasoil Product. *See* **Exhibit 4** at 38:14-21.

7. On July 27, 2006, just two days after the latter issuance of the Midwest Patents, Midwest sent a letter to Soilworks' client, Polar Supply Company, Inc. ("Polar Supply") ("July 27th Letter"). *See* **Exhibit 6.**

8. Again, at the time it sent the July 27th Letter, Midwest had not performed any infringement analysis which compared Durasoil to the Midwest Patents, and drew no conclusions from its general analysis of the product. *See* **Exhibit 4** at 37:10-38:3.

9. Midwest informed Polar Supply that "[t]he granting of the U.S. patent now allows Midwest to pursue those who make, use, **sell, offer for sale**, and / or import knock-off or imitators of EK35 or Envirokleen." (Id.) (Emphasis in original). *See* **Exhibit 6.**

10. Then, Midwest specifically referred to Soilworks' allegedly infringing conduct:

> We have appraised (sic) Soilworks LLC, 681 N Monterey Street, Gilbert, AZ 85233 of this patent and to date have not received a substantive response. As you may or may not be aware, U.S. patent law requires that a response be received by the patent owner **when someone has been accused of infringement**. *See* **Exhibit 6.**

11. In addition to these direct threats, Midwest made general claims to the trade of Soilworks' infringement. ("Marketing Materials"). *See* **Exhibit 7.**

12. In its Marketing Materials, Midwest provided product literature entitled "Compare Midwest and Envirokleen to the Competition." (*Id*.)

13. Again, Midwest specifically addressed Soilworks as an imitator of its products. "**Soilworks, LLC is an imitator** of synthetic organic dust suppressant technology." (*Id.*)

14. In its promotional materials, Midwest further states that competitors, like Soilworks, are either not supplying synthetic organic dust control product or they are infringing:

> Others claiming to offer products similar to EnviroKleen [and] EK35 are either not supplying Synthetic Organic Dust Control or are infringing on Midwest Industrial Supply's patents. The granting of the U.S. Patent now allows Midwest to pursue those who make, use, sell, offer for sale and/or import knock-off or imitators infringing Midwest's technology. *See* **Exhibit 8.**

15. Soilworks manufactures Durasoil at its facility in Gilbert, Arizona, blending and mixing ingredients to meet the specific needs of its customers. *See* **Exhibit 1** at 165:1-16; 173:17-18; 235:5-11

16. As a result, the Durasoil product can contain varying levels of viscosities and mixture ratios. *Id.* at 165:17-166:6.

17. The Material Safety Data Sheet ("MSDS") for Durasoil describes the ingredients as a "complex mixture of severely hydrotreated, branched alkanes and alkylated saturated ring compounds" and "proprietary ingredients." *See* **Exhibit 9**.

18. The proprietary ingredients include any one or combination of the following: (i) white mineral oil, (ii) hydrotreated light paraffinic petroleum distillates, and/or (iii) hydrotreated middle petroleum distillates. ***See* Exhibit 10 filed under sealed (i.e. September 18, 2007 "CONFIDENTIAL" ingredients).**

19. Midwest is the owner of two United States Patents, Nos. 7,081,270 (the "'270

1 Patent") and 7,074,266 (the "'266 Patent") (See **Exhibits 2 and 3**).

20. Essentially, the '266 Patent references a compound and the '270 Patent references a method of process for application of the compound described in the '266 Patent. (***Id.***)

21. Pursuant to their claims, both Midwest Patents must consist of or refer to essentially of the following substances: (a) a binder consisting essentially of a carboxylic acid, an ester, or a thermoplastic polyolefin; and, (b) a synthetic isoalkane. (***Id.***).

22. In Count III of its Counterclaim, Midwest seeks Declaratory Judgment that the Midwest Patents are valid and infringed by Soilworks' Durasoil product. (*See* **Midwest's Answer and Counterclaim already e-filed with the Court on March 26, 2007**; *see also* **Exhibit 4** at 42:2-3).

23. In its pleadings, Midwest identifies the "marks" at issue in this case. Those "marks" are: Soil-Sement®, Envirokleen®, EK35®, Road Oyl®, Road ProNT®, Haul Road Dust Control®, Dustfyghter®, and Diamond Dr®, Arena Rx®, Base-Bldr®, and ROAD-BLDR®. (***See* Midwest's Answer and Counterclaim at p. 6, ¶ 7.**)

24. In addition to its claim of patent infringement of the Midwest Patents, Midwest asserts that Soilworks has infringed upon the Midwest Marks by (i) "embark[ing] on a scheme to trade upon and injure the substantial goodwill and reputation" of Midwest and (ii) us[ing] Midwest's Marks in commerce to divert sales and goodwill from Midwest." (*See* **Midwest's Answer and Counterclaim at p.7, ¶ 13**)

25. Instead, as best can be gleaned from the record, Midwest's Lanham Act claims arise from the following five (5) statements:

- Soilworks, LLC is the innovator and manufacturer of Soiltac soil stabilizer and dust control agent; *See* **Exhibit 4** at 68:6-10.

- Soilworks, LLC is the innovator and manufacturer of Gorilla-Snot soil stabilizer and dust control agent; *Id.*

- Soilworks, LLC is the innovator and manufacturer of Durasoil dust control agent." *Id.*

- Durasoil is an "ultra-pure, synthetic organic fluid [] formulated to meet the highest standards of environmental efficacy" (*See* **Exhibit 4** at 73:1-18)

- Durasoil is "Oil-Sheen Free (No Rainbow Effect)" (*See* **Exhibit 4** at 76:9-23)

(collectively, the "Alleged False Statements")

26. Midwest has failed to produce any evidence that Soilworks has used in commerce any of the Midwest Marks. *See* **Exhibit 4** at 64:7-67:8.

