E. SCOTT DOSEK #012114
JOHN P. PASSARELLI #16018
KUTAK ROCK LLP
Suite 300
8601 North Scottsdale Road
Scottsdale, AZ 85253-2742
(480) 429-5000
Facsimile: (480) 429-5001

*Attorneys for Plaintiff*
SOILWORKS, LLC, an Arizona corporation

UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>  Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>  Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**SOILWORKS, LLC'S ANSWERS TO MIDWEST INDUSTRIAL SUPPLY, INC.'S FIRST SET OF INTERROGATORIES** |

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff, Soilworks, LLC **("Soilworks")** hereby responds to Defendant Midwest Industrial Supply, Inc.'s **("Midwest")** First Set of Interrogatories, dated May 22, 2007.

**GENERAL STATEMENTS**

1. Soilworks incorporates by reference each and every general objection set forth below into each and every specific response. From time to time a specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response.

4821-0265-5745.1

2. Soilworks' responses to Defendant's Interrogatories and Document Requests are made to the best of Soilworks' present knowledge, information and belief. Soilworks reserves the right to supplement and amend these responses should future investigation indicate that such supplementation or amendment is necessary. The following responses and objections are given without prejudice to Soilworks' right to revise its responses based upon any subsequent investigation.

3. By responding to Midwest's Interrogatories and Document Requests, Soilworks does not waive any objection that may be applicable to: (a) the use, for any purpose, by Midwest of any information or documents given in this response to Midwest's Interrogatories and Document Requests; or (b) the admissibility, relevancy or materiality of any of the information or documents at issue in this case.

## GENERAL OBJECTIONS

1. Soilworks objects to the noticed date for the response. Due to the length and number of discovery requests and the volume of requested materials, Soilworks cannot possibly respond within 30 days. Soilworks will produce responsive information on a rolling basis.

2. Soilworks objects to each and every Interrogatory and Document Request to the extent that it is inconsistent or seeks to impose duties or obligations on Soilworks beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, or the Individual Rules of the Judge hearing this matter.

3. Soilworks objects to each and every Interrogatory and Document Request insofar it is vague, ambiguous, indefinite, overly broad, unduly burdensome, duplicative, cumulative, unintelligible or otherwise unclear as to the precise information sought. Soilworks objects on this basis particularly when the Interrogatory or Document Request is unduly burdensome in view of the cost necessary to investigate weighed against Midwest's need for the information.

4. Soilworks objects to each and every Interrogatory and Document Request to the extent that it seeks information that is neither relevant to any claim or defense in this

action nor reasonably calculated to lead to the discovery of admissible evidence.

5. Soilworks objects to each and every Interrogatory and Document Request as overly broad and unduly burdensome to the extent that it seeks information about Soilworks products that are not accused of infringement. Soilworks will only provide materials and information on its products and services that are actually accused of infringing the two Midwest Patents identified in the Counterclaims.

6. Soilworks objects to each and every Interrogatory and Document Request as overbroad in geographic scope to the extent that it seeks discovery on activities outside the United States. Unless otherwise stated, Soilworks will interpret each Interrogatory and Document Request to be limited to activities in the United States.

7. Soilworks objects to each and every Interrogatory and Document Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine, joint-defense privilege, common-interest privilege, or any other applicable law, privilege, protection, or doctrine (collectively "privileged information"). The production of any privileged information or document by Soilworks (beyond production of opinions relied upon) is unintentional, and Soilworks does not intend to waive any applicable objection or privilege as a result of such production. The scope of any waiver of privilege related to production of opinions of counsel shall be as narrow as permitted by law.

8. Soilworks objects to each and every Interrogatory and Document Request to the extent it requires Soilworks to search for and reveal privileged information from its and its attorneys' litigation files pertaining to this lawsuit. Soilworks will not schedule on its privilege log any attorney-client privileged materials or materials protected by the attorney work product doctrine created during the course of any ongoing Soilworks/Midwest litigation.

