BROUSE MCDOWELL
JOHN M. SKERIOTIS, 0069263 (OH)
JILL A. GRINHAM, 0075560 (OH)
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: 330-535-9999
Facsimile: 330-535-5000
Email: jskeriotis@brouse.com
Email: jgrinham@brouse.com

BRYAN CAVE LLP, 00145700
LAWRENCE G. SCARBOROUGH, 006965
GEORGE C. CHEN, 019704
2 N Central Ave, Suite 2200
Phoenix, AZ 85004-4406
Telephone: 602-364-7000
Facsimile: 602-364-7070
Email: Lgscarborough@bryancave.com
Email: george.chen@bryancave.com

*Attorneys for Defendant*
*Midwest Industrial Supply, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>　　Plaintiff / Counterdefendant<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>　　Defendant / Counterclaimant. | No. 2:06-CV-02141-DGC<br><br>**MIDWEST INDUSTRIAL SUPPLY, INC.'S FIRST SET OF INTERROGATORIES TO SOILWORKS, LLC** |

　　PLEASE TAKE NOTICE that pursuant to Rules 26 and 33 of the Federal Rules of

Civil Procedure, Defendant Midwest Industrial Supply, Inc. ("Defendant") proposes the

following Interrogatories to be answered under oath within thirty (30) days from the date of service hereof, i.e., on June 25, 2007, by Plaintiff Soilworks, LLC ("Plaintiff").

## INSTRUCTIONS

1. In each instance where an Interrogatory is answered on information and belief, it is requested that Plaintiff set forth the basis for such information and belief.

2. In each instance where Plaintiff denies knowledge or information sufficient to answer the Interrogatory, it is requested that Plaintiff set forth the name and address of each person, if any, known to have such knowledge.

3. In each instance where the existence of a document is disclosed, Plaintiff is requested to attach a copy of such document to its answer. If such document is not in Plaintiff's possession or control, it is requested that Plaintiff state the name and address of each person known to Plaintiff to have such possession or control, and identify which documents are in such person's possession or control.

## DEFINITIONS

(i) As used herein, "and" as well as "or" shall be construed both disjunctively and conjunctively in order to bring within the scope of these discovery requests all responses which might otherwise be construed to be outside its scope.

(ii) The singular form of a word shall include the plural and vice versa.

(iii) Wherever it is used in these interrogatories, the terms "describe," "explain," and "state" shall mean to give an account in full detail. When referring to an event or procedure, such detail includes dates, times and places; the identities and qualifications of

all participants and other persons in any way associated with the events; and all of the steps or stages which comprise the given event.

(iv) The terms "refer," "referring," "reflect," "reflecting," "relate," and "relating" shall mean referring to, or having any relationship with whatsoever, or regarding or pertaining to, or comprising, indicating, or supporting, or constituting evidence of, in whole or in part.

(v) As hereinafter used, the word "identify," when used in reference to an oral statement, shall be deemed to mean: state the name of the speaker; the date of the statement; the place at which the statement was made; the person or persons to whom the statement was addressed, if practicable; otherwise a general description of the persons to whom the statement was addressed; the subject matter of the statement; and if the statement was memorialized in a writing or mechanical or electronic or other recording, state the date and present location of said writing or mechanical or electronic or other recording.

(vi) As hereinafter used, the word "identify," when used in connection with a written statement, shall be deemed to mean: state the name of the author; the type of document or writing; the date; the addressee, if appropriate; the subject matter; and the present location or whereabouts thereof. In lieu of such identification, you may attach a copy of the writing containing said written statement and refer thereto in your answer.

(vii) As hereinafter used, the word "identify," when used in connection with an individual shall be deemed to mean: state the name; present business and personal addresses; present employer *(if self-employed so state)*; position or title held, if applicable;

and if the interrogatory applies to a previous period of time, give the above information as it existed at the time covered by the interrogatory.

(viii) "Document" means the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to all materials that constitute "writings" or "recordings" within the meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute "documents" within the meaning of Rule 34 of the Federal Rules of Civil Procedure. The word "document" includes without limitation electronic mail, information stored on computer drives, diskettes, tapes, or other computer media, and any other information stored magnetically or electronically.

(ix) The term "communication" means any form of oral or written interchange, whether in person, by telephone, by facsimile, by telex, by electronic mail, or by any other medium.

(x) "Third-Party" means any party to this action other than Defendant or Plaintiff.

(xi) Person" shall mean both natural persons and corporate or other business entities.

(xii) "Midwest Patents" shall mean U.S. Patent Nos. 7,081,270 and 7,074,266.

(xiii) "Midwest Marks" shall have the same meaning as set forth in Paragraph 7 of Defendant's Counterclaims.

(xiv) "Durasoil" shall mean Plaintiff's Durasoil® product.

(xv) "Soiltac" shall mean Plaintiff's Soiltac® product.

(xvi) "Defendant" or "Midwest" shall mean the Defendant/Counterclaim Plaintiff in this action.

