BROUSE MCDOWELL
JOHN M. SKERIOTIS, 0069263 (OH)
JILL A. GRINHAM, 0075560 (OH)
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: 330-535-9999
Facsimile: 330-525-5000
Email: jskeriotis@brouse.com
Email: jgrinham@brouse.com

BRYAN CAVE LLP, 00145700
LAWRENCE G. SCARBOROUGH, 006965
GEORGE C. CHEN, 019704
2 N Central Ave, Suite 2200
Phoenix, AZ 85004-4406
Telephone: 602-364-7000
Facsimile: 602-364-7070
Email: Lgscarborough@bryancave.com
Email: george.chen@bryancave.com

*Attorneys for Defendant*
*Midwest Industrial Supply, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>　　　Plaintiff / Counterdefendant<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC.,<br>an Ohio corporation authorized to do business in Arizona,<br><br>　　　Defendant / Counterclaimant. | No. 2:06-CV-02141-DGC<br><br>**MIDWEST INDUSTRIAL SUPPLY, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO SOILWORKS, LLC** |

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 26, 33, and 34, Defendant Midwest Industrial Supply, Inc. ("Defendant"), propounds the following requests for production of documents and things to Plaintiff Soilworks, LLC

678599v1

("Plaintiff"). Plaintiff's responses to these document requests should be provided to undersigned counsel for Defendant at Brouse McDowell, 388 S. Main Street, Suite 500, Akron, Ohio 44311-4407 within thirty (30) days of service hereof, i.e., no later than June 25, 2007.

## INSTRUCTIONS AND DEFINITIONS

1. The instructions and definitions contained within Defendant's First Set of Interrogatories to Plaintiff, served simultaneously herewith, are incorporated herein by reference. If there is any conflict between Defendant's First set of Interrogatory INSTRUCTIONS AND DEFINITIONS and the INSTRUCTIONS AND DEFINITIONS set forth herein, the INSTRUCTIONS AND DEFINITIONS set forth herein shall apply.

2. With respect to each document requested to be produced and which has not been so produced on the ground of any alleged privilege or immunity, identify each such document by specifying its date, author(s), recipient(s), subject matter, all persons to whom such document has been provided, and set forth the basis of your claim of alleged privilege or immunity with respect thereto.

3. With respect to each document requested to be produced and which has not been so produced on the ground that it has been lost or destroyed, identify each such document by specifying its date, author(s), recipient(s), subject matter, all persons to whom such document has been provided, and set forth the circumstances that caused it to be lost or destroyed.

4. To the extent of Federal Rule of Civil Procedure 26(e), these requests for documents and things are continuing in nature. In accordance with FRCP 26(e), after

producing the requested documents and things, Plaintiff obtains or becomes aware of any further responsive documents or things, Plaintiff must produce to Defendant such additional documents and things.

5. The terms defined herein are incorporated by reference into each request listed below, and consequently, the definition of each term listed herein is to be read into each request as if each definition is listed therein.

6. If you contend that a portion of a document contains information that is immune from discovery, then produce the document with the immune portion redacted there from and describe the redacted portion in a privilege log pursuant to the instructions in paragraph 2 above.

7. "Plaintiff's Products" shall mean: Plaintiff's Durasoil, Soiltac and all dust suppressant or soil stabilization products identified in response to Defendant's Interrogatory Nos. 5 and 6.

## REQUESTS FOR PRODUCTION

1. All documents, things, and electronically stored information that Plaintiff reviewed or relied upon in answering Defendant's First Set of Interrogatories to Plaintiff Soilworks LLC.

2. All documents, things and electronically stored information identified by Plaintiff in §B of its Rule 26 disclosures, (entitled "**B. Categories and Location of Documents, Data Compilations and Tangible Things**,"), Nos. 1-7.

3. All documents, things, and electronically stored information sufficient to determine Plaintiff's customers of Plaintiff's Products.

4. All documents, things, and electronically stored information sufficient to support Plaintiff's claims that it is a manufacturer and/or innovator of one or more of Plaintiff's Products.

5. All documents, things, and electronically stored information regarding customer reviews (*e.g.*, complaints and/or endorsements) of Plaintiff's Products.

6. All documents, things, and electronically stored information sufficient to identify all of Plaintiff's Products manufactured, used, sold, and/or offered for sale in the United States by, or on behalf of, Plaintiff.

7. All documents, things, and electronically stored information referring or relating to conception, development, manufacturing, marketing and selling of all of Plaintiff's Products.

8. Identify all vendors or suppliers of all ingredients of Plaintiff's Products.

9. All documents, things, and electronically stored information that refers or relates to the research, design, and development of all Plaintiff's Products.

10. All documents, things, and electronically stored information that refers or relates to the commercialization of all of Plaintiff's Products, including by way of example, white papers, business plans, marketing surveys, test market results, testing, test results, studies, and marketing and promotional materials.

11. All documents, things, and electronically stored information that refers or relates to environmental toxicity, ecological, and/or aquatic studies or reports related to Plaintiff's Products.

12. All documents, things, and electronically stored information which Plaintiff relies upon for any belief or contention that the Midwest Patents or any claim thereof is invalid and/or unenforceable.

13. All documents, things, and electronically stored information that refers or relates to the Midwest Patents, including documents, things, and electronically stored information that refers or relates to the invalidity, validity, scope, and/or unenforceability, enforceability of any claim of the Midwest Patents.

14. All documents, things, and electronically stored information which Plaintiff relies upon, or will rely upon, for any contention that Plaintiff's Products do not infringe the Midwest Patents.

