Dockets.Justia.com

Craig A. Marvinney, 0004951 (OH)
John M. Skeriotis, 0069263 (OH)
Jill A. Bautista, 0075560 (OH)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: 330-535-5711
Facsimile: 330-253-8601
Email: cmarvinney@brouse.com,
        jskeriotis@brouse.com,
        jbautista@brouse.com
*Admitted pro hac vice*

Donald L. Myles, Jr., 007464 (AZ)
JONES, SKELTON & HOCHULI, P.L.C.
2901 N. Central Ave., Suite 800
Phoenix, Arizona 85012
Telephone: 602-263-1700
Facsimile: 602-263-1784
Email: dmyles@jshfirm.com

*Attorneys for Defendant/Counterclaimant*
*Midwest Industrial Supply, Inc.*

# UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation, <br><br> Plaintiff / Counterdefendant / Counterclaimant, <br><br> v. <br><br> MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona, <br><br> Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC <br><br><br> **DECLARATION OF JOHN M. SKERIOTIS, ESQ. IN SUPPORT OF MIDWEST INDUSTRIAL SUPPLY, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

I, John M. Skeriotis, Esq., having personal knowledge of the facts stated herein, and being of legal age and sound mind and memory, do hereby declare as follows:

1.    I am an attorney with Brouse McDowell LPA, and I am an attorney for Midwest Industrial Supply, Inc. ("Midwest") admitted to appear *pro hac vice* before the Court in this action. The declarations set forth herein are true to the best of my knowledge and belief, and are based upon my personal knowledge and information known to me.

2.    This declaration is being given in support of Midwest's *Motion for Partial Summary Judgment* in this action.

3.    I have repeatedly requested during discovery that Soilworks provide the factual information and documents, if any, that support its allegations that Midwest's '266 Patent and '270 Patent are invalid. To date, and despite Midwest's production of a claims chart, Soilworks has failed to produce any documents or information regarding Soilworks' claim that the '266 or '270 Patents are invalid. Most recently, I again requested this information in a March 19, 2008 letter that I sent to Scott Dosek, counsel for Soilworks. A copy of my March 19, 2008 letter to Mr. Dosek is attached hereto as **Attachment A**.

4.    In 2006, I reviewed the publicly available information for Soilworks' Durasoil® product. Based on my review of that information, I sent a letter on June 8, 2006 to Soilwork's intellectual property attorney, Douglas Allsworth of Kutak Rock LLP, in which notified him that Midwest expected that the U.S. Patent and Trademark Office would soon issue patents in response to Midwest's two then-pending patent applications. I also notified him that, based on a review of the publicly available information for Soilworks' Durasoil®

product, Midwest felt that at least some of the claims in Midwest's two patent applications could affect Soilworks' ability to make, use and sell Durasoil®. I asked that Mr. Allsworth review the claims in the pending applications as the first step in a good faith resolution of this matter. My June 8, 2006 letter to Mr. Allsworth is attached hereto as **Attachment B**.

5.    I received a response letter from John Passarelli of Kutak Rock dated July 18, 2006. The letter summarily stated that Mr. Passarelli was aware of no basis for Midwest's belief that Soilworks was infringing Midwest's proprietary rights, but the letter provided no substantive response to Midwest's concerns regarding the impact of Midwest's patent applications on Soilworks' product line, *e.g.* what ingredient that Soilworks' Durasoil® product lacked that is found in Midwest's patent claims. Mr. Passarelli's July 18, 2006 letter to me is attached hereto as **Attachment C**.

6.    I responded to Mr. Passarelli's letter on August 8, 2006. I expressed to Mr. Passarelli my concerns that his response letter was entirely non-substantive. I requested that, if Soilworks had conducted any sort of investigation of its product and determined that it did not come within the scope of Midwest's patent claims, he simply let me know the grounds for that position so that this matter could be set aside. I expressed to him that Soilworks was in the best position to determine whether its Durasoil® product infringed based on Soilworks alleged trade secret and proprietary information that it held, and I asked him to contact me if Durasoil did not infringe the claims of Midwest's newly issued patents. My August 8, 2006 letter to Mr. Passarelli is attached hereto as **Attachment D**.

1

I declare under penalty of perjury that the foregoing is true and correct.

2

3

Executed this _9th_ day of May, 2008.

4

5

_____

6

John M. Skeriotis,
Brouse McDowell LPA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **DECLARATION OF JOHN SKERIOTIS, ESQ. IN SUPPORT OF MIDWEST INDUSTRIAL SUPPLY, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT** has been electronically filed on this 9th day of May, 2008. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Jill A. Bautista
Jill A. Bautista

714886.3