1



■ John M. Skeriotis

388 S. Main St., Suite 500
Akron, Ohio 44311-4407
Telephone: 330.535.5711
Facsimile: 330.253.8601
jms@brouse.com

Internet: www.brouse.com

March 19, 2008

E. Scott Dosek, Esq.                    **VIA E-MAIL**
Kutak Rock LLP                          **ORIGINAL BY MAIL**
1650 Farnam Street                      scott.dosek@kutakrock.com
Omaha, NE 68102

Re:     Outstanding Discovery, Deposition Date Requests
        *Soilworks, LLC v. Midwest Industrial Supply, Inc.*
        Case No.   2:06-CV-02141-DGC
        Our Ref.:   21786.43708

Dear Scott:

This letter is pursuant to our discussions regarding outstanding discovery from Soilworks.  We discussed this issue and you agreed that you would provide documents, if they exist.  I agreed to provide you with the document requests for which we did not receive any documents.  Also, this letter requests dates for deposition of the previously-noticed Soilworks individuals.  You also stated that you would provide me with dates for the two employees of the entity previously known as Polar Supply.

Also, I wanted to inform you that Todd Hawkins is not available for deposition on the date you unilaterally noticed.  Mr. Hawkins is out of the state that week and, in fact, will not return to his home in Massillon, Ohio until some time during the week of April 14, 2008.  You stated that you did not wish to make two trips to Ohio for Ms. Detloff's deposition and Mr. Hawkins, which is reasonable.  I am amenable to making them both available for deposition during the week of April 14, 2008.  I am awaiting Mr. Hawkins' availability and he is to get that to me on March 20, 2008.  His father is having surgery during the week of April 14, 2008 and he hopes to have the date of the surgery by tomorrow.

Regarding Soilworks' discovery production, I received the last set of Soilworks' discovery disks from Mr. Hughlette on January 28, 2008; however, we only received 54,537 documents and not the alleged 150,000 documents.  I would like an explanation as to why 2/3 of the documents were not produced.  I understand the 150,000 was an estimate; however, I would think it should be closer to 150,000.

Upon reviewing the documents provided to us, Soilworks has not provided the majority of documents pursuant to our requests. Listed below are requests for which we have no responsive documents. Specifically, we did not receive responses to the following requests for production:

4.      All documents, things, and electronically stored information sufficient to support Plaintiff's claims that it is a manufacturer and/or innovator of one or more of Plaintiff's Products.

7.      All documents, things, and electronically stored information referring or relating to conception, development, manufacturing, marketing and selling of all of Plaintiff's Products.

8.      Identify all vendors or suppliers of all ingredients of Plaintiff's Products.

9.      All documents, things, and electronically stored information that refers or relates to the research, design, and development of all Plaintiff's Products.

10.      All documents, things, and electronically stored information that refers or relates to the commercialization of all of Plaintiff's Products, including by way of example, white papers, business plans, marketing surveys, test market results, testing, test results, studies, and marketing and promotional materials.

11.      All documents, things, and electronically stored information that refers or relates to environmental toxicity, ecological, and/or aquatic studies or reports related to Plaintiff's Products.

12.      All documents, things, and electronically stored information which Plaintiff relies upon for any belief or contention that the Midwest Patents or any claim thereof is invalid and/or unenforceable.

13.      All documents, things, and electronically stored information that refers or relates to the Midwest Patents, including documents, things, and electronically stored information that refers or relates to the invalidity, validity, scope, and/or unenforceability, enforceability of any claim of the Midwest Patents.

15.      All documents, things, and electronically stored information sufficient to identify each person involved in the research, design, and/or development of all of Plaintiff's Products.

16.      All documents, things, and electronically stored information that discloses, describes, discusses, refers or relates to all of Plaintiff's Products, including, but not limited to, all MSDS sheets, promotional materials, advertisements, advertising information, instruction manuals, service manuals, user's guides or instructions, engineering drawings, chemical formulation sheets, toxicology reports, and bills of materials.

17.      All documents, things and electronically stored information sufficient to identify all

ingredients (e.g., including, but not limited to, "proprietary" ingredients as listed in Section 2 of Plaintiff's MSDS sheet, shown on Plaintiff's website for its Durasoil product, http://www.durasoil.com/msds.php), and the percentage composition of all ingredients of Plaintiff's Products.

18.     All documents, things, and electronically stored information, created by Soil Works or from third party sources that refers or relates to: ecotoxicity tests: acute and/or chronic toxicity on various aquatic species; human health effects tests:  mammalian oral, inhalation and dermal toxicity testing, mammalian eye and dermal irritation testing; environmental fate testing:  biodegradation testing; environmental composition:  bulk analysis - VOC's (volatile organic compounds), Semi VOC's, metals, PAH (polycyclic aromatic hydrocarbons); pesticides and herbicides; leachate analysis (TCLP - Toxicity Characteristic Leaching Procedure, SPLP - Synthetic Precipitation Leaching Procedure); or any other data that would provide ecological, environmental or human health information about the product.

19.     All Prior Art that Plaintiff is aware of relating to the subject matter and/or any of the claims of the Midwest Patents.

20.     Any legal advice concerning any patent owned by Defendant, including anything communicated to any attorney, anything used, considered, reviewed or rejected by any attorney, and any communication from any attorney, including all drafts.

21.     Annual, quarterly, and monthly documents, things, and electronically stored information from which the following may be determined for all of Plaintiff's Products:  the amount of product sold, sales figures, gross receipts, production costs, manufacturing costs, material costs, and/or labor costs.

22.     All quarterly and annual income statements, balance sheets, and cash flow statements prepared in the normal course of business for Plaintiff and each of Plaintiff's division, business unit, affiliate, and subsidiary responsible for the design, procurement, manufacture, sale, and/or lease of all of Plaintiff's Products.

24.     All documents, things, and electronically stored information that refers or relates to Defendant, any employee or officer of Defendant (whether past or present and to the extent known to Plaintiff), Midwest's Patents, Midwest's Marks, any of Defendant's products, any alleged prior art to the Midwest Patents, and/or the present litigation.

30.     All documents, things, and electronically stored information, including invoices, between Plaintiff and any internet entity Plaintiff uses to advertise Plaintiff's Products, including, but not limited to Google and Yahoo!.

31.     All documents, things, and electronically stored information regarding impressions,

purchasing of keywords, Keywords and "costs per click" from all search engines Plaintiff advertises upon related to Plaintiff's Products.

    32.    Produce a representative sampling of the history of Plaintiff's websites advertising Plaintiff's Products.

    33.    All organizational charts of Plaintiff from 2002 to the present time.

    Furthermore, there have been no electronic documents produced, including any e-mails. I have repeatedly requested electronic files and have not received any. Please either produce documents responsive to these requests or confirm that no such documents exist.

                    Very truly yours,

                    BROUSE MCDOWELL

                    *John M. Skeriotis*

                    John M. Skeriotis

JMS/cjn
cc: John P. Passarelli, Esq. (via e-mail only)
708205.1