1  E. SCOTT DOSEK #012114
   JOHN P. PASSARELLI #16018
2  KUTAK ROCK LLP
   Suite 300
3  8601 North Scottsdale Road
   Scottsdale, AZ  85253-2742
4  (480) 429-5000
   Facsimile: (480) 429-5001
5
6  *Attorneys for Plaintiff*
   *SOILWORKS, LLC, an Arizona corporation*
7

8  **UNITED STATES DISTRICT COURT**

9  **IN AND FOR THE DISTRICT OF ARIZONA**

10

11  SOILWORKS, LLC, an Arizona
   corporation,

12        Plaintiff / Counterdefendant /
13        Counterclaimant,

14  v.

15  MIDWEST INDUSTRIAL SUPPLY, INC.,
   an Ohio corporation authorized to do
16  business in Arizona,

17        Defendant / Counterclaimant /
      Counterdefendant.
18

NO.: 2:06-CV-2141-DGC

**SOILWORKS, LLC'S RESPONSES TO MIDWEST INDUSTRIAL SUPPLY, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS**

19
20       Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff,

21  Soilworks, LLC (**"Soilworks"**) hereby responds to Defendant Midwest Industrial Supply,

22  Inc.'s (**"Midwest"**) First Request for Production of Documents and Things, dated May 22,

2007.

23  **GENERAL STATEMENTS**

24       1.     Soilworks incorporates by reference each and every general objection set forth

25  below into each and every specific response.  From time to time a specific response may

26  repeat a general objection for emphasis or some other reason.  The failure to include any

27  general objection in any specific response shall not be interpreted as a waiver of any general

28

1   objection to that response.

2       2.      Soilworks' responses to Defendant's Interrogatories and Document Requests

3   are made to the best of Soilworks' present knowledge, information and belief. Soilworks

4   reserves the right to supplement and amend these responses should future investigation

5   indicate that such supplementation or amendment is necessary. The following responses and

6   objections are given without prejudice to Soilworks' right to revise its responses based upon

7   any subsequent investigation.

8       3.      By responding to Midwest's Interrogatories and Document Requests,

9   Soilworks does not waive any objection that may be applicable to: (a) the use, for any

10  purpose, by Midwest of any information or documents given in this response to Midwest's

11  Interrogatories and Document Requests; or (b) the admissibility, relevancy or materiality of

12  any of the information or documents at issue in this case.

13                              **GENERAL OBJECTIONS**

14      1.      Soilworks objects to the noticed date for the production. Due to the length and

15  number of discovery requests and the volume of requested materials, Soilworks cannot

16  possibly produce everything within 30 days. Soilworks will produce responsive materials on

17  a rolling basis.

18      2.      Soilworks objects to each and every Interrogatory and Document Request to

19  the extent that it is inconsistent or seeks to impose duties or obligations on Soilworks beyond

20  those imposed by the Federal Rules of Civil Procedure, the Local Rules for this District, or

21  the Individual Rules of the Judge hearing this matter.

22      3.      Soilworks objects to each and every Interrogatory and Document Request

23  insofar it is vague, ambiguous, indefinite, overly broad, unduly burdensome, duplicative,

24  cumulative, unintelligible or otherwise unclear as to the precise information sought.

25  Soilworks objects on this basis particularly when the Interrogatory or Document Request is

26  unduly burdensome in view of the cost necessary to investigate weighed against Midwest's

27  need for the information.

28      4.      Soilworks objects to each and every Interrogatory and Document Request to

the extent that it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

5. Soilworks objects to each and every Interrogatory and Document Request as overly broad and unduly burdensome to the extent that it seeks information about Soilworks products that are not accused of infringement. Soilworks will only provide materials and information on its products and services that are actually accused of infringing the two Midwest Patents identified in the Counterclaims.

6. Soilworks objects to each and every Interrogatory and Document Request as overbroad in geographic scope to the extent that it seeks discovery on activities outside the United States. Unless otherwise stated, Soilworks will interpret each Interrogatory and Document Request to be limited to activities in the United States.

7. Soilworks objects to each and every Interrogatory and Document Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine, joint-defense privilege, common-interest privilege, or any other applicable law, privilege, protection, or doctrine (collectively "privileged information"). The production of any privileged information or document by Soilworks (beyond production of opinions relied upon) is unintentional, and Soilworks does not intend to waive any applicable objection or privilege as a result of such production. The scope of any waiver of privilege related to production of opinions of counsel shall be as narrow as permitted by law.

