1          IN THE UNITED STATES DISTRICT COURT
                   DISTRICT OF ARIZONA
2
3
   SOILWORKS, LLC,
4
5              Plaintiff,
6   -vs-
7   MIDWEST INDUSTRIAL SUPPLY, INC.
8
               Defendant.
9   _____/
    Case No. 2:06-cv-02141
10
                         COPY
11  _____
12     VIDEOTAPED DEPOSITION OF STEVEN HICKMAN
    _____
13
14              April 23, 2008
                  9:04 a.m.
15
                   Taken at:
16     DeLisio Moran Geraghty & Zobel, P.C.
              943 West 6th, Avenue
17              Anchorage, Alaska
18
19  Reported by:
20  Britney Dudley, Shorthand Reporter
21
22
23
24
25

Dockets.Justia.com

```
 1                      A-P-P-E-A-R-A-N-C-E-S
 2   For the Plaintiff:   KUTAK ROCK, LLP
                          Douglas H. Allsworth, Esquire
 3                        8601 N. Scottsdale Road, Suite 300
                          Scottsdale, AZ   85253
 4
 5
 6   For the Defendant:   BROUSE MCDOWELL
                          Craig A. Marvinney, Esquire
 7                        1001 Lakeside Avenue, Suite 1600
                          Cleveland, Ohio   44114
 8
 9   Also Present:        HOLMES WEDDLE & BARCOTT
                          Grant Watts, Esquire,
10                        701 West Eighth Avenue, Suite 700
                          Anchorage, AK   99501
11
12                        Bob Vitale,
                          Midwest Industrial Supply, Inc.
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                        I-N-D-E-X
 2
    STEVEN HICKMAN                         APRIL 23, 2008
 3
 4
 5
    EXAMINATION BY:                              PAGE
 6
    Mr. Marvinney                                  5
 7
 8
 9
10
11                        EXHIBITS
12  NUMBER              DESCRIPTION              PAGE
13  58    May 4, 2006 Fax, Bates No. 0035504      156
14  59    May 4, 2006 Fax, Bates No. 0035468      171
15
16
17
18
19
20
21
22
23
24
25
```

1   THE VIDEOGRAPHER: One moment please.
2   We are on the record. Today is April 23rd,
3   2008. The time is approximately 9:04 a.m. This is
4   tape 1 of the videotaped deposition of Steve Hickman
5   being taken on behalf of the Defendant in the matter
6   of Soilworks, LLC, versus Midwest Industrial Supply,
7   Inc., filed in the United States District Court for
8   the district of Alaska.
9   MR. MARVINNEY: District of Arizona.
10  THE VIDEOGRAPHER: District of Arizona? Pardon
11  me. I apologize.
12  MR. MARVINNEY: The subpoena was issued out of
13  the District of Alaska, United States Supreme Court.
14  THE VIDEOGRAPHER: Thank you, sir.
15  Case number 2:06-cv-02141. We're in the
16  conference room of the offices of DeLisio Moran
17  Geraghty & Zobel, PC, located at 943 West 6th
18  Avenue, Suite 200 in Anchorage, Alaska. My name is
19  Steve Miedzwiadok, and I'm the videographer. My
20  business address is 545 East 12th Avenue in
21  Anchorage, Alaska. The court reporter is Britney
22  Dudley with Northern Lights Realtime & Reporting.
23  Would counsel identify themselves for the
24  record, please.
25  MR. MARVINNEY: My name is Craig Marvinney,

1  appearing from Brouse McDowell in Cleveland, Ohio,
2  on behalf of Midwest Industrial Supply, Inc.
3       MR. ALLSWORTH: Douglas Allsworth of Kutak Rock
4  on behalf of Plaintiff Soilworks, LLC.
5       MR. WATTS: Grant Watts, with the law firm of
6  Holmes Weddle Barcott, here on behalf of Spenard
7  Builders Supply/Polar.
8       THE VIDEOGRAPHER: Pardon me, also present is
9  Bob Vitale.
10      We ask now that the court reporter please swear
11  the witness.
12 THEREUPON:
13                    STEVEN HICKMAN
14 was called as a witness herein, after having been duly
15 sworn upon oath by Britney Dudley, Notary Public, was
16 examined and testified as follows:
17                    EXAMINATION
18 BY MR. MARVINNEY:
19      Q.  Good morning, sir.  How are you?
20      A.  I'm fine.  How are you?
21      Q.  Fine, thank you.
22          Would you please state your full name for the
23 record?
24      A.  My name is Steven Todd Hickman.
25      Q.  And Mr. Hickman, is that okay if I call you

