BARBARA LAWALL
PIMA COUNTY ATTORNEY
CIVIL DIVISION
By: Nancy J. Davis
Deputy County Attorney
32 North Stone Avenue, Suite 2100
Tucson, Arizona 85701
Telephone: (520) 740-5750
Facsimile: (520) 620-6556
Pima Co. Computer No. 65252
State Bar No. 017197
Attorney for Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FRANCISCO SANCHEZ, individually,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>KARL WOOLRIDGE and DONALD D. DOYLE,<br><br>　　　　Defendants. | Case No.: 05-CV-583-TUC-RCC<br><br>**MOTION IN LIMINE No. 1**<br>**Re:  TO PRECLUDE TESTIMONY**<br>**OF PATRICIA GALLEGOS DURAN** |

Defendants move in limine for an order precluding the testimony of Plaintiff's lay witnesses, Patricia Gallegos Duran. It is anticipated that Ms. Duran will testify that the Defendants used excessive force in arresting Plaintiff and that their conduct violated the use of force policies of the Sheriff's Department. Ms. Duran's testimony should be excluded for three reasons: 1) because Plaintiff failed to timely and properly disclose Ms. Duran as a trial witness as required by Rule 26(a)(3)(A)(i), Fed.R.Civ.P., thereby resulting in undue prejudice to Defendants within the meaning of Rule 37(c)(1), Fed.R.Civ.P; 2) because the testimony amounts to an improper opinion testimony by a lay witness on police practices under Rule 701, Fed.R.Evid.; and, alternatively, 3)

1

because the testimony amounts to an improper expert opinion testimony on an ultimate issue of law. Moreover, the testimony is irrelevant, lacks foundation, and amounts to the witness telling the jury how to decide the case and any probative value is substantially outweighed by the danger of unfair prejudice. In the event the Court allows Ms. Duran to testify, Defendants should be allowed to introduce rebuttal and impeachment evidence, including evidence of Ms. Duran's bias towards the Defendants.

Factual background

Plaintiff Francisco Sanchez is suing Defendants Woolridge and Doyle, sheriff's deputies, under 42 U.S.C. § 1983 for allegedly violating his civil rights. The claim stems from the deputies' arrest and tasing of Plaintiff on May 25, 2003 during a concert at Old Tucson Studios. While at the concert, Plaintiff threw punches at and beer on Defendant Woolridge as he was arresting another individual, Ernesto Duran. After Mr. Duran was arrested, Defendants then arrested Plaintiff for his unlawful conduct. Prior to being arrested, Plaintiff attempted to flee from Deputy Woolridge and fought with both deputies. As a result of his continued unlawful behavior, Plaintiff claims he suffered a broken ankle and other injuries during his arrest.

Patricia Gallegos Duran is the wife of Ernesto Duran. Ms. Duran gave a taped statement to the investigating officers after the 2003 incident and also testified on behalf of Plaintiff in his criminal aggravated assault trial in Justice Court in 2005. It is anticipated, based on her prior testimony, that Plaintiff intends to have Ms. Duran testify that she believes the deputies used excessive force in arresting both her husband and

Plaintiff and that the use of the Taser in effectuating the arrest violated the use of force policies of the Sheriff's Department.

### 1. The testimony should be excluded based on Plaintiff's failure to properly disclose Ms. Duran as a trial witness.

Rule 26(a)(3)(A)(i), Fed.R.Civ.P., requires a party to disclose all trial witnesses. Rule 37(c)(1), Fed.R.Civ.P., prohibits a party from using information required to be disclosed by Rule 26(a) that is not properly disclosed unless the failure was substantially justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). One of the purposes of this rule is to prevent prejudice to the opposing party in preparing the defense of their case.

Plaintiff failed to disclose Ms. Duran as a trial witness as required by this rule. (See Exhibits 1, 2, and 3 hereto, Plaintiff's disclosures). Plaintiff did not list Ms. Duran as a proposed trial witness until January 2008, when she was listed in the second Joint Pretrial Statement filed with the Court. Defendants specifically objected to the inclusion of Ms. Duran as a witness in the Joint Pretrial Statement. The failure to timely disclose her as a witness was not substantially justified and is not harmless to the Defendants.

The failure of Plaintiff's prior counsel to disclose Ms. Duran as a trial witness prevented the Defendants from deposing Ms. Duran and from making discovery and disclosure regarding her anticipated testimony prior to the expiration of the discovery and disclosure deadlines in this case. Those deadlines expired on _____.

Defendants can only guess what Ms. Duran will testify to at trial based on her prior statements. Those statements raise significant issues regarding her bias against the Sheriffs Department and Defendants, and her credibility as a fact witness. If Ms. Duran had been timely listed as a trial witness, Defendants would have pursued discovery on this point and listed additional rebuttal witnesses and documentary evidence against her prior to the discovery and disclosure deadlines. Plaintiffs' failure to do has prevented Defendants from doing this and also from including this evidence in the Joint Pretrial and will cause substantial prejudice to Defendants.

