SC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raul Rubio Ruiz, | No. CV 08-1211-PHX-FJM (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Sheriff's Office, | |
| Defendant. | |

Plaintiff Raul Rubio Ruiz, who is confined in the Fourth Avenue Jail in Phoenix, Arizona , has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.[1]  (Doc.# 1, 3.)[2]  The Court will dismiss the Complaint with leave to amend.

## I.    **Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C.

---

[1]  Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz. filed Jan. 10, 1995).  No such fund exists.  The inmates in Hart asked for injunctive relief and not monetary damages.  The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

[2]  "Doc.#" refers to the docket number of filings in this case.

JDDL-K

§ 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $16.11. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim with leave to amend because the Complaint may possibly be saved by amendment.

## III. Complaint

Plaintiff alleges three counts regarding his conditions of confinement. He sues only the Maricopa County Sheriff's Office (MCSO). He seeks compensatory and punitive damages.

## IV. Failure to State a Claim

A plaintiff may seek relief for violations of his federal constitutional and statutory rights under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege facts

supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). Further, a plaintiff must also allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A.    MCSO

Plaintiff names MCSO as a Defendant. It is not, however, a proper defendant. In Arizona, the responsibility for operating jails and caring for prisoners is placed by law upon the sheriff and the County. See A.R.S. §§ 11-251(8), 11-291(A), 11-441(A)(5), 31-101. MCSO is simply an administrative creation of the sheriff to allow him to carry out his statutory duties and is not a "person" amenable to suit pursuant to § 1983. Accordingly, MCSO will be dismissed from this action as a Defendant.

### B.    Conditions of Confinement

Each Count concerns Plaintiff's conditions of confinement. A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Due Process Clause of the Fourteenth Amendment while a convicted inmate's claims for unconstitutional conditions arises from the Eighth Amendment prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520 (1979). Nevertheless, the same standards are applied. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). To state a claim for unconstitutional conditions, a plaintiff must allege an objectively "sufficiently serious" deprivation that results in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994); Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994); see Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049-50 (9th Cir. 2002). That is, a plaintiff must allege facts supporting that he is incarcerated under conditions posing a substantial risk of harm. Farmer, 511 U.S. at 834. Whether a condition of confinement rises to the level of a constitutional violation may depend, in part, on the duration of an inmate's exposure to that condition. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing Hutto v. Finney, 437

U.S. 678, 686-87 (1978)).  In addition to alleging facts to support that he is confined in conditions posing a substantial risk of harm, a plaintiff must also allege facts to support that a defendant had a "sufficiently culpable state of mind," i.e., that the official acted with deliberate indifference to inmate health or safety.  See Farmer, 511 U.S. 837.  In defining "deliberate indifference" in the jail context, the Supreme Court has imposed a subjective test: "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.  A plaintiff must also allege how he was injured by the alleged unconstitutional conditions.  See, e.g., Lewis v. Casey, 518 U.S. 343, 349 (1996) (doctrine of standing requires that claimant have suffered or will imminently suffer actual harm); Caswell v. Calderon, 363 F.3d 832, 836 (9th Cir. 2004) (case-or-controversy requirement means that plaintiff must have an actual or threatened injury traceable to the defendant and likely to be redressed by a favorable judicial decision).

### 1. Count I

In Count I, Plaintiff alleges that his Eighth Amendment rights are violated because there are no barriers to prevent others from seeing him use toilet facilities, including female detention officers.  Inmates have a "right to bodily privacy."  Sepulveda v. Ramirez, 967 F.2d 1413, 1415 (9th Cir. 1992); see Hydrick v. Hunter, 500 F.3d 978, 1000 (9th Cir. 2007).  The state, however, may restrict this right "to the extent necessary to further the correctional system's legitimate goals and policies."  Grummett v. Rushen, 779 F.2d 491, 493 (9th Cir. 1985).  The plaintiff "'bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains.'"  Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (citations omitted).

Of significant importance in a jail is internal security.  Grummett, 779 F.2d at 493.  There are reasonable penological interests in not providing dividers or stalls in  bathrooms due to security issues.  Jails also have legitimate interests in providing equal employment opportunities and in deploying available staff effectively.  See Michenfelder v. Sumner, 860 F.2d 328, 334 (9th Cir. 1988).  Thus, the jail has a legitimate interest in providing equal

employment opportunities to women and deploying staff effectively. Plaintiff has not alleged the absence of legitimate correctional goals for the lack of privacy about which he complains. Accordingly, he fails to state a claim on this basis.

### 2. Count II

In Count II, Plaintiff alleges that he is denied sufficient daily access to cleaning supplies. Plaintiff has not set forth facts to support that the conditions in his cell or pod rise to the level of a constitutional harm absent increased access to cleaning supplies. Plaintiff also fails to allege facts to support that anyone has acted with deliberate indifference to such conditions. For these reasons, Plaintiff fails to state a claim in Count II.

### 3. Count III

In Count III, Plaintiff alleges that he receives only two meals a day, that he is only afforded an hour to eat meals, and that the meals contain items that are unripe or rotten. "The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." LeMaire v. Maas, 12 F.3d 1444, 1456 (9th Cir. 1993); see Frost, 152 F.3d at 1128 (applying Eighth Amendment standard to a pretrial detainee's Fourteenth Amendment claims regarding his conditions of confinement). "'The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation.'" LeMaire, 12 F.3d at 1456 (citations omitted). An inmate may, however, state a claim where he alleges that he is served meals with insufficient calories for long periods of time. Id.

Plaintiff alleges that meals are not aesthetically pleasing. That does not violate his constitutional rights. Further, the provision of two meals a day, rather than three, absent the allegation of additional facts, does not rise to the level of a constitutional violation. Although Plaintiff alleges that he has lost weight, he does not allege facts to support that meals have contained insufficient calories for long periods of time. For these reasons, Plaintiff fails to state a claim based on the meals.

## V. Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VI.    Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  See

LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.  Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**E.  Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc.# 3.)

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $16.11.

(3)     The Complaint (doc.# 1) is **dismissed** for failure to state a claim.  Plaintiff has **30  days** from the date this Order is filed  to file a first amended complaint in compliance with this Order.

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

1    (5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil
2 rights complaint by a prisoner.
3    DATED this 28th day of July, 2008.
4
5
6
7    _____
8    _Frederick J. Martone_
     Frederick J. Martone
     United States District Judge
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28