E. SCOTT DOSEK #012114
JOHN P. PASSARELLI #16018
KUTAK ROCK LLP
Suite 300
8601 North Scottsdale Road
Scottsdale, AZ 85253-2742
(480) 429-5000
Facsimile: (480) 429-5001

*Attorneys for Plaintiff*
*SOILWORKS, LLC, an Arizona corporation*

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**SOILWORKS, LLC'S RESPONSES TO MIDWEST INDUSTRIAL SUPPLY, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff, Soilworks, LLC (**"Soilworks"**) hereby responds to Defendant Midwest Industrial Supply, Inc.'s (**"Midwest"**) First Request for Production of Documents and Things, dated May 22, 2007.

## GENERAL STATEMENTS

1. Soilworks incorporates by reference each and every general objection set forth below into each and every specific response. From time to time a specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general

4848-8655-9489.1

27. All documents, things, and electronically stored information concerning any and all factual bases for each and every claim set forth in Plaintiff's Complaint and/or Counterclaim(s).

**RESPONSE: Objection. This request is vague, overly intrusive, broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is premature. This case is still in its early stages, and until Midwest identifies its claim construction / interpretation position and provides a claims chart regarding its patent(s), Soilworks cannot fully respond to this request. Without waiving the foregoing objections, once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make responsive documents available. Further, this request seeks documents which may be subject to the attorney client and/or work product privileges. To the extent privileged documents exist, Soilworks will provide a privilege log.**

28. All documentary, physical, and electronically stored evidence that Plaintiff may or intends to rely upon in any pleading, at trial, and/or any hearing in this action.

**RESPONSE: Objection. Vague, overbroad and not reasonably calculated to the discovery of admissible evidence. This interrogatory is premature. This case is still in its early stages, and until Midwest identifies its claim construction / interpretation position and provides a claims chart regarding its patent(s), Soilworks cannot fully respond to this request. Without waiving the foregoing objections, once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make responsive documents available. Further, this request seeks documents which may be subject to the attorney client and/or work product privileges. To the extent privileged documents exist, Soilworks will provide a privilege log.**

29. Produce actual samples of Plaintiff's Products.

**RESPONSE: Objection. Vague and overbroad. Durasoil® is the only Soilwork's product about which an infringement argument has been made, and Soilworks will only provide the requested information about Durasoil®. Without**

waiving the foregoing objections, once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make responsive documents available.

30. All documents, things, and electronically stored information, including invoices, between Plaintiff and any internet entity Plaintiff uses to advertise Plaintiff's Products, including, but not limited to Google and Yahoo!

**RESPONSE: Objection. Vague, overbroad and not reasonably calculated to the discovery of admissible evidence.**

31. All documents, things, and electronically stored information regarding impressions, purchasing of keywords, Keywords and "costs per click" from all search engines Plaintiff advertises upon related to Plaintiffs Products.

**RESPONSE: Objection. Vague, overbroad and not reasonably calculated to the discovery of admissible evidence.**

32. Produce a representative sampling of the history of Plaintiff's websites advertising Plaintiff's Products.

**RESPONSE: Objection. Vague, overbroad and not reasonably calculated to the discovery of admissible evidence.**

33. All organizational charts of Plaintiff from 2002 to the present time.

**RESPONSE: Objection. Vague, overbroad and not reasonably calculated to the discovery of admissible evidence. Without waiving the foregoing objections, Soilworks responds that it does not possess the requested documents.**

Dated this 23rd day of July, 2007.

| | |
|---|---|
| 1 | |
| 2 | KUTAK ROCK LLP |
| 3 | |
| 4 | By  /s/ |
| 5 | E. Scott Dosek<br>John P. Passarelli<br>Suite 300 |
| 6 | 8601 North Scottsdale road<br>Scottsdale, AZ 85253-2742 |
| 7 | *Attorneys for Plaintiff* |

# CERTIFICATE OF SERVICE

I hereby certify that on July 23rd, 2007, the foregoing Soilworks, LLC's Responses to Midwest Industrial Supply, Inc.'s First Request for Production of Documents and Things was served electronically upon the following:

JOHN M. SKERIOTIS #0069263 (OH)
JILL A. GRINHAM #075560 (OH)
BROUSE MCDOWELL
388 S. Main Street
Suite 500
Akron, OH 44311-4407

Jill Anne Grinham jgrinham@brouse.com
John M Skeriotis jms@brouse.com

*Attorneys for Defendant Midwest Industrial Supply, Inc.*

/s/
Amy S. Fletcher