# EXHIBIT A

Dockets.Justia.com

1  E. SCOTT DOSEK #012114
   JOHN P. PASSARELLI #16018
2  KUTAK ROCK LLP
   Suite 300
3  8601 North Scottsdale Road
   Scottsdale, AZ 85253-2742
4  (480) 429-5000
   Facsimile: (480) 429-5001
5
   *Attorneys for Plaintiff*
6  *SOILWORKS, LLC, an Arizona corporation*

7

8              UNITED STATES DISTRICT COURT

9          IN AND FOR THE DISTRICT OF ARIZONA

10

11  SOILWORKS, LLC, an Arizona          NO.: 2:06-CV-2141-DGC
    corporation,
12                                      **SOILWORKS, LLC'S RESPONSES TO**
            Plaintiff / Counterdefendant /   **MIDWEST INDUSTRIAL SUPPLY,**
13          Counterclaimant,            **INC.'S FIRST REQUEST FOR**
                                        **PRODUCTION OF DOCUMENTS**
14  v.                                  **AND THINGS**

15  MIDWEST INDUSTRIAL SUPPLY, INC.,
    an Ohio corporation authorized to do
16  business in Arizona,

17          Defendant / Counterclaimant /
            Counterdefendant.
18

19          Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff,

20  Soilworks, LLC **("Soilworks")** hereby responds to Defendant Midwest Industrial Supply,

21  Inc.'s **("Midwest")** First Request for Production of Documents and Things, dated May 22,

22  2007.

23                      **GENERAL STATEMENTS**

24          1.      Soilworks incorporates by reference each and every general objection set forth

25  below into each and every specific response. From time to time a specific response may

26  repeat a general objection for emphasis or some other reason. The failure to include any

27  general objection in any specific response shall not be interpreted as a waiver of any general

28

objection to that response.

2. Soilworks' responses to Defendant's Interrogatories and Document Requests are made to the best of Soilworks' present knowledge, information and belief. Soilworks reserves the right to supplement and amend these responses should future investigation indicate that such supplementation or amendment is necessary. The following responses and objections are given without prejudice to Soilworks' right to revise its responses based upon any subsequent investigation.

3. By responding to Midwest's Interrogatories and Document Requests, Soilworks does not waive any objection that may be applicable to: (a) the use, for any purpose, by Midwest of any information or documents given in this response to Midwest's Interrogatories and Document Requests; or (b) the admissibility, relevancy or materiality of any of the information or documents at issue in this case.

## GENERAL OBJECTIONS

1. Soilworks objects to the noticed date for the production. Due to the length and number of discovery requests and the volume of requested materials, Soilworks cannot possibly produce everything within 30 days. Soilworks will produce responsive materials on a rolling basis.

2. Soilworks objects to each and every Interrogatory and Document Request to the extent that it is inconsistent or seeks to impose duties or obligations on Soilworks beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules for this District, or the Individual Rules of the Judge hearing this matter.

3. Soilworks objects to each and every Interrogatory and Document Request insofar it is vague, ambiguous, indefinite, overly broad, unduly burdensome, duplicative, cumulative, unintelligible or otherwise unclear as to the precise information sought. Soilworks objects on this basis particularly when the Interrogatory or Document Request is unduly burdensome in view of the cost necessary to investigate weighed against Midwest's need for the information.

4. Soilworks objects to each and every Interrogatory and Document Request to

1    the extent that it seeks information that is neither relevant to any claim or defense in this

2    action nor reasonably calculated to lead to the discovery of admissible evidence.

3       5.      Soilworks objects to each and every Interrogatory and Document Request as

4    overly broad and unduly burdensome to the extent that it seeks information about Soilworks

5    products that are not accused of infringement. Soilworks will only provide materials and

6    information on its products and services that are actually accused of infringing the two

7    Midwest Patents identified in the Counterclaims.

8       6.      Soilworks objects to each and every Interrogatory and Document Request as

9    overbroad in geographic scope to the extent that it seeks discovery on activities outside the

10    United States. Unless otherwise stated, Soilworks will interpret each Interrogatory and

11    Document Request to be limited to activities in the United States.

12      7.      Soilworks objects to each and every Interrogatory and Document Request to

13    the extent that it seeks information or documents protected by the attorney-client privilege,

14    work product doctrine, joint-defense privilege, common-interest privilege, or any other

15    applicable law, privilege, protection, or doctrine (collectively "privileged information"). The

16    production of any privileged information or document by Soilworks (beyond production of

17    opinions relied upon) is unintentional, and Soilworks does not intend to waive any applicable

18    objection or privilege as a result of such production. The scope of any waiver of privilege

19    related to production of opinions of counsel shall be as narrow as permitted by law.

