E. SCOTT DOSEK #012114
JOHN P. PASSARELLI #16018
KUTAK ROCK LLP
Suite 300
8601 North Scottsdale Road
Scottsdale, AZ 85253-2742
(480) 429-5000
Facsimile: (480) 429-5001

*Attorneys for Plaintiff*
*SOILWORKS, LLC, an Arizona corporation*

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**SOILWORKS, LLC'S ANSWERS TO MIDWEST INDUSTRIAL SUPPLY, INC.'S FIRST SET OF INTERROGATORIES** |

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff, Soilworks, LLC (**"Soilworks"**) hereby responds to Defendant Midwest Industrial Supply, Inc.'s (**"Midwest"**) First Set of Interrogatories, dated May 22, 2007.

## GENERAL STATEMENTS

1. Soilworks incorporates by reference each and every general objection set forth below into each and every specific response. From time to time a specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response.

4821-0265-5745.1

Dockets.Justia.com

allegations made to date, Soilworks believes it is selling products that have been manufactured and sold for years prior to the date Midwest filed for patent protections, and Prior Art defenses apply. Furthermore, Midwest is directed to refer to the preliminary claims chart Soilworks produced with its responses to Midwest's requests for production. It is important to note that the claims chart is preliminary only and was produced in the absence of Midwest's claim construction / interpretation position and claims chart regarding its patent(s). In addition, Durasoil® is the only Soilwork's product about which an infringement argument has been made, and Soilworks will only provide the requested information about Durasoil®.

9. For each claim of the Midwest Patents identified in your Answer to Interrogatory No. 8, identify by column and line number (and/or by reference to the drawings) the disclosure in the Midwest Patents that you contend discloses and supports each element alleged to be absent from each such claim.

ANSWER: Objection. This interrogatory is premature. This case is still in its early stages, and until Midwest identifies its claim construction / interpretation position and provides a claims chart regarding its patent(s), Soilworks cannot fully respond to this interrogatory. Without waiving the foregoing objections, on the basis of the allegations made to date, Soilworks believes it is selling products that have been manufactured and sold for years prior to the date Midwest filed for patent protections, and Prior Art defenses apply. Furthermore, Midwest is directed to refer to the preliminary claims chart Soilworks produced with its responses to Midwest's requests for production. It is important to note that the claims chart is preliminary only and was produced in the absence of Midwest's claim construction / interpretation position and claims chart regarding its patent(s).

10. State Plaintiff's contentions, both factual and legal, concerning the claim construction it contends is the legally correct claim construction for all claims of the Midwest Patents. A complete answer to this interrogatory must include:

    (a) an identification of each claim term or phrase that Plaintiff contends is

ambiguous or requires definition or construction beyond the language of the claim itself, and a fully detailed statement setting forth the meaning that Plaintiff contends is proper for such term(s);

(b) an identification of each claim term or phrase that Plaintiff contends should be construed to have a meaning other than the ordinary and accustomed meaning for that term or phrase, and a full and detailed statement of the ordinary and accustomed meaning for that claim term or phrase, and the meaning that Plaintiff contends must be given that claim term or phrase and the reasons therefore;

(c) an identification of each claim term or phrase that Plaintiff contends has been given a special meaning in the patent specification or file history, and a full and detailed statement of the special meaning, including an identification of all intrinsic evidence to the Midwest Patents setting forth such special meaning . and

(d) an identification of each claim limitation that Plaintiff contends should be construed pursuant to 35 U.S.C. § 112, ¶ 6, and a fully detailed statement of the specified function, any structure, material or acts recited in the claim clement for accomplishing that function, and the structure, material, or acts described in the specification for accomplishing that function.

**ANSWER: Objection. This interrogatory is premature. This case is still in its early stages, and until Midwest identifies its claim construction / interpretation position and provides a claims chart regarding its patent(s), Soilworks cannot fully respond to this interrogatory. Without waiving the foregoing objections, on the basis of the allegations made to date, Soilworks believes it is selling products that have been manufactured and sold for years prior to the date Midwest filed for patent protections, and Prior Art defenses apply. Furthermore, Midwest is directed to refer to the preliminary claims chart Soilworks produced with its responses to Midwest's requests for production. It is important to note that the claims chart is preliminary only and was produced in the absence of Midwest's claim construction / interpretation position and claims chart regarding its patent(s).**

ANSWER: Objection. This interrogatory is premature. Once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make documents available from which Midwest may derive or ascertain the answer to this interrogatory pursuant to Rule 33(d), Fed.R.Civ.P., and such documents will speak for themselves. Without waiving the foregoing objections, see http://www.durasoil.com/ and Soilwork's related websites.

