E. SCOTT DOSEK #012114
JOHN P. PASSARELLI #16018
KUTAK ROCK LLP
Suite 300
8601 North Scottsdale Road
Scottsdale, AZ 85253-2742
(480) 429-5000
Facsimile: (480) 429-5001

*Attorneys for Plaintiff*
*SOILWORKS, LLC, an Arizona corporation*

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**SOILWORKS, LLC'S ANSWERS TO MIDWEST INDUSTRIAL SUPPLY, INC.'S FIRST SET OF INTERROGATORIES** |

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff, Soilworks, LLC (**"Soilworks"**) hereby responds to Defendant Midwest Industrial Supply, Inc.'s (**"Midwest"**) First Set of Interrogatories, dated May 22, 2007.

## GENERAL STATEMENTS

1. Soilworks incorporates by reference each and every general objection set forth below into each and every specific response. From time to time a specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response.

11. If Plaintiff intends to rely on advice or opinion of counsel as a basis to defend against a claim for willful infringement of the Midwest Patents, state whether Plaintiff received such advice or opinions pertaining to the infringement, validity and/or enforceability as to each of the Midwest Patents and, as to each such advice or opinion state whether given orally or in writing, the date when such advice or opinion was given, by and to whom such advice or opinion was given, to whom such advice or opinion was disclosed, and the nature of the advice or opinion. A complete answer to this interrogatory will, at a minimum, identify and describe in detail:

 (a) the date and circumstance upon which Plaintiff became aware of the Midwest Patents or any claim asserted in the present case;

 (b) the date and circumstances upon which Plaintiff obtained such legal advice or opinions;

 (c) the substance of each oral or written advice or opinion(s);

 (d) any studies made regarding the validity or enforceability of the Midwest Patents; and

 (e) the identity of the person or persons most knowledgeable about the response to this interrogatory and the identity of all documents which refer or relate to the facts in the response or which were reviewed in preparing the response to this interrogatory.

**ANSWER: Objection. This interrogatory is not applicable and therefore is not calculated to lead to the discovery of admissible evidence.**

12. Identify each and every division, business unit, affiliate, subsidiary, or other related business entity of Plaintiff, and for each identity its relationship, corporate form, and corporate officers, and shareholders or ownership.

**ANSWER: Objection. This interrogatory is not applicable and therefore is not calculated to lead to the discovery of admissible evidence.**

13. Identify, with specificity (*e.g.*, chemical composition, chemical process), what makes Plaintiff's Durasoil product "ultra pure" and a "synthetic organic fluid".

innovation" and identify all documents in support.

ANSWER: **Objection. This interrogatory is premature. Once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make documents available from which Midwest may derive or ascertain the answer to this interrogatory pursuant to Rule 33(d), Fed.R.Civ.P., and such documents will speak for themselves.**

20. Does Plaintiff believe that Durasoil is equal to, or better than, Defendant's EK35? If so, identify, with specificity, all documents supporting such belief.

ANSWER: **Objection. This interrogatory is vague, overbroad and unintelligible due to lack of context. Before Soilworks can adequately respond to this interrogatory, Midwest must provide context or specify the particular application of Durasoil® about which is inquires.**

Dated this 23rd day of July, 2007.

KUTAK ROCK LLP


By /s/
E. Scott Dosek
John P. Passarelli
Suite 300
8601 North Scottsdale road
Scottsdale, AZ 85253-2742

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2007, the foregoing Soilworks, LLC's Answers to Midwest Industrial Supply, Inc.'s First Set of Interrogatories was served electronically upon the following:

JOHN M. SKERIOTIS #0069263 (OH)
JILL A. GRINHAM #075560 (OH)
BROUSE MCDOWELL
388 S. Main Street
Suite 500
Akron, OH 44311-4407

Jill Anne Grinham jgrinham@brouse.com
John M Skeriotis jms@brouse.com

*Attorneys for Defendant Midwest Industrial Supply, Inc..*

/s/
Amy S. Fletcher