E. SCOTT DOSEK #012114
JOHN P. PASSARELLI #16018
KUTAK ROCK LLP
Suite 300
8601 North Scottsdale Road
Scottsdale, AZ 85253-2742
(480) 429-5000
Facsimile: (480) 429-5001

*Attorneys for Plaintiff*
*SOILWORKS, LLC, an Arizona corporation*

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**SOILWORKS, LLC'S RESPONSES TO MIDWEST INDUSTRIAL SUPPLY, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff, Soilworks, LLC (**"Soilworks"**) hereby responds to Defendant Midwest Industrial Supply, Inc.'s (**"Midwest"**) First Request for Production of Documents and Things, dated May 22, 2007.

## GENERAL STATEMENTS

1. Soilworks incorporates by reference each and every general objection set forth below into each and every specific response. From time to time a specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general

that would provide ecological, environmental or human health information about the product.

**RESPONSE: RESPONSE: Objection. This request is overly intrusive, broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Durasoil® is the only Soilwork's product about which an infringement argument has been made, and Soilworks will only provide the requested information about Durasoil®. Without waiving the foregoing objections, once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make responsive documents available. Without waiving the foregoing objections, see http://www.durasoil.com/ and Soilwork's related websites.**

19. All Prior Art that Plaintiff is aware of relating to the subject matter and/or any of the claims of the Midwest Patents.

**RESPONSE: Objection. This interrogatory is premature. This case is still in its early stages, and until Midwest identifies its claim construction / interpretation position and provides a claims chart regarding its patent(s), Soilworks cannot fully respond to this request. Without waiving the foregoing objections, once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make responsive documents available.**

20. Any legal advice concerning any patent owned by Defendant, including anything communicated to any attorney, anything used, considered, reviewed or rejected by any attorney, and any communication from any attorney, including all drafts.

**RESPONSE: Objection. The documents requested are subject to the attorney client and/or work product privileges. Without waiving the foregoing objections, and to the extent responsive documents exist, Soilworks will produce a privilege log.**

21. Annual, quarterly, and monthly documents, things, and electronically stored information from which the following may be determined for all of Plaintiff's Products: the amount of product sold, sales figures. gross receipts, production costs, manufacturing costs, material costs, and/or labor costs.

waiving the foregoing objections, once the Court has entered a Protective Order which is mutually agreeable to all parties, Soilworks will make responsive documents available.

30. All documents, things, and electronically stored information, including invoices, between Plaintiff and any internet entity Plaintiff uses to advertise Plaintiff's Products, including, but not limited to Google and Yahoo!

**RESPONSE: Objection. Vague, overbroad and not reasonably calculated to the discovery of admissible evidence.**

31. All documents, things, and electronically stored information regarding impressions, purchasing of keywords, Keywords and "costs per click" from all search engines Plaintiff advertises upon related to Plaintiffs Products.

**RESPONSE: Objection. Vague, overbroad and not reasonably calculated to the discovery of admissible evidence.**

32. Produce a representative sampling of the history of Plaintiff's websites advertising Plaintiff's Products.

**RESPONSE: Objection. Vague, overbroad and not reasonably calculated to the discovery of admissible evidence.**

33. All organizational charts of Plaintiff from 2002 to the present time.

**RESPONSE: Objection. Vague, overbroad and not reasonably calculated to the discovery of admissible evidence. Without waiving the foregoing objections, Soilworks responds that it does not possess the requested documents.**

Dated this 23rd day of July, 2007.

KUTAK ROCK LLP


By  /s/
E. Scott Dosek
John P. Passarelli
Suite 300
8601 North Scottsdale road
Scottsdale, AZ  85253-2742

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on July 23rd, 2007, the foregoing Soilworks, LLC's Responses to Midwest Industrial Supply, Inc.'s First Request for Production of Documents and Things was served electronically upon the following:

JOHN M. SKERIOTIS #0069263 (OH)
JILL A. GRINHAM #075560 (OH)
BROUSE MCDOWELL
388 S. Main Street
Suite 500
Akron, OH 44311-4407

Jill Anne Grinham jgrinham@brouse.com
John M Skeriotis jms@brouse.com

*Attorneys for Defendant Midwest Industrial Supply, Inc.*

/s/
Amy S. Fletcher