Craig A. Marvinney, 0004951 (OH)
John M. Skeriotis, 0069263 (OH)
Jill A. Bautista, 0075560 (OH)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone:  330-535-5711
Email:  cmarvinney@brouse.com,
        jskeriotis@brouse.com,
        jbautista@brouse.com
*Admitted pro hac vice*

Donald L. Myles, Jr., 007464 (AZ)
JONES, SKELTON & HOCHULI, P.L.C.
2901 N. Central Ave., Suite 800
Phoenix, Arizona 85012
Telephone:  602-263-1700
Email:  dmyles@jshfirm.com

*Attorneys for Defendant/Counterclaimant Midwest Industrial Supply, Inc.*

# UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**MIDWEST INDUSTRIAL SUPPLY, INC.'S MOTION IN LIMINE TO BAR TESTIMONY AND EVIDENCE REGARDING THE COMPOSITION OF DURASOIL AND PLAINTIFF'S OTHER PRODUCTS** |

## I. INTRODUCTION

Defendant Midwest Industrial Supply, Inc. ("Midwest") moves this Court for an order, *in limine*, barring Plaintiff Soilworks, LLC ("Plaintiff") from introducing any

evidence or testimony regarding the composition of Durasoil and Plaintiff's other products, outside of the evidence Plaintiff produced during discovery.

## II. ARGUMENT

Rule 26(e) of the Federal Rules of Civil Procedure requires a party who has responded to an interrogatory, request for production, or request for admission to supplement or correct its disclosure or response. Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that a party's failure to disclose information required by rule 26(e), without substantial justification, bars use of that evidence at trial or in any motion unless such failure is harmless. *See also, Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1027 (9th Cir. 2003); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *E.E.O.C. v. GLC Restaurants, Inc.*, Case No. CV05-618, 2007 WL 30269 (D.Ariz. 2007) (excluding evidence based on Fed.R.Civ.P. 37(c)).

In Midwest Industrial Supply, Inc.'s First Set of Interrogatories, Midwest requested Plaintiff to:

> 13. Identify, with specificity (e.g., chemical composition, chemical process), what makes Plaintiff's Durasoil Product "ultra pure" and a "synthetic organic fluid."

In response to Midwest's request, Plaintiff argued that the interrogatory was premature and that Plaintiff would later provide documents responsive to this interrogatory. Plaintiff never provided the responsive documents or supplemented its original response.

In another interrogatory, Midwest requested Plaintiff to:

> 14. Identify all ingredients (including, but not limited to, "proprietary" as listed in Section 2 of Plaintiff's MSDS sheet shown on Plaintiff's website, http://www.durasoil.com/msds.php), and the percentage

> composition of all ingredients of the Durasoil and Soiltac products and any products identified in response to Interrogatory No. 6

Plaintiff again argued that the interrogatory was premature and that it would later produce responsive documents. Plaintiff later produced a document that listed three ingredients for Durasoil with no set percentage composition for the three ingredients. Plaintiff has not provided any other documents regarding the ingredients or composition of Durasoil or Plaintiff's other products and Plaintiff has not supplemented or revised its initial response to Midwest's interrogatory. Therefore, Plaintiff should be barred from introducing evidence or testimony of the ingredients or composition of any of its products other than the previously produced list of three ingredients for Durasoil.

This is exactly the type of information that requires a party to supplement its original responses under Rule 26(e). Because Plaintiff has failed to supplement its original response, Midwest will be unduly prejudiced if this motion *in limine* is not granted and Plaintiff is allowed to introduce evidence that was not previously disclosed to Midwest.

### III. CONCLUSION

For the foregoing reasons, the Court should enter an order precluding Plaintiff from presenting any evidence or testimony, outside of the previously produced list of ingredients for Durasoil, regarding the ingredients or composition of Plaintiff's various products.

Respectfully Submitted

By: /s/ Jill A. Bautista
Craig A. Marvinney, 0004951 (OH)
John M. Skeriotis, 0069263 (OH)
Jill A. Bautista, 0075560 (OH)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: 330-535-5711
Facsimile: 330-253-8601
Email: cmarvinney@brouse.com,
jskeriotis@brouse.com,
jbautista@brouse.com
*Admitted pro hac vice*

Donald L. Myles, Jr., 007464 (AZ)
JONES, SKELTON & HOCHULI, P.L.C.
2901 N. Central Ave., Suite 800
Phoenix, Arizona 85012
Telephone: 602-263-1700
Facsimile: 602-263-1784
Email: dmyles@jshfirm.com

*Attorneys for Defendant/Counterclaimant Midwest Industrial Supply, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **MIDWEST INDUSTRIAL SUPPLY, INC.'S MOTION IN LIMINE TO BAR TESTIMONY AND EVIDENCE REGARDING THE COMPOSITION OF DURASOIL AND PLAINTIFF'S OTHER PRODUCTS** has been electronically filed on this 17th day of September, 2008. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Jill A. Bautista
Jill A. Bautista

727305