# Exhibit 2

# COURT REPORTERS
## OF AKRON CANTON AND CLEVELAND

Transcript of the Testimony of
# Robert W. Vitale

**Taken On:** February 19, 2008
**Case Number:** 2:06-CV-2141-DGC

**Case:** Soilworks, LLC, vs. Midwest Industrial Supply, Inc.,

Court Reporters of Akron Canton and Cleveland
Phone: 800-804-7787
Fax: 330-666-9833
Email: reporters@compuserve.com
Internet: www.courtreportersinc.com

1 (Pages 1 to 4)

## Page 1

```
         UNITED STATES DISTRICT COURT
      IN AND FOR THE DISTRICT OF ARIZONA
                      - - -
SOILWORKS, LLC, an Arizona )
corporation,               )
         Plaintiff,        )
     vs.                   ) CASE NO.
MIDWEST INDUSTRIAL SUPPLY, ) 2:06-CV-2141-DGC
INC., an Ohio corporation  ) ATTORNEYS' EYES
authorized to do business  ) ONLY PORTIONS
in Arizona,                ) CONTAINED WITHIN
         Defendant.        )
                      - - -
     Deposition of ROBERT W. VITALE, a witness
herein, called by the Plaintiff for Examination
pursuant to the Federal Rules of Civil
Procedure, taken before me, the undersigned,
Binnie Purser Martino, a Registered Diplomate
Reporter, Certified Realtime Reporter and Notary
Public in and for the State of Ohio, pursuant to
Notice and agreement of counsel at the law
offices of Vorys, Sater, Seymour and Pease, LLP,
First National Tower, 106 South Main Street,
Suite 1100, Akron, Ohio, on Tuesday, the 19th
day of February, 2008, commencing at 9:50
```

## Page 2

1  o'clock a.m.
2         - - -
3
4  **APPEARANCES:**
5
6  On Behalf of the Plaintiff:
7     KUTAK ROCK LLP
8     BY:   E. Scott Dosek, Attorney at Law
9           Suite 300
10          8601 North Scottsdale Road
11          Scottsdale, Arizona 85253-2742
12          480/429-5000
13
14 On Behalf of the Defendant:
15    BROUSE McDOWELL
16    BY:   John M. Skeriotis Attorney at Law
17          388 South Main Street, Suite 500
18          Akron, Ohio 44311-4407
19          330/535-9999
20         - - -

## Page 3

INDEX

EXAMINATION (By Mr. Dosek)                4

Plaintiff's Exhibit 1              4
Plaintiff's Exhibits 2 and 3      70
Plaintiff's Exhibit 4             77
Plaintiff's Exhibit 5             84
Plaintiff's Exhibit 6             85
Plaintiff's Exhibit 7             87

## Page 4

1            (Thereupon, Plaintiff's Exhibit 1 of
2  the R.W. Vitale deposition was marked
3  for purposes of identification.)
4            ROBERT W. VITALE
5  of lawful age, a witness herein, having been
6  first duly sworn, as hereinafter certified,
7  deposed and said as follows:
8            EXAMINATION
9  BY MR. DOSEK:
10 Q.   State your full name, please.
11 A.   Robert William Vitale.
12 Q.   You are not related to Dick, are you?
13 A.   No.
14 Q.   You have probably never been asked that
15 before, have you?
16 A.   No.
17 Q.   Sir, what is your date of birth?
18 A.   August 31st, '42.
19 Q.   Have you ever had a deposition taken
20 before?
21 A.   I have.
22 Q.   How many times?
23 A.   Five.
24 Q.   When is the last time?
25 A.   About, I think, three years ago.

COURT REPORTERS OF AKRON CANTON AND CLEVELAND
330-666-9800           330-452-2400              216-621-6969

**Page 89**

1  Q. Okay. So I will back up to one of your
2  first answers, the MSDS --
3  A. Right.
4  Q. -- provided you with information that led
5  you to a conclusion that their Durasoil product
6  infringes the '270 patent?
7        MR. SKERIOTIS: Objection.
8        THE WITNESS: That it could
9  infringe, yeah.
10 BY MR. DOSEK:
11 Q. So maybe it does, maybe it does not?
12       MR. SKERIOTIS: Objection.
13       THE WITNESS: That is true, yeah.
14 BY MR. DOSEK:
15 Q. What additional information would you need
16 to have to conclude with certainty one way or
17 another?
18 A. A list of ingredients.
19 Q. Have you seen the list of ingredients for
20 the Durasoil product that was produced by
21 Soilworks in this lawsuit?
22 A. I don't recall, no.
23 Q. Do you recall having seen a list of
24 ingredients in any other context of the Durasoil
25 product?

**Page 90**

1  A. No.
2  Q. Okay.
3  A. There have been your responses in one of
4  these documents in which you responded about
5  ingredients.
6  Q. Okay. Well, I guess what I am getting at
7  is, based upon your reading of the Material
8  Safety Data Sheet and Soilworks' description of
9  the ingredients in its Durasoil product, have
10 you been able to conclude one way or another if
11 you believe that the Durasoil product infringes
12 patent '270?
13       MR. SKERIOTIS: Objection.
14       THE WITNESS: If we take the
15 information that was provided us in answer to
16 one of our lists of questions, that would
17 indicate that it does not infringe.
18 BY MR. DOSEK:
19 Q. Okay. Interrogatory number 2, which begins
20 towards the top of page 3 of Exhibit 7, do you
21 see that?
22 A. Yes.
23 Q. And by the way, just for clarification,
24 number (16) in parentheses refers, again, refers
25 back to the first set of interrogatories. So

**Page 91**

1  this is interrogatory number 2 of this set, but
2  it is number (16) overall in the lawsuit.
3  A. Oh.
4  Q. We put that in there because the rules
5  include limits to the number of interrogatories
6  that we can ask.
7      In any event, referring to interrogatory
8  number 2, it asks, "Each and every Soilworks
9  product you claim infringes." And your answer
10 there is, "At least the Durasoil product."
11 Correct?
12 A. Correct.
13 Q. Are you aware of any other Soilworks
14 product which you believe infringes the '270
15 patent?
16 A. No.
17 Q. Then interrogatory number 2 goes on to ask
18 the specific reasons why you believe any
19 infringement exists, including the scope of any
20 claimed infringement and the manner in which any
21 such products infringe the patent.
22     And your answer to that question is, "Based
23 upon the publicly available information of
24 Plaintiff's Durasoil product, excluding any
25 alleged 'proprietary ingredients,' the publicly

**Page 92**

1  available information is included within the
2  elements of at least one independent claim." Do
3  you see where I am reading there?
4  A. Yes.
5  Q. And I read that correctly, didn't I?
6  A. Correct.
7  Q. The term "independent claim," refers to an
8  independent claim of the '270 patent, correct?
9  A. I don't know. I mean, I don't quite
10 understand the actual meaning of what you have
11 just read.
12 Q. Okay. Turn, please, to page 6 of the
13 exhibit, and I am going to direct your attention
14 to interrogatory number 7. Okay?
15 A. Yes.
16 Q. And it may be necessary for us to dig into
17 Binnie's pile there. Interrogatory number 7
18 asks, "Please state each and every fact upon
19 which you rely in support of your allegation in
20 paragraph 18 of your counterclaims that
21 Soilworks has used and continued to use one or
22 more of Midwest's marks in commerce without
23 Midwest's authorization. Please state which of
24 Midwest's marks are allegedly to be used by
25 Soilworks and how it is alleged that Soilworks