Craig A. Marvinney, 0004951 (OH)
John M. Skeriotis, 0069263 (OH)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: 330-535-5711
Facsimile: 330-253-8601
Email: cmarvinney@brouse.com, jskeriotis@brouse.com,
*Attorneys for Defendant/Counterclaimant/Counterdefendant
Midwest Industrial Supply, Inc., admitted pro hac vice*

Donald L. Myles, Jr., 007464(AZ)
JONES, SKELTON & HOCHULI, P.L.C.
2901 N. Central Ave., Suite 800
Phoenix, Arizona 85012
Telephone: 602-263-1700
Facsimile: 602-263-1784
Email: dmyles@jshfirm.com
*Attorney for Defendant/Counterclaimant/Counterclaimant
Midwest Industrial Supply, Inc.*

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>    Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>    Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**MIDWEST'S INDUSTIAL SUPPLY, INC'S OPPOSITION TO SOILWORKS, LLC'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ITS SALES OF DURASOIL**<br><br>(Before the Honorable David G. Campbell) |

Plaintiff Soilworks moves *in limine* to exclude evidence of sales of its Durasoil product. Soilworks' motion should be denied for two principle reasons, which are interrelated: (1) Soilworks' motion *in limine* improperly seeks the Court to weigh the evidence and make a summary judgment determination that Midwest cannot meet its burden on the substantive issue of patent infringement and (2) evidence of Soilworks' sales of its Durasoil product is relevant to the issue of damages in the event that the jury determines that Midwest's Durasoil product infringes Midwest's patents-in-suit.

Soilworks' motion *in limine* is really a second attempt at a motion for summary judgment on Soilworks' "no patent infringement" argument.Soilworks' motion argues that Midwest cannot meet its burden on the issue of Soilworks' liability for patent infringement and, as such, sales of Soilworks' Durasoil product are irrelevant and should be excluded at trial. Soilworks' attempt to obtain a summary judgment ruling from the Court, *in limine*, on the substantive issue of patent infringement is improper and its motion should be denied by the Court on that basis alone.

"Motions in limine address evidentiary questions and are inappropriate devices for resolving substantive issues." *Natural Resources Defense Council v. Rodgers*, 2005 WL 1388671 *1 (E.D. Cal. 2005) *citing 75 Am.Jur.2d Trial § 99 (2004)* (explaining that motions in limine are improper vehicles to raise motions for summary judgment or motions to dismiss because "[m]otions in limine are not to be used as a sweeping means of testing issues of law," *Provident Life & Accident Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (D.Mich. 1997). As articulated by the D.C. Circuit court in *C & E Services, Inc. v. Ashland Inc.*, 539 F.Supp.2d

316 (D.D.C. 2008), motions *in limine* cannot be used to argue that evidence on damages should be precluded on the basis that the underlying claim allegedly lacks evidentiary support:

> It is worth noting that a motion *in limine* should not be used to resolve factual disputes or weigh evidence. *Sigma Tool & Mach. v. Nagayama Elect. Ind. Co., Ltd.*, No 00-cv-2936, 2002 WL 34354482, at * 2 (D.D.C. 2002). Nor should a motion *in limine* be used to argue, as Ashland does here, than an item of damages may not be recovered because no reasonable person could find that it was proximately caused by the defendant's acts. That is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards. *See Provident Life & Accident Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (D.Mich.1997) (motion *in limine* cannot be used as substitute for motion for summary judgment); *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069- 70 (3d Cir.1990) (motions in limine are not subject to the same procedural safeguards as motions for summary judgment).

In order for this Court to exclude evidence of sales of Durasoil *in limine*, the Court would necessarily have to find that no reasonable juror could find that Soilworks' Durasoil product infringes any claim of the Midwest's patents-in-suit, *i.e.,* the standard used at the summary judgment stage. This Court established a dispositive motion deadline, and Soilworks moved for summary judgment in its favor on the issue of liability for patent infringement and relied solely upon an expert report that was stricken by the Court. (See Order of August 7, 2008, at p. 23.) The Court denied Soilworks' motion and held that the parties' patent-related claims would proceed to trial. Soilworks cannot now request the Court to revisit this ruling through an improperly based motion *in limine*.

Moreover, it goes without saying that, if Midwest does not prove patent infringement at trial, as in all cases where movant bears the burden of showing liability, then the jury will

not have to determine any damages whatsoever.[1]  If Midwest does prove patent infringement, evidence of Soilworks' sales of its Durasoil product are relevant to the jury's determination of the damages that should be awarded to Midwest.

Furthermore, Soilworks is plainly wrong in the assertions concerning patent law, infringement and whether Midwest can prove infringement.  Expert testimony on patent infringement is not always required to prove patent infringement.. *See, e.g., Al-Site Corp. v. Opti-Ray, Inc.*, 841 F. Supp. 1318 (E.D.N.Y. 1993). Infringement is a question of fact, which can be proven many ways. *See, e.g., W. F. & John Barnes Co. v. International Harvester Co.*, 51 F. Supp. 254 (N.D. Ill. 1943), *order aff'd*, 145 F.2d 915 (C.C.A. 7th Cir. 1944). Midwest can, and will, prove patent infringement by showing that each element of at least one claim of Midwest's patents-in-suit are found in Soilworks' Durasoil product.

Because Soilworks' motion *in limine* is actually an improper motion for summary judgment and because Midwest can and will satisfy its burden of proving that Soilworks' Durasoil product infringes Midwest's patents-in-suit, Midwest respectfully requests that the Court deny Soilworks' motion *in limine*, ECF Docket No. 108.

                      BROUSE MCDOWELL

               By   /s/ John M. Skeriotis
                     Craig A. Marvinney, 0004951 (OH)
                     John M. Skeriotis, 0069263 (OH)
                     Jill A. Bautista, 0075560 (OH)
                     BROUSE MCDOWELL
                     388 S. Main Street, Suite 500
                     Akron, Ohio 44311-4407

---

[1] Plaintiff has not moved for this case to be bifurcated and this case should not be bifurcated between liability and damages.

| | |
|---|---|
| | Telephone: 330-535-5711 |
| | Facsimile: 330-253-8601 |
| | Email: cmarvinney@brouse.com, |
| | jskeriotis@brouse.com, |
| | jbautista@brouse.com |
| | *Admitted pro hac vice* |
| | |
| | Donald L. Myles, Jr., 007464 (AZ) |
| | JONES, SKELTON & HOCHULI, P.L.C. |
| | 2901 N. Central Ave., Suite 800 |
| | Phoenix, Arizona 85012 |
| | Telephone: 602-263-1700 |
| | Facsimile: 602-263-1784 |
| | Email: dmyles@jshfirm.com |
| | *Attorneys for Defendant/Counterclaimant* |
| | *Midwest Industrial Supply, Inc.* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **MIDWEST'S INDUSTIAL SUPPLY, INC'S OPPOSITION TO SOILWORKS, LLC'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ITS SALES OF DURASOIL** has been electronically filed on this 24th day of September, 2008. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John M. Skeriotis
John Skeriotis

728106v2

4