| | |
|---|---|
| 1 | Craig A. Marvinney, 0004951 (OH) |
| 2 | John M. Skeriotis, 0069263 (OH) |
| | Jill A. Bautista, 0075560 (OH) |
| 3 | BROUSE MCDOWELL |
| | 388 S. Main Street, Suite 500 |
| 4 | Akron, Ohio 44311-4407 |
| 5 | Telephone: 330-535-5711 |
| | Email: cmarvinney@brouse.com, |
| 6 | jskeriotis@brouse.com, |
| 7 | jbautista@brouse.com |
| | *Admitted pro hac vice* |
| 8 | |
| 9 | Donald L. Myles, Jr., 007464 (AZ) |
| | JONES, SKELTON & HOCHULI, P.L.C. |
| 10 | 2901 N. Central Ave., Suite 800 |
| | Phoenix, Arizona 85012 |
| 11 | Telephone: 602-263-1700 |
| | Email: dmyles@jshfirm.com |
| 12 | |
| 13 | *Attorneys for Defendant/Counterclaimant* |
| | *Midwest Industrial Supply, Inc.* |

**UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation, | NO.: 2:06-CV-2141-DGC |
| Plaintiff / Counterdefendant / Counterclaimant, | |
| v. | **MIDWEST INDUSTRIAL SUPPLY, INC.'S RESPONSE IN OPPOSITION TO SOILWORKS, LLC'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ITS SALES OF SOILTAC AND GORILLA-SNOT** |
| MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona, | |
| Defendant / Counterclaimant / Counterdefendant. | |

Soilworks, LLC's motion *in limine* to exclude evidence of its sales of Soiltac and Gorilla-Snot should be denied, because (1) it is a dispositive motion and the deadline for dispositive motions has passed and (2) the Court has already found that Soilworks is liable for willful trademark infringement and that there is initial interest confusion

between plaintiff's and defendant's use of the Soil-Sement® trademark, which entitles Midwest to damages.

First, the purpose of a motion *in limine* is to narrow evidentiary issues for trial and eliminate trial interruptions. *Bowers v. National Collegiate Athletic Assn*, 563 F.Supp.2d 508, 531-32 (D.N.J. 2008) (quoting *Bradley v. Pittsburgh Bd. of Educ.,* 913 F.2d 1064, 1069 (3d Cir. 1990)). A motion *in limine* is not meant to weigh the sufficiency of the evidence because that is the purpose of a motion for summary judgment. *C&E Services, Inc. v. Ashland, Inc.,* 539 F.Supp.2d 316, 323 (D.D.C. 2008). Soilworks' motion *in limine* requests the court to weigh the sufficiency of Midwest's evidence of willful trademark infringement. As a result, Soilworks' motion in limine is actually a motion for summary judgment and is untimely since the deadline for dispositive motions was May 9, 2008. For this reason alone, Soilworks' motion should be denied.

Second, before a plaintiff can receive an accounting of defendant's profits, it must first prove that the trademark infringement was deliberate or willful. *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1405 (9th Cir. 1993). The Ninth Circuit has held that an accounting is proper "where the defendant is 'attempting to gain the value of an established name of another.'" *Id.* at 1406 (quoting *Maier Brewing Co. v. Fleischman Distilling Corp.*, 390 F.2d 117, 123 (9th Cir. 1968)).

In this case, the Court has already held that Soilworks is liable for trademark infringement of Midwest's Soil-Sement® mark. See Order (ECF Docket No. 94), p. 15. In determining Soilworks' liability, the Court found that "Soilworks admits that its intent in using the phrase 'soil sement' on the Internet was to trade off [on] Midwest's goodwill

2

in its Soil-Sement[®] mark by diverting potential customers to Soilworks' Soiltac product." *Id.* Further, the Court granted summary judgment to Midwest on Count I of its Counterclaim. *Id.* Count I of Midwest's Counterclaim states that Soilworks willfully and deliberately infringed on the Midwest's trademarks. See Midwest Industrial Supply, Inc's Answer and Counterclaims (ECF Docket No. 16), p. 8 ¶ 22. Because Soilworks used Midwest's mark to attempt to gain the value of Midwest's established trademark and the Court found that Soilworks willfully and deliberately infringed Midwest's trademark, Midwest is entitled to an accounting of Soilworks' profits.

Also, Soilworks' argument that Midwest is not entitled to damages because it cannot prove a likelihood of confusion is misplaced. The Court has already held that Soilworks is liable for trademark infringement based on initial interest confusion. See Order, p. 14. Further, courts have awarded damages, including an accounting of profits, in cases of initial interest confusion. *See Venture Tape Corp. v. McGills Glass Warehouse*, No. 07-1186, 2008 WL 3959997 (1st Cir. Aug 28, 2008).

According to 15 U.S.C. § 1117(a), a successful plaintiff in a trademark infringement suit may obtain: (1) defendant's profits; (2) plaintiff's damages; *and* (3) costs of the action. In order to obtain profits, a plaintiff is only required to show sales. 15 U.S.C. § 1117(a). Thus, Midwest is only required to prove Soilworks' sales. To accomplish this, Midwest will need to present the evidence of Soilworks' sales of its infringing products. Therefore, Soilworks motion *in limine* to exclude evidence of sales of its infringing products should be denied.

Respectfully Submitted

By: /s/ John M.Skeriotis
Craig A. Marvinney, 0004951 (OH)
John M. Skeriotis, 0069263 (OH)
Jill A. Bautista, 0075560 (OH)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: 330-535-5711
Facsimile: 330-253-8601
Email: cmarvinney@brouse.com,
jskeriotis@brouse.com,
jbautista@brouse.com
*Admitted pro hac vice*

Donald L. Myles, Jr., 007464 (AZ)
JONES, SKELTON & HOCHULI, P.L.C.
2901 N. Central Ave., Suite 800
Phoenix, Arizona 85012
Telephone: 602-263-1700
Facsimile: 602-263-1784
Email: dmyles@jshfirm.com

*Attorneys for Defendant/Counterclaimant Midwest Industrial Supply, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **MIDWEST INDUSTRIAL SUPPLY, INC.'S RESPONSE IN OPPOSITION TO SOILWORKS, LLC' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ITS SALES OF SOILTAC AND GORILLA-SNOT** has been electronically filed on this 24th day of September, 2008. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John M Skeriotis
John M. Skeriotis

728034