E. SCOTT DOSEK #012114
JOHN P. PASSARELLI #16018 (NE)
KUTAK ROCK LLP
Suite 300
8601 North Scottsdale Road
Scottsdale, AZ 85253-2742
(480) 429-5000
Facsimile: (480) 429-5001

*Attorneys for Plaintiff / Counterdefendant / Counterclaimant Soilworks, LLC*

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>　　　　Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>　　　　Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**SOILWORKS, LLC'S RESPONSE TO MIDWEST INDUSTRIAL SUPPLY, INC.'S MOTION *IN LIMINE* (DOC. #101) TO LIMIT SOILWORKS, LLC'S EVIDENCE OF MIDWEST'S ALLEGED FALSE ADVERTISING TO THE FOUR DOCUMENTS IT PRODUCED DURING DISCOVERY**<br><br>(Before the Honorable David G. Campbell) |

On September 3, 2008, counsel for the respective parties met in person and in accordance with the Court's Order Setting Final Pretrial Conference, exchanged marked copies of all exhibits to be used at trial. On September 19, 2008, the parties lodged with the Court their Proposed Final Pretrial Order which included in section "F" their respective Lists of Exhibits. In that Proposed Final Pretrial Order, and in conformity with the Court's Order Setting Final Pretrial Conference dated August 7, 2008, the parties noted those exhibits to which admissibility was stipulated and also those exhibits to which each of the parties had objection. Thus, the Court and the parties know exactly which documents will be introduced into evidence at trial. Midwest has identified no objection in the Proposed Final Pretrial Order to the introduction by Soilworks of any exhibit on the grounds which are articulated in

4841-1227-2899.1

1 | its Motion *in Limine*.

Similarly, Soilworks does not intend to offer documentary evidence beyond those exhibits identified in the Proposed Final Pretrial Order.

Soilworks does, however, intend to offer testimony with respect to those exhibits, their interpretation, and the effect they had on Soilworks' business and its relationships with its customers and distributors.

The order that Midwest is asking this Court to enter, "…limiting the evidence upon which Plaintiff may rely to prove Midwest's alleged violation of the Lanham Act and Arizona's Common Law (of) [sic] Unfair Competition to the four documents it produced during discovery" should be denied. The documents to be introduced into evidence in support of Soilworks' claim will be limited to the documents identified in the Joint Pretrial Order. The admissible evidence, however, relating to Midwest's conduct and Soilworks' claims against Midwest as a result that conduct, cannot be limited to the face of those documents.

For the foregoing reasons, Soilworks, LLC respectfully requests that the Court deny Midwest's Motion *in Limine* To Limit Soilworks, LLC's Evidence Of Midwest's Alleged False Advertising to the Four Documents it Produced During Discovery.

Dated this 24th day of September, 2008.

KUTAK ROCK LLP

By  /s E. Scott Dosek
E. Scott Dosek, Esq.
John P. Passarelli, Esq.
8601 North Scottsdale Road #300
Scottsdale, AZ  85253-2742
*Attorneys for Plaintiff Soilworks, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2008, the foregoing **SOILWORKS, LLC'S RESPONSE TO MIDWEST'S MOTION *IN LIMINE* TO LIMIT SOILWORKS, LLC'S EVIDENCE OF MIDWEST'S ALLEGED FALSE ADVERTISING TO THE FOUR DOCUMENTS IT PRODUCED DURING DISCOVERY** was filed electronically. Notice of this filing will be sent to all parties by operations of the Court's electronic filing system. Parties may access this filing through the Court's system.

       /s Amy S. Fletcher
Amy S. Fletcher