E. SCOTT DOSEK #012114
JOHN P. PASSARELLI #16018 (NE)
KUTAK ROCK LLP
Suite 300
8601 North Scottsdale Road
Scottsdale, AZ 85253-2742
(480) 429-5000
Facsimile: (480) 429-5001

*Attorneys for Plaintiff / Counterdefendant / Counterclaimant Soilworks, LLC*

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>    Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>    Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**SOILWORKS, LLC'S RESPONSE TO MIDWEST INDUSTRIAL SUPPLY, INC.'S MOTION *IN LIMINE* (DOC. #102) TO EXCLUDE TESTIMONY AND EVIDENCE OFFERED BY SOILWORKS RELATED TO CERTAIN ELEMENTS OF SOILWORKS' FALSE ADVERTISING CLAIM**<br><br>(Before the Honorable David G. Campbell) |

Careful analysis of Midwest's motion to exclude testimony and evidence related to "certain elements of Soilworks' false advertising claim" (the "Motion") reveals on the face of the Motion why it must be denied. Midwest's Motion is based upon Soilworks' responses to written discovery requests. Those responses are attached to Midwest's Motion at Exhibits A, B, and C. Exhibit A shows on the face of it that it was served upon Midwest on July 23, 2007. Exhibit B shows on the face of it that it was served upon the Defendant December 31, 2007. Exhibit C shows on the face of it that it also was served on Defendant on December 31, 2007.

More than three months later, on April 9, 2008, deposition testimony was elicited from Chad Falkenberg, and on April 8, 2008, Midwest took deposition testimony from Dorian Falkenberg. Pages from the deposition transcript of Chad Falkenberg are attached to

4826-7028-4291.1

1 Defendant's Motion at Exhibit D. Exhibit D itself shows why Midwest's Motion should be denied. On page 116 of Exhibit D, counsel for Midwest states, "Do you know what irreparable harm is? Answer: "I have an idea." Question: "I will represent to you that when I use that term I mean harm that can't be repaired monetarily… ."

On page 122 of Exhibit D, counsel for Midwest asks the following question, "Do you know of any damages you have suffered that you can quantify?"

At line 9 of page 122 of Exhibit D, Midwest's counsel again asks, "But do you know of anything that you can quantify?"

At line 12 of page 122 of Exhibit D, Midwest's counsel asks, "So I guess again the question is as you sit here today do you know of any damage that you can quantify as you sit here today?

Similarly, through the next two pages of Exhibit D to Midwest's Motion, Midwest's counsel continues to badger Mr. Falkenberg to "quantify" that which Midwest's counsel acknowledges "…can't be repaired monetarily."

Black's Law Dictionary defines "irreparable injury" to be: "An injury that cannot be adequately measured or compensated by money... ." Difficulty in quantifying damages does not preclude evidence of their existence, and Soilworks is entitled to offer evidence that Midwest's conduct has caused it harm.

Midwest has had, and has taken advantage of, every opportunity to obtain discovery on the matters which it now seeks to be precluded. Soilworks is entitled to offer testimony with regard to the effect that Midwest's false advertising has had on Soilworks' business.

Dated this 24th day of September, 2008.

KUTAK ROCK LLP

By /s E. Scott Dosek
E. Scott Dosek, Esq.
John P. Passarelli, Esq.
8601 North Scottsdale Road #300
Scottsdale, AZ 85253-2742
*Attorneys for Plaintiff Soilworks, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2008, the foregoing **SOILWORKS, LLC'S RESPONSE TO MIDWEST'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY AND EVIDENCE OFFERED BY SOILWORKS RELATED TO CERTAIN ELEMENTS OF SOILWORKS' FALSE ADVERTISING CLAIM** was filed electronically. Notice of this filing will be sent to all parties by operations of the Court's electronic filing system. Parties may access this filing through the Court's system.

                /s Amy S. Fletcher
                Amy S. Fletcher