E. SCOTT DOSEK #012114
JOHN P. PASSARELLI #16018 (NE)
KUTAK ROCK LLP
Suite 300
8601 North Scottsdale Road
Scottsdale, AZ 85253-2742
(480) 429-5000
Facsimile: (480) 429-5001

*Attorneys for Plaintiff / Counterdefendant / Counterclaimant Soilworks, LLC*

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>    Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>    Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**SOILWORKS LLC'S OBJECTION TO MIDWEST INDUSTRIAL SUPPLY, INC.'S SUPPLEMENTAL PROPOSED JURY INSTRUCTION** |

Plaintiff Soilworks, LLC ("Soilworks") objects to Defendant Midwest Industrial Supply, Inc.'s ("Midwest") Supplemental Proposed Jury Instructions ("Proposed Jury Instructions") for the following reasons:

With regard to Proposed Jury Instruction No. 1 Proof of Willful Trademark Infringement, Soilworks objects on the following grounds:

1)  Midwest admits that it has "already submitted" the "correct Trademark Insturctions (sic)" related to damages for willful infringement under Proposed Model Instructions 15.4 through 15.27. (*See* Parties' Joint Proposed Jury Instructions at p. 52) Indeed, both parties have already submitted proposed jury instructions on proof of willfulness.

2)  Midwest's Proposed Jury Instruction on Proof of Willful Trademark Infringement misstates Ninth Circuit law and will confuse the jury. For example, a finding

4850-9540-2499.1

of willful trademark infringement is necessary but not sufficient to justify an accounting of a defendant's profits. *See e.g., Lindy Pen Co. v. Bic Pen Corp.*, 982. F.2d 1400, 1406 n. 4 (9th Cir. 1993) ("Even assuming that Bic could be termed a willful infringer, "[w]illful infringement may support an award of profits to the plaintiff, but does not require one") ; *see also Gracie v. Gracie*, 217 F.3d 1060, 1068 (9th Cir. 2000). Additionally, and perhaps more importantly, Midwest's proposed standard for a jury's finding of willful trademark infringement ignores the fundamental principles and characteristics of such willfulness unequivocally set forth by the Ninth Circuit over the past forty years.

> Willful infringement carries a connotation of **deliberate intent to deceive**. Courts generally apply forceful labels such as "deliberate," "**false**," "**misleading**," or "**fraudulent**" to conduct that meets this standard. *Bandag, Inc.*, 750 F.2d at 918-19; *National Lead Company v. Wolfe*, 223 F.2d 195, 203 (9th Cir. 1955), *cert. denied*, 350 U.S. 883, 76 S.Ct. 135, 100 L.Ed. 778 (1955). Cases outside this jurisdiction offer additional guidance. For instance, the Circuit for the District of Columbia equates willful infringement with **bad faith**. *Reader's Digest Association, Inc. v. Conservative Digest, Inc.*, 821 F.2d 800, 807 (D.C. Cir.1987). Willfulness and bad faith "require a connection between a defendant's awareness of its competitors and its actions at those competitors' expense." *ALPO Petfoods, Inc. v. Ralston Purina Co.*, 913 F.2d 958, 966 (D.C. Cir.1990) (court reversed trial court's finding that false advertising violation of Lanham Act was willful or in bad faith). **The Sixth Circuit has stated that a knowing use in the belief that there is no confusion is not bad faith**. *Nalpac, Ltd. v. Corning Glass Works*, 784 F.2d 752, 755 (6th Cir.1986) (accounting of profits properly denied where there was no deliberate intent to cause confusion). *See also W.E. Bassett Co. v. Revlon, Inc.*, 435 F.2d 656, 662 (2d Cir.1970) (affirming finding of willfulness based on evidence that defendant tried to buy out trademark holder prior to infringement). Indeed, this court has cautioned that an accounting is proper only where the defendant is "attempting to gain the value of an established name of another." *Maier Brewing Co.*, 390 F.2d at 123.

*Lindy Pen Co.*, 982 F.2d at 1406 (emphasis added). Midwest's Proposed Jury Instruction ignores the entirety of the Ninth Circuit's pronouncement and definition of "willful" trademark infringement and distorts the law to suit its version of the facts.

With regard to Proposed Jury Instruction No. 2 Damages for Willful Trademark Infringement, Soilworks objects on the following grounds:

1) Midwest admits that it has "already submitted" the "correct Trademark

1  Insturctions (sic)" related to damages for willful infringement under Proposed Model
2  Instructions 15.4 through 15.27. (*See* Parties' Joint Proposed Jury Instructions at pp. 50-51)
3  Indeed, both parties have already submitted proposed jury instructions (and objections) on
4  accounting of profits.

5  2) Midwest's Proposed Jury Instruction No. 2 impliedly places the decision to
6  grant an accounting of profits in the hands of the jury and not the court, as required by Ninth
7  Circuit law. *See Playboy Enterprises, Inc. v. Baccarat Clothing Co., Inc.*, 692 F.2d 1272,
8  1275 (9th Cir. 1982) ("[A]ny decision concerning the awarding of an accounting of profits
9  remedy should remain within the discretion of the trial court.")

10  3) Midwest's Proposed Jury Instruction No. 2 incorrectly states the law as to
11  Midwest's burden for the recovery of profits; i.e., "[A]n accounting is intended to award
12  profits **only on sales that are attributable to the infringing conduct**. The plaintiff has
13  only the burden of establishing the defendant's gross profits **from the infringing activity**
14  **with reasonable certainty** . . ." *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, (9th Cir.
15  1993) (emphasis added). Ninth Circuit case law mandates that Midwest has the burden of
16  establishing Soilworks' gross profit **from the infringing activity with reasonable**
17  **certainty**.

18  This Court held, and Midwest does not dispute, that Soilworks infringing use of
19  Midwest's Soil-Sement mark relates solely to its purchase of the mark from Google's
20  AdWords program and its placement of the words "soil" and "sement" in close proximity in
21  the metatags of its websites; i.e., Soilworks infringing use was confined to its websites on the
22  internet. Therefore, Midwest must establish Soilworks' gross profits derived from
23  Soilworks' websites.

Dated this 20th day of February, 2009.

                                      KUTAK ROCK LLP

                                      By   /s E. Scott Dosek
                                            E. Scott Dosek, Esq.
                                            John P. Passarelli, Esq.
                                            8601 North Scottsdale Road #300
                                            Scottsdale, AZ  85253-2742
                                            *Attorneys for Plaintiff Soilworks, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2009, the foregoing **SOILWORKS LLC'S OBJECTION TO MIDWEST INDUSTRIAL SUPPLY, INC.'S SUPPLEMENTAL PROPOSED JURY INSTRUCTION** was filed electronically. Notice of this filing will be sent to all parties by operations of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Amy S. Fletcher
Amy S. Fletcher