BROUSE MCDOWELL
JOHN M. SKERIOTIS, 0069263 (OH)
JILL A. BAUTISTA, 0075560 (OH)
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: 330-535-5711
Facsimile: 330-253-8601
Email: jskeriotis@brouse.com
Email: jbautista@brouse.com
*Admitted Pro Hac Vice*

*Attorneys for Defendant
Midwest Industrial Supply, Inc.*

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOILWORKS, LLC, an Arizona limited liability company,<br><br>    Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>    Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**MIDWEST INDUSTRIAL SUPPLY, INC.'S RESPONSES TO SOILWORKS, LLC'S SECOND SET OF INTERROGATORIES AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS ENTITLED COMBINED NON-UNIFORM INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO MIDWEST INDUSTRIAL SUPPLY, INC.** |

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 34, Defendant Midwest Industrial Supply, Inc. **("Defendant" or "Midwest")** hereby responds to Plaintiff Soilworks, LLC.'s **("Plaintiff" or "Soilworks")**, Second Set of Interrogatories and

Second Request for Production of Documents and Things Entitled Combined Non-Uniform Interrogatories And Request For Production Of Documents And Things.

### **GENERAL OBJECTIONS**

1. The General Objections contained within Defendant's Answers to Plaintiff's First Set of Interrogatories to Defendant, served previously, are incorporated herein by reference. To the extent Plaintiff sets forth the identical Instructions and/or Definitions herein as set forth by Plaintiff in its First Set of Interrogatories, such objections by Defendant to those identical Instructions and/or Definitions are incorporated herein by reference as well.

2. Defendant objects to Plaintiff's interrogatories and document requests as not being consecutively numbered and labeled as "non-uniform."

3. Defendant objects to Plaintiff's request, as set forth herein and its instruction, to the extent it exceeds the requirements of Federal Rules of Civil Procedure 26, 33 and 34.

### **RESPONSE TO INTERROGATORIES**

**Interrogatory No. 1 (15)**

Does any Soilworks product infringe US Patent No. 7081270?

**ANSWER:**

Defendant incorporates herein the General Objections. Defendant objects to this Interrogatory to the extent that it seeks confidential and proprietary information. Defendant further objects that the Interrogatory seeks information protected by the attorney-client privilege and/or the work product doctrine. Defendant will produce confidential information only subject to the Agreed Protective Order in this proceeding.

Subject to and without waiving the foregoing objections, Defendant responds:

From the available public information, yes.

**Interrogatory No. 2 (16)**

If your answer to the preceding interrogatory is in the affirmative, please state:

(a) each and every Soilworks product which you claim infringes;

(b) the specific reasons why you believe any infringement exists including the scope of any claimed infringement, and the manner in which any of such products infringe the patent.

**ANSWER:**

Defendant incorporates herein the General Objections. Defendant objects to this Interrogatory to the extent that it seeks confidential and proprietary information. Defendant further objects that the Interrogatory seeks information protected by the attorney-client privilege and/or the work product doctrine. Defendant will produce confidential information only subject to the Agreed Protective Order in this proceeding.

Subject to and without waiving the foregoing objections, Defendant responds:

(a) At least Plaintiff's Durasoil product.

(b) Based upon the publicly available information of Plaintiff's Durasoil product, excluding any alleged "proprietary ingredients", the publicly available information is included within the elements of at least one independent claim.

**Interrogatory No. 3 (17)**

Does any Soilworks product infringe US Patent No. 7074266?

**ANSWER:**

Defendant incorporates herein the General Objections. Defendant objects to this Interrogatory to the extent that it seeks confidential and proprietary information. Defendant further objects that the Interrogatory seeks information protected by the attorney-client privilege and/or the work product doctrine. Defendant will produce confidential information only subject to the Agreed Protective Order in this proceeding.

Subject to and without waiving the foregoing objections, Defendant responds:

From the available public information, yes.

**Interrogatory No. 4 (18)**

If your answer to the preceding interrogatory is in the affirmative, please state:

  (a) each and every Soilworks product which you claim infringes;

  (b) the specific reasons why you believe any infringement exists including the scope of any claimed infringement, and the manner in which any of such products infringe the patent.

**ANSWER:**

Defendant incorporates herein the General Objections. Defendant objects to this Interrogatory to the extent that it seeks confidential and proprietary information. Defendant further objects that the Interrogatory seeks information protected by the attorney-client privilege and/or the work product doctrine. Defendant will produce confidential information only subject to the Agreed Protective Order in this proceeding.

Subject to and without waiving the foregoing objections, Defendant responds:

(a) at least Plaintiff's Durasoil product.

(b) based upon the publicly available information of Plaintiff's Durasoil product, excluding any alleged "proprietary ingredients", the publicly available information is included within the elements of at least one independent claim.

**Interrogatory No. 5 (19)**

Please state each and every fact upon which you rely in support of your allegation in paragraph 13 of your counterclaims that Soilworks has used Midwest's marks in commerce.

**ANSWER:**

Plaintiff's advertising including, but not limited to, its brochures, website and marketing materials.

**Interrogatory No. 6 (20)**

Please state each and every fact upon which you rely in support of your allegation in paragraph 14 of your counterclaims that Soilworks has made false or misleading statements of fact in its commercial advertisements and promotions.

