1          UNITED STATES DISTRICT COURT

2         FOR THE DISTRICT OF ARIZONA

3              _____

4   SOILWORKS, LLC,                )
                                   )
5                  Plaintiff,      )     CV 06-02141-PHX-DGC
                                   )
6            vs.                   )     Phoenix, Arizona
                                   )     October 9, 2008
7   MIDWEST INDUSTRIAL SUPPLY, INC.,)
                                   )
8                  Defendant.      )
    _____)

9

10

11

12

13      BEFORE:   THE HONORABLE DAVID G. CAMPBELL, JUDGE

14         REPORTERS' TRANSCRIPT OF PROCEEDINGS

15            FINAL PRETRIAL CONFERENCE

16

17

18

19

20
    Official Court Reporters:
21  Patricia Lyons, RPR, CRR
    Gary Moll
22  Sandra Day O'Connor U.S. Courthouse, Suite 312
    401 West Washington Street, SPC 41
23  Phoenix, Arizona  85003-2150
    (602) 322-7257
24
    Proceedings Reported by Stenographic Court Reporters
25  Transcript Prepared by Computer-Aided Transcription

Dockets.Justia.com

```
 1                      A P P E A R A N C E S

 2

 3    For the Plaintiff/Counterdefendant:

 4              Kutak Rock LLP
                By: E. SCOTT DOSEK, ESQ.
 5              8601 N. Scottsdale Rd., Ste 300
                Scottsdale, AZ  85253
 6
                Kutak Rock LLP
 7              By:  JOHN P. PASSARELLI, ESQ.
                1650 Farnam St.
 8              Omaha, NE  68102

 9

10    For the Defendant/Counterclaimant:

11              Brouse McDowell
                By: CRAIG A. MARVINNEY, ESQ.
12              1001 Lakeside Ave., Ste 1600
                Cleveland, OH  44114
13
                Brouse McDowell LPA
14              By: JOHN M. SKERIOTIS, ESQ.
                388 S. Main St., Ste 500
15              Akron, OH  44311

16              Jones Skelton & Hochuli PLC
                By: DONALD L. MYLES, JR., ESQ.
17              2901 N. Central Ave., Ste 800
                Phoenix, AZ  85012
18

19

20

21

22

23

24

25
```

```
1                    P R O C E E D I N G S

2

3            THE COURTROOM DEPUTY:  Civil case 06-2141, Soilworks

4    LLC versus Midwest Industrial Supply, Inc.  This is the time

5    set for final pretrial conference.

6            Counsel, please announce your presence for the

7    record.

8            MR. DOSEK:  Good afternoon, Your Honor.  I'm Scott

9    Dosek with the law firm Kutak Rock on behalf of plaintiff.  And

10   with me is my partner John Passarelli, with the same firm from

11   our Omaha office.  Also present in court are Chad Falkenberg,

12   president of Soilworks, and his wife Dorian Falkenberg, vice

13   president.

14           THE COURT:  All right.  Good afternoon.

15           MR. MARVINNEY:  Good afternoon, Your Honor.  My name

16   is Craig Marvinney of the Akron based law firm of Brouse

17   McDowell.  I'm out of the Cleveland office.  Together with me

18   today is John Skeriotis of our Akron office, Brouse McDowell,

19   and next to him is Don Myles of Jones Hochuli Skeleton here in

20   Phoenix.  And of course we have our client, Bob Vitale, of

21   Midwest Industrial.  And the three of us represent Midwest

22   Industrial, defendant and counterclaimant.

23           THE COURT:  All right.  Good afternoon.

24           Our purpose is for a final pretrial conference today.

25   I think what I want to do first is talk through the motions in
```

1  Mr. Vitale said was, based upon a document that was presented
2  to him as an exhibit during his deposition, it would seem to
3  indicate, based upon that document, that there would be no
4  infringement. He did not say that pursuant to all of the
5  information that he's received with respect to the Durasoil
6  product that there is no patent infringement. He never
7  testified to that.

8         And in fact, Your Honor, we've received other
9  documents after the close of discovery which shed further
10 light on the Durasoil patent infringement produced by
11 Soilworks.

12         THE COURT: You're saying you received the documents
13 from Soilworks?

14         MR. SKERIOTIS: That's correct, Your Honor.

15         THE COURT: Do you agree with the assertion of
16 Mr. Passarelli that you have never explained to Soilworks how
17 their product infringes the '266 and '270 patents?

18         MR. SKERIOTIS: We do not, Your Honor.

19         At the time -- again, we've never been asked a
20 question with respect to all the documents that have been
21 produced in this case, is there any infringement based upon
22 the documents produced and the testimony of Mr. Falkenberg,
23 which, by the way, occurred after Mr. Vitale's deposition,
24 whether or not there was any infringement.

25         For example, Your Honor, the claim chart produced by

1  Soilworks indicates that they meet several elements of claim 1
2  of the '266 and '270 patents.  Then we received a document
3  afterwards, Your Honor, that shows that they indeed meet other
4  elements of the claim.  Their own documents, Your Honor, prove
5  patent infringement, that they have supplied to us.

6         THE COURT:  That wasn't my question.  My question was,
7  that I didn't ask very clearly, have you ever explained to them
8  how you think there's infringement?  Do they know today how you
9  think there's infringement?

10        MR. SKERIOTIS:  I guess I beg the Court to explain
11 that question.  Have we outlined the case for them as to why we
12 believe --

13        THE COURT:  No.  You just explained why you think
14 their products infringe your patent.

15        MR. SKERIOTIS:  Yes, we have.  We told them based upon
16 publicly available information that we were able to ascertain
17 at the time the deposition was taken that they infringe our
18 patents.

19        THE COURT:  Well, have you said more than that?  Have
20 you said, "and this is why," and explain to them the
21 infringement?

22        MR. SKERIOTIS:  This is a chemical case, Your Honor.
23 What we did was we said your product contains a synthetic
24 isoalkane, and we believe your product contains a binder
25 consisting of either carboxylic acid, an ester, and two other

1    things I can't recall. Or two other things. So we have told
2    them that, yes.

3    THE COURT: In what form did you tell them that?

4    MR. SKERIOTIS: We told them in written form that

5    predated this trial -- I'm sorry, predated the complaint that

6    gave rise to declaratory judgment action and we asked for more

7    information about that, which they never supplied. We've also

8    supplied -- given testimony based upon, again, publicly

9    available information and said these are the claim elements we

10   believe are met.

11   THE COURT: What testimony are you referring to?

12   MR. SKERIOTIS: Mr. Vitale's testimony, Your Honor,

13   where he said these claim elements are met, but then they would

14   specifically provide him a document and say, based upon this

15   document, would you believe there's any patent infringement.

16   And his answer was based upon the document we have thus

17   received, it appears you don't have the binder.

18   But then later documents, such as claim chart, as

19   well as testimony from Mr. Falkenberg, would indicate that

20   they do.

21   THE COURT: All right. Any other comments,

22   Mr. Passarelli?

23   MR. PASSARELLI: Yes, Your Honor, I believe that is a

24   misstatement. We asked Interrogatory Number 7: For each claim

25   of defendant's patents that defendant asserts are infringed by