DIANE J. HUMETEWA
United States Attorney

G. PATRICK JENNINGS
Trial Attorney, Tax Division
U.S. Department of Justice
PO Box 683
Ben Franklin Station
Washington DC 20044-0683
Telephone: (202) 307-6648
Facsimile: (202) 307-0054
Guy.P.Jennings@usdoj.gov

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ARIZONA

| | |
|---|---|
| GOLDEN WEST HOLDINGS TRUST; TRI-STAR REAL ESTATE INVESTMENT; WILLIAM WADMAN;<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA and INTERNAL REVENUE SERVICE,<br><br>Defendants.<br><br>AND CONSOLIDATED CASES | Case No. 05-2237 PHX SMM (LEAD)<br><br>**DECLARATION OF KAREN BLOXHAM** |

I, Karen Bloxham, declare as follows:

1. I am an investigative analyst in the Utah Fraud Detection Center at the Ogden, Utah Service Center of the Internal Revenue Service. I have personal knowledge of the facts set forth below. I am competent to testify concerning the facts in this declaration.

2. Attached hereto as exhibits are copies of tax returns with related Forms 1099, both filed with the IRS, and summaries of my investigation:

    A.    2003 Form 1040 for William G. Wadman, V., Forms 1099, Summary

    B.    2004 Form 1040 for William G. Wadman, V., Forms 1099, Summary

|   |   |   |
|---|---|---|
| 1 | C. | 2003 Form 1041 for Golden West Holdings Trust, Forms 1099, Summary |
| 2 | D. | 2004 Form 1041 for Golden West Holdings Trust, Forms 1099, Summary |
| 3 | E. | 2003 Form 1041 for Tri-Star Real Estate Investment Trust, Forms 1099, Summary |
| 5 | F. | 2004 Form 1041 for Tri-Star Real Estate Investment Trust , Forms 1099, Summary. |

(collectively the "tax returns").

3. Each of the tax returns was submitted to the IRS with numerous Forms 1099-MISC attached. Each of the Forms 1099 list substantial income purportedly paid by a publicly-traded corporation to plaintiff William G. Wadman, V. ("Mr. Wadman"), Golden West Holdings Trust ("GWHT"), or Tri-Star Real Estate Investment Trust ("Tri-Star").

4. Each of the Forms 1099 list as withheld federal income tax 30% of the income purportedly paid to Mr. Wadman, GWHT, or Tri-Star.

5. The Forms 1099 filed with the tax returns were suspicious because – although they come from many different companies – they are all similar in font and format. In my experience, different companies submit Forms 1099 that differ in font and format.

6. I specifically contacted each of the companies listed on the Forms 1099 submitted with the tax returns and learned that none of the companies could confirm that Mr. Wadman (or GWHT, or Tri-Star) performed any work for any of the companies. The social security number of Mr. Wadman was not listed in any company records. The employer identification numbers of GWHT and Tri-Star also were not listed in any company records. I took accurate notes of each telephone conversation and the summaries of those notes are included in the spreadsheets at the beginning of each attached exhibit.

7. After investigation, I am aware of no evidence that Mr. Wadman, GWHT, or Tri-Star performed any work or earned any income from any of the companies listed on the attached Forms 1099. None of the companies listed on the Forms 1099 withheld any federal income tax for Mr. Wadman, GWHT, or Tri-Star.

8. The tax returns each reported that the tax listed as due was overpaid because of the false withholding on the Forms 1099. By use of these misrepresentations, the tax returns requested the following tax refunds: (a) $404,334.00 for the 2003 Form 1040, (b) $523,430.00 from the 2004 Form 1040, (c) $342,326.00 from the 2003 Form 1041 - Tri-Star, and (d) $468,683.00 from the 2003 Form 1041 - GWHT (collectively the "tax refunds"). The tax refunds for Mr. Wadman's Forms 1040 were issued by the IRS Service Center by direct deposit to a bank account. The GWHT and Tri-Star refunds were issued by paper checks.

9. I checked the routing transaction numbers for Mr. Wadman's tax refunds and found that they were direct deposited to a bank account at Wachovia Bank, account number          7774. The cancelled checks for the GWHT and Tri-Star refunds indicate that the checks were deposited to Suntrust Bank. Copies of the checks are attached as Exhibit G.

10. Two false refund claims signed by Mr. Wadman – in the amount of $935,113.00 for GWHT and $663,839.00 for Tri-Star – were stopped by the Utah Fraud Detection Center before refund payments were issued. IRS records indicate that Mr. Wadman telephoned the IRS to inquire about the intercepted refunds.

11. According to IRS records, Mr. Wadman requested that the IRS issue the Employer Identification Numbers for GWHT and Tri-Star, suggesting that he created these entities.

12. Payroll information is required to be reported to the IRS under the Employer Identification Number of an entity such as GWHT or Tri-Star. For example, quarterly employment tax returns (Forms 941) list tax amounts withheld from employee's wages. IRS records for 2003 and 2004 show no filings of Forms 941, for GWHT and Tri-Star, indicating that they had no employees.

13. Companies must report payments to independent contractors to the IRS. IRS records for 2003 and 2004 show no filings relating to payments by GWHT and Tri-Star

to independent contractors, except for the attached false Forms 1099. This indicates that GWHT and Tri-Star had no independent contractors in 2003 and 2004.

14. Mr. Wadman's personal tax return for 2003 (Ex. A) identifies a purported cash charitable contribution made in the amount of $65,000 to the Charity Network Foundation. Mr. Wadman's personal tax return for 2004 (Ex. B) identifies a purported cash charitable contribution made in the amount of $40,000 to the Charity Network Foundation. I contacted the Exempt Organizations division of the IRS which is, among other things, responsible for reviewing the tax-exempt status of organizations which claim to be charities. I learned that the Charity Network Foundation has not identified itself as a charitable or religious organization under Section 501(c)(3) of the Internal Revenue Code and therefore that charitable contributions would not be presumed to be tax deductible. Treasury regulations generally require charities to file information returns. IRS records indicate that no information returns were filed by the Charity Network Foundation. IRS records indicate that Mr. Wadman requested that the IRS issue the employer identification number for Charity Network Foundation, which is listed as "C/O William G. Wadman, V". I suspect that Mr. Wadman generated two receipts for purported cash donations to an organization that he formed and which did not exist as a charitable organization.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ~~June~~ July 03, 2008

KAREN BLOXHAM