DORSEY & WHITNEY, LLP
MICHAEL DRYSDALE, (#0257606 *PRO HAC VICE APPLICATION PENDING*)
SUITE 1500, 50 SOUTH SIXTH STREET
MINNEAPOLIS, MN 55402-1498
(612) 340-2600

DECONCINI MCDONALD YETWIN & LACY, P.C.
LISA ANNE SMITH, (AZ # 16762)
2525 EAST BROADWAY BLVD., SUITE 200
TUCSON, AZ 85716-5300
(520) 322-5000

Attorneys for Defendant-Intervenor

# U.S. DISTRICT COURT
# DISTRICT OF ARIZONA
# PRESCOTT DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; GRAND CANYON TRUST; and SIERRA CLUB,<br><br>    Plaintiffs,<br><br>vs.<br><br>DIRK KEMPTHORNE, Secretary of the Interior; U.S. DEPARTMENT OF THE INTERIOR; and U.S. BUREAU OF LAND MANAGEMENT,<br><br>    Defendants.<br><br>And<br><br>Quaterra Alaska, Inc.,<br><br>    Applicant Defendant-Intervenor.<br><br>NORTHWEST MINING ASSOCIATION,<br><br>    Applicant Defendant-Intervenor. | NO. 3:08-cv-08117<br><br>**MOTION TO INTERVENE BY URANIUM ONE U.S.A., INC.**<br><br>Judge: Hon. Neil V. Wake |

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

URANIUM ONE U.S.A, INC.,

Applicant Defendant-Intervenor.

Uranium One U.S.A., Inc. ("Uranium One") submits this Motion to Intervene pursuant to Fed. R. Civ. P. 24(a) or, in the alternative, Fed. R. Civ. P. 24(b). The Complaint for Declaratory and Injunctive Relief ("Complaint") filed by the Center for Biological Diversity, Grand Canyon Trust, and the Sierra Club (collectively "Plaintiffs") on September 29, 2008 alleges, among other things, that certain mining claims held by Uranium One are invalid under federal law and that the United States Bureau of Land Management ("BLM") violated federal law when it authorized Uranium One to undertake uranium exploration activities on its claims. *See* Complaint ¶¶ 49, 57. Plaintiffs request that the Court "set aside and vacate" Uranium One's uranium exploration activities. Complaint, Request for Relief ¶ C.

Uranium One respectfully requests that the Court grant this Motion to Intervene pursuant to Fed. R. Civ. P. 24(a), because Uranium One's mining interests are directly affected by the BLM activities that are the subject of this action. The Court's decision in this case will have a direct impact on Uranium One, and Uranium One will be poorly situated to protect its interests if it is not a party to the lawsuit. The BLM's presence in the lawsuit as a Defendant is not adequate to protect Uranium One's interests, because the BLM must serve competing interests that could affect the positions taken by the BLM during the course of this litigation. Participation in the case by other intervenors also will not be adequate to protect Uranium One's interests because the other proposed intervenors do not have interests that are identical to Uranium One's interests, and particularly regarding allegations that go to the specific facts and sequence of permitting of certain of Uranium One's claims.

In the event that the Court does not grant intervention of right to Uranium One pursuant to Rule 24(a), Uranium One requests that the Court grant permissive intervention to Uranium One under Fed. R. Civ. P. 24(b). Uranium One's defenses in the case share questions of law and fact with the main action, and the Court's grant of intervention to Uranium One will in no way prejudice or delay the adjudication of the Plaintiffs' or the BLM's rights.

This Motion is supported by the following Memorandum of Points and Authorities and the Declaration of James Rasmussen, attached hereto as Exhibit A.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PROCEDURAL HISTORY

Plaintiffs' Complaint, filed on September 29, 2008, alleges that:

(1) the BLM violated the Federal Land Policy and Management Act ("FLPMA"), 43 U.S.C. § 1714(e), FLPMA regulations, 43 C.F.R. § 2310.5, and the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(1), by not withdrawing federal lands from mineral location and entry as directed by a Resolution of the U.S. House of Representatives' Committee on Natural Resources ("Resolution") dated June 25, 2008;

(2) the BLM violated the APA, 5 U.S.C. § 555(e) by refusing to respond to Plaintiffs' petition requesting that the lands be withdrawn from mineral entry;

(3) the BLM violated the Mining Law of 1872, as amended, 30 U.S.C. §§ 21-54, and the FLMPA by approving Uranium One's mineral exploration activities without verifying the validity of Uranium One's mining claims, and Uranium One has not demonstrated that its mining claims are valid; and

(4) the BLM violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq.*, by authorizing Uranium One's uranium exploration activities without conducting a NEPA analysis.