27. In fact, it concedes that none of the Midwest Marks have been infringed. *See* **Exhibit 4** at 64:10-13.

28. Indeed, it admits no confusion exists. *See* **Exhibit 4** at 66:10-23.

29. Central to Midwest's false advertising claim is Soilworks statement that it is a "manufacturer" of the Durasoil, Soiltac and Gorilla-Snot products. *See* **Exhibit 11**

30. Midwest's claim of falsity is based upon Midwest's conclusory statement that because of Midwest's "location and knowledge of [Soilworks] by [Midwest's] representatives" Soilworks manufactures "no product whatsoever." *See* **Exhibit 12** Midwest Responses to Second Set of Interrogs. at 8.

31. In fact, the record demonstrates that Soilworks is, indeed a manufacturer of Durasoil (*See* **Exhibit 1** at 165:1-16;173:17-24, 234:20-23, 235:5-11; 238:4-8, 302:17-22;).

Q. Is Soilworks a manufacturer of Durasoil?

A. I believe us to be.

Q. And we have gone over that, you believe you are a manufacturer because at times you blend Durasoil, correct?

A. I think that's the primary reason.

32. Furthermore, by Midwest's own definition of "manufacture", Soilworks manufactures the Durasoil, Surtac, Soiltac and Gorilla-Snot products. Midwest agrees that when a company blends, forms or creates a formula and mixes the components together, it is a "manufacturer." *See* **Exhibit 4** at 115:4-8.

33. Indeed, Midwest believes the term "blender" and "manufacturer" can be used

interchangeably. *See* **Exhibit 4**. at 115:9-11.

34. In addition, Midwest states that when a company provides a product specification to a supplier and the supplier meets the product specification, that company that provides that specification should also be considered a manufacturer. *See* **Exhibit 4** at 69:20-25-70:1-5.

35. In essence, Midwest considers a company to be a "manufacturer" so long as the company is not purchasing an "off-the-shelf product . . . that is now just being re-labeled." *Id.* at 69:4-18.

36. Soilworks mixes and blends the Durasoil, Surtac, Soiltac and Gorilla-Snot products. [*See* Deposition Transcript of Dorian Falkenberg **filed under seal** as **Exhibit 13** at 31:1-5.

37. Also, Soilworks provides product specifications for the Soiltac, Durasoil and Gorilla-Snot products to certain suppliers, who meet those product specifications. *Id.* at 31:1-11.

38. Midwest admits no deception has occurred. *See* **Exhibit 4** at 66:10-23.

39. Instead, Midwest makes only conclusory and unsupported allegations that it has lost business from the Alaska Department of Transportation, the US Military, and a "project in Hawaii" as a result of "Soilworks' conduct." *See* 30(b)(6) Depo.. *See* **Exhibit 4** at 61:4-18.

40. In addition, Midwest alleges that Petro-Canada terminated a supply agreement with Midwest based upon Petro-Canada's "general displeasure" with the "volume of product that [Midwest] has bought from them." *See* **Exhibit 4** at 62:10-25-63:1-16.

41. However, Petro-Canada continues to be a "large supplier" of products to Midwest. *See* **Exhibit 4** at 75:16-18.

42. Midwest admits that Petro-Canada terminated its supply agreement with Midwest because Midwest "ha[s]n't purchased the volumes that [it] had projected." *See* **Exhibit 4** at 63:5-13**.**

43. Midwest claims this is the result of Soilworks' conduct "if they infringe the

patent or if they are falsely advertising and diverting and/or winning business that they otherwise would not be able to get, then that has caused us harm." *See* **Exhibit 4** at 63:17-23.

44. As already stated, Midwest has not presented any evidence of a likelihood of confusion. Furthermore, Midwest makes no claim of ownership to the terms "oil-sheen free" and "ultra-pure." *See* **Exhibit** 4 at 73:1-18.

45. The Midwest Patents' Claims require the presence of organic acids (i.e. carboxylic and fatty acids). *See* **Exhibit 14**.

46. The paraffinic components of the Durasoil product are non-acidic, that is, it does not contain an organic acid. *Id.*

47. The Midwest Patents' Claims require the presence of an emulsifier. *Id.*

48. Soilworks' Durasoil product does not contain an emulsifier. *Id.*

49. The Midwest Patents' claims require the presence of a synthetic iso-alkane.

50. Durasoil does not contain any synthetic iso-alkanes. *Id.*

51. The Midwest Patents' Claims require the presence of a polyolefin to be used as a binder. *Id.*

52. The Durasoil product does not utilize any polymeric materials or a binder. *Id.. See* **Exhibit 1** at 162:5-9, 173:25-174:1-5, 207:9-11); *see also* **Exhibit 14**

53. Soilworks' Durasoil product does not contain any substances substantially similar to a synthetic isoalkane, a binder, carboxylic acid or a thermoplastic polyolefin as taught in the claims of the Midwest Patents. ***Id.***

/ / /

/ / /

Dated this 9th day of May, 2008.

KUTAK ROCK LLP

By  /s E. Scott Dosek
E. Scott Dosek
John P. Passarelli *(Pro Hac Vice)*
Suite 300
8601 North Scottsdale road
Scottsdale, AZ  85253-2742

*Attorneys for Plaintiff*

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2008, the foregoing Plaintiff's Statement of Facts in Support of its Motion for Summary Judgment by Soilworks, LLC was filed electronically. Notice of this filing will be sent to all parties by operations of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s
Amy S. Fletcher