9. Soilworks objects to each and every Interrogatory and Document Request as unduly burdensome and oppressive to the extent that it purports to require Soilworks to search its facilities and inquire of Soilworks' employees other than those facilities and employees that would reasonably be expected to have responsive information. Soilworks'

responses are based upon (1) a reasonable search, given the time allotted to Soilworks to respond to the interrogatories, of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Soilworks' employees and/or representatives who could reasonably be expected to possess responsive information.

10. Soilworks objects to each and every Interrogatory and Document Request to the extent that it seeks information or documents already in the possession of Midwest or in the public domain and as readily available to Midwest as they are to Soilworks. Accordingly, information or documents that are otherwise responsive to these Interrogatories and Document Requests, but that are already in the possession of Midwest, or are equally available or more available to Midwest, will not be produced in response to these Interrogatories and Document Requests.

11. Soilworks objects to each and every Interrogatory and Document Request to the extent it calls for information or documents not within the possession, custody or control of Soilworks. The responses given herein are based upon information and documents within Soilworks' possession, custody or control.

12. Soilworks objects to each and every Interrogatory and Document Request as overbroad and unduly burdensome to the extent that it is unlimited in temporal scope or otherwise not limited to a time frame relevant to this litigation and the patent-in-suit.

13. Soilworks objects to each and every Interrogatory and Document Request to the extent that it calls for information or documents which are confidential or proprietary to, or the trade secrets of, a third party. Soilworks will not produce such documents until it has notified the relevant third parties of Midwest's requests and, to the extent necessary, obtained their consent to such production.

14. Soilworks objects to each and every Interrogatory and Document Request to the extent it seeks confidential, trade secret, or proprietary business, technical, marketing, or financial information. Soilworks will not provide such information until a suitable protective order has been agreed upon by the parties and entered by the Court.

15. Soilworks objects to each and every Interrogatory and Document Request

the extent that it seeks information or documents regarding Soilworks' proprietary development activities for products not yet manufactured or available to the public, because the relevance, if any, of such highly confidential information is substantially outweighed by the prejudice that Soilworks would suffer if the information were disclosed or made available to Soilworks' competitors.

16. Soilworks objects to each and every Interrogatory and Document Request to the extent that it seeks discovery that is the province of expert testimony, prior to the period that expert disclosures and discovery are scheduled to occur.

17. Soilworks objects that the Interrogatories and Document Requests are premature. This case is still in its early stages. Soilworks is still investigating its claims, and needs critical discovery from Midwest. Midwest has yet to identify its claim construction position, or state in detail the basis for its infringement contentions.

18. The information set forth herein is provided without waiving (1) the right to object to the use of such information for any purpose, if a basis for objecting exists; (2) the right to object to any request involving or relating to the subject matter of information contained in this disclosure statement; or (3) the right to revise, correct, supplement or clarify any of the information set forth below.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Soilworks objects to the definitions of Midwest as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The items are defined so broadly as to render many of the Interrogatories and Document Requests incomprehensible.

2. Soilworks objects to the definitions of "document" and "documents" as overbroad, vague, and ambiguous. Soilworks will construe both terms consistently with the Federal and Local Rules.

3. Soilworks objects to Midwest's instructions as overly broad. Except as set forth below, Soilworks will not separately, specifically identify the document, communication or item for which it claims privilege. Rather, when necessary, Soilworks

will identify its privileged documents in the form of a privilege log. However, Soilworks will not disclose, produce or include on a privilege log any documents or things created or dated after the filing of the Complaint in this action.

## SPECIFIC ANSWERS

1. Identify the officer or agent answering each interrogatory and the specific interrogatories answered by each.

**ANSWER: Chad and Dorian Falkenberg, with the assistance of counsel for Soilworks.**

2. Identify each and every witness (including experts) you intend to call at trial or at any proceeding in this matter other than trial and identify the nature of the testimony each witness will offer.