(xvii) "Plaintiff" shall mean the Plaintiff in this action and/or its owners, directors, members, partners, officers, subsidiaries, sister or any other related entities.

(xviii) "Prior Art" shall mean all information that has been disclosed to the public in any form before June 29, 2000.

(xix) "Keyword" shall have the understanding as set forth in https://adwords.google.com/support/bin/answer.py?answer=6323&topic=29.

## INTERROGATORIES

1. Identify the officer or agent answering each interrogatory and the specific interrogatories answered by each.

2. Identify each and every witness (including experts) you intend to call at trial or at any proceeding in this matter other than trial and identify the nature of the testimony each witness will offer.

3. Identify all exhibits and/or demonstrative aids you intend to introduce or use at trial or at any proceeding in this matter other than trial.

4. Identify all employees of Plaintiff along with their titles and duties/responsibilities.

5. Identify the total sales and net profit per month of Plaintiff's Durasoil and Soiltac products from the date of first sale thereof to date.

Brouse McDowell LPA
388 S. Main Street, Suite 500
Akron, OH 44311
330.535.5711

6. Identify any and all products for use in dust control and/or soil stabilization, other than Durasoil and Soiltac, that have been manufactured, used, sold, or offered for sale in the United States by, or on behalf of Plaintiff since July 11, 2006, and as to each such product, state separately the same information requested in Interrogatory No. 5.

7. With respect to the allegations that the Midwest Patents are, or may be, invalid for failure to comply with any conditions for patentability as set forth in parts II and III, Title 35 of the United States Code, including at least §§ 102, 103, 112, and any other basis(es) advanced by Plaintiff:

    a. identify specifically each item of Prior Art relied upon including the date and circumstances under which each element of Prior Art became public, and make an element-by-element application of each claim of the Midwest Patents to each item of Prior Art using appropriate drawings or illustrations, where applicable, from the Midwest Patents or the Prior Art, explaining in detail the grounds for the allegation of invalidity or unenforceability, with citations to the particular part, page, figure, or column of the Prior Art.

    b. state the factual basis for the contention that all claims of the Midwest Patents are invalid under 35 U.S.C. § 103, including specifically, Plaintiff's contention of the level of skill in the art, the similarities and differences between each item of Prior Art and each claim, the scope and content of the Prior Art, and all secondary considerations;

Brouse McDowell LPA
388 S. Main Street, Suite 500
Akron, OH 44311
330.535.5711

   c. identify each claim of the Midwest Patents that are allegedly invalid under 35 U.S.C. § 112, and explain the factual basis for each such contention, and identify the specific section and statutory requirement of 35 U.S. C. § 112 that allegedly has not been met;

   d. identity each claim of the Midwest Patents that are alleged to be unenforceable and provide a detailed factual basis for each such allegation of un enforceability;

   e. identify each claim of each of the Midwest Patents that Defendant is estopped from enforcing, and provide a detailed factual basis for each such allegation of estoppel;

   f. identity and describe the factual basis for the contention that this case is exceptional under § 285, or otherwise why Plaintiff is entitled to its costs and attorneys' fees; and

   g. identify all persons having knowledge concerning facts provided in paragraphs (a) through (f) above.

  8. For each claim of the Midwest Patents that Plaintiff asserts are not infringed by its Durasoil or Soiltac product and other products identified in response to Interrogatory No. 6:

   a. identify and explain in detail how any element of each claim is absent, both literally and under the doctrine of equivalents, for each such product; and

Brouse McDowell LPA
388 S. Main Street, Suite 500
Akron, OH 44311
330.535.5711

  b. provide a claim chart showing the correspondence (or alternatively, the lack thereof) between each and every element of each such claim and the ingredient, composition, component, feature, portion, or chemical material of each such product identified in your Answer to subpart (a) of this Interrogatory that you contend does not infringe any asserted claim.

  9. For each claim of the Midwest Patents identified in your Answer to Interrogatory No. 8, identify by column and line number (and/or by reference to the drawings) the disclosure in the Midwest Patents that you contend discloses and supports each element alleged to be absent from each such claim.

  10. State Plaintiff's contentions, both factual and legal, concerning the claim construction it contends is the legally correct claim construction for all claims of the Midwest Patents. A complete answer to this interrogatory must include:

  (a) an identification of each claim term or phrase that Plaintiff contends is ambiguous or requires definition or construction beyond the language of the claim itself, and a fully detailed statement setting forth the meaning that Plaintiff contends is proper for such term(s);

  (b) an identification of each claim term or phrase that Plaintiff contends should be construed to have a meaning other than the ordinary and accustomed meaning for that term or phrase, and a full and detailed statement of the ordinary and accustomed meaning for that claim term or phrase, and the meaning that Plaintiff contends must be given that claim term or phrase and the reasons therefore;

(c) an identification of each claim term or phrase that Plaintiff contends has been given a special meaning in the patent specification or file history, and a full and detailed statement of the special meaning, including an identification of all intrinsic evidence to the Midwest Patents setting forth such special meaning; and

(d) an identification of each claim limitation that Plaintiff contends should be construed pursuant to 35 U.S.C. § 112, ¶6, and a fully detailed statement of the specified function, any structure, material or acts recited in the claim element for accomplishing that function, and the structure, material, or acts described in the specification for accomplishing that function.