15. All documents, things, and electronically stored information sufficient to identify each person involved in the research, design, and/or development of all of Plaintiff's Products.

16. All documents, things, and electronically stored information that discloses, describes, discusses, refers or relates to all of Plaintiff's Products, including, but not limited to, all MSDS sheets, promotional materials, advertisements, advertising information, instruction manuals, service manuals, user's guides or instructions, engineering drawings, chemical formulation sheets, toxicology reports, and bills of materials.

17. All documents, things and electronically stored information sufficient to identify all ingredients (*e.g.*, including, but not limited to, "proprietary" ingredients as listed in Section 2 of Plaintiff's MSDS sheet, shown on Plaintiff's website for its Durasoil product, http://www.durasoil.com/msds.php), and the percentage composition of all ingredients of Plaintiff's Products.

18. All documents, things, and electronically stored information, created by Soil Works or from third party sources that refers or relates to: ecotoxicity tests: acute and/or chronic toxicity on various aquatic species; human health effects tests: mammalian oral, inhalation and dermal toxicity testing, mammalian eye and dermal irritation testing; environmental fate testing: biodegradation testing; environmental composition: bulk analysis - VOC's (volatile organic compounds), Semi VOC's, metals, PAH (polycyclic aromatic hydrocarbons); pesticides and herbicides; leachate analysis (TCLP - Toxicity Characteristic Leaching Procedure, SPLP - Synthetic Precipitation Leaching Procedure); or any other data that would provide ecological, environmental or human health information about the product.

19. All Prior Art that Plaintiff is aware of relating to the subject matter and/or any of the claims of the Midwest Patents.

20. Any legal advice concerning any patent owned by Defendant, including anything communicated to any attorney, anything used, considered, reviewed or rejected by any attorney, and any communication from any attorney, including all drafts.

21. Annual, quarterly, and monthly documents, things, and electronically stored information from which the following may be determined for all of Plaintiff's Products:

the amount of product sold, sales figures, gross receipts, production costs, manufacturing costs, material costs, and/or labor costs.

22. All quarterly and annual income statements, balance sheets, and cash flow statements prepared in the normal course of business for Plaintiff and each of Plaintiff's division, business unit, affiliate, and subsidiary responsible for the design, procurement, manufacture, sale, and/or lease of all of Plaintiff's Products.

23. All documents, things, and electronically stored information that refers or relates to pricing of all Plaintiff's Products, including without limitation, price quotes, price announcements, and actual prices paid by customers.

24. All documents, things, and electronically stored information that refers or relates to Defendant, any employee or officer of Defendant (whether past or present and to the extent known to Plaintiff), Midwest's Patents, Midwest's Marks, any of Defendant's products, any alleged prior art to the Midwest Patents, and/or the present litigation.

25. All documents, things, and electronically stored information between Plaintiff and Polar Supply.

26. All documents, things, and electronically stored information related to any communications received from or delivered to any witness or potential witness in this matter, including but not limited to documents, things, and electronically stored information related to any communications received from or delivered to any expert witness.

27. All documents, things, and electronically stored information concerning any and all factual bases for each and every claim set forth in Plaintiff's Complaint and/or Counterclaim(s).

28. All documentary, physical, and electronically stored evidence that Plaintiff may or intends to rely upon in any pleading, at trial, and/or any hearing in this action.

29. Produce actual samples of Plaintiff's Products.

30. All documents, things, and electronically stored information, including invoices, between Plaintiff and any internet entity Plaintiff uses to advertise Plaintiff's Products, including, but not limited to Google and Yahoo!.

31. All documents, things, and electronically stored information regarding impressions, purchasing of keywords, Keywords and "costs per click" from all search engines Plaintiff advertises upon related to Plaintiff's Products.

32. Produce a representative sampling of the history of Plaintiff's websites advertising Plaintiff's Products.

33. All organizational charts of Plaintiff from 2002 to the present time.

BROUSE MCDOWELL

By   /s/ John M. Skeriotis
JOHN M. SKERIOTIS, 0069263 (OH)
JILL A. GRINHAM, 0075560 (OH)
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: 330-535-5711
Facsimile: 330-253-8061
Email: jskeriotis@brouse.com
Email: jgrinham@brouse.com

BRYAN CAVE LLP, 00145700
LAWRENCE G. SCARBOROUGH, 006965
GEORGE C. CHEN, 019704
2 N Central Ave, Suite 2200
Phoenix, AZ 85004-4406
Telephone: 602-364-7000
Facsimile: 602-364-7070
Email: Lgscarborough@bryancave.com
Email: george.chen@bryancave.com

*Attorneys for Defendant*
*Midwest Industrial Supply, Inc.*

Brouse McDowell LPA
388 S. Main Street, Suite 500
Akron, OH 44311
330.535.5711

# CERTIFICATE OF SERVICE

A copy of the foregoing Plaintiff's **MIDWEST INDUSTRIAL SUPPLY, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO SOILWORKS, LLC** are being served upon the following via e-mail, original by U.S. mail, on May 21, 2007 to:

John P. Passarelli
John.Passarelli@KutakRock.com
E. Scott Dosek
Scott.Dosek@KutakRock.com
Kutak Rock LLP
1650 Farnam Street
Omaha, NE 68102
Phone No.: (402) 231-8906
Fax No.: (402) 346-1148
*Counsel for Plaintiff Soilworks, LLC*

/s/ John M. Skeriotis
John M. Skeriotis
*Counsel for Defendant
Midwest Industrial Supply, Inc.*

680377v1