8. Soilworks objects to each and every Interrogatory and Document Request to the extent it requires Soilworks to search for and reveal privileged information from its and its attorneys' litigation files pertaining to this lawsuit. Soilworks will not schedule on its privilege log any attorney-client privileged materials or materials protected by the attorney work product doctrine created during the course of any ongoing Soilworks/Midwest litigation.

9. Soilworks objects to each and every Interrogatory and Document Request as unduly burdensome and oppressive to the extent that it purports to require Soilworks to search its facilities and inquire of Soilworks' employees other than those facilities and

employees that would reasonably be expected to have responsive information. Soilworks' responses are based upon (1) a reasonable search, given the time allotted to Soilworks to respond to the interrogatories, of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Soilworks employees and/or representatives who could reasonably be expected to possess responsive information.

10. Soilworks objects to each and every Interrogatory and Document Request to the extent that it seeks information or documents already in the possession of Midwest or in the public domain and as readily available to Midwest as they are to Soilworks. Accordingly, information or documents that are otherwise responsive to these Interrogatories and Document Requests, but that are already in the possession of Midwest, or are equally available or more available to Midwest, will not be produced in response to these Interrogatories and Document Requests.

11. Soilworks objects to each and every Interrogatory and Document Request to the extent it calls for information or documents not within the possession, custody or control of Soilworks. The responses given herein are based upon information and documents within Soilworks' possession, custody or control.

12. Soilworks objects to each and every Interrogatory and Document Request as overbroad and unduly burdensome to the extent that it is unlimited in temporal scope or otherwise not limited to a time frame relevant to this litigation and the patent-in-suit.

13. Soilworks objects to each and every Interrogatory and Document Request to the extent that it calls for information or documents which are confidential or proprietary to, or the trade secrets of, a third party. Soilworks will not produce such documents until it has notified the relevant third parties of Midwest's requests and, to the extent necessary, obtained their consent to such production.

14. Soilworks objects to each and every Interrogatory and Document Request to the extent it seeks confidential, trade secret, or proprietary business, technical, marketing, or financial information. Soilworks will not provide such information until a suitable protective order has been agreed upon by the parties and entered by the Court.

15.     Soilworks objects to each and every Interrogatory and Document Request to the extent that it seeks information or documents regarding Soilworks' proprietary development activities for products not yet manufactured or available to the public, because the relevance, if any, of such highly confidential information is substantially outweighed by the prejudice that Soilworks would suffer if the information were disclosed or made available to Soilworks' competitors.

16.     Soilworks objects to each and every Interrogatory and Document Request to the extent that it seeks discovery that is the province of expert testimony, prior to the period that expert disclosures and discovery are scheduled to occur.

17.     Soilworks objects that the Interrogatories and Document Requests are premature. This case is still in its early stages. Soilworks is still investigating its claims, and needs critical discovery from Midwest. Midwest has yet to identify its claim construction position, or state in detail the basis for its infringement contentions.

18.     The information set forth herein is provided without waiving (1) the right to object to the use of such information for any purpose, if a basis for objecting exists; (2) the right to object to any request involving or relating to the subject matter of information contained in this disclosure statement; or (3) the right to revise, correct, supplement or clarify any of the information set forth below.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.     Soilworks objects to the definitions of Midwest as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The terms are defined so broadly as to render many of the Interrogatories and Document Requests incomprehensible.

2.     Soilworks objects to the definitions of "document" and "documents" as overbroad, vague, and ambiguous. Soilworks will construe both terms consistently with the Federal and Local Rules,

3.     Soilworks objects to Midwest's instructions as overly broad. Except as set forth below, Soilworks will not separately, specifically identify the document,

communication or item for which it claims privilege. Rather, when necessary, Soilworks will identify its privileged documents in the form of a privilege log. However, Soilworks will not disclose, produce or include on a privilege log any documents or things created or dated after the filing of the Complaint in this action.

## SPECIFIC RESPONSES

1. All documents, things, and electronically stored information that Plaintiff reviewed or relied upon in answering Defendant's First Set of Interrogatories to Plaintiff Soilworks LLC.

**RESPONSE: Objection. This interrogatory is premature. This case is still in its early stages. Soilworks is still investigating its claims, and needs critical discovery from Midwest. Midwest has yet to identify its claim construction position, or state in detail the basis for its infringement contentions. Furthermore, some documents reviewed or relied upon to answer Defendant's interrogatories may be subject to the attorney client and/or work product privilege. Without waiving the foregoing objections, once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make responsive documents available. Further, without waiving the foregoing objections, on the basis of the allegations made to date, Soilworks produces herewith its preliminary claims chart. It is important to note that the claims chart is preliminary only and was produced in the absence of Midwest's claim construction / interpretation position and claims chart regarding its patent(s).**

2. All documents, things and electronically stored information identified by Plaintiff in §B of its Rule 26 disclosures, (entitled "**Documents, Data Compilations and Tangible Things**,"). Nos. 1-7.