1  that?
2     A.  That's fine.
3     Q.  My name is Craig Marvinney and in the
4  introductory portion of the deposition that
5  Mr. Miedzwiadok did so well, we noted I represent Midwest
6  Industrial Supply, Inc., which is a company out of
7  Canton, Ohio and it's been named as a defendant in a case
8  filed by Soilworks, LLC, a company out of Gilbert,
9  Arizona.
10        And I'll be asking you some questions today.  If
11 at any time you don't understand my question, would you
12 please straighten it out with me before you give your
13 answer in full on the record?
14    A.  Yes.
15    Q.  And if you've had a chance to speak with your
16 attorney before the deposition, you may already know
17 this, but if you answer each question out loud, verbally,
18 so that it has true meaning and understandability to the
19 transcript and to the video today, that would be great;
20 do you understand that?
21    A.  I understand.
22    Q.  That will ascribe meaning to things other than
23 huh-uh and uh-huh, which when we see your -- in person,
24 many times that makes sense, but on a transcript or
25 sometimes on video, it doesn't; if that's all right?

1     A.  That's fine.

2     Q.  The other thing is, if you find that my -- my questions are confusing, ambiguous or otherwise in need of clarification at any time, please also straighten -- straighten that out with me on the record before you respond; is that all right?

7     A.  I'll give it my best try.

8     Q.  Are you feeling okay today?

9     A.  I'm feeling fine.

10    Q.  Under any medication or anything?

11    A.  Not a thing.

12    Q.  Feel all clearheaded, ready to go?

13    A.  As clear as I can be.

14    Q.  That's great.

15    MR. MARVINNEY: For the record - and I know this has been said before - this is the deposition of Steven Hickman in the United States District Court for the District of Arizona, case number 2:06-cv-02141.

20    MR. MARVINNEY: The deposition today is being taken pursuant to a subpoena issued to you personally, correct?

23    THE WITNESS: Yes.

24    MR. MARVINNEY: All right. And you're here pursuant to that subpoena, correct?

```
 1        THE WITNESS:  Yes.
 2        MR. MARVINNEY:  And that subpoena was issued by
 3   the United States District Court for the District of
 4   Alaska.
 5        The court reporter today is registered and
 6   certified here in the state of Alaska.  Do you have
 7   any objections, Mr. Allsworth, to the qualifications
 8   or the abilities of the court reporter and the
 9   videographer today?
10        MR. ALLSWORTH:  No.
11        MR. MARVINNEY:  The deposition is being taken
12   pursuant to subpoena.  I have seen no objections
13   registered to the subpoena or the service of the
14   subpoena.  And the notice that was supplied to your
15   office as well.  There are no objections to that?
16        MR. ALLSWORTH:  I'm aware of none.
17        MR. MARVINNEY:  All right.
18        On that basis, then, pursuant to the subpoena
19   we'll proceed.  Thank you very much.
20        Mr. Watts, as far as you're concerned, you're
21   representing Polar Supply and/or Steve -- Spenard --
22   is it Spenard?
23        MR. WATTS:  It's Spenard.
24        MR. MARVINNEY:  Spenard Builders Supply?
25        MR. WATTS:  Yes, sir.
```

1       MR. MARVINNEY: All right. And you've got no
2   objections to the subpoena, as well, as we proceed?
3       MR. WATTS: At least for, you know, the
4   attendance of the witness today, I didn't raise any
5   objections to the subpoena. And I agreed we accept
6   service on behalf of the two people that you've
7   noticed up, Mr. Hickman and Mr. Gordner.
8       MR. MARVINNEY: Thank you very much.
9   With that then we can proceed further.
10  BY MR. MARVINNEY:
11      Q. Sir, if you would, please state your home
12  address for the record.
13      A. My home address is 2001, two zero zero one,
14  Salem Court, Anchorage, Alaska, 99508.
15      Q. And your date of birth?
16      A. 1/4/59.
17      Q. Would you briefly recite for us your educational
18  background?
19      A. My educational background.
20          I graduated from college in 1981 from Augustana
21  College in Rock Island, Illinois, with a bachelor of arts
22  in business administration.
23      Q. Did you grow up here in Alaska?
24      A. I've lived here the last 25 years.
25      Q. And so then where did you grow up?