The prejudice to Defendants is substantial as Ms. Duran has significant bias towards the Defendants and the Pima County Sheriffs Department that is relevant to her testimony that the deputies acted improperly with respect to the arrest of both her husband and Plaintiff. This includes the reasons for Ms. Duran's resignation from the Sheriff's Department. If Defendants had known that Plaintiff intended to list Ms. Duran as a trial witness, Defendants would have included as a rebuttal witness, Captain India Davis of the Pima County Sheriff's Department. Captain Davis would testify that Ms. Duran resigned in lieu of being terminated due to her involvement with Ernesto Duran.[1]

---

[1] Captain Davis would testify that Ms. Duran's resignation followed an incident where Ernesto Duran, a felon, fled from police. When stopped, police found Ms. Duran's duty equipment in his car. Ms. Duran had been ordered to not have contact with Mr. Duran while she employed for the Sheriffs Department (at the time the Durans were not married), but did not follow this order. Captain Davis would also testify that the Sheriff's Department commenced an Internal Affairs Investigation against Ms. Duran regarding her continued involvement with Mr. Duran. The Sheriffs Department intended to terminate Ms. Duran because of her untruthfulness and failure to follow department orders, but Ms. Duran resigned in lieu of termination.

However, Plaintiffs' failure to identify Ms. Duran as a trial witness has prevented the Defendants from listing Captain Davis, or other Sheriffs Department representatives, as rebuttal witness in the Joint Pretrial. The failure has also prevented Defendants from including documentary evidence regarding these issues. This failure will cause undue prejudice to Defendants as the evidence goes to the credibility of Ms. Duran and her bias against the Sheriffs Department. Thus, her testimony should be excluded at trial under Rule 37(c)(1), Fed.R.Civ.P. If, however, the Court allows Ms. Duran to testify at trial, Defendants should be allowed to introduce rebuttal witnesses such as Captain India Davis and other rebuttal evidence.

## 2. The testimony should be excluded as improper opinion evidence by a lay witness.

Even if the Court were to find that Plaintiff's failure to disclose Ms. Duran as a trial witness amounted to harmless error, Ms. Duran should be also precluded from testifying because it is anticipated that her testimony, if allowed, will be nothing more than improper expert opinion evidence by a lay witness.

In both her taped interview statements to detectives on the night of the 2003 incident and in her testimony at the 2005 Justice Court trial of Plaintiff, Ms. Duran repeatedly offers her opinion that the conduct of Officer Woolridge in tasing both her husband, Mr. Duran, and the Plaintiff violated the Sheriff Department's Use of Force policies and amounted to excessive force. (*See* Exhibits 4 and 5 attached, Exhibit 4 being an excerpt of Ms. Duran's interview statement on May 26, 2003 and Exhibit 5 being an

excerpt of Ms. Duran's trial testimony from Justice Court). For example, in her 2003 taped interview statement to police, Ms. Duran states the following:

> <u>From page 5, lines 26-34 of transcript of taped statement (Exhibit 4 attached):</u>
>
> A: **You, you know and, and, and I think that officer used excessive force, not just with my husband but with the old man**. And, uh, I think that's his, uh, his, he's trying to justify his actions, of his continued use of the taser by saying, hey this guy assaulted me. But you know . . .
> Q: Okay.
> A: . . . when you're cuffed and you're on the ground, there's no reason to continue using that and, **and I know there's level of force because I used to work with the Sheriff's Department and I, I understand the ye-. The levels of force and the use of force and, and my opinion, it was excessive. (emphasis added).**

Additional references to Ms. Duran's opinions regarding excessive force are found on page 4, lines 25-26, page 5, lines 1-18, , pages 11, lines 22 -31.

At the 2005 Justice Court trial, pages 127-128, Ms. Duran stated the following (Exhibit 5 attached):

> Q: **And is the manner in which Carl Woolridge was using the taser on your husband consistent with any training you've had?**
> A: **No, I felt it was excessive force**.
> Q: **And was the way in which he used the taser on Mr. Sanchez consistent with any of your training?**
> A: I don't – I'm going to have to say yes, it was consistent in the fact that, you know, he taser him, and then took him down immediately. He wasn't consistently tasering him, so –
> Q: **But in the scale of force, did he use the levels of force as you were taught?**
> A: **No, I don't believe he used appropriate escalation of force. I think that he immediately tasered without – he didn't even – I don't even know who threw that beer, and I'm certain he doesn't know because he couldn't see it unless he's got eyes in the back of his head. (emphasis added).**

**BARBARA LAWALL**
**PIMA COUNTY ATTORNEY**
**CIVIL DIVISION**
32 N. Stone Avenue, #2100
Tucson, AZ 85701
(520)740-5750

6

Ms. Duran testified in the criminal trial that her opinion of excessive force was based on her prior employment as a corrections' officer for the Pima County Sheriffs Department. (Exhibit 5). She further opines that the tasing of both the Plaintiff and her husband, a non-party, was in violation of the use of force policies and was, therefore, excessive force even though her husband ended up pleading guilty to disorderly conduct for the incident. (See Exhibit 6, attached hereto, certified copy of Mr. Duran's guilty plea).