20      8.      Soilworks objects to each and every Interrogatory and Document Request to

21    the extent it requires Soilworks to search for and reveal privileged information from its and

22    its attorneys' litigation files pertaining to this lawsuit. Soilworks will not schedule on its

23    privilege log any attorney-client privileged materials or materials protected by the attorney

24    work product doctrine created during the course of any ongoing Soilworks/Midwest

25    litigation.

26      9.      Soilworks objects to each and every Interrogatory and Document Request as

27    unduly burdensome and oppressive to the extent that it purports to require Soilworks to

28    search its facilities and inquire of Soilworks' employees other than those facilities and

1  employees that would reasonably be expected to have responsive information. Soilworks'
2  responses are based upon (1) a reasonable search, given the time allotted to Soilworks to
3  respond to the interrogatories, of facilities and files that could reasonably be expected to
4  contain responsive information, and (2) inquiries of Soilworks employees and/or
5  representatives who could reasonably be expected to possess responsive information.

6       10.    Soilworks objects to each and every Interrogatory and Document Request to
7  the extent that it seeks information or documents already in the possession of Midwest or in
8  the public domain and as readily available to Midwest as they are to Soilworks.
9  Accordingly, information or documents that are otherwise responsive to these Interrogatories
10  and Document Requests, but that are already in the possession of Midwest, or are equally
11  available or more available to Midwest, will not be produced in response to these
12  Interrogatories and Document Requests.

13       11.    Soilworks objects to each and every Interrogatory and Document Request to
14  the extent it calls for information or documents not within the possession, custody or control
15  of Soilworks. The responses given herein are based upon information and documents within
16  Soilworks' possession, custody or control.

17       12.    Soilworks objects to each and every Interrogatory and Document Request as
18  overbroad and unduly burdensome to the extent that it is unlimited in temporal scope or
19  otherwise not limited to a time frame relevant to this litigation and the patent-in-suit.

20       13.    Soilworks objects to each and every Interrogatory and Document Request to
21  the extent that it calls for information or documents which are confidential or proprietary to,
22  or the trade secrets of, a third party. Soilworks will not produce such documents until it has
23  notified the relevant third parties of Midwest's requests and, to the extent necessary,
24  obtained their consent to such production.

25       14.    Soilworks objects to each and every Interrogatory and Document Request to
26  the extent it seeks confidential, trade secret, or proprietary business, technical, marketing, or
27  financial information. Soilworks will not provide such information until a suitable protective
28  order has been agreed upon by the parties and entered by the Court.

1       15.    Soilworks objects to each and every Interrogatory and Document Request to
2  the extent that it seeks information or documents regarding Soilworks' proprietary
3  development activities for products not yet manufactured or available to the public, because
4  the relevance, if any, of such highly confidential information is substantially outweighed by
5  the prejudice that Soilworks would suffer if the information were disclosed or made
6  available to Soilworks' competitors.

7       16.    Soilworks objects to each and every Interrogatory and Document Request to
8  the extent that it seeks discovery that is the province of expert testimony, prior to the period
9  that expert disclosures and discovery are scheduled to occur.

10      17.    Soilworks objects that the Interrogatories and Document Requests are
11  premature. This case is still in its early stages. Soilworks is still investigating its claims, and
12  needs critical discovery from Midwest. Midwest has yet to identify its claim construction
13  position, or state in detail the basis for its infringement contentions.

14      18.    The information set forth herein is provided without waiving (1) the right to
15  object to the use of such information for any purpose, if a basis for objecting exists; (2) the
16  right to object to any request involving or relating to the subject matter of information
17  contained in this disclosure statement; or (3) the right to revise, correct, supplement or clarify
18  any of the information set forth below.