14. Identify all ingredients (including, but not limited to, "proprietary" as listed in Section 2 of Plaintiff s MSDS sheet shown on Plaintiff's website, http://www.durasoil.com/msds.php), and the percentage composition of all ingredients of the Durasoil and Soiltac products and any products identified in response to Interrogatory No. 6.

ANSWER: Objection. This interrogatory is premature. Once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make documents available from which Midwest may derive or ascertain the answer to this interrogatory pursuant to Rule 33(d), Fed.R.Civ.P., and such documents will speak for themselves. Without waiving the foregoing objections, Durasoil® is the only Soilwork's product about which an infringement argument has been made, and Soilworks will only provide the requested information about Durasoil®.

15. Identify all documents, reports, studies, chemical studies, opinions (whether lay, legal or scientific), patent searches, requested, obtained, or drafted by Plaintiff related to the Midwest Patents, Defendant or any of Defendant's products.

ANSWER: Objection. This interrogatory is premature. Once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make documents available from which Midwest may derive or ascertain the answer to this interrogatory pursuant to Rule 33(d), Fed.R.Civ.P., and such documents will speak for themselves. Without waiving the foregoing objections, Durasoil® is the only Soilwork's product about which an infringement argument has been made, and Soilworks will only provide the requested information about Durasoil®. Furthermore, Soilworks does not believe at this point that information or documents responsive to

this interrogatory exist.

16. Identify all of the manufacturer(s) of the Durasoil, Soiltac and any products identified in response to Interrogatory No. 6. from the initial manufacturer to the present manufacturer.

**ANSWER: Objection. This interrogatory is premature. Once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make documents available from which Midwest may derive or ascertain the answer to this interrogatory pursuant to Rule 33(d), Fed.R.Civ.P., and such documents will speak for themselves. Without waiving the foregoing objections, Durasoil® is the only Soilwork's product about which an infringement argument has been made, and Soilworks will only provide the requested information about Durasoil®.**

17. Identify any and all documents and electronically stored information utilizing or referencing Midwest's Marks including, but not limited to, any and all metatags, or Keywords used by Plaintiff.

**ANSWER: Objection. This interrogatory is premature. Once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make documents available from which Midwest may derive or ascertain the answer to this interrogatory pursuant to Rule 33(d), Fed.R.Civ.P., and such documents will speak for themselves.**

18. Identify all Keywords Plaintiff has ever used and identify the dates each Keyword began being used by Defendant and the date the Keyword ceased being used by Defendant, if ended.

**ANSWER: Objection. This interrogatory is premature. Once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make documents available from which Midwest may derive or ascertain the answer to this interrogatory pursuant to Rule 33(d), Fed.R.Civ.P., and such documents will speak for themselves.**

19. State, with specificity, how "Durasoil® is a revolutionary state-of-the art

innovation" and identify all documents in support.

ANSWER: Objection. This interrogatory is premature. Once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make documents available from which Midwest may derive or ascertain the answer to this interrogatory pursuant to Rule 33(d), Fed.R.Civ.P., and such documents will speak for themselves.

20. Does Plaintiff believe that Durasoil is equal to, or better than, Defendant's EK35? If so, identify, with specificity, all documents supporting such belief.

ANSWER: Objection. This interrogatory is vague, overbroad and unintelligible due to lack of context. Before Soilworks can adequately respond to this interrogatory, Midwest must provide context or specify the particular application of Durasoil® about which is inquires.

Dated this 23rd day of July, 2007.

KUTAK ROCK LLP


By   /s/
E. Scott Dosek
John P. Passarelli
Suite 300
8601 North Scottsdale road
Scottsdale, AZ 85253-2742

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2007, the foregoing Soilworks, LLC's Answers to Midwest Industrial Supply, Inc.'s First Set of Interrogatories was served electronically upon the following:

JOHN M. SKERIOTIS #0069263 (OH)
JILL A. GRINHAM #075560 (OH)
BROUSE MCDOWELL
388 S. Main Street
Suite 500
Akron, OH 44311-4407

Jill Anne Grinham jgrinham@brouse.com
John M Skeriotis jms@brouse.com

*Attorneys for Defendant Midwest Industrial Supply, Inc..*

/s/
Amy S. Fletcher