**ANSWER:**

Defendant incorporates herein the General Objections. Defendant objects to this Interrogatory to the extent that it seeks confidential and proprietary information. Defendant further objects that the Interrogatory seeks information protected by the attorney-client privilege and/or the work product doctrine. Defendant will produce confidential information only subject to the Agreed Protective Order in this proceeding.

5

Subject to and without waiving the foregoing objections, Defendant responds Plaintiff's advertising including, but not limited to, its brochures, website and marketing materials.

**Interrogatory No. 7 (21)**

Please state each and every fact upon which you rely in support of your allegation in paragraph 18 of your counterclaims that Soilworks has used and continued to use one or more of Midwest's marks in commerce without Midwest's authorization. Please state which of Midwest's marks are alleged to be used by Soilworks and how it is alleged that Soilworks is using any such marks.

**ANSWER:**

Defendant incorporates herein the General Objections. Defendant objects to this Interrogatory to the extent that it seeks confidential and proprietary information. Defendant further objects that the Interrogatory seeks information protected by the attorney-client privilege and/or the work product doctrine. Defendant will produce confidential information only subject to the Agreed Protective Order in this proceeding.

Subject to and without waiving the foregoing objections, Defendant responds Ultra Pure, Synthetic Organic Dust Control, and Oil Sheen Free.

**Interrogatory No. 8 (22)**

Please state each and every fact upon which you rely in support of your allegation in paragraph 23 of your counterclaims that "Soilworks manufactures no product whatsoever."

**ANSWER:**

Defendant incorporates herein the General Objections. Defendant objects to this Interrogatory to the extent that it seeks confidential and proprietary information. Defendant further objects that the Interrogatory seeks information protected by the attorney-client privilege and/or the work product doctrine. Defendant will produce confidential information only subject to the Agreed Protective Order in this proceeding.

Subject to and without waiving the foregoing objections, Defendant responds Plaintiff's location and knowledge of Plaintiff by Defendant's representatives.

**Interrogatory No. 9 (23)**

Please state each and every fact upon which you rely in support of your allegation in paragraph 24 of your counterclaims that "Soilworks uses words and/or phrases, marketing, advertising, etc., taken directly from Midwest,…".

**ANSWER:**

Defendant incorporates herein the General Objections. Defendant objects to this Interrogatory to the extent that it seeks confidential and proprietary information. Defendant further objects that the Interrogatory seeks information protected by the attorney-client privilege and/or the work product doctrine. Defendant will produce confidential information only subject to the Agreed Protective Order in this proceeding.

Subject to and without waiving the foregoing objections, Defendant responds Plaintiff's marketing information and website.

**Interrogatory No. 10 (24)**

Please state each and every fact upon which you rely in support of your allegation in paragraph 28 of your counterclaims that Soilworks has made false or misleading statements of fact in its commercial advertisements and promotions.

**ANSWER:**

Defendant incorporates herein the General Objections. Defendant objects to this Interrogatory to the extent that it seeks confidential and proprietary information. Defendant further objects that the Interrogatory seeks information protected by the attorney-client privilege and/or the work product doctrine. Defendant will produce confidential information only subject to the Agreed Protective Order in this proceeding.

Subject to and without waiving the foregoing objections, Defendant responds pursuant to Federal Rule of Civil Procedure 33(d) that it will produce non-privileged documents in response to this Interrogatory.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1 (31)**

For each and every response to the non-uniform interrogatories set forth above, produce any and all documents and sources of information in support thereof.

**RESPONSE:**

Defendant incorporates herein the General Objections. Defendant objects to this request to the extent that it seeks confidential and proprietary information. Defendant further objects that the Interrogatory seeks information protected by the attorney-client privilege

and/or the work product doctrine. Defendant will produce confidential information only subject to the Agreed Protective Order in this proceeding.

Subject to and without waiving any of the foregoing or any General Objection, Defendant will make available for inspection and copying any and all documents not subject to the attorney-client privilege or attorney work product doctrine in his possession pursuant only to the Agreed Protective Order entered in this case.

Dated this 31st day of December, 2007.

**BROUSE MCDOWELL LPA**

By /s/ John M. Skeriotis
JOHN M. SKERIOTIS, 0069263 (OH)
JILL A. BAUTISTA, 0075560 (OH)
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: 330-535-5711
Facsimile: 330-253-8601
Email: jskeriotis@brouse.com
Email: jbautista@brouse.com
*Attorneys for Defendant*
*Midwest Industrial Supply, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 31, 2007, the foregoing Soilworks, LLC's SECOND SET OF INTERROGATORIES AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS ENTITLED COMBINED NON-UNIFORM INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO MIDWEST INDUSTRIAL SUPPLY, INC. was served electronically upon the following:

John P. Passarelli
John.Passarelli@KutakRock.com
E. Scott Dosek
Scott.Dosek@KutakRock.com
KUTAK ROCK LLP
Suite 300
8601 North Scottsdale Road
Scottsdale, AZ  85253-2742
(480) 429-5000
Facsimile: (480) 429-5001

*Attorneys for Plaintiff Soilworks, LLC, an Arizona limited liability company*

                                          /s/ John M. Skeriotis
                                          John M. Skeriotis
                                          *Counsel for Defendant*
                                          *Midwest Industrial Supply, Inc.*