Plaintiffs seek declaratory and injunctive relief against the BLM. Plaintiffs also request that the Court "[s]et aside and vacate" Uranium One's uranium exploration projects.

## II. FACTS

Uranium One and a group of related companies own over a thousand mining claims covering nearly 22,000 acres in the region of Arizona known as the Arizona Strip Resources Area, or "Arizona Strip," which is the subject of Plaintiffs' suit. *See* the Declaration of James Rasmussen ("Rasmussen Decl.") ¶ 3. Uranium One is the operator on all these claims, and has obtained permits from the BLM to explore many of them. *Id.* Uranium One has invested at least $1.1 million in the exploration of the Arizona Strip. *Id.* at ¶ 4.

In exploring the Arizona Strip, Uranium One follows all requirements of the 1872 Mining Law, the BLM's Resource Management plan, and the BLM's rules for mining and exploration. *Id.* at ¶ 5. Uranium One has no reason to believe that any of its claims are invalid for failure to comply with these requirements, as alleged by Plaintiffs. *Id.*; Complaint ¶ 21.

Like other companies exploring the Arizona Strip, including Intervenor-Applicant Quaterra Alaska, Inc., ("Quaterra Alaska") Uranium One develops uranium claims, but Uranium One has progressed farther in the development of certain claims. Rasmussen Decl. ¶¶ 8, 11. In fact, for several of Uranium One's claims, exploration work is complete or nearly complete, and Uranium One is proceeding toward extraction operations. For example, in Mohave County, Uranium One has fully explored a valuable claim as part of its "Findlay Tank" project. Uranium One has completed all the work authorized under its BLM permit for that claim, and is proceeding to the next phase of development. *Id.* This means that any allegation that the BLM failed to conduct adequate environmental review before allowing the Findlay Tank claim to be explored has been mooted by the completion

1 of the authorized exploration. *Id.* It also means that any injunction halting work on this and
2 other claims will critically damage Uranium One's economic interest in the claims. *Id.* at
3 ¶¶ 9, 11.

4 In addition, one of the claims in Plaintiffs' suit appears to specifically challenge the
5 validity of Uranium One's permit to proceed under Notice of Intent AZA034589, in part on
6 the grounds that the permit was not issued until June 27, 2008, two days after the House of
7 Representatives issued its withdrawal notice. Complaint ¶ 21. However, the permit was
8 not issued on June 27, 2008, but on May 9, 2008. Rasmussen Decl. ¶ 12. The only action
9 that occurred on June 27, 2008 was that the bond for the permit was changed from an
10 individual bond to a state-wide bond. *Id.* This action was incorrectly listed in the BLM's
11 serial register page as an authorization to proceed, and appears to have been the source of
12 Plaintiffs' confusion. *Id.*

13 As a result of these circumstances, Plaintiffs' suit threatens harm to Uranium One's
14 interests, and harms them in a manner distinct from the harms imposed upon Intervenor-
15 Applicants Quaterra Alaska and Northwest Mining Association. *Id.* at ¶¶ 8, 11-12.

## III. ARGUMENT

### A. Uranium One Is Entitled to Intervention of Right.

Federal Rule of Civil Procedure 24(a) provides for intervention of right if the party seeking intervention "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). The Ninth Circuit applies a four-part test to requests for intervention of right under Fed. R. Civ. P. 24(a):

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a
DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

   practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Forest Conservation Council v. United States Forest Service*, 66 F.3d 1489, 1439 (9th Cir. 1995) (citing *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993); *see also Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995).

  Rule 24(a) is construed "broadly, in favor of the applicants for intervention." *Scotts Valley Band of Pomo Indians v. United States*, 921 F.2d 924, 926 (9th Cir. 1990); *see also United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992). In deciding whether to grant a motion to intervene, courts are "guided primarily by practical and equitable considerations." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). The Ninth Circuit has held that courts must accept factual allegations in the motion to intervene as true when deciding a motion for intervention. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

### 1. <u>Uranium One's Motion is Timely.</u>

  Uranium One's motion is timely because Plaintiffs filed their Complaint little more than one month ago. *See U.S. v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002) (noting that timeliness of motion was not an issue and observing that the motion was filed only one and a half months after the suit was filed). In addition, Uranium One was neither named as a party nor served a copy of the Complaint and did not learn of the action until October 9, 2008. The Defendants have not yet filed an Answer and discovery has not yet begun. Thus, granting intervention at this early stage would not prejudice any of the parties. *Sierra Club*, 995 F.2d at 1481.