**ANSWER: Objection. This interrogatory is premature. This case is still in its early stages, and Soilworks cannot possibly assess all potential witnesses it intends to call at this point. Soilworks is still investigating its claims, and needs critical discovery from Midwest. Midwest has yet to identify its claim construction position, or state in detail the basis for its infringement contentions. Furthermore, Soilworks has not yet identified expert witnesses and will produce the identity of experts in compliance with the Court's scheduling order. Without waiving the foregoing objections, Soilworks responds as follows:**

    a. **Chad Falkenberg, an officer of Soilworks, 681 North Monterey Street, Suite 101, Gilbert, Arizona 85233-3814. Mr. Falkenberg has knowledge concerning the overall operation of Soilworks, the composition of Soilworks' products, the manner in which Soilworks' products are manufactured, marketed, sold and distributed, the competitive environment among Soilworks, Midwest and their competitors and the facts alleged in the Complaint and Reply and Counterclaim.**

    b. **Dorian Falkenberg, an officer of Soilworks, 681 North Monterey**

Street, Suite 101, Gilbert, Arizona 85233-3814. Ms. Falkenberg has knowledge concerning the overall operation of Soilworks, the composition of Soilworks' products, the manner in which Soilworks' products are manufactured, marketed, sold and distributed, the competitive environment among Soilworks, Midwest and their competitors and the facts alleged in the Complaint and Reply and Counterclaim.

c. Polar Supply Company, 300 East 54th Street, Anchorage, Alaska 99518. Polar Supply Company is a customer of Soilworks and/or Midwest. The employees of Polar Supply, including Messrs. Shooner and Shickman, have knowledge concerning the competitive environment for soil stabilization, erosion control and dust control products, the method by which parties to this litigation and their competitors advertise and promote the sale of said products and the specific actions taken by Midwest with respect to the alleged proprietary rights claimed by Midwest.

d. Midwest Industrial Supply, Inc., 1101 Third Street, SE, Canton, Ohio 44704. The officers and employees of Midwest that have knowledge concerning: (i) the manufacture and distribution of Midwest's products; (ii) the application for registration of the patents identified in the Complaint, Answer and Counterclaim and Reply and Counterclaim; (iii) the advertising, marketing and promotion of Midwest's products to its customers, including Polar Supply Company identified above; and (iv) the facts as alleged in the Answer and Counterclaim. These officers and employees will include those identified by Defendant in its Initial Disclosures.

e. Soilworks anticipates that discovery will identify employees of suppliers and customers who will have knowledge concerning the

manufacture and distribution of soil stabilization, erosion control and dust control products, which knowledge will be relevant to the issues in this case.

  f. Any witnesses identified by any other party hereto, whether or not later withdrawn. *See also* Soilworks' response to Interrogatory number 4, below.

3. Identify all exhibits and/or demonstrative aids you intend to introduce or use at trial or at any proceeding in this matter other than trial.

**ANSWER:** Objection. This interrogatory is premature. This case is still in its early stages, and Soilworks cannot possibly assess all exhibits and/or demonstrative aids it intends to introduce or use at trial or other proceedings. Soilworks is still investigating its claims, and needs critical discovery from Midwest. Midwest has yet to identify its claim construction position, or state in detail the basis for its infringement contentions. Soilworks will identify and/or produce all documents in compliance with the Court's scheduling order. Without waiving the foregoing objections, Soilworks responds as follows:

  a. Business records of Soilworks that relate to the manufacture, distribution, sales and/or marketing of Soilworks' products.

  b. Documentary materials relating to the manner in which Soilworks advertises, promotes, markets, distributes and/or sells its products to its customers.

  c. Documentary materials relating to the manner in which Midwest advertises, promotes, markets, distributes and/or sells its products to its customers.

  d. Documentary materials relating to the manner in which competitors advertise, promote, market, distribute and/or sell their products to their customers.

  e. Documentary materials relating to the manufacture and distribution

of soil erosion products.