11. If Plaintiff intends to rely on advice or opinion of counsel as a basis to defend against a claim for willful infringement of the Midwest Patents, state whether Plaintiff received such advice or opinions pertaining to the infringement, validity and/or enforceability as to each of the Midwest Patents and, as to each such advice or opinion state whether given orally or in writing, the date when such advice or opinion was given, by and to whom such advice or opinion was given, to whom such advice or opinion was disclosed, and the nature of the advice or opinion. A complete answer to this interrogatory will, at a minimum, identify and describe in detail:

(a) the date and circumstance upon which Plaintiff became aware of the Midwest Patents or any claim asserted in the present case;

(b) the date and circumstances upon which Plaintiff obtained such legal advice or opinions;

(c) the substance of each oral or written advice or opinion(s);

9

(d) any studies made regarding the validity or enforceability of the Midwest Patents; and

(e) the identity of the person or persons most knowledgeable about the response to this interrogatory and the identity of all documents which refer or relate to the facts in the response or which were reviewed in preparing the response to this interrogatory.

12. Identify each and every division, business unit, affiliate, subsidiary, or other related business entity of Plaintiff, and for each identify its relationship, corporate form, and corporate officers, and shareholders or ownership.

13. Identify, with specificity (*e.g.*, chemical composition, chemical process), what makes Plaintiff's Durasoil product "ultra pure" and a "synthetic organic fluid".

14. Identify all ingredients (including, but not limited to, "proprietary" as listed in Section 2 of Plaintiff's MSDS sheet, shown on Plaintiff's website, http://www.durasoil.com/msds.php), and the percentage composition of all ingredients of the Durasoil and Soiltac products and any products identified in response to Interrogatory No. 6.

15. Identify all documents, reports, studies, chemical studies, opinions (whether lay, legal or scientific), patent searches, requested, obtained, or drafted by Plaintiff related to the Midwest Patents, Defendant or any of Defendant's products.

16. Identify all of the manufacturer(s) of the Durasoil, Soiltac and any products identified in response to Interrogatory No. 6, from the initial manufacturer to the present manufacturer.

Brouse McDowell LPA
388 S. Main Street, Suite 500
Akron, OH 44311
330.535.5711

17. Identify any and all documents and electronically stored information utilizing or referencing Midwest's Marks including, but not limited to, any and all metatags, or Keywords used by Plaintiff.

18. Identify all Keywords Plaintiff has ever used and identify the dates each Keyword began being used by Defendant and the date the Keyword ceased being used by Defendant, if ended.

19. State, with specificity, how "Durasoil® is a revolutionary state-of-the-art innovation" and identify all documents in support.

20. Does Plaintiff believe that Durasoil is equal to, or better than, Defendant's EK35? If so, identify, with specificity, all documents supporting such belief.

BROUSE MCDOWELL

By  /s/John M. Skeriotis
JOHN M. SKERIOTIS, 0069263 (OH)
JILL A. GRINHAM, 0075560 (OH)
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone:  330-535-5711
Facsimile: 330-253-8061
Email: jskeriotis@brouse.com
Email: jgrinham@brouse.com

BRYAN CAVE LLP, 00145700
LAWRENCE G. SCARBOROUGH, 006965
GEORGE C. CHEN, 019704
2 N Central Ave, Suite 2200
Phoenix, AZ 85004-4406
Telephone:  602-364-7000
Facsimile: 602-364-7070
Email: Lgscarborough@bryancave.com
Email: george.chen@bryancave.com

*Attorneys for Defendant*
*Midwest Industrial Supply, Inc.*

# CERTIFICATE OF SERVICE

A copy of the foregoing Plaintiff's **MIDWEST INDUSTRIAL SUPPLY, INC.'S FIRST SET OF INTERROGATORIES TO SOILWORKS, LLC** are being served upon the following via e-mail, original by U.S. mail, on May 21, 2007 to:

John P. Passarelli
John.Passarelli@KutakRock.com
E. Scott Dosek
Scott.Dosek@KutakRock.com
Kutak Rock LLP
1650 Farnam Street
Omaha, NE 68102
Phone No.: (402) 231-8906
Fax No.: (402) 346-1148
*Counsel for Plaintiff Soilworks, LLC*

                          /s/John M. Skeriotis
                          John M. Skeriotis
                          *Counsel for Defendant*
                          *Midwest Industrial Supply, Inc.*

680376v2

Brouse McDowell LPA
388 S. Main Street, Suite 500
Akron, OH 44311
330.535.5711