**RESPONSE: Objection. This interrogatory is premature. This case is still in its early stages. Soilworks is still investigating its claims, and needs critical discovery from Midwest. Midwest has yet to identify its claim construction position, or state in detail the basis for its infringement contentions. Furthermore, this request is overly intrusive, broad and unduly burdensome. Without waiving the foregoing objections, once the**

Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make responsive documents available. Further, without waiving the foregoing objections, on the basis of the allegations made to date, Soilworks produces herewith its preliminary claims chart. It is important to note that the claims chart is preliminary only and was produced in the absence of Midwest's claim construction / interpretation position and claims chart regarding its patent(s).

3. All documents, things, and electronically stored information sufficient to determine Plaintiff's customers of Plaintiff's Products.

**RESPONSE: Objection.** This request is overly intrusive and unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Durasoil® is the only Soilwork's product about which an infringement argument has been made.

4. All documents, things, and electronically stored information sufficient to support Plaintiff's claims that it is a manufacturer and/or innovator of one or more of Plaintiff's Products.

**RESPONSE: Objection. Overly broad and unduly burdensome.** This request is premature. Furthermore, Durasoil® is the only Soilwork's product about which an infringement argument has been made, and Soilworks will only provide the requested information about Durasoil®. Without waiving the foregoing objections, once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make responsive documents available.

5. All documents, things, and electronically stored information regarding customer reviews (*e.g.*, complaints and/or endorsements) of Plaintiff's Products.

**RESPONSE: Objection.** This request is overly intrusive, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Durasoil® is the only Soilwork's product about which an infringement argument has been made, and Soilworks will only provide the requested information about Durasoil®. Without waiving the foregoing objections, once the Court has

entered a Protective Order which is mutually agreeable to all parties, Soilworks will make responsive documents available.

6.    All documents, things, and electronically stored information sufficient to identify all of Plaintiff's Products manufactured, used, sold, and/or offered for sale in the United States by, or on behalf of, Plaintiff.

**RESPONSE: Objection. This request is overly intrusive, broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Durasoil® is the only Soilwork's product about which an infringement argument has been made, and Soilworks will only provide the requested information about Durasoil®. Without waiving the foregoing objections, once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make responsive documents available.**

7.    All documents, things, and electronically stored information referring or relating to conception, development, manufacturing, marketing and selling of all of Plaintiff's Products.

**RESPONSE: Objection. This request is overly intrusive, broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Durasoil® is the only Soilwork's product about which an infringement argument has been made, and Soilworks will only provide the requested information about Durasoil®. Without waiving the foregoing objections, once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make responsive documents available.**

8.    Identify all vendors or suppliers of all ingredients of Plaintiff's Products.

**RESPONSE: Objection. This request is overly intrusive, broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Durasoil® is the only Soilwork's product about which an infringement argument has been made, and Soilworks will only provide the requested information about Durasoil®. Without waiving the foregoing objections, once the**

1  Court has entered a Protective Order which is mutually agreeable to all parties,
2  Soilworks will make responsive documents available.

3      9.    All documents, things, and electronically stored information that refers or
4  relates to the research, design, and development of all Plaintiff's Products.

5      **RESPONSE: Objection.    This request is overly intrusive, broad, unduly**
6  **burdensome and not reasonably calculated to lead to the discovery of admissible**
7  **evidence.    Furthermore, Durasoil® is the only Soilwork's product about which an**
8  **infringement argument has been made, and Soilworks will only provide the requested**
9  **information about Durasoil®.  Without waiving the foregoing objections, once the**
10 **Court has entered a Protective Order which is mutually agreeable to all parties,**
11 **Soilworks will make responsive documents available.**

12     10.   All documents, things, and electronically stored information that refers or
13 relates to the commercialization of all of Plaintiff's Products, including by way of example,
14 white papers, business plans, marketing surveys, test market results, testing, test results,
15 studies, and marketing and promotional materials.

16     **RESPONSE: Objection.    This request is overly intrusive, broad, unduly**
17 **burdensome and not reasonably calculated to lead to the discovery of admissible**
18 **evidence.    Furthermore, Durasoil® is the only Soilwork's product about which an**
19 **infringement argument has been made, and Soilworks will only provide the requested**
20 **information about Durasoil®.  Without waiving the foregoing objections, once the**
21 **Court has entered a Protective Order which is mutually agreeable to all parties,**
22 **Soilworks will make responsive documents available.**

23     11.   All documents, things, and electronically stored information that refers or
24 relates to environmental toxicity, ecological, and/or aquatic studies or reports related to
25 Plaintiffs Products.