1    Q. Have we had a fair encapsulation now of your
2 background and experience before you came to Polar
3 Supply?
4    A. Yes.
5    Q. All right.
6       Let's talk about Polar Supply. What is Polar
7 Supply?
8    A. Polar Supply is a sales organization, sells
9 construction supplies.
10   Q. And in what geographical area?
11   A. The state of Alaska.
12   Q. Polar Supply in April of 2007 or 2008 was
13 purchased or acquired by Spenard Builders Supply?
14   A. Correct.
15   Q. Was it '07 or '08?
16   A. April '07.
17   Q. Okay. And --
18      MR. WATTS: I'm just going to -- I'm just going
19   to object. Just for clarification, as far as what
20   you mean by "acquired"?
21      Just -- do you understand what he's saying?
22      THE WITNESS: Acquired?
23 BY MR. MARVINNEY:
24   Q. What do you understand the relationship today to
25 be of Spenard Builders Supply and Polar Supply?

1             MR. WATTS:  If you know.
2             THE WITNESS:  You know, I -- I don't really feel
3     qualified to answer that.  I mean, the relationship
4     of Polar and SBS?
5  BY MR. MARVINNEY:
6     Q.   SBS being Spenard Builders Supply?
7     A.   Correct.
8     Q.   I'm looking at an excerpt, if you will, taken
9  from the Spenard Builders Supply website.  And it speaks
10 in terms of an April 10, 2007, this is found at
11 http:\\www.sbsalaska.comsupport\headlines.htm.
12            This is a -- a press release dated April 10,
13 2007, and speaks to:  Spenard Builders Supply, SBS,
14 Alaska's largest building materials supplier and a member
15 of the Pro Build family of companies announced today the
16 acquisition of Polar Supply Company, which operates out
17 of distribution facilities in Anchorage, Fairbanks and
18 Kenai Polar -- I'm sorry, Kenai Polar Supply.
19    A.   Kenai, period.
20    Q.   Kenai, period.  Thank you.  My eyes are bad.
21           "Polar Supply Company specializes in commercial
22 grade structural, geotechnical, environmental and
23 corrosion preventative -- prevention products.  Moving
24 forward, Polar Supply will operate as a division of
25 Spenard Builders Supply."

1    Do you see that?
2    A.  I see that.
3    Q.  Do you have any reason, as you sit here today,
4    to dispute any of that?
5    A.  No, sir.
6    Q.  Okay.
7        So it's safe to say, from your standpoint and
8    your understanding, that Spenard Builders Supply on or
9    about April 10, 2007, acquired Polar Supply, correct?
10       MR. WATTS:  Again, if you know.
11       THE WITNESS:  You know, and that's a -- the
12       truth is I don't know.  I mean, I can read -- read
13       that.  But the truth is, I really don't know.  I'm
14       not involved in the corporate hierarchy.  I'm a
15       sales guy.  And that's what I do.
16   BY MR. MARVINNEY:
17       Q.  When you -- I appreciate that and I thank you
18   for that.  If -- if I may, do you consider yourself
19   currently, today, employed by Polar Supply or by Spenard
20   Builders Supply?
21       A.  I believe the checks come from Spenard Builders
22   Supply.
23       Q.  All right.
24       THE WITNESS:  Is that true?
25       MR. WATTS:  I don't know.

1          THE WITNESS:  I don't know.
2    BY MR. MARVINNEY:
3          Q.  Just depends on what you know --
4          A.  They just come.
5          Q.  -- that's why we're here today.
6              As long as they come, you're okay?
7          A.  I'm okay.  On time.
8          Q.  Now, Polar -- do you -- when you go out and meet
9    with customers, do you speak to those customers or
10   prospective customers as "I'm here on behalf of Polar
11   Supply" or "I'm here on behalf of the SBS or --"
12         A.  Polar Supply, definitely.
13         Q.  All right.
14             And so Polar Supply is still a known entity, as
15   far as it being a division of Spenard --
16         A.  Yes.
17         Q.  -- to the outside world, correct?
18         A.  Yes.
19         Q.  Now, I may have asked this before, and if I did,
20   I apologize.  Would you relate for us what your
21   responsibilities have been over the last two years of
22   your employment now with Polar Supply, or more recently
23   Spenard?
24         A.  Outside sales of construction supplies
25   throughout the state, either in person or on the phone.

## REPORTER'S CERTIFICATE

I, Britney E. Dudley, Notary Public for the State of Alaska, and Shorthand Reporter, do hereby certify that the forgoing proceedings were taken before me at the time and place herein set forth; that the witness was sworn to tell the truth; that the proceedings were reported stenographically by me and later transcribed by computer transcription; taht the waived signature; that the foregoing is a true record of the proceedings taken at that time; and that I am not a party to, nor do I have any interest in the outcome of the action herein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal this 2nd day of May, 2008.

BRITNEY E. DUDLEY, REPORTER

Notary Public - State of Alaska

STATE OF ALASKA
NOTARY PUBLIC
Britney E. Dudley
My Commission Expires April 25, 2011