Opinion testimony of this type by a person not qualified as an expert is improper. Rule 701 of the Federal Rules of Evidence bars a lay witnesses from testifying to opinions or inferences unless it is: "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of fact in issue and (c) not based on scientific, technical or, or other specialized knowledge within the scope of Rule 702." The purpose of this rule is "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." F.R.E. 701 Advisory Committee Notes (2000 Amendment). The provision "also ensures that a party will not evade the expert witness disclosure requirements . . . by simply calling an expert witness in the guise of a layperson." 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 701 App.03[2] (2d ed. 2005).

The issue of whether a law enforcement officer's use of a Taser is consistent with use of force guidelines and is therefore excessive requires specialized knowledge and

**BARBARA LAWALL**
**PIMA COUNTY ATTORNEY**
**CIVIL DIVISION**
32 N. Stone Avenue, #2100
Tucson, AZ 85701
(520)740-5750

training regarding police practices, force policies, and law enforcement training. As set forth above, Ms. Duran's testimony regarding the use of the Taser is based on her reputed knowledge of the sheriff's use of force policies as a former corrections' officer. Plaintiff did not disclose Ms. Duran as an expert witness in this case, nor has Ms. Duran prepared a written expert report. Further, Ms. Duran is not an expert in the use of Tasers, nor is she an expert on police practices or use of force policies, nor has she ever been a certified peace officer. Thus, her proposed testimony should be excluded under Rule 701.

**3. Ms. Duran's testimony is inadmissible because it is nothing more than an improper legal conclusion**.

Ms. Duran's opinion that the tasing of her husband and Plaintiff amounted to "excessive force" calls for an improper legal conclusion. *See Hygh v. Jacobs*, 961 F.2d 359 (2d. Cir. 1992) (expert opinion that conduct was "deadly force" and "unjustified" was inadmissible because it amounted to a legal conclusion). *United States v. Figueroa-Lopez,* 125 F.3d 1241, 1246 (9th Cir. 1997) (testimony regarding behaviors of drug dealers required witness to be properly disclosed and qualified as an expert witness).

The issue at trial in this case is whether the Defendants used excessive force in arresting Plaintiff. Excessive force is a legal term and the legal standard is determined from the perspective of a reasonable officer on the scene without the benefit of 20/20 hindsight. *See Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001). This is not proper testimony for a witness. If Ms. Duran were allowed to testify that the tasing of

**BARBARA LAWALL
PIMA COUNTY ATTORNEY**
CIVIL DIVISION
32 N. Stone Avenue, #2100
Tucson, AZ 85701
(520)740-5750

her husband and Plaintiff amounted to "excessive force," she would be telling the jury how to decide the case. Thus, Ms. Duran's testimony should be excluded.

### 4. In the event Ms. Duran is allowed to testify, Defendants should be allowed to introduce impeachment evidence.

In the event the Court allows Plaintiff to call Ms. Duran as a witness at trial, Defendants should be allowed to introduce both rebuttal and impeachment evidence against Ms. Duran. The impeachment includes the reasons for her resignation from the Sheriff's Department and her bias against Defendants. This will be presented through the testimony of Captain India Davis of the Pima County Sheriff's Department or other representative.

/////
/////
/////

## Conclusion

The Court should issue an order in limine precluding Ms. Duran from testifying at trial on any issue based on Plaintiff's failure to properly disclose her as a trial witness. At a minimum, the Court should issue an order in limine that Ms. Duran be precluded from testifying that the use of the Taser on her husband and Plaintiff violated the force policies and amounted to excessive force because said testimony amounts to improper opinion evidence of a lay witness and amounts to the improper testimony as to a legal conclusion. If Ms. Duran is allowed to testify at trial, the Court should further issue an order allowing Defendants to introduce rebuttal and impeachment evidence at trial, including an order allowing the testimony of Captain Davis or other representative from the Sheriffs Department.

RESPECTFULLY SUBMITTED this 18th day of July 2008.

        BARBARA LAWALL
        PIMA COUNTY ATTORNEY

By:   /s/ Nancy J. Davis
       Nancy J. Davis
       Deputy County Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants

Natasha Wrae
Natasha Wrae, P.C.
P.O. Box 3026
Tucson, AZ 85702
*Attorney for Plaintiff*

By:  R.Rivera

**BARBARA LAWALL
PIMA COUNTY ATTORNEY
CIVIL DIVISION
32 N. Stone Avenue, #2100
Tucson, AZ  85701
(520)740-5750**