19                **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

20      1.    Soilworks objects to the definitions of Midwest as overly broad, unduly
21  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.
22  The terms are defined so broadly as to render many of the Interrogatories and Document
23  Requests incomprehensible.

24      2.    Soilworks objects to the definitions of "document" and "documents" as
25  overbroad, vague, and ambiguous. Soilworks will construe both terms consistently with the
26  Federal and Local Rules,

27      3.    Soilworks objects to Midwest's instructions as overly broad. Except as set
28  forth below, Soilworks will not separately, specifically identify the document,

27.    All documents, things, and electronically stored information concerning any and all factual bases for each and every claim set forth in Plaintiff's Complaint and/or Counterclaim(s).

**RESPONSE: Objection. This request is vague, overly intrusive, broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is premature. This case is still in its early stages, and until Midwest identifies its claim construction / interpretation position and provides a claims chart regarding its patent(s), Soilworks cannot fully respond to this request. Without waiving the foregoing objections, once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make responsive documents available. Further, this request seeks documents which may be subject to the attorney client and/or work product privileges. To the extent privileged documents exist, Soilworks will provide a privilege log.**

28.    All documentary, physical, and electronically stored evidence that Plaintiff may or intends to rely upon in any pleading, at trial, and/or any hearing in this action.

**RESPONSE: Objection. Vague, overbroad and not reasonably calculated to the discovery of admissible evidence. This interrogatory is premature. This case is still in its early stages, and until Midwest identifies its claim construction / interpretation position and provides a claims chart regarding its patent(s), Soilworks cannot fully respond to this request. Without waiving the foregoing objections, once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make responsive documents available. Further, this request seeks documents which may be subject to the attorney client and/or work product privileges. To the extent privileged documents exist, Soilworks will provide a privilege log.**

29.    Produce actual samples of Plaintiff's Products.

**RESPONSE: Objection.    Vague and overbroad.    Durasoil® is the only Soilwork's product about which an infringement argument has been made, and Soilworks will only provide the requested information about Durasoil®.    Without**

waiving the foregoing objections, once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make responsive documents available.

30. All documents, things, and electronically stored information, including invoices, between Plaintiff and any internet entity Plaintiff uses to advertise Plaintiff's Products, including, but not limited to Google and Yahoo!

**RESPONSE: Objection. Vague, overbroad and not reasonably calculated to the discovery of admissible evidence.**

31. All documents, things, and electronically stored information regarding impressions, purchasing of keywords, Keywords and "costs per click" from all search engines Plaintiff advertises upon related to Plaintiffs Products.

**RESPONSE: Objection. Vague, overbroad and not reasonably calculated to the discovery of admissible evidence.**

32. Produce a representative sampling of the history of Plaintiff's websites advertising Plaintiff's Products.

**RESPONSE: Objection. Vague, overbroad and not reasonably calculated to the discovery of admissible evidence.**

33. All organizational charts of Plaintiff from 2002 to the present time.

**RESPONSE: Objection. Vague, overbroad and not reasonably calculated to the discovery of admissible evidence. Without waiving the foregoing objections, Soilworks responds that it does not possess the requested documents.**

Dated this _23rd_ day of July, 2007.

KUTAK ROCK LLP


By _____/s/_____
    E. Scott Dosek
    John P. Passarelli
    Suite 300
    8601 North Scottsdale road
    Scottsdale, AZ 85253-2742

*Attorneys for Plaintiff*

1

## CERTIFICATE OF SERVICE

I hereby certify that on July 23rd, 2007, the foregoing Soilworks, LLC's Responses to Midwest Industrial Supply, Inc.'s First Request for Production of Documents and Things was served electronically upon the following:

JOHN M. SKERIOTIS  #0069263 (OH)
JILL A. GRINHAM  #075560 (OH)
BROUSE MCDOWELL
388 S. Main Street
Suite 500
Akron, OH 44311-4407