. . . . .

. . . . .

. . . . .

## 2. Uranium One Has A "Significantly Protectable" Interest Relating to the Property or Transaction Which is the Subject of the Action.

To demonstrate the presence of a significantly protectable interest, "[i]t is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Sierra Club*, 995 F.2d at 1484. Rights connected with real property interests "are among those traditionally protected by law." *Id*. at 1482. The same is true of rights connected with personal property, contracts, and permits. *Id*.

Uranium One owns real property interests in the Arizona Strip in the form of mining claims that are challenged in Plaintiffs' Complaint. Complaint ¶ 21. These include over a thousand claims on nearly 22,000 acres. Rasmussen Decl. at ¶ 3. As Quaterra Alaska explained in its memorandum of points and authorities in support of intervention, locating a mining claim under the Mining Law of 1872 confers rights of possession to the locator. Docket Entry No. 15 at 6; 30 U.S.C. § 26; *United States v. Lex*, 300 F. Supp.2d 951, 957 (E.D. Cal. 2003). The owner of the unpatented mining claim must then take steps to record the claims with the BLM and perform improvements on the property, or, alternatively, pay an annual maintenance fee on the claim. *Lex*, 300 F. Supp.2d at 957. A mining claim owner may apply for a patent, and the owner is presumed to be entitled to a patent if no adverse claim is filed. *United States v. Shumway*, 199 F.3d 1093, 1100 (9th Cir. 1999). The claim owner may choose to proceed to mine the discovery without applying for a mineral patent. 43 C.F.R. § 3809.11.

Uranium One's mining claims are legally protectable under the Mining Law of 1872, the FLPMA, and property law principles. Uranium One's legally protectable interests are the specific subject of Plaintiffs' Complaint, which explicitly challenges the validity of Uranium One's mining claims. Complaint ¶ 21. Moreover, Uranium One has substantial and irretrievable investments in the mining claims that are challenged. In addition to large

sums Uranium One has expended in acquiring and exploring claims in the Arizona Strip, Uranium One has demonstrated valuable mineral deposits on claims and reached the point on certain claims where uranium extraction is ready to begin. Rasmussen Decl. at ¶¶ 5-11. Uranium One has satisfied this prong of the intervention test.

### 3. The Disposition of this Action May, as a Practical Matter, Impair or Impede Uranium One's Ability to Protect Its Interests.

In their request for relief, Plaintiffs request that the Court "set aside and vacate" Uranium One's mineral exploration projects. Complaint, Relief Requested ¶ C. If granted, this relief would directly impact Uranium One's interests in its mining claims. An injunction would not only subject Uranium One to indefinite delay, but would also undermine Uranium One's ability to explore its unpatented mining claims in the Arizona Strip. Notably, in *Nat'l Wildlife Fed'n v. Burford*, 676 F. Supp. 271, 275 (D.D.C. 1985), the court held that holders of mining claims not only had protectable interests that would be practically impaired by a suit filed by an environmental group against the BLM under the FLPMA and NEPA, but that the claims holders' interests were sufficiently implicated that they were necessary parties under Fed. R. Civ. P. 19. The court went on to discuss how an injunction could impair their ability to protect their interests, noting that their developments could be suspended; they would be unable to obtain patents; or, in the worst-case scenario, could lose their interests altogether. *Id.*; *see also Conner v. Burford*, 848 F.2d 1441, 1458-62 (9th Cir. 1988) (granting oil and gas lessees' motion to intervene for purposes of appeal). The same risks are present in this case, and establish Uranium One's right to intervene.

### 4. The Parties to the Action May Not Adequately Represent Uranium One's Interests.

Uranium One's burden to show inadequate representation is minimal: it is sufficient to show that representation "*may* be inadequate." *Forest Conservation Council*, 66 F.3d at 1498 (emphasis in original); *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10

(1972); *Cal. v. Tahoe Regional Planning Agency*, 792 F.2d 775, 779 (9th Cir. 1986). The federal Defendants and proposed Intervenor-Applicants Quaterra Alaska and Northwest Mining Association are only adequate to represent Uranium One if they will "undoubtedly make" all of Uranium One's arguments, are "capable and willing to make such arguments," and if Uranium One would not be able to offer any necessary elements to the proceedings that the other Defendants would neglect. *Forest Conservation Council*, 66 F.3d at 1498.