  f. Documentation relating to Soilworks' and Midwest's manufacture, distribution, marketing and sale of its products.

  g. Documentary materials relating to suppliers and customers of Soilworks and Midwest.

  h. All pleadings and discovery responses, including answers to interrogatories, responses to requests for admissions, and/or responses to request for production filed by the parties in this matter

  i. All Disclosure Statements, together with attachments thereto, filed by any party in this matter.

  j. All depositions and pleading exhibits taken in this matter.

  k. Any and all curriculum vitae and reports prepared by all experts in this matter.

  l. Subject to this Soilwork's objections, any and all exhibits listed by other parties in this matter, whether or not later withdrawn.

  m. Any exhibits revealed through future discovery, whether or not later withdrawn. Soilworks specifically reserves the right to supplement this designation of exhibits as discovery continues in this matter.

4. Identify all employees of Plaintiff along with their titles and duties/responsibilities.

**ANSWER:**

  a. **Chad Falkenberg / President**
  b. **Dorian Falkenberg / Vice President**
  c. **Melinda Cuevas / Sales**
  d. **Shane Williams / Sales**
  e. **Corinna Matiacio / Sales**
  f. **Dave Brummer / Receptionist**
  g. **Jean-Paul Clemente / Sales**

        h.    Adriana Nelson / Logistics

        i.    Stephanie Johnston / Logistics

        j.    Kevin Hurst / Warehouse Manager

        k.    Kevin Brewer / Shipping & Receiving

        l.    Wayne Ewert / Shipping & Receiving

5. Identify the total sales and net profit per month of Plaintiff's Durasoil and Soiltac products from the date of first sale thereof to date.

**ANSWER: Objection. Vague, overbroad and not reasonably calculated to the discovery of admissible evidence. Without waiving the foregoing objections, Midwest is not entitled to the requested information until Midwest identifies its claim construction position and provides a claims chart. Furthermore, Durasoil® is the only Soilwork's product about which an infringement argument has been made, and Soilworks will only provide the requested information about Durasoil®. Once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make documents available from which Midwest may derive or ascertain the answer to this interrogatory pursuant to Rule 33(d), <u>Fed.R.Civ.P.</u>, and such documents will speak for themselves.**

6. Identify any and all products for use in dust control and/or soil stabilization, other than Durasoil and Soiltac, that have been manufactured, used, sold, or offered for sale in the United States by, or on behalf of Plaintiff since July 11, 2006, and as to each such product, state separately the same information requested in Interrogatory No. 5.

**ANSWER: Objection. Vague, overbroad and not reasonably calculated to the discovery of admissible evidence. Without waiving the foregoing objections, Midwest is not entitled to the requested information until Midwest identifies its claim construction position and provides a claims chart. Furthermore, Durasoil® is the only Soilwork's product about which an infringement argument has been made, and Soilworks will only provide the requested information about Durasoil®. Without waiving the foregoing objections, see http://www.durasoil.com/ and Soilwork's related websites.**

**Once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make documents available from which Midwest may derive or ascertain the answer to this interrogatory pursuant to Rule 33(d), Fed.R.Civ.P., and such documents will speak for themselves.**

  7. With respect to the allegations that the Midwest Patents are, or may be, invalid for failure to comply with any conditions for patentability as set forth in parts II and III, Title 35 of the United States Code, including at least §§ 102, 103, 112, and any other basis(es) advanced by Plaintiff:

  a. identify specifically each item of Prior Art relied upon including the date and circumstances under which each element of Prior Art became public, and make an element-by-element application of each claim of the Midwest Patents to each item of Prior Art using appropriate drawings or illustrations, where applicable, from the Midwest Patents or the Prior Art, explaining in detail the grounds for the allegation of invalidity or unenforceability, with citations to the particular part, page, figure, or column of the Prior Art.