26     **RESPONSE: Objection.    This request is overly intrusive, broad, unduly**
27 **burdensome and not reasonably calculated to lead to the discovery of admissible**
28 **evidence.    Furthermore, Durasoil® is the only Soilwork's product about which an**

1 | infringement argument has been made, and Soilworks will only provide the requested
2 | information about Durasoil®. Without waiving the foregoing objections, once the
3 | Court has entered a Protective Order which is mutually agreeable to all parties,
4 | Soilworks will make responsive documents available.

5 | 12. All documents, things, and electronically stored information which Plaintiff
6 | relies upon for any belief or contention that the Midwest Patents or any claim thereof is
7 | invalid and/or unenforceable.

8 | **RESPONSE: Objection. Vague, overbroad and not reasonably calculated to the**
9 | **discovery of admissible evidence. This request is premature. This case is still in its**
10 | **early stages, and until Midwest identifies its claim construction / interpretation position**
11 | **and provides a claims chart regarding its patent(s), Soilworks cannot fully respond to**
12 | **this request. Without waiving the foregoing objections, once the Court has entered a**
13 | **Protective Order which is mutually agreeable to all parties, Soilworks will make**
14 | **responsive documents available.**

15 | 13. All documents, things, and electronically stored information that refers or
16 | relates to the Midwest Patents, including documents, things, and electronically stored
17 | information that refers or relates to the invalidity, validity, scope. and/or unenforceability,
18 | enforceability of any claim of the Midwest Patents.

19 | **RESPONSE: Objection. Vague, overbroad and not reasonably calculated to the**
20 | **discovery of admissible evidence. This interrogatory is premature. This case is still in**
21 | **its early stages, and until Midwest identifies its claim construction / interpretation**
22 | **position and provides a claims chart regarding its patent(s), Soilworks cannot fully**
23 | **respond to this request. Without waiving the foregoing objections, once the Court has**
24 | **entered a Protective Order which is mutually agreeable to all parties, Soilworks will**
25 | **make responsive documents available.**

26 | 14. All documents, things, and electronically stored information which Plaintiff
27 | relies upon, or will rely upon, for any contention that Plaintiffs Products do not infringe the
28 | Midwest Patents.

**RESPONSE: Objection. Vague, overbroad and not reasonably calculated to the discovery of admissible evidence. This interrogatory is premature. This case is still in its early stages, and until Midwest identifies its claim construction / interpretation position and provides a claims chart regarding its patent(s), Soilworks cannot fully respond to this request. Without waiving the foregoing objections, on the basis of Soilwork's preliminary analysis, Soilworks believes it is selling products that have been manufactured and sold for years prior to the date Midwest filed for patent protections, and Prior Art defenses apply. Without waiving the foregoing objections, once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make responsive documents available. Furthermore, Durasoil® is the only Soilwork's product about which an infringement argument has been made, and Soilworks will only provide the requested information about Durasoil®.**

15. All documents, things, and electronically stored information sufficient to identify each person involved in the research, design, and/or development of all of Plaintiff Products.

**RESPONSE: Objection. This request is overly intrusive, broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Durasoil® is the only Soilwork's product about which an infringement argument has been made, and Soilworks will only provide the requested information about Durasoil®. Without waiving the foregoing objections, once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make responsive documents available.**

16. All documents, things, and electronically stored information that discloses, describes, discusses, refers or relates to all of Plaintiff's Products, including, but not limited to, all MSDS sheets, promotional materials, advertisements, advertising information, instruction manuals, service manuals, user's guides or instructions, engineering drawings, chemical formulation sheets, toxicology reports, and bills of materials.

**RESPONSE: Objection. This request is overly intrusive, broad, unduly**

burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Durasoil® is the only Soilwork's product about which an infringement argument has been made, and Soilworks will only provide the requested information about Durasoil®. Without waiving the foregoing objections, once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make responsive documents available. Without waiving the foregoing objections, see http://www.durasoil.com/ and Soilwork's related websites.

17 All documents, things and electronically stored information sufficient to identify all ingredients (e.g., including. but not limited to, "proprietary" ingredients as listed in Section 2 of Plaintiff's MSDS sheet, shown on Plaintiff's website for its Durasoil product, http://www.durasoil.com/msds.php), and the percentage composition of all ingredients of Plaintiff's Products.