Jill Anne Grinham jgrinham@brouse.com
John M Skeriotis jms@brouse.com

*Attorneys for Defendant Midwest Industrial Supply, Inc.*

_____/s/_____
Amy S. Fletcher

# EXHIBIT B

E. SCOTT DOSEK #012114
JOHN P. PASSARELLI #16018 (NE)
KUTAK ROCK LLP
Suite 300
8601 North Scottsdale Road
Scottsdale, AZ 85253-2742
(480) 429-5000
Facsimile: (480) 429-5001

*Attorneys for Plaintiff*
*Soilworks, LLC, an Arizona corporation,*

# UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,, <br><br> Plaintiff / Counterdefendant, <br><br> v. <br><br> MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,, <br><br> Defendant / Counterclaimant. | NO.: 2:06-CV-02141-DGC <br><br> **SOILWORKS, LLC'S RESPONSE TO MIDWEST INDUSTRIAL SUPPLY, INC.'S FIRST SET OF REQUEST FOR ADMISSIONS TO SOILWORKS, LLC** |

To Defendant/Counterclaimant:

### RESPONSE TO FIRST SET OF REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1**: Admit that Plaintiff is not a manufacturer of any of Plaintiff's products.

Admit _____                Deny _X_

**REQUEST FOR ADMISSION NO. 2**: Admit that Plaintiff has never manufactured Plaintiff's Soiltac® and/or Durasoil® products.

Admit _____                Deny _X_

**REQUEST FOR ADMISSION NO. 3**: Admit that Plaintiff's Durasoil® product has a binder.

Admit _____                    Deny __X__

**REQUEST FOR ADMISSION NO. 4**: Admit that Plaintiff's Durasoil® product has a synthetic isoalkane.

Admit _____                    Deny __X__

**REQUEST FOR ADMISSION NO. 5**: Admit that Plaintiff's Durasoil® product's isoalkane has a viscosity of at least about 19 centistokes @20°C., and a flame point greater than 130°C.

Admit _____                    Deny __X__

**REQUEST FOR ADMISSION NO. 6**: Admit that Plaintiff's Durasoil® product's synthetic isoalkane has a flash point of 177°C.

Admit _____                    Deny __X__

**REQUEST FOR ADMISSION NO. 7**: Admit that Plaintiff's Durasoil® product is not an organic product.

Admit _____                    Deny __X__

**REQUEST FOR ADMISSION NO. 8**: Admit that Plaintiff's Durasoil® product is not a synthetic product.

Admit _____                    Deny __X__

///
///
///

1    **REQUEST FOR ADMISSION NO. 9**:  Admit that Plaintiff has not suffered any

2    irreparable harm.

3         Admit _____          Deny _X_

4

5    **REQUEST FOR ADMISSION NO. 10**:  Admit that Defendant has not disseminated

6    information and/or documentary materials in a manner that is likely to cause confusion

7    among consumers of Plaintiff's products regarding Plaintiff's conduct and products.

8         Admit _____          Deny _X_

9

10    **REQUEST FOR ADMISSION NO. 11**:  Admit that Defendant has not disseminated

11    information and/or documentary materials in a manner that is likely to cause deception

12    among consumers of Plaintiff's products regarding Plaintiff's conduct and products.

13         Admit _____          Deny _X_

14

15    **REQUEST FOR ADMISSION NO. 12**:  Admit that Defendant has not disseminated

16    information and/or documentary materials in a manner that is likely to cause mistake among

17    consumers of Plaintiff's products regarding Plaintiff's conduct and products.

18         Admit _____          Deny _X_

19

20    **REQUEST FOR ADMISSION NO. 13**:  Admit that Plaintiff has no evidence that

21    Midwest's Patents are invalid under 35 U.S.C. § 101.

22         Admit _____          Deny _X_

23

24    **REQUEST FOR ADMISSION NO. 14**:  Admit that Plaintiff has no evidence that

25    Midwest's Patents are invalid under 35 U.S.C. § 102.

26         Admit _____          Deny _X_

27    ///

28    ///

1  **REQUEST FOR ADMISSION NO. 15**:  Admit that Plaintiff has no evidence that
2  Midwest's Patents are invalid under 35 U.S.C. § 112.