As a federal agency, the BLM's interests are much broader than the "narrower, more parochial" interests that Uranium One has as a private company whose activities are subject to regulation by the BLM. *Id.* at 1499 ("the government must present the broad public interest" (citation omitted)). The Ninth Circuit has determined that the government cannot adequately represent the interests of private parties under such circumstances. *See id.* In addition, Quaterra Alaska and the NWMA, while sharing some common interests with Uranium One, are not identically situated. Quaterra Alaska's and the other members of the NWMA have interests that are different in nature and scope from Uranium One, and their claims are at different stages in development. Rasmussen Decl. ¶¶ 8, 11. The stage of development for the various mining claims could become important in this case, both with respect to affirmative defenses as well as the potential harms of injunctive relief, and Uranium One should not be required to rely on another private party to make the arguments that are in Uranium One's best interests. Uranium One has a unique understanding of its mining claims, and its participation will assist the Court in deciding the issues in this case.

For the reasons discussed above, Uranium One has satisfied every element of Fed. R. Civ.P. 24(a) and should be granted intervention of right.

. . . . .

. . . . .

## B. In the Alternative, Uranium One Should be Allowed Permissive Intervention.

As explained above, Uranium One has satisfied all the requirements of Fed. R. Civ. P. 24(a) and should be allowed to intervene of right. In the alternative, the Court may allow permissive intervention pursuant to Fed. R. Civ. P. 24(b) when an applicant's claim or defense and the main action have a common question of law or fact. Uranium One requests permission to intervene if for some reason the Court determines that Uranium One is not entitled to intervention of right.[1]

Rule 24(b) dispenses with the protectable interest requirement, and all that is required is that the intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Court also must consider whether intervention will unduly delay or prejudice the adjudication or the original parties' rights. Fed. R. Civ. P. 24(b)(3). Here, Uranium One asserts defenses in common with the main action, including defenses related to the validity of Uranium One's mining claims. Uranium One brings a unique understanding of those claims to the lawsuit, and its participation will facilitate the Court's resolution of the issues in the case. Moreover, granting intervention at this early stage will not unduly prejudice any of the parties or delay resolution of the action.

---

[1] The Ninth Circuit has, on occasion, limited the participation of intervenors to the remedial phase in cases involving challenges to NEPA documents. *See, e.g.*, *Wetlands Action Network v. U.S. Army Corps of Engineers*, 222 F.3d 1105, 1114 (9th Cir. 2000). Any attempt to do so here would be inappropriate because of Uranium One's specific mootness defense to certain NEPA claims, and of little value given the other claims which Uranium One and other intervenors have a right to defend on the merits. However, if the Court determines that Uranium One is not entitled to intervention of right with respect to the NEPA claims, Uranium One requests permissive intervention regarding those claims, which is commonly granted. *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1111 (9th Cir. 2002) (granting permissive intervention in a NEPA case).

## IV. CONCLUSION

For the reasons discussed above, Uranium One respectfully requests that the Court grant its motion to intervene as of right, or, in the alternative, grant permissive intervention.

DATED this 14th day of November, 2008.

       Dorsey & Whitney, LLP

       By: /s/ Michael Drysdale
         Michael Drysdale
         Suite 1500, 50 South Sixth Street
         Minneapolis, MN 55402-1498
         Attorneys for Defendants

       DeConcini McDonald Yetwin & Lacy, P.C.

       By: /s/ Lisa Anne Smith
         Michael Drysdale
         Lisa Anne Smith
         2525 E. Broadway Blvd., Suite 200
         Tucson, AZ 85716-5300
         Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Marc D. Fink
Center for Biological Diversity
4515 Robinson Street
Duluth, MN 55804

Neil Levine
Grand Canyon Trust
2539 Eliot Street
Denver, CO 80211

Roger Flynn
Western Mining Action Project
P.O. Box 349
440 Main Street #2
Lyons, CO 80540

/s/ Rhonda Letzkus

I:\FILES\DOCS\FIRM07\1052\PLDG\I86874.DOC

---

Center for Biological Diversity, et al. v. Dirk Kempthorne, et al.
Case No. 3:08-cv-08117 Page 12 of 12