  b. state the factual basis for the contention that all claims of the Midwest Patents are invalid under 35 U.S.C. § 103, including specifically Plaintiff's contention of the level of skill in the art, the similarities and differences between each item of Prior Art and each claim, the scope and content of the Prior Art, and all secondary considerations;

  c. identify each claim of the Midwest Patents that are allegedly invalid under 35 U.S.C. § 112, and explain the factual basis for each such contention, and identify the specific section and statutory requirement of 35 U.S.C. § 112 that allegedly has not been met;

  d. identity each claim of the Midwest Patents that are alleged to be unenforceable and provide a detailed factual basis for each such allegation of an enforceability;

  e. identify each claim of each of the Midwest patents that Defendant is

estopped from enforcing, and provide a detailed factual basis for each such allegation of estoppel;

  f. identity and describe the factual basis for the contention that this case is exceptional under § 285, or otherwise why Plaintiff is entitled to its costs and attorneys' fees; and

  g. identify all persons having knowledge concerning facts provided in paragraphs (a) through (f) above.

**ANSWER: Objection. This interrogatory is premature. This case is still in its early stages, and until Midwest identifies its claim construction / interpretation position and provides a claims chart regarding its patent(s), Soilworks cannot fully respond to this interrogatory. Without waiving the foregoing objections, on the basis of the allegations made to date, Soilworks believes it is selling products that have been manufactured and sold for years prior to the date Midwest filed for patent protections, and Prior Art defenses apply.**

 8. For each claim of the Midwest Patents that Plaintiff asserts are not infringed by its Durasoil or Soiltac product and other products identified in response to Interrogatory No. 6:

  a. identify and explain in detail how any element of each claim is absent, both literally and under the doctrine of equivalents, for each product; and

  b. provide a claim chart showing the correspondence (or alternatively, the lack thereof) between each and every element of each such claim and the ingredient, composition, component, feature, portion, or chemical material of each such product identified in your Answer to subpart (a) of this Interrogatory that you contend does not infringe any asserted claim.

**ANSWER: Objection. This interrogatory is premature. This case is still in its early stages, and until Midwest identifies its claim construction / interpretation position and provides a claims chart regarding its patent(s), Soilworks cannot fully respond to this interrogatory. Without waiving the foregoing objections, on the basis of the**

allegations made to date, Soilworks believes it is selling products that have been manufactured and sold for years prior to the date Midwest filed for patent protections, and Prior Art defenses apply. Furthermore, Midwest is directed to refer to the preliminary claims chart Soilworks produced with its responses to Midwest's requests for production. It is important to note that the claims chart is preliminary only and was produced in the absence of Midwest's claim construction / interpretation position and claims chart regarding its patent(s). In addition, Durasoil® is the only Soilwork's product about which an infringement argument has been made, and Soilworks will only provide the requested information about Durasoil®.

9. For each claim of the Midwest Patents identified in your Answer to Interrogatory No. 8, identify by column and line number (and/or by reference to the drawings) the disclosure in the Midwest Patents that you contend discloses and supports each element alleged to be absent from each such claim.

**ANSWER:** Objection. This interrogatory is premature. This case is still in its early stages, and until Midwest identifies its claim construction / interpretation position and provides a claims chart regarding its patent(s), Soilworks cannot fully respond to this interrogatory. Without waiving the foregoing objections, on the basis of the allegations made to date, Soilworks believes it is selling products that have been manufactured and sold for years prior to the date Midwest filed for patent protections, and Prior Art defenses apply. Furthermore, Midwest is directed to refer to the preliminary claims chart Soilworks produced with its responses to Midwest's requests for production. It is important to note that the claims chart is preliminary only and was produced in the absence of Midwest's claim construction / interpretation position and claims chart regarding its patent(s).