**RESPONSE: RESPONSE: Objection. This request is overly intrusive, broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Durasoil® is the only Soilwork's product about which an infringement argument has been made, and Soilworks will only provide the requested information about Durasoil®. Without waiving the foregoing objections, once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make responsive documents available. Without waiving the foregoing objections, see http://www.durasoil.com/ and Soilwork's related websites.**

18. All documents, things, and electronically stored information, created by Soil Works or from third party sources that refers or relates to: ecotoxicity tests: acute and/or chronic toxicity on various aquatic species; human health effects tests: mammalian oral, inhalation and dermal toxicity testing, mammalian eye and dermal irritation testing; environmental fate testing: biodegradation testing; environmental composition: bulk analysis – VOC's (volatile organic compounds), Semi VOC's, metals. PAH (polycyclic aromatic hydrocarbons); pesticides and herbicides: leachate analysis (TCLP – Toxicity Characteristic Leaching Procedure, SPLP - Synthetic Precipitation Leaching Procedure); or any other data

that would provide ecological, environmental or human health information about the product.

**RESPONSE: RESPONSE: Objection. This request is overly intrusive, broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Durasoil® is the only Soilwork's product about which an infringement argument has been made, and Soilworks will only provide the requested information about Durasoil®. Without waiving the foregoing objections, once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make responsive documents available. Without waiving the foregoing objections, see http://www.durasoil.com/ and Soilwork's related websites.**

19.    All Prior Art that Plaintiff is aware of relating to the subject matter and/or any of the claims of the Midwest Patents.

**RESPONSE: Objection. This interrogatory is premature. This case is still in its early stages, and until Midwest identifies its claim construction / interpretation position and provides a claims chart regarding its patent(s), Soilworks cannot fully respond to this request. Without waiving the foregoing objections, once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make responsive documents available.**

20.    Any legal advice concerning any patent owned by Defendant, including anything communicated to any attorney, anything used, considered, reviewed or rejected by any attorney, and any communication from any attorney, including all drafts.

**RESPONSE: Objection. The documents requested are subject to the attorney client and/or work product privileges. Without waiving the foregoing objections, and to the extent responsive documents exist, Soilworks will produce a privilege log.**

21.    Annual, quarterly, and monthly documents, things, and electronically stored information from which the following may be determined for all of Plaintiff's Products: the amount of product sold, sales figures. gross receipts, production costs, manufacturing costs, material costs, and/or labor costs.

**RESPONSE: Objection.** This request is overly intrusive, broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is solely for the purposes of harassment. Furthermore, Durasoil® is the only Soilwork's product about which an infringement argument has been made, and Soilworks will only provide the requested information about Durasoil®. Without waiving the foregoing objections, once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make responsive documents available.

22. All quarterly and annual income statements, balance sheets, and cash flow statements prepared in the normal course of business for Plaintiff and each of Plaintiff's division, business unit, affiliate, and subsidiary responsible for the design, procurement, manufacture, sale, and/or lease of all of Plaintiff's Products.

**RESPONSE: Objection.** This request is overly intrusive, broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is made solely for the purposes of harassment. Furthermore, Durasoil® is the only Soilwork's product about which an infringement argument has been made, and Soilworks will only provide the requested information about Durasoil®. Without waiving the foregoing objections, once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make responsive documents available.

23. All documents, things, and electronically stored information that refers or relates to pricing of all Plaintiff's Products, including without limitation, price quotes, price announcements, and actual prices paid by customers.

**RESPONSE: Objection.** This request is overly intrusive, broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is solely for the purposes of harassment. Furthermore, Durasoil® is the only Soilwork's product about which an infringement argument has been made, and Soilworks will only provide the requested information

1  about **Durasoil®.  Without waiving the foregoing objections, once the Court has**
2  **entered a Protective Order which is mutually agreeable to all parties, Soilworks will**
3  **make responsive documents available.**

4       24.    All documents, things, and electronically stored information that refers or
5  relates to Defendant, any employee or officer of Defendant (whether past or present and to
6  the extent known to Plaintiff), Midwest's Patents, Midwest's Marks, any of Defendant's
7  products, any alleged prior art to the Midwest Patents, and/or the present litigation.

8       **RESPONSE: Objection.  This request is vague, overly intrusive, broad, unduly**
9  **burdensome and not reasonably calculated to lead to the discovery of admissible**
10 **evidence.This interrogatory is premature.  This case is still in its early stages, and until**
11 **Midwest identifies its claim construction / interpretation position and provides a claims**
12 **chart regarding its patent(s), Soilworks cannot fully respond to this request.  Without**
13 **waiving the foregoing objections, once the Court has entered a Protective Order which**
14 **is mutually agreeable to all parties, Soilworks will make responsive documents**
15 **available.**

16      25.    All documents, things, and electronically stored information between Plaintiff
17 and Polar Supply.