3      Admit _____          Deny _X_

4

5      **REQUEST FOR ADMISSION NO. 16**:  Admit that Plaintiff has not been damaged
6  monetarily by any action of Defendant as set forth in Plaintiff's Complaint.

7      Admit _____          Deny _X_

8

9      **REQUEST FOR ADMISSION NO. 17**:  Admit that Plaintiff has not been damaged
10  monetarily by any action of Defendant with respect to Defendant's actions which serve as
11  the basis for COUNT V of Plaintiff's Complaint.

12      Admit _____          Deny _X_

13

14      **REQUEST FOR ADMISSION NO. 18**:  Admit that Plaintiff has no written legal
15  opinion, which predates the filing of Plaintiff's Complaint, regarding noninfringement of
16  either of the Midwest Patents.

17      Admit _X_          Deny _____

18

19      **REQUEST FOR ADMISSION NO. 19**:  Admit that Plaintiff has no written legal
20  opinion, which predates the filing of Plaintiff's Complaint, regarding invalidity of either of
21  the Midwest Patents.

22      Admit _X_          Deny _____

23

24      **REQUEST FOR ADMISSION NO. 20**:  Admit that there are no "proprietary
25  ingredients" in Plaintiff's Durasoil® product.

26      Admit _____          Deny _X_

27

28

Dated this 31st day of December, 2007.

KUTAK ROCK LLP


By  /s
         E. Scott Dosek
         John P. Passarelli
         Suite 300
         8601 North Scottsdale Road
         Scottsdale, AZ 85253-2742

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2007, the foregoing Soilworks, LLC's Response to Midwest Industrial Supply, Inc.'s First Set of Request for Admissions was served electronically upon the following:

JOHN M. SKERIOTIS  #0069263 (OH)
JILL A. GRINHAM  #075560 (OH)
BROUSE MCDOWELL
388 S. Main Street
Suite 500
Akron, OH 44311-4407

Jill Anne Grinham jgrinham@brouse.com
John M Skeriotis jms@brouse.com

*Attorneys for Defendant Midwest Industrial Supply, Inc.*

_____/s/_____
Amy S. Fletcher

# EXHIBIT C

E. SCOTT DOSEK #012114
JOHN P. PASSARELLI #16018 (NE)
KUTAK ROCK LLP
Suite 300
8601 North Scottsdale Road
Scottsdale, AZ 85253-2742
(480) 429-5000
Facsimile: (480) 429-5001

*Attorneys for Plaintiff*
*Soilworks, LLC, an Arizona corporation,*

## UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,, | NO.: 2:06-CV-02141-DGC |
| Plaintiff / Counterdefendant, | **SOILWORKS, LLC'S RESPONSE TO MIDWEST INDUSTRIAL SUPPLY, INC.'S SECOND SET OF INTERROGATORIES TO SOILWORKS, LLC** |
| v. | |
| MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,, | |
| Defendant / Counterclaimant. | |

To Defendant/Counterclaimant:

### RESPONSE TO SECOND SET OF INTERROGATORIES

**INTERROGATORY NO. 21**: If you denied any of Defendant's requests for admissions as set forth in Defendant Midwest Industrial Supply, Inc.'s First Set of Requests for Admissions to Plaintiff Soilworks, LLC, please set forth each and every reason for such denial(s).

**RESPONSE**:

1. Request for Admission No. 1 is denied because the term "manufacture" is nowhere defined in Defendant's discovery requests. Nevertheless, by any commonly used definition of the term manufacturer, Plaintiff is a manufacturer

1        of products.

2        2. Request for Admission No. 2 is denied because the term "manufacture" is
3           nowhere defined in Defendant's discovery requests. Nevertheless, by any
4           commonly used definition of the term manufacturer, Plaintiff is a manufacturer
5           of products.

6        3. Request for Admission No. 3 is denied because the term "binder" is nowhere
7           defined in Defendant's discovery requests.

8        4. Request for Admission No. 4 is denied because the term "synthetic isoalkane"
9           is nowhere defined in Defendant's discovery request.

10       5. Request for Admission No. 5 is denied because the term "isoalkane" is
11          nowhere defined in Defendant's discovery request.