10. State Plaintiff's contentions, both factual and legal, concerning the claim construction it contends is the legally correct claim construction for all claims of the Midwest Patents. A complete answer to this interrogatory must include:

(a) an identification of each claim term or phrase that Plaintiff contends is

ambiguous or requires definition or construction beyond the language of the claim itself, and a fully detailed statement setting forth the meaning that Plaintiff contends is proper for such term(s);

(b) an identification of each claim term or phrase that Plaintiff contends should be construed to have a meaning other than the ordinary and accustomed meaning for that term or phrase, and a full and detailed statement of the ordinary and accustomed meaning for that claim term or phrase, and the meaning that Plaintiff contends must be given that claim term or phrase and the reasons therefore;

(c) an identification of each claim term or phrase that Plaintiff contends has been given a special meaning in the patent specification or file history, and a full and detailed statement of the special meaning, including an identification of all intrinsic evidence to the Midwest Patents setting forth such special meaning . and

(d) an identification of each claim limitation that Plaintiff contends should be construed pursuant to 35 U.S.C. § 112, ¶ 6, and a fully detailed statement of the specified function, any structure, material or acts recited in the claim element for accomplishing that function, and the structure, material, or acts described in the specification for accomplishing that function.

**ANSWER: Objection. This interrogatory is premature. This case is still in its early stages, and until Midwest identifies its claim construction / interpretation position and provides a claims chart regarding its patent(s), Soilworks cannot fully respond to this interrogatory. Without waiving the foregoing objections, on the basis of the allegations made to date, Soilworks believes it is selling products that have been manufactured and sold for years prior to the date Midwest filed for patent protections, and Prior Art defenses apply. Furthermore, Midwest is directed to refer to the preliminary claims chart Soilworks produced with its responses to Midwest's requests for production. It is important to note that the claims chart is preliminary only and was produced in the absence of Midwest's claim construction / interpretation position and claims chart regarding its patent(s).**

11. If Plaintiff intends to rely on advice or opinion of counsel as a basis to defend against a claim for willful infringement of the Midwest Patents, state whether Plaintiff received such advice or opinions pertaining to the infringement, validity and/or enforceability as to each of the Midwest Patents and, as to each such advice or opinion state whether given orally or in writing, the date when such advice or opinion was given, by and to whom such advice or opinion was given, to whom such advice or opinion was disclosed, and the nature of the advice or opinion. A complete answer to this interrogatory will, at a minimum, identify and describe in detail:

    (a) the date and circumstance upon which Plaintiff became aware of the Midwest Patents or any claim asserted in the present case;

    (b) the date and circumstances upon which Plaintiff obtained such legal advice or opinions;

    (c) the substance of each oral or written advice or opinion(s);

    (d) any studies made regarding the validity or enforceability of the Midwest Patents; and

    (e) the identity of the person or persons most knowledgeable about the response to this interrogatory and the identity of all documents which refer or relate to the facts in the response or which were reviewed in preparing the response to this interrogatory.

**ANSWER: Objection. This interrogatory is not applicable and therefore is not calculated to lead to the discovery of admissible evidence.**

12. Identify each and every division, business unit, affiliate, subsidiary, or other related business entity of Plaintiff, and for each identity its relationship, corporate form, and corporate officers, and shareholders or ownership.

**ANSWER: Objection. This interrogatory is not applicable and therefore is not calculated to lead to the discovery of admissible evidence.**

13. Identify, with specificity (*e.g.,* chemical composition, chemical process), what makes Plaintiff's Durasoil product "ultra pure" and a "synthetic organic fluid".

ANSWER: Objection. This interrogatory is premature. Once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make documents available from which Midwest may derive or ascertain the answer to this interrogatory pursuant to Rule 33(d), Fed.R.Civ.P., and such documents will speak for themselves. Without waiving the foregoing objections, see http://www.durasoil.com/ and Soilwork's related websites.

14. Identify all ingredients (including, but not limited to, "proprietary" as listed in Section 2 of Plaintiff s MSDS sheet shown on Plaintiff's website, http://www.durasoil.com/msds.php), and the percentage composition of all ingredients of the Durasoil and Soiltac products and any products identified in response to Interrogatory No. 6.