18      **RESPONSE: Once the Court has entered a Protective Order which is mutually**
19 **agreeable to all parties, Soilworks will make responsive documents available.**

20      26.    All documents, things, and electronically stored information related to any
21 communications received from or delivered to any witness or potential witness in this matter,
22 including but not limited to documents, things, and electronically stored information related
23 to any communications received from or delivered to any expert witness.

24      **RESPONSE: Objection.  This request is vague, overly intrusive, broad, unduly**
25 **burdensome and not reasonably calculated to lead to the discovery of admissible**
26 **evidence.  This interrogatory is premature.  Without waiving the foregoing objections,**
27 **once the Court has entered a Protective Order which is mutually agreeable to all**
28 **parties, Soilworks will make responsive documents available.**

27. All documents, things, and electronically stored information concerning any and all factual bases for each and every claim set forth in Plaintiff's Complaint and/or Counterclaim(s).

**RESPONSE: Objection. This request is vague, overly intrusive, broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is premature. This case is still in its early stages, and until Midwest identifies its claim construction / interpretation position and provides a claims chart regarding its patent(s), Soilworks cannot fully respond to this request. Without waiving the foregoing objections, once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make responsive documents available. Further, this request seeks documents which may be subject to the attorney client and/or work product privileges. To the extent privileged documents exist, Soilworks will provide a privilege log.**

28. All documentary, physical, and electronically stored evidence that Plaintiff may or intends to rely upon in any pleading, at trial, and/or any hearing in this action.

**RESPONSE: Objection. Vague, overbroad and not reasonably calculated to the discovery of admissible evidence. This interrogatory is premature. This case is still in its early stages, and until Midwest identifies its claim construction / interpretation position and provides a claims chart regarding its patent(s), Soilworks cannot fully respond to this request. Without waiving the foregoing objections, once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make responsive documents available. Further, this request seeks documents which may be subject to the attorney client and/or work product privileges. To the extent privileged documents exist, Soilworks will provide a privilege log.**

29. Produce actual samples of Plaintiff's Products.

**RESPONSE: Objection. Vague and overbroad. Durasoil® is the only Soilwork's product about which an infringement argument has been made, and Soilworks will only provide the requested information about Durasoil®. Without**

waiving the foregoing objections, once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make responsive documents available.

30.     All documents, things, and electronically stored information, including invoices, between Plaintiff and any internet entity Plaintiff uses to advertise Plaintiff's Products, including, but not limited to Google and Yahoo!

**RESPONSE: Objection. Vague, overbroad and not reasonably calculated to the discovery of admissible evidence.**

31.     All documents, things, and electronically stored information regarding impressions, purchasing of keywords, Keywords and "costs per click" from all search engines Plaintiff advertises upon related to Plaintiffs Products.

**RESPONSE: Objection. Vague, overbroad and not reasonably calculated to the discovery of admissible evidence.**

32.     Produce a representative sampling of the history of Plaintiff's websites advertising Plaintiff's Products.

**RESPONSE: Objection. Vague, overbroad and not reasonably calculated to the discovery of admissible evidence.**

33.     All organizational charts of Plaintiff from 2002 to the present time.

**RESPONSE: Objection. Vague, overbroad and not reasonably calculated to the discovery of admissible evidence. Without waiving the foregoing objections, Soilworks responds that it does not possess the requested documents.**

Dated this _23rd_ day of July, 2007.

KUTAK ROCK LLP


By     /s/
       E. Scott Dosek
       John P. Passarelli
       Suite 300
       8601 North Scottsdale road
       Scottsdale, AZ  85253-2742

       *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23rd, 2007, the foregoing Soilworks, LLC's Responses to Midwest Industrial Supply, Inc.'s First Request for Production of Documents and Things was served electronically upon the following:

JOHN M. SKERIOTIS  #0069263 (OH)
JILL A. GRINHAM  #075560 (OH)
BROUSE MCDOWELL
388 S. Main Street
Suite 500
Akron, OH 44311-4407