12       6. Request for Admission No. 6 is denied because the term "isoalkane" is
13          nowhere defined in Defendant's discovery request.

14       7. Request for Admission No. 7 is denied because Durasoil® is an organic
15          product.

16       8. Request for Admission No. 8 is denied because Durasoil® is a synthetic
17          product.

18       9. Request for Admission No. 9 is denied because Plaintiff has indeed suffered
19          irreparable harm due to the actions of defendant in publishing untrue
20          accusations about Plaintiff within the parties' industry, in general and
21          specifically to Plaintiff's customers..

22       10. Request for Admission No. 10 is denied because Defendant has disseminated
23           information in a manner that is likely to cause confusion among customers of
24           Plaintiff's products regarding Plaintiff's conduct and products.

25       11. Request for Admission No. 11 is denied because Defendant has disseminated
26           information in a manner that is likely to cause deception among consumers of
27           Plaintiff's products regarding Plaintiff's conduct and products.

28       12. Request for Admission No. 12 is denied because Defendant has disseminated

information in a manner that is likely to cause mistake among consumers of Plaintiff's products regarding Plaintiff's conduct and products.

13. Request for Admission No. 13 is denied because Defendant's own documents including its claim charts reveal that its patents are invalid under 35 U.S.C. §101.

14. Request for Admission No. 14 is denied because Defendant's own documents including its claim charts reveal that its patents are invalid under 35 U.S.C. §101.

15. Request for Admission No. 15 is denied because Defendant's own documents including its claim charts reveal that its patents are invalid under 35 U.S.C. §101.

16. Request for Admission No. 16 is denied because Plaintiff has most certainly suffered monetary damage as a result of the actions taken by Defendant and as set forth in Plaintiff's complaint. The precise amount of said damages has yet to be calculated with precision and continues to mount.

17. Request for Admission No. 17 is denied because Plaintiff has most certainly suffered monetary damage as a result of the actions taken by Defendant and as set forth in Plaintiff's complaint. The precise amount of said damages has yet to be calculated with precision and continues to mount.

18. Request for Admission No. 20 is denied because there are indeed "proprietary ingredients" in Durasoil®.

Dated this __31st__ day of December, 2007.

KUTAK ROCK LLP


By _____/s_____
    E. Scott Dosek
    John P. Passarelli
    Suite 300
    8601 North Scottsdale Road
    Scottsdale, AZ 85253-2742

    *Attorneys for Plaintiff*

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | |
| 3 | I hereby certify that on <u>December 31</u> , 2007, the foregoing Soilworks, LLC's |
| 4 | Response to Midwest Industrial Supply, Inc.'s Second Set of Interrogatories was served |
| 5 | electronically upon the following: |
| 6 | JOHN M. SKERIOTIS  #0069263 (OH) |
| 7 | JILL A. GRINHAM  #075560 (OH)<br>BROUSE MCDOWELL<br>388 S. Main Street |
| 8 | Suite 500<br>Akron, OH 44311-4407 |
| 9 | Jill Anne Grinham jgrinham@brouse.com |
| 10 | John M Skeriotis jms@brouse.com |
| 11 | *Attorneys for Defendant Midwest Industrial Supply, Inc.* |

/s/
_____
Amy S. Fletcher

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

SOILWORKS, LLC, an Arizona )
corporation, )
                                      )
      Plaintiff/Counterdefendant, )
                                      )
                vs.               ) NO. 2:06-CV-02141-DGC
                                      )
MIDWEST INDUSTRIAL SUPPLY, )
INC., an Ohio corporation )
authorized to do business )
in Arizona, )
                                      )
      Defendant/Counterclaimant. )
_____)

Phoenix, Arizona
April 9, 2008
9:00 a.m.