ANSWER: Objection. This interrogatory is premature. Once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make documents available from which Midwest may derive or ascertain the answer to this interrogatory pursuant to Rule 33(d), Fed.R.Civ.P., and such documents will speak for themselves. Without waiving the foregoing objections, Durasoil® is the only Soilwork's product about which an infringement argument has been made, and Soilworks will only provide the requested information about Durasoil®.

15. Identify all documents, reports, studies, chemical studies, opinions (whether lay, legal or scientific), patent searches, requested, obtained, or drafted by Plaintiff related to the Midwest Patents, Defendant or any of Defendant's products.

ANSWER: Objection. This interrogatory is premature. Once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make documents available from which Midwest may derive or ascertain the answer to this interrogatory pursuant to Rule 33(d), Fed.R.Civ.P., and such documents will speak for themselves. Without waiving the foregoing objections, Durasoil® is the only Soilwork's product about which an infringement argument has been made, and Soilworks will only provide the requested information about Durasoil®. Furthermore, Soilworks does not believe at this point that information or documents responsive to

this interrogatory exist.

16. Identify all of the manufacturer(s) of the Durasoil, Soiltac and any products identified in response to Interrogatory No. 6. from the initial manufacturer to the present manufacturer.

**ANSWER: Objection. This interrogatory is premature. Once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make documents available from which Midwest may derive or ascertain the answer to this interrogatory pursuant to Rule 33(d), Fed.R.Civ.P., and such documents will speak for themselves. Without waiving the foregoing objections, Durasoil® is the only Soilwork's product about which an infringement argument has been made, and Soilworks will only provide the requested information about Durasoil®.**

17. Identify any and all documents and electronically stored information utilizing or referencing Midwest's Marks including, but not limited to, any and all metatags, or Keywords used by Plaintiff.

**ANSWER: Objection. This interrogatory is premature. Once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make documents available from which Midwest may derive or ascertain the answer to this interrogatory pursuant to Rule 33(d), Fed.R.Civ.P., and such documents will speak for themselves.**

18. Identify all Keywords Plaintiff has ever used and identify the dates each Keyword began being used by Defendant and the date the Keyword ceased being used by Defendant, if ended.

**ANSWER: Objection. This interrogatory is premature. Once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make documents available from which Midwest may derive or ascertain the answer to this interrogatory pursuant to Rule 33(d), Fed.R.Civ.P., and such documents will speak for themselves.**

19. State, with specificity, how "Durasoil® is a revolutionary state-of-the art

innovation" and identify all documents in support.

**ANSWER: Objection. This interrogatory is premature. Once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make documents available from which Midwest may derive or ascertain the answer to this interrogatory pursuant to Rule 33(d), <u>Fed.R.Civ.P.</u>, and such documents will speak for themselves.**

20. Does Plaintiff believe that Durasoil is equal to, or better than, Defendant's EK35? If so, identify, with specificity, all documents supporting such belief.

**ANSWER: Objection. This interrogatory is vague, overbroad and unintelligible due to lack of context. Before Soilworks can adequately respond to this interrogatory, Midwest must provide context or specify the particular application of Durasoil® about which is inquires.**

Dated this 23rd day of July, 2007.

                          KUTAK ROCK LLP

                          By   /s/
                              E. Scott Dosek
                              John P. Passarelli
                              Suite 300
                              8601 North Scottsdale road
                              Scottsdale, AZ 85253-2742

                              *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2007, the foregoing Soilworks, LLC's Answers to Midwest Industrial Supply, Inc.'s First Set of Interrogatories was served electronically upon the following:

JOHN M. SKERIOTIS #0069263 (OH)
JILL A. GRINHAM #075560 (OH)
BROUSE MCDOWELL
388 S. Main Street
Suite 500
Akron, OH 44311-4407

Jill Anne Grinham jgrinham@brouse.com
John M Skeriotis jms@brouse.com

*Attorneys for Defendant Midwest Industrial Supply, Inc..*

/s/
Amy S. Fletcher