Jill Anne Grinham jgrinham@brouse.com
John M Skeriotis jms@brouse.com

*Attorneys for Defendant Midwest Industrial Supply, Inc.*

/s/
Amy S. Fletcher

| Patent 7,081,270 | Soilworks' Durasoil® |
|---|---|
| 1. A method for providing at least one of stabilization and dust control to a particulate surface soil, the method comprising: applying to and allowing to penetrate the surface soil a composition consisting essentially of: (a) a binder consisting essentially of a carboxylic acid, an ester, or a thermoplastic polyolefin; and, (b) a synthetic isoalkane. | Durasoil does not provide stabilization through the use of a binder (like an adhesive). Durasoil is a compaction agent and helps achieve higher soil/aggregate densities and therefore a more stabilized soil. Durasoil provides dust control. Durasoil does not have any carboxylic acid. Durasoil contains esters. Durasoil does not contain any thermoplastic polyolefins (this term needs better defining). Durasoil does not contain a synthetic isoalkane because it is not manufactured molecule by molecule (like a group 4 PAO base oil). |
| 2. The method of claim 1, where the composition is devoid of electrolytes. | Unknown. |
| 3. The method of claim 1, where said composition is applied neat to the surface soil. | Durasoil is applied neat to the surface soil. |
| 4. The method of claim 1, where the binder is a thermoplastic polyolefin. | Durasoil does not contain thermoplastic polyolefins (this term needs better defining). |
| 5. The method of claim 4, where the composition comprises from 2 to 90% by weight of the thermoplastic polyolefin. | Durasoil does not contain thermoplastic polyolefins (this term needs better defining). |
| 6. The method of claim 1, where the binder is a carboxylic acid. | Durasoil does not contain carboxylic acids. |
| 7. The method of claim 6, where the carboxylic acid is a fatty acid. | Durasoil does not contain carboxylic acids or fatty acids. |
| 8. The method of claim 6, where the composition comprises from 5 to 70% by weight of the carboxylic acid. | Durasoil does not contain carboxylic acids. |
| 9. A method for providing at least one of stabilization and dust control to a particulate surface soil, the method comprising the step of: applying to and allowing to penetrate the surface soil a composition consisting essentially of: (a) a binder consisting essentially of a carboxylic acid, an ester, or a thermoplastic polyolefin; (b) a synthetic isoalkane; and, (c) an emulsifier. | Durasoil does not provide stabilization through the use of a binder (like an adhesive). Durasoil is a compaction agent and helps achieve higher soil/aggregate densities and therefore a more stabilized soil. Durasoil provides dust control. Durasoil does not contain any carboxylic acids. Durasoil contains esters. Durasoil does not contain thermoplastic polyolefins (this term needs better defining). Durasoil does not contain a synthetic isoalkane because it is not manufactured molecule by molecule (like a group 4 PAO base oil). Durasoil does not contain any emulsifiers. |
| 10. A process for at least one of reducing erosion and controlling dust in surface soil, the process comprising: (a) applying to said surface soil a composition comprising two organic materials and allowing the composition to penetrate and weight discrete portions of the surface soil, where the composition consists essentially of (a) a binder consisting essentially of a carboxylic acid, an ester, or a thermoplastic polyolefin and (b) a plasticizer consisting essentially of a synthetic isoalkane; and allowing at least one material in the composition to form a binder in which portions of the surface soil are associated, so as to provide a treated surface soil. | Durasoil does not reduce erosion. Durasoil provides dust control in surface soil. Durasoil is applied to the surface soil. Durasoil is not comprised of two organic materials. Durasoil's composition will penetrate and weight discrete portions of the surface soil. Durasoil does not have any carboxylic acid. Durasoil contains esters. Durasoil does not contain any thermoplastic polyolefins (this term needs better defining). Durasoil does not contain a synthetic isoalkane because it is not manufactured molecule by molecule (like a group 4 PAO base oil). |
| 11. The process of claim 10, where said surface soil comprises at least one of dirt, slag, sand, gravel, mineral, and aggregate. | Durasoil can be used with any dirt, slag, sand, gravel, mineral and aggregate. |
| 12. The process of claim 10, where said weighting is achieved by at least one of adsorption and absorption of said blend to said discrete portions of said surface soil. | Durasoil weighting is achieved by adsorption and/or absorption of the surface soil. Durasoil is not a blend. |
| 13. The process of claim 10, where said surface soil exhibits at least a 100% increase in stiffness and Young's modulus after being treated. | Unknown |
| 14. The process of claim 10, where the composition comprises 2 to 90% by weight of the polyolefin. | Durasoil does not contain any thermoplastic polyolefins (this term needs better defining). Durasoil is not a synthetic isoalkane because it is not manufactured molecule by molecule (like a group 4 PAO base oil). |
| 15. A process for at least one of reducing erosion and controlling dust in surface soil, the process comprising: (a) applying to said surface soil a composition and allowing the composition to penetrate and weight discrete portions of the surface soil, where the composition consists essentially of (a) a binder consisting essentially of a carboxylic acid, an ester, or a thermoplastic polyolefin (b) a plasticizer consisting essentially of a synthetic isoalkane and (c) a long chain carboxylic acid or ester; and, (b) allowing at least one material in the composition to form a binder in which portions of the surface soil are associated, so as to provide a treated surface soil. | Durasoil does not reduce erosion. Durasoil provides dust control in surface soil. Durasoil is applied to the surface soil. Durasoil's composition will penetrate and weight discrete portions of the surface soil. Durasoil does not have any carboxylic acid. Durasoil contains esters. Durasoil does not contain any thermoplastic polyolefins (this term needs better defining). Durasoil does not contain a synthetic isoalkane because it is not manufactured molecule by molecule (like a group 4 PAO base oil). Durasoil's composition does not contain any binders. |
| 16. The process of claim 15, where the composition comprises from 5 to 70% by weight of the carboxylic acid or ester. | Durasoil does not contain any carboxylic acid. Durasoil contains esters. |