C O N F I D E N T I A L

DEPOSITION OF CHAD FALKENBERG

SOILWORKS, LLC 30(b)(6)

(VOLUME I, Pages 1 - 229)

LEA, SHERMAN & HABESKI
Registered Professional Reporters
834 North First Avenue
Phoenix, Arizona  85003
Phone: 602.257.8514 - Fax: 602.257.8582
Reported by:  Linda Blackmon, RPR/RMR
Certified Reporter
Certificate No. 50320

1                           I N D E X

2

3

4      EXAMINATION                                       PAGE

5

6      BY MR. SKERIOTIS ................................      6

7

8

9

10     EXHIBITS                  DESCRIPTION              PAGE

11

12     14   Notice of Deposition of Soilworks 30(b)(6)      5

13     15   ConocoPhillips Web Page of Group 2 Base Oils    54

14     16   ConocoPhillips Pure Performance Base Oils
            Specifications Sheet ........................      56
15
       17   Letter dated 7-27-06 to Donald Dunavant from
16          Robert Vitale ..............................      129

17     18   Letter dated 7-27-06 to David Shooner from
            Robert Vitale ..............................      129
18
       19   Letter dated June 8, 2006 to Douglas Allsworth
19          from John Skeriotis ........................      140

20     20   Letter dated July 18, 2006 to John Skeriotis
            from John Passarelli .......................      142
21
       21   Letter dated July 27, 2006 to John Skeriotis
22          from John Passarelli .......................      144

23     22   Letter dated August 8, 2006 to John Passarelli
            from John Skeriotis ........................      147
24
       23   Series of E-mails Re Patent dated 11-22-06      152
25

1                    I N D E X (CONTINUED)

2

3

4    EXHIBITS                    DESCRIPTION                    PAGE

5

6    24   E-mail dated 12-12-06 to Steve Gordner from
          Dorian Falkenberg Re Indemnification Letter    157
7
     25   Indemnification Letter dated 12-12-06 to
8         Steve Gordner from Dorian Falkenberg ........    157

9    26   Invitation to Bid issued May 31, 2007 .......    188

10   27   Invitation to Bid issued July 10, 2006 ......    188

11   28   Notice of Intent to Award a Contract
          dated 6-27-07 ..............................    196
12
     29   Notice of Intent to Award a Contract
13        dated August 1, 2006 .......................    198

14   30   Document titled Dust Palliative Re Material
          Requirements ...............................    199
15
     31   Fax to Chad Falkenberg from Steve Hickman
16        Re Kokhanok Surface Requirements ...........    202

17   32   State of Alaska Laboratory Report Re Soil
          Cement Specimens ...........................    204
18
     33   Fax dated 5-4-6 to Chad Falkenberg from Steve
19        Hickman Re Chevak Airport Specification .....    206

20   34   E-mail dated 11-14-07 to Steve Gordner from
          Jaquel Shepperson Re Chevak Airport  ........    211
21
     35   Picasa Web Albums for Soilworks  ............    213
22
     36   Bid Schedule for Circle Hot Springs Airport    221
23
     37   E-mail dated August 2, 2006 to Bob Vitale
24        from Jim Simko Re Prices ...................    225

25

1   identify the instance you are saying they missed

2   because of this letter?

3       A.    Not the firm details you are looking for, no.

4       Q.    I am looking for any detail.  By the way, all

5   you have told me is that there may be an airport but

6   you don't know of any, correct?

7       A.    I think you would be best off when you depose

8   Polar that they would have the closest information

9   relating to those projects.

10      Q.    Do you know what irreparable harm has been

11  caused by Midwest against Soilworks?

12                MR. DOSEK:  Object to the form.

13      A.    I don't know.

14      Q.    BY MR. SKERIOTIS:  Do you know what

15  "irreparable harm" is?

16      A.    I have an idea.

17      Q.    I will represent to you that when I use that

18  term I mean harm that can't be repaired monetarily.  So

19  with that definition what irreparable harm is Midwest

20  causing to Soilworks?

21                MR. DOSEK:  Same objection.

22      A.    I don't know.

23      Q.    BY MR. SKERIOTIS:  With respect to

24  Paragraph 12, Paragraph 12 states "Midwest

25  intentionally has misrepresented the scope of said

1    Q.   BY MR. SKERIOTIS:  Do you know the damage, can

2   you estimate the damage that you feel that Midwest has

3   caused Soilworks?

4    A.   I wish it was that easy.  It's very difficult.

5    Q.   Do you know of any damages you have suffered

6   that you can quantify?

7    A.   That's the problem, it's very difficult to

8   quantify and it's a challenge to quantify that number.

9    Q.   But do you know of anything that you can

10  quantify?

11   A.   I don't know for sure.

12   Q.   So I guess again the question is as you sit

13  here today do you know of any damage that you can

14  quantify as you sit here today?

15            MR. DOSEK:  Object to the form.

16   A.   It's difficult to quantify.

17   Q.   BY MR. SKERIOTIS:  I understand it's difficult

18  to quantify.  The question is, though, do you know of

19  any damage as you sit here today that you can quantify?

20   A.   I am not sure.

21   Q.   But I don't think that's an "I'm not sure"

22  question, I think it's either "yes" or "no", either you

23  can quantify something here today or you can't.  I

24  understand it's difficult.  Just so you know, I am not

25  asking you for what's difficult to quantify, I am

Lea, Sherman & Habeski                    602-257-8514

1   asking you for what you can quantify.

2       A.    I have not come here with numbers in my head,

3   no.

4       Q.    So as you sit here today you cannot quantify

5   any amount of damage, correct?

6       A.    As I sit here today I do not know how much

7   damage has been caused.

8       Q.    Well, Mr. Falkenberg, how do you expect

9   Midwest to proceed with its litigation when at some

10  point in time you quantify some amount?  I mean when do

11  you plan on quantifying that amount, can I ask you

12  that?

13              I mean here we are getting ready to be

14  done with discovery, this is our only deposition that's

15  going to happen today and tomorrow, when do you expect

16  to quantify this?  Do you expect to just spring it on

17  Midwest at some point in the future later and we go

18  where did that come from?

19              MR. DOSEK:  Object to the form.  If you

20  have a question, ask the question.

21      Q.    BY MR. SKERIOTIS:  When do you expect to

22  quantify these numbers?  This litigation has been

23  pending that you filed on September 7, 2006.  We are

24  almost at the two-year mark and you haven't been able

25  to quantify what amount of damage; is that correct?

1    A.    That's because it's difficult to quantify.

2    Q.    When do you plan on quantifying it?  That's

3    what my question is, when do you plan on quantifying

4    the damage?

5    A.    I wish I could give you a date.

6    Q.    So it could be that you can never quantify

7    this damage, correct?

8    A.    I don't know when I am going to give you a

9    date, I don't know what that date is going to be.

10                MR. DOSEK:  Let's break for lunch.

11                MR. SKERIOTIS:  Hang on.

12                MR. DOSEK:  It's 12:30 now, we have had

13   one little break and I think now is a good time.

14                MR. SKERIOTIS:  Well, with all due

15   respect, Scott, I mean I always have given you leniency

16   and I understand, but this is my deposition.

17                MR. DOSEK:  I understand that too and I

18   understand that --

19                MR. SKERIOTIS:  I have got one more

20   count I want to get to and then we will take a break.

21   I want to finish this Complaint up to the degree that I

22   can.

23                MR. DOSEK:  If it wasn't for the fact

24   that you are spending such an inordinate amount of time

25   going through this Complaint, I would agree with you

1   STATE OF ARIZONA          )
                              )   ss.
2   COUNTY OF MARICOPA        )

3

4          BE IT KNOWN that the foregoing deposition was

5   taken before me, LINDA BLACKMON, a Certified Reporter

6   in the State of Arizona; that the witness before

7   testifying was duly sworn by me to testify to the whole

8   truth; that the questions propounded to the witness and

9   the answers of the witness thereto were taken down by

10  me in shorthand and thereafter reduced by

11  computer-aided transcription to print under my

12  direction; that the deposition was submitted to the

13  witness to read and sign; that the foregoing 228 pages

14  are a true and correct transcript of all proceedings

15  had upon taking of said deposition, all done to the

16  best of my skill and ability.

17          I FURTHER CERTIFY that I am in no way related

18  to any of the parties thereto nor am I in any way

19  interested in the outcome hereof.

20          DATED at Phoenix, Arizona, this 15th day of

21  April, 2008.

22

23          _____

            Linda Blackmon, RPR/RMR
24          Certified Reporter
            Certificate No. 50320
25

Lea, Sherman & Habeski                        602-257-8514