| Patent 7,074,266 | Soilworks' Durasoil® |
|---|---|
| 1. A compound for chemical soil stabilization and dust control, the compound consisting essentially of: a binder consisting essentially of a carboxylic acid, an ester, or a thermoplastic polyolefin; and, a synthetic isoalkane. | Durasoil does not provide stabilization through the use of a binder (like an adhesive). Durasoil is a compaction agent and helps achieve higher soil/aggregate densities and therefore a more stabilized soil. Durasoil provides dust control. Durasoil does not contain any carboxylic acid. Durasoil contains esters. Durasoil does not contain any thermoplastic polyolefins (this term needs better defining). Durasoil does not contain a synthetic isoalkane because it is not manufactured molecule by molecule (like a group 4 PAO base oil). |
| 2. The compound of claim 1, wherein the binder is a carboxylic acid. | Durasoil does not contain any binders or any carboxylic acid |
| 3. The compound of claim 2, wherein the carboxylic acid is a fatty acid. | Durasoil does not contain any carboxylic acid or fatty acid. |
| 4. The compound of claim 2, wherein the compound is devoid of electrolytes. | Unknown. |
| 5. The compound of claim 2 wherein the compound comprises from 1 to 99% by weight of the carboxylic acid. | Durasoil does not contain any carboxylic acid |
| 6. The compound of claim 2, wherein the compound further comprises an emulsifier. | Durasoil does not contain any emulsifiers. |
| 7. The compound of claim 2, wherein the synthetic isoalkane is selected from a group comprising: synthetic or semisynthetic hydrocarbons. | Durasoil does not contain a synthetic isoalkane because it is not manufactured molecule by molecule (like a group 4 PAO base oil). The terms synthetic or semisynthetic hydrocarbons needs better defining. If synthetic is defined as molecules that are manufactured/built molecule by molecule (like a group 4 PAO base oil) rather than being broken down (like group 1,2 or 3 base oils) from larger molecules, then Durasoil is not synthetic. If semisynthetic is defined as molecules created from larger molecules, then Durasoil is semisynthetic. |
| 8. The compound of claim 7 wherein the synthetic hydrocarbons are selected from a group produced from hydrotreating, hydrocracking, or hydroisomerization. | Durasoil is produced from hydrotreating, hydrocracking or hydroisomerization (which defines group 1,2 and 3 base oils). |
| 9. The compound of claim 7 wherein the synthetic isoalkane is selected from chemical group comprising: isoalkanes or branched iso-paraffins. | Isoalkanes needs to be better defined (unknown). Durasoil is based on paraffin. The term branched iso-paraffins need to be better defined. |
| 10. The compound of claim 1, wherein the binder is a thermoplastic polyolefin. | Durasoil does not contain any thermoplastic polyolefins (this term needs better defining). |
| 11. The compound of claim 10, wherein the compound comprises from 1 to 99% by weight of the thermoplastic polyolefin. | Durasoil does not contain any thermoplastic polyolefins (this term needs better defining). |
| 12. The compound of claim 1 wherein the isoalkane has a viscosity of at least about 19 centistokes @20.degree. C. and a flame point greater than 130.degree. C. | Isoalkanes needs to be better defined (unknown). Durasoil's viscosity is at least about 19 centistokes @20 degree C and has a flame point greater than 130 degree C. |
| 13. The compound of claim 12 wherein the synthetic isoalkane is selected from chemical group comprising: isoalkanes or branched iso-paraffins. | Isoalkanes needs to be better defined (unknown). Durasoil is based on paraffin. The term branched iso-paraffins need to be better defined. |
| 14. The compound of claim 1, wherein the compound further comprises an emulsifier. | Durasoil does not contain any emulsifiers. |
| 15. The compound of claim 14, wherein the synthetic isoalkane has a flash point of 177.degree. C. | Durasoil does not have a flash point of 177 degree C